No. 25-_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

───────────────

IN RE KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,

*Petitioner.*

───────────────

On Petition for Writ of Mandamus
to the United States District Court
for the Southern District of Florida
Case No. 9:23-cr-80101-AMC

## APPENDIX TO PETITION FOR WRIT OF MANDAMUS

David Buckner
Buckner + Miles
2020 Salzedo Street
Suite 302
Coral Gables, FL 33134
(305) 964-8003

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
   Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Petitioner*

# Table of Contents

*USA v. Trump, et al.*, Case No. 9:23-cr-80101 (S.D. Fla.)

1. Docket Entries ............................................................................ A001

2. Indictment (ECF No. 3), filed June 8, 2023 ............................... A075

3. Superseding Indictment (ECF No. 85), filed July 27, 2023
   ...................................................................................................... A124

4. Notice of Appeal (ECF No. 673), filed on July 12, 2024 ........... A184

5. Order (ECF No. 682), filed on Jan. 7, 2025 ............................. A186

6. Order (ECF No. 697), filed on Jan. 13, 2025 ............................ A189

7. Notice of Compliance by USA (ECF No. 708), filed on
   Jan. 16, 2025 ............................................................................. A194

8. Order (ECF No. 714), filed on Jan. 21, 2025 ............................ A197

9. Motion to Intervene by Knight First Amendment Institute
   (ECF No. 721), filed on Feb. 24, 2025 ..................................... A211

10. Joint Status Report (ECF No. 738), filed on Mar. 14, 2025
    ...................................................................................................... A250

11. Notice of Ninety Days Expiring by Knight First
    Amendment Institute (ECF No. 750), filed on July 7, 2025
    ...................................................................................................... A258

*USA v. Trump, et al.*, Case No. 24-12311 (11th Cir.)

12. Docket Entries ............................................................................ A261

13. Motion to voluntarily dismiss appeal by USA (ECF No.
    79), filed on Nov. 25, 2024 ...................................................... A278

14. Order (ECF No. 81-2), filed on Nov. 26, 2024 ......................... A293

15. Motion to withdraw as counsel filed by Attorney Mr. James I. Pearce (ECF No. 84), filed on Dec. 30, 2024 ............................ A295

16. Motion to voluntarily dismiss appeal by USA (ECF No. 111), filed on Jan. 29, 2025 ....................... A310

17. Order (ECF No. 113), filed on Feb. 11, 2025 .......................................... A319

Query    Reports    Utilities    Help    Log Out

BER,BNDDUTY,BNDEGT,REF_EVENTS ONLY (NEFs)

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CRIMINAL DOCKET FOR CASE #: 9:23-cr-80101-AMC All Defendants

Case title: USA v. Trump, et al.

Date Filed: 06/08/2023

Date Terminated: 07/15/2024

---

Assigned to: Judge Aileen M. Cannon
Referred to: Magistrate Judge Bruce E. Reinhart

Appeals court case numbers: 24-12311-J
USCA, 25-10076-G USCA

### Defendant (1)

| | | |
|---|---|---|
| **Donald J. Trump**<br>63675-510<br>*YOB: 1946; English*<br>*TERMINATED: 07/15/2024* | represented by | **Christopher Michael Kise**<br>Chris Kise & Associates, P.A.<br>201 East Park Avenue<br>Ste 5th Floor<br>Tallahassee, FL 32301<br>850-270-0566<br>Email: chris@ckise.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

**Emil Bove**
Blanche Law
99 Wall Street, Suite 4460
New York, NY 10005
(212) 716-1250
Email: emil.bove@blanchelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Gregory Michael Singer**
Lauro Law Firm
400 N Tampa Street
Tampa, FL 33602
8132228990
Email: gmstbfla@gmail.com
*ATTORNEY TO BE NOTICED*

**Kendra Leigh Wharton**
Wharton Law PLLC
500 S Australian Ave
Ste 600 PMB 1139
West Palm Beach, FL 33401

561-406-4630
Email: k.wharton@whartonlawpllc.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lazaro Fields**
Continental PLLC
101 N. Monroe Street
Suite 750
Tallahassee, FL 32301
850-332-0702
Email: lfields@continentalpllc.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Stephen H. Weiss**
Blanche Law
99 Wall Street, Suite 4460
New York, NY 10005
(212) 716- 1250
Email: stephen.weiss@blanchelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Todd Blanche**
Blanche Law
99 Wall Street, Suite 4460
New York, NY 10005
(212) 716-1250
Email: toddblanche@blanchelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

**Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**

**Disposition**

WILLFUL RETENTION OF NATIONAL
DEFENSE INFORMATION/18:793.F
(1-31)

WILLFUL RETENTION OF NATIONAL
DEFENSE INFORMATION 18:793.F
(1s-32s)

CONSPIRACY TO OBSTRUCT
JUSTICE/18:1512K.F
(32)

A002

WITHHOLDING A DOCUMENT OR
RECORD/18:1512B.F
(33)

CONSPIRACY TO OBSTRUCT JUSTICE
18:1512K.F
(33s)

CORRUPTLY CONCEALING A
DOCUMENT OR RECORD/18:1512C.F
(34)

WITHHOLDING A DOCUMENT OR
RECORD 18:1512B.F
(34s)

CONCEALING A DOCUMENT IN A
FEDERAL INVESTIGATION/18:1519.F
(35)

CORRUPTLY CONCEALING A
DOCUMENT OR RECORD 18:1512C.F
(35s)

SCHEME TO CONCEAL/18:1001.F
(36)

CONCEALING A DOCUMENT IN A
FEDERAL INVESTIGATION 18:1519.F
(36s)

FALSE STATEMENTS AND
REPRESENTATIONS/18:1001.F
(37)

SCHEME TO CONCEAL 18:1001.F
(37s)

FALSE STATEMENTS AND
REPRESENTATIONS 18:1001.F
(38s)

ALTERING, DESTROYING, MUTILATING,
OR CONCEALING AN OBJECT 18:1512B.F
(40s)

CORRUPTLY ALTERING, DESTROYING,
MUTILATING OR CONCEALING A
DOCUMENT, RECORD, OR OTHER
OBJECT 18:1512C.F
(41s)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|----------------|-----------------|
| None           |                 |

Assigned to: Judge Aileen M. Cannon
Referred to: Magistrate Judge Bruce E. Reinhart

A003

Appeals court case numbers: 24-12311-J
USCA, 25-10076-G USCA

**Defendant (2)**

**Waltine Nauta**                                                    represented by  **Sasha Dadan**
63672-510                                                                          Dadan Law Firm, PLLC
*YOB: 1983; English*                                                               201 S. 2nd St.
*TERMINATED: 07/15/2024*                                                           Ste 202
                                                                                   Fort Pierce, FL 34950
                                                                                   772-579-0347
                                                                                   Email: sasha@dadanlawfirm.com
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*
                                                                                   *Designation: Retained*

                                                                                   **Richard Carroll Klugh , Jr.**
                                                                                   25 SE 2nd Avenue
                                                                                   Suite 1100
                                                                                   Miami, FL 33131
                                                                                   305-536-1191
                                                                                   Fax: 305-536-2170
                                                                                   Email: rickklu@aol.com
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Stanley E. Woodward**
                                                                                   Brand Woodward Law, LP
                                                                                   400 Fifth Street, Northwest Suite 300
                                                                                   Washington, DC 20001
                                                                                   (202) 996-7447
                                                                                   Email: stanley@brandwoodwardlaw.com
                                                                                   *TERMINATED: 02/20/2025*
                                                                                   *PRO HAC VICE*
                                                                                   *ATTORNEY TO BE NOTICED*
                                                                                   *Designation: Retained*

**Pending Counts**                                                  **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                               **Disposition**

CONSPIRACY TO OBSTRUCT
JUSTICE/18:1512K.F
(32)

WITHHOLDING A DOCUMENT OR
RECORD/18:1512B.F
(33)

CONSPIRACY TO OBSTRUCT JUSTICE
18:1512K.F
(33s)

A004

CORRUPTLY CONCEALING A
DOCUMENT OR RECORD/18:1512C.F
(34)

WITHHOLDING A DOCUMENT OR
RECORD 18:1512B.F
(34s)

CONCEALING A DOCUMENT IN A
FEDERAL INVESTIGATION/18:1519.F
(35)

CORRUPTLY CONCEALING A
DOCUMENT OR RECORD 18:1512C.F
(35s)

SCHEME TO CONCEAL/18:1001.F
(36)

CONCEALING A DOCUMENT IN A
FEDERAL INVESTIGATION 18:1519.F
(36s)

SCHEME TO CONCEAL 18:1001.F
(37s)

FALSE STATEMENTS AND
REPRESENTATIONS/18:1001.F
(38)

FALSE STATEMENTS AND
REPRESENTATIONS 18:1001.F
(39s)

ALTERING, DESTROYING, MUTILATING,
OR CONCEALING AN OBJECT 18:1512B.F
(40s)

CORRUPTLY ALTERING, DESTROYING,
MUTILATING OR CONCEALING A
DOCUMENT, RECORD, OR OTHER
OBJECT 18:1512C.F
(41s)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Aileen M. Cannon
Referred to: Magistrate Judge Bruce E. Reinhart

Appeals court case numbers: 24-12311-J
USCA, 25-10076-G USCA

**Defendant (3)**

| | | |
|---|---|---|
| **Carlos De Oliveira** | represented by | **Larry Donald Murrell , Jr.** |
| 70743-510 | | 400 Executive Center Drive |

A005

*YOB 1966; ENGLISH*
*TERMINATED: 07/15/2024*

Suite 201
West Palm Beach, FL 33401
561-686-2700
Fax: 686-4567
Email: ldmpa@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**John S. Irving**
E & W Law
1455 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20004
301.807.5670
Email: John.Irving@earthandwatergroup.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

CONSPIRACY TO OBSTRUCT JUSTICE
18:1512K.F
(33s)

ALTERING, DESTROYING, MUTILATING,
OR CONCEALING AN OBJECT 18:1512B.F
(40s)

CORRUPTLY ALTERING, DESTROYING,
MUTILATING OR CONCEALING A
DOCUMENT, RECORD, OR OTHER
OBJECT 18:1512C.F
(41s)

FALSE STATEMENTS AND
REPRESENTATIONS 18:1001.F
(42s)

**Disposition**

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

A006

**USA**                                          represented by **Elizabeth Jane Shapiro**
                                                 U.S. Department of Justice
                                                 PO Box 883
                                                 Washington, DC 20044
                                                 202-514-5302
                                                 Email: elizabeth.shapiro@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Retained*

                                                 **Jay I. Bratt**
                                                 Counterintelligence and Export Control Section
                                                 National Security Division
                                                 U.S. Department of Justice
                                                 950 Pennsylvania Avenue, NW
                                                 Washington, DC 20530
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Retained*

                                                 **Anne McNamara**
                                                 DOJ-USAO
                                                 Special Counsel's Office
                                                 950 Pennsylvania Avenue, NW
                                                 Washington, DC 20530
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Brett Reynolds**
                                                 U.S. Department of Justice
                                                 Office of Special Counsel
                                                 950 Pennsylvania Avenue NW
                                                 Washington, DC 20530
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Cecil Woods VanDevender**
                                                 US Department of Justice
                                                 Special Counsel's Office
                                                 950 Pennsylvania Avenue NW
                                                 Washington, DC 20530
                                                 *ATTORNEY TO BE NOTICED*

                                                 **David Harbach**
                                                 U.S. Department of Justice
                                                 Office of Special Counsel
                                                 950 Pennsylvania Avenue NW
                                                 Washington, DC 20530
                                                 Email: SCO_JLS_Filings@usdoj.gov
                                                 *ATTORNEY TO BE NOTICED*

                                                 **David Raskin**
                                                 U.S. Department of Justice
                                                 Department of Justice
                                                 950 Pennsylvania Avenue NW
                                                 Washington, DC 20530
                                                 *ATTORNEY TO BE NOTICED*

A007

**J.P. Cooney**
U.S. Department of Justice
Special Counsels Office
950 Pennsylvania Avenue NW
Washington, DC 20530
*ATTORNEY TO BE NOTICED*

**James Inman Pearce**
US Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Email: jpearce@washingtonlitigationgroup.org
*ATTORNEY TO BE NOTICED*

**John M. Pellettieri**
US Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
*ATTORNEY TO BE NOTICED*

**Julie A. Edelstein**
Counterintelligence & Export Control Section
Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Email: jedelstein@wiggin.com
*ATTORNEY TO BE NOTICED*

**Karen E. Gilbert**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
*ATTORNEY TO BE NOTICED*

**Michael David Porter**
United States Attorney's Office
Southern District of Florida
101 South U.S. Highway 1
Fort Pierce, FL 34950
Email: michael.porter2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Michael Thakur**
US Attorney's Office, Southern District of
Florida
99 N.E. 4th St
Miami, FL 33132
Email: mthakur@baronbudd.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 06/08/2023 | 1 | MOTION to seal by USA as to Donald J. Trump, Waltine Nauta. (sl) (Entered: 06/08/2023) |
|---|---|---|
| 06/08/2023 | 2 | ORDER granting 1 Motion to seal as to Donald J. Trump (1), Waltine Nauta (2). Signed by Ch. Magistrate Judge Edwin G. Torres on 6/8/2023. *See attached document for full details*. (sl) (Entered: 06/08/2023) |
| 06/08/2023 | 3 | INDICTMENT as to Donald J. Trump (1) count(s) 1-31, 32, 33, 34, 35, 36, 37, Waltine Nauta (2) count(s) 32, 33, 34, 35, 36, 38. (sl) (Additional attachment(s) added on 6/8/2023: # 1 Restricted Unredacted Indictment) (sl). (Entered: 06/08/2023) |
| 06/08/2023 | 4 | Criminal Summons Issued in case as to Donald J. Trump. Documents contained herein are restricted from public viewing pursuant to the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Initial Appearance set for 6/13/2023 03:00 PM in Miami Division (Courtroom 13-3 Wilkie D. Ferguson Building) before MIA Duty Magistrate Judge. (sl) (Entered: 06/08/2023) |
| 06/08/2023 | 5 | Criminal Summons Issued in case as to Waltine Nauta. Documents contained herein are restricted from public viewing pursuant to the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Initial Appearance set for 6/13/2023 03:00 PM in Miami Division (Courtroom 13-3 Wilkie D. Ferguson Building) before MIA Duty Magistrate Judge. (sl) (Entered: 06/08/2023) |
| 06/09/2023 | 6 | MOTION to Unseal by USA as to Donald J. Trump, Waltine Nauta. (sl) (Entered: 06/09/2023) |
| 06/09/2023 | 7 | ORDER UNSEALING CASE, Granting 6 Motion to Unseal as to Donald J. Trump (1), Waltine Nauta (2). Signed by Ch. Magistrate Judge Edwin G. Torres on 6/9/2023. *See attached document for full details*. (sl) (Entered: 06/09/2023) |
| 06/09/2023 | 8 | Press Motion to Intervene and Unseal The Indictment of Former President Donal Trump by WP Company LLC, TEGNA Inc., Reuters News & Media Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Publisher of The Los Angeles Times, Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Publisher of The Wall Street Journal, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc., CMG Media Corporation as to Donald J. Trump. (drz) (Entered: 06/12/2023) |
| 06/12/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Charles David Tobin, Chad R. Bowman, Maxwell S. Mishkin, Lauren Russell for WP Company LLC, TEGNA Inc., Reuters News & Media Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Charles David Tobin, Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc. added (sk) (Entered: 06/12/2023) |
| 06/12/2023 | 9 | Bar Letter re: Admissions sent to attorneys Chad R. Bowman, Maxwell S. Mishkin, Lauren Russell and Todd Blanche, mailing date June 12, 2023, as to Donald J. Trump, Waltine Nauta. (cw) (Entered: 06/12/2023) |
| 06/12/2023 | 10 | MOTION for (1) pre-hearing photography and videorecording and (2) release of courtroom audio recording by WP Company LLC, TEGNA Inc., Reuters News & Media Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc., CMG Media Corporation as to Donald J. Trump, Waltine Nauta. Responses due by 6/26/2023 (Tobin, Charles) (Entered: 06/12/2023) |

| 06/12/2023 | 11 | ORDER ON "PRESS COALITION" MOTION. Signed by Magistrate Judge Jonathan Goodman on 6/12/2023. *See attached document for full details.* (mkr) (Entered: 06/12/2023) |
| 06/13/2023 | 12 | PAPERLESS ORDER denying as moot 8 Press Motion to Intervene and Unseal the Indictment of Former President Donald Trump. Movants seek to intervene for the "limited purpose of seeking an order promptly unsealing [the] indictment" 8 . By prior Order, the Court already unsealed the indictment 7 . Thus, the Press Motion to Intervene and Unseal is moot. Signed by Judge Aileen M. Cannon on 6/13/2023. (sj00) Modified on 6/13/2023 (tci). (Entered: 06/13/2023) |
| 06/13/2023 | 13 | NOTICE OF ATTORNEY APPEARANCE: Christopher Michael Kise appearing for Donald J. Trump . Attorney Christopher Michael Kise added to party Donald J. Trump(pty:dft). (Kise, Christopher) (Entered: 06/13/2023) |
| 06/13/2023 | 14 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Todd Blanche. Filing Fee $ 200.00. Receipt # AFLSDC-16688222 by Donald J. Trump. Responses due by 6/27/2023 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Kise, Christopher) (Entered: 06/13/2023) |
| 06/13/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Todd Blanche for Donald J. Trump added (pt) (Entered: 06/13/2023) |
| 06/13/2023 | 15 | PAPERLESS ORDER granting 14 Motion to Appear *Pro Hac Vice*, Consent to Designation, and Requests to Electronically Receive Notices of Electronic Filings for Attorney Todd Blanche. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 6/13/2023. (sj00) (Entered: 06/13/2023) |
| 06/13/2023 | | Arrest of Donald J. Trump (mdc) (Entered: 06/14/2023) |
| 06/13/2023 | 16 | Minute Order for proceedings held before Magistrate Judge Jonathan Goodman: Initial Appearance and **ARRAIGNMENT** as to Donald J. Trump (1) Count 1-31,32,33,34,35,36,37 held on 6/13/2023. Todd Blanche, pro hac vice and Christopher Kise appeared as PERMANENT Counsel of Record. Bond set: Donald J. Trump (1) Personal Recognizance. ***See document for full details.*** Court Reporter: Stephanie McCarn, 305-523-5518 / Stephanie_McCarn@flsd.uscourts.gov.<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Jonathan Goodman on 6/13/2023. (mdc) (Entered: 06/14/2023) |

A010

| | | |
|---|---|---|
| 06/13/2023 | 17 | Personal Recognizance Bond Entered as to Donald J. Trump Approved by Magistrate Judge Jonathan Goodman. *Please see bond image for conditions of release*. (mdc) (Additional attachment(s) added on 6/14/2023: # 1 Restricted Bond with 7th Page) (mdc). (Main Document 17 replaced on 6/14/2023) (mdc). (Attachment 1 replaced on 6/14/2023) (mdc). (Entered: 06/14/2023) |
| 06/13/2023 | | Arrest of Waltine Nauta (mdc) (Entered: 06/14/2023) |
| 06/13/2023 | 18 | Minute Order for proceedings held before Magistrate Judge Jonathan Goodman: Initial Appearance as to Waltine Nauta held on 6/13/2023. Stanley Woodward appeared and is to file a Motion for Pro hace vice. Bond set: Waltine Nauta (2) Personal Recognizance. A Report Re: Counsel Hearing and Arraignment is set for 6/27/2023 at 09:45 AM in the Miami Division before Chief Magistrate Judge Edwin G. Torres, James Lawrence King Federal Justice Building, 99 NE 4th Street, 10th Floor - Courtroom 5, Miami, FL 33132. Court Reporter: Stephanie McCarn, 305-523-5518 / Stephanie_McCarn@flsd.uscourts.gov.<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Jonathan Goodman on 6/13/2023. (mdc) (Entered: 06/14/2023) |
| 06/13/2023 | 19 | Personal Recognizance Bond Entered as to Waltine Nauta. Approved by Magistrate Judge Jonathan Goodman. *Please see bond image for conditions of release*. (mdc) (Additional attachment(s) added on 6/14/2023: # 1 Restricted Bond with 7th Page) (mdc). (Entered: 06/14/2023) |
| 06/15/2023 | 20 | PAPERLESS ORDER: **On or before June 16, 2023**, all attorneys of record and forthcoming attorneys of record shall contact the Litigation Security Group of the U.S. Department of Justice, if they have not done so already, to expedite the necessary clearance process for all team members anticipated to participate in this matter, and thereafter file a Notice of Compliance **no later than June 20, 2023**. Signed by Judge Aileen M. Cannon on 6/15/2023. (sj00) (Entered: 06/15/2023) |
| 06/16/2023 | 21 | NOTICE of Compliance by Donald J. Trump re 20 Order, (Kise, Christopher) (Entered: 06/16/2023) |
| 06/16/2023 | 22 | NOTICE OF ATTORNEY APPEARANCE Julie A. Edelstein appearing for USA. . Attorney Julie A. Edelstein added to party USA(pty:pla). (Edelstein, Julie) (Entered: 06/16/2023) |
| 06/16/2023 | 23 | MOTION for Protective Order by USA as to Donald J. Trump, Waltine Nauta. Responses due by 6/30/2023 (Attachments: # 1 Text of Proposed Order)(Bratt, Jay) (Entered: 06/16/2023) |
| 06/16/2023 | 24 | NOTICE OF ATTORNEY APPEARANCE Karen E. Gilbert appearing for USA. . Attorney Karen E. Gilbert added to party USA(pty:pla). (Gilbert, Karen) (Entered: 06/16/2023) |
| 06/16/2023 | 25 | PAPERLESS ORDER: Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the Government's Motion for Protective Order 23 is hereby referred to Magistrate Judge Bruce E. Reinhart for appropriate disposition. Signed by Judge Aileen M. Cannon on 6/16/2023. (sj00) (Entered: 06/16/2023) |
| 06/16/2023 | 26 | NOTICE OF ATTORNEY APPEARANCE David Harbach appearing for USA. . Attorney David Harbach added to party USA(pty:pla). (Harbach, David) (Entered: 06/16/2023) |
| 06/19/2023 | 27 | ORDER granting 23 Unopposed Motion for Protective Order as to Donald J. Trump (1), Waltine Nauta (2). Signed by Magistrate Judge Bruce E. Reinhart *See attached document for full details*. (BER) (Entered: 06/19/2023) |

A011

| | | |
|---|---|---|
| 06/20/2023 | 28 | OMNIBUS ORDER SETTING TRIAL DATE AND ESTABLISHING PRETRIAL INSTRUCTIONS AND SENTENCING PROCEDURES as to Donald J. Trump. In Limine Motions due by 7/24/2023. Motions due by 7/24/2023. Calendar Call set for 8/8/2023 01:45 PM in Fort Pierce Division before Judge Aileen M. Cannon. Jury Trial set for 8/14/2023 in Fort Pierce Division before Judge Aileen M. Cannon. Signed by Judge Aileen M. Cannon on 6/20/2023. *See attached document for full details*. (drz)<br><br>**Pattern Jury Instruction Builder - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here.** (Entered: 06/20/2023) |
| 06/21/2023 | 29 | NOTICE OF ATTORNEY APPEARANCE Michael Thakur appearing for USA. . Attorney Michael Thakur added to party USA(pty:pla). (Thakur, Michael) (Entered: 06/21/2023) |
| 06/21/2023 | 30 | First RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta (Edelstein, Julie) (Entered: 06/21/2023) |
| 06/22/2023 | 31 | TRANSCRIPT of Initial Appearance and Arraignment as to Donald J. Trump, Waltine Nauta held on 06/13/23, before Magistrate Judge Jonathan Goodman, 1-36 pages, Court Reporter: Stephanie McCarn, 305-523-5518 / Stephanie_McCarn@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/13/2023. Redacted Transcript Deadline set for 7/24/2023. Release of Transcript Restriction set for 9/20/2023. (smn) (Entered: 06/22/2023) |
| 06/23/2023 | 32 | MOTION for Hearing *Pursuant to Classified Information Procedures Act* by USA as to Donald J. Trump, Waltine Nauta. Responses due by 7/7/2023 (Attachments: # 1 Text of Proposed Order) (Bratt, Jay) (Entered: 06/23/2023) |
| 06/23/2023 | 33 | MOTION for Bond *to Implement Special Condition of Release* by USA as to Donald J. Trump, Waltine Nauta. Responses due by 7/7/2023 (Attachments: # 1 Text of Proposed Order)(Bratt, Jay) (Entered: 06/23/2023) |
| 06/23/2023 | 34 | MOTION to Continue Trial by USA as to Donald J. Trump, Waltine Nauta. Responses due by 7/7/2023 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Harbach, David) (Entered: 06/23/2023) |
| 06/26/2023 | 35 | MOTION to Intervene and Oppose the Government's Motion to File Witness List Under Seal by WP Company LLC, TEGNA Inc., Reuters News & Media Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc., CMG Media Corporation as to Donald J. Trump, Waltine Nauta re 33 MOTION for Bond *to Implement Special Condition of Release* Replies due by 7/3/2023.. Attorney Charles David Tobin added to party CMG Media Corporation(pty:ip). (Tobin, Charles) Modified Title Text and to convert to a Motion on 6/26/2023 (pcs). (Entered: 06/26/2023) |
| 06/26/2023 | 36 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Chad R. Bowman. Filing Fee $ 200.00. Receipt # FLSDC-16717919 by Univision Networks & Studios, Inc., Telemundo Network Group LLC, Reuters News & Media Inc., Radio Television Digital News Association, National Cable Satellite Corporation, WP Company LLC, TEGNA Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc. as to Donald J. Trump, Waltine Nauta. Responses due by 7/10/2023 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Tobin, Charles) (Entered: 06/26/2023) |

A012

| | | |
|---|---|---|
| 06/26/2023 | 37 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Maxwell S.Mishkin. Filing Fee $ 200.00. Receipt # FLSDC-16717981 by Univision Networks & Studios, Inc., Telemundo Network Group LLC, Reuters News & Media Inc., Radio Television Digital News Association, National Cable Satellite Corporation, WP Company LLC, TEGNA Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc. as to Donald J. Trump, Waltine Nauta. Responses due by 7/10/2023 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Tobin, Charles) (Entered: 06/26/2023) |
| 06/26/2023 | 38 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Matthew S.L. Cate. Filing Fee $ 200.00. Receipt # FLSDC-16718009 by Univision Networks & Studios, Inc., Telemundo Network Group LLC, Reuters News & Media Inc., Radio Television Digital News Association, National Cable Satellite Corporation, WP Company LLC, TEGNA Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc. as to Donald J. Trump, Waltine Nauta. Responses due by 7/10/2023 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Tobin, Charles) (Entered: 06/26/2023) |
| 06/26/2023 | 39 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Lauren Russell. Filing Fee $ 200.00. Receipt # FLSDC-16718168 by Univision Networks & Studios, Inc., Telemundo Network Group LLC, Reuters News & Media Inc., Radio Television Digital News Association, National Cable Satellite Corporation, WP Company LLC, TEGNA Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc. as to Donald J. Trump, Waltine Nauta. Responses due by 7/10/2023 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Tobin, Charles) (Entered: 06/26/2023) |
| 06/26/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Matthew S.L. Cate for Univision Networks & Studios, Inc., Matthew S.L. Cate for Telemundo Network Group LLC, Matthew S.L. Cate for Reuters News & Media Inc., Matthew S.L. Cate for Radio Television Digital News Association, Matthew S.L. Cate for National Cable Satellite Corporation, Matthew S.L. Cate for WP Company LLC, Matthew S.L. Cate for TEGNA Inc., Matthew S.L. Cate for POLITICO LLC, Matthew S.L. Cate for The New York Times Company, Matthew S.L. Cate for NBC Universal Media, LLC, Matthew S.L. Cate for National Public Radio, Inc., Matthew S.L. Cate for Los Angeles Times Communications LLC, Matthew S.L. Cate for Gray Media Groups, Inc., Matthew S.L. Cate for The E.W. Scripps Company, Matthew S.L. Cate for Dow Jones & Company, Inc., Matthew S.L. Cate for Cox Enterprises, Inc., Matthew S.L. Cate for CBS Broadcasting, Inc., Matthew S.L. Cate for Bloomberg L.P., Matthew S.L. Cate for The Associated Press, Matthew S.L. Cate for American Broadcasting Companies, Inc., Matthew S.L. Cate for Advance Publications, Inc., Matthew S.L. Cate for Cable News Networks, Inc. added (pt) (Entered: 06/26/2023) |
| 06/26/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Maxwell S. Mishkin, Chad R. Bowman for National Cable Satellite Corporation added (pt) (Entered: 06/26/2023) |
| 06/26/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Maxwell S. Mishkin, Chad R. Bowman for Radio Television Digital News Association added (pt) (Entered: 06/26/2023) |

A013

| 06/26/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Matthew S.L. Cate for Reuters News & Media Inc. added (pt) (Entered: 06/26/2023) |
|---|---|---|
| 06/26/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Matthew S.L. Cate for Reuters News & Media Inc. added (pt) (Entered: 06/26/2023) |
| 06/26/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Maxwell S. Mishkin, Chad R. Bowman for Telemundo Network Group LLC added (pt) (Entered: 06/26/2023) |
| 06/26/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Maxwell S. Mishkin, Chad R. Bowman for Univision Networks & Studios, Inc. added (pt) (Entered: 06/26/2023) |
| 06/26/2023 | | Attorney update in case as to Donald J. Trump, Waltine Nauta. Attorney Lauren Russell for Univision Networks & Studios, Inc., Lauren Russell for Telemundo Network Group LLC, Lauren Russell for Radio Television Digital News Association, Lauren Russell for National Cable Satellite Corporation added (pt) (Entered: 06/26/2023) |
| 06/26/2023 | | SYSTEM ENTRY - Docket Entry 40 restricted/sealed until further notice. (pcs) (Entered: 06/26/2023) |
| 06/26/2023 | 41 | PAPERLESS ORDER denying without prejudice 33 Government's Motion to Implement Special Condition of Release. The Government seeks an order implementing a special condition of bond related to Defendants' communication with eighty-four listed witnesses about the facts of the case, except through counsel [ECF No. 17 p. 4]. The Government conditions its request on the filing of the non-exhaustive list under seal. Defendants take no position on the Government's seal request but reserve the right to object to the special condition and the manner by which the Government intends to implement it. In the meantime, numerous news organizations have moved to intervene to oppose the Government's Motion to File Witness List Under Seal, citing the First Amendment and related legal principles 35 . Upon review of the foregoing materials, the Government's Motion 33 is denied without prejudice, and the Motion to Intervene 35 and accompanying Motions to Appear Pro Hac Vice 36 37 38 39 are denied as moot. The Government's Motion does not explain why filing the list with the Court is necessary; it does not offer a particularized basis to justify sealing the list from public view; it does not explain why partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; and it does not specify the duration of any proposed seal. *See* S.D. Fla. L.R. 5.4(a), (c)(1). The Clerk is directed to return the Pro Hac Vice fees to the filing attorneys. Signed by Judge Aileen M. Cannon on 6/26/2023. (sj00) (Entered: 06/26/2023) |
| 06/26/2023 | 42 | Order Granting Unopposed Motion for Pretrial Conference Pursuant to Section 2 of the Classified Information Procedures Act. A pretrial conference pursuant to Section 2 of the CIPA is set for 7/14/2023 at 10:00 AM in the Fort Pierce Division before Judge Aileen M. Cannon. Signed by Judge Aileen M. Cannon on 6/26/2023. *See attached document for full details*. (kts) (Entered: 06/26/2023) |
| 06/26/2023 | 43 | PAPERLESS ORDER: On or before July 6, 2023, Defendants shall respond to the Government's Motion for Continuance 34 , either individually or in a combined filing. Signed by Judge Aileen M. Cannon on 6/26/2023. (kts) (Entered: 06/26/2023) |
| 06/27/2023 | 44 | Minute Order for proceedings held before Ch. Magistrate Judge Edwin G. Torres: Status Conference re: Report Re: Counsel and Arraignment as to Waltine Nauta held on 6/27/2023. Defendant's flight cancelled - not in attendance. Counsel, Stanley Woodward is requesting a continuance of the Report Re: Counsel and Arraignment, no objection from the Government. Arraignment reset for 7/6/2023 at 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Report Re: Counsel Hearing reset for 7/6/2023 at 10:00 AM in Miami Division before MIA Duty Magistrate Judge. (Digital 9:45:48) Signed by Ch. Magistrate Judge Edwin G. Torres on 6/27/2023. (jbs) (Entered: 06/27/2023) |
| 06/27/2023 | 45 | MOTION TO FILE DOCUMENTS UNDER SEAL. (amb) Modified to Unseal per DE 558 on 5/21/2024 (amb). (Entered: 06/28/2023) |

A014

| | | |
|---|---|---|
| 06/28/2023 | | SYSTEM ENTRY - Docket Entry 45 restricted/sealed until further notice. (amb) (Entered: 06/28/2023) |
| 06/28/2023 | | SYSTEM ENTRY - Docket Entry 46 restricted/sealed until further notice. (amb) (Entered: 06/28/2023) |
| 06/28/2023 | 47 | PAPERLESS Order as to Waltine Nauta. The Report Re: Counsel Hearing and Arraignment are RESET for 7/6/2023 at 11:00 AM in the Miami Division before Chief Magistrate Judge Edwin G. Torres, James Lawrence King Federal Justice Building, 99 NE 4th Street, 10th Floor - Courtroom 5, Miami, FL 33132. Signed by Ch. Magistrate Judge Edwin G. Torres on 6/28/2023. (mdc) (Entered: 06/28/2023) |
| 06/29/2023 | 48 | ORDER Granting 45 MOTION TO FILE DOCUMENTS UNDER SEAL as to Donald J. Trump (1), Waltine Nauta (2). The Motion [ECF No. 45], Notice [ECF No. 46], and accompanying exhibit [ECF No. 46-1] shall remain under SEAL until further Court order. Signed by Judge Aileen M. Cannon on 6/29/2023. *See attached document for full details.* (cds) Modified to Unseal per DE 558 on 5/21/2024 (amb). (Entered: 06/29/2023) |
| 06/29/2023 | | SYSTEM ENTRY - Docket Entry 48 restricted/sealed until further notice. (cds) (Entered: 06/29/2023) |
| 06/30/2023 | 49 | PAPERLESS ORDER: In light of the postponement of Defendant Waltine Nauta's arraignment 44 47 , the deadline for Defendants to respond to the Government's Motion for Continuance 34 is hereby reset to July 10, 2023. Signed by Judge Aileen M. Cannon on 6/30/2023. (kts) (Entered: 06/30/2023) |
| 06/30/2023 | | Set/Reset Deadlines/Hearings as per order DE#49 in case as to Donald J. Trump, Waltine Nauta 34 MOTION to Continue Trial . Responses due by 7/10/2023 (drz) (Entered: 06/30/2023) |
| 07/06/2023 | 50 | Minute Order for proceedings held before Ch. Magistrate Judge Edwin G. Torres: Report Re: Counsel Hearing as to Waltine Nauta held on 7/6/2023. Attorney added: Sasha Dadan. **ARRAIGNMENT** as to Waltine Nauta (2) Count 32,33,34,35,36,38 held on 7/6/2023. (Digital 11:01:39) It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Ch. Magistrate Judge Edwin G. Torres on 7/6/2023. (mdc) (Entered: 07/06/2023) |

A015

| 07/06/2023 | 51 | NOTICE OF ATTORNEY PERMANENT APPEARANCE: Sasha Dadan appearing for Waltine Nauta. (drz) (Entered: 07/06/2023) |
|---|---|---|
| 07/06/2023 | 52 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Stanley E. Woodward, Jr. Filing Fee $ 200.00 Receipt # FLS271854 by Waltine Nauta. Responses due by 7/20/2023 (Attachments: # 1 Certification)(drz) (Entered: 07/06/2023) |
| 07/06/2023 | 53 | NOTICE OF CONVENTIONAL FILING re 52 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Stanley E. Woodward, Jr.. Filing Fee $ 200.00 Receipt # FLS271854, 51 Notice of Attorney Appearance - Defendant by Waltine Nauta (drz) (Entered: 07/06/2023) |
| 07/06/2023 | | Attorney update in case as to Waltine Nauta. Attorney Stanley E. Woodward for Waltine Nauta added (pt) (Entered: 07/06/2023) |
| 07/06/2023 | 54 | PAPERLESS ORDER granting 52 the Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Stanley E. Woodward, Jr. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 7/6/2023. (kts) (Entered: 07/06/2023) |
| 07/06/2023 | 55 | OMNIBUS ORDER SETTING TRIAL DATE AND ESTABLISHING PRETRIAL INSTRUCTIONS AND SENTENCING PROCEDURES as to Waltine Nauta. In Limine Motions due by 7/24/2023. Motions due by 7/24/2023. Calendar Call set for 8/8/2023 01:45 PM in Fort Pierce Division before Judge Aileen M. Cannon. Jury Trial set for 8/14/2023 in Fort Pierce Division before Judge Aileen M. Cannon. Signed by Judge Aileen M. Cannon on 7/6/2023. *See attached document for full details*. (drz) <br><br> **Pattern Jury Instruction Builder - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here.** (Entered: 07/06/2023) |
| 07/06/2023 | 56 | Clerk's Notice of Filing Fee refunded pursuant to ECF No. 41 PAPERLESS ORDER in the amount of $200.00 on July 06, 2023 re: 36 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Chad R. Bowman. Filing Fee $ 200.00. Receipt # AFLSDC-16717919. Additional Notice of Electronic Filing (NEF) sent to Financial Clerk (jc) (Entered: 07/06/2023) |
| 07/06/2023 | 57 | PAPERLESS ORDER: On or before July 13, 2023, and as directed by the Litigation Security Group of the Department of Justice, all attorneys of record shall complete all outstanding applicant tasks required to obtain the requisite security clearances in this matter, and thereafter file a Notice of Compliance no later than July 13, 2023. Signed by Judge Aileen M. Cannon on 7/6/2023. (kts) (Entered: 07/06/2023) |
| 07/06/2023 | 58 | ORDER granting provisional CM/ECF access to Defendant Waltine Nauta's counsel, Sasha Dadan. <br><br> Signed by Ch. Magistrate Judge Edwin G. Torres on 7/6/2023. *See attached document for full details*. (elk) (Entered: 07/06/2023) |
| 07/06/2023 | 59 | Second RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta (Edelstein, Julie) (Entered: 07/06/2023) |
| 07/07/2023 | 60 | Clerk's Notice of Filing Fee refunded pursuant to ECF No. 41 PAPERLESS ORDER in the amount of $200.00 on July 07, 2023 re: 37 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Maxwell S.Mishkin. Filing Fee $ 200.00. Receipt # FLSDC-16717981. Additional Notice of Electronic Filing (NEF) sent to Financial Clerk (jc) (Entered: 07/07/2023) |

| 07/07/2023 | 61 | Clerk's Notice of Filing Fee refunded pursuant to ECF No. 41 PAPERLESS ORDER in the amount of $200.00 on July 07, 2023 re: 38 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Matthew S.L. Cate. Filing Fee $ 200.00. Receipt # AFLSDC-16718009. Additional Notice of Electronic Filing (NEF) sent to Financial Clerk (jc) (Entered: 07/07/2023) |
|---|---|---|
| 07/07/2023 | 62 | Clerk's Notice of Filing Fee refunded pursuant to ECF No. 41 PAPERLESS ORDER in the amount of $200.00 on July 07, 2023 re: 39 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Lauren Russell. Filing Fee $ 200.00. Receipt # AFLSDC-16718168. Additional Notice of Electronic Filing (NEF) sent to Financial Clerk (jc) (Entered: 07/07/2023) |
| 07/10/2023 | 63 | MOTION to Continue *pretrial CIPA conference* by Waltine Nauta. Responses due by 7/24/2023 (Attachments: # 1 Text of Proposed Order)(Dadan, Sasha) (Entered: 07/10/2023) |
| 07/10/2023 | 64 | Memorandum in Opposition by USA as to Waltine Nauta re 63 MOTION to Continue *pretrial CIPA conference* Replies due by 7/17/2023. (Bratt, Jay) (Entered: 07/10/2023) |
| 07/10/2023 | 65 | RESPONSE to Motion by Donald J. Trump as to Donald J. Trump, Waltine Nauta re 63 MOTION to Continue *pretrial CIPA conference* Replies due by 7/17/2023. (Kise, Christopher) (Entered: 07/10/2023) |
| 07/10/2023 | 66 | RESPONSE in Opposition by Donald J. Trump as to Donald J. Trump, Waltine Nauta re 34 MOTION to Continue Trial Replies due by 7/17/2023. (Kise, Christopher) (Entered: 07/10/2023) |
| 07/11/2023 | 67 | NOTICE of Change of Address, Email or Law Firm Name by Sasha Dadan (Dadan, Sasha) (Entered: 07/11/2023) |
| 07/11/2023 | 68 | PAPERLESS ORDER: Being fully advised in the premises, the Court grants in part 63 and authorizes a 4-Day Continuance of the Pretrial CIPA Section 2 Conference. The Pretrial CIPA Section 2 Conference is hereby rescheduled to July 18, 2023, at 2:00 P.M. in the Fort Pierce Division. All other aspects of the Court's prior Order 42 remain in effect. Signed by Judge Aileen M. Cannon on 7/11/2023. (sj00) (Entered: 07/11/2023) |
| 07/11/2023 | | Reset Hearings as to Donald J. Trump, Waltine Nauta: Per DE#68. Pretrial CIPA Section 2 Conference set for 7/18/2023 DE# Modified on 7/11/2023 (cqs). (Entered: 07/11/2023) |
| 07/11/2023 | 69 | CLERK'S NOTICE - Attorney Admissions has not updated address and/or email information for attorney Sasha Dadan as to Waltine Nauta re 67 Notice of Change of Address, Email or Law Firm Name. Attorney Sasha Dadan has not completed the required procedures for updating their information with the Court. Attorney is instructed to go to their PACER account, Manage My Account, to complete the process of updating their information. The Court is NOT responsible for updating secondary email addresses. See the Courts website for detailed instructions. www.flsd.uscourts.gov/updating-your-information (pt) (Entered: 07/11/2023) |
| 07/11/2023 | 70 | TRANSCRIPT of REPORT RE: COUNSEL AND ARRAIGNMENT as to Waltine Nauta held on 07/06/2023 before Ch. Magistrate Judge Edwin G. Torres, 1-7 pages, Court Reporter: Stephen Franklin, 561-313-8439 / SFranklinUSDC@aol.com. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/1/2023. Redacted Transcript Deadline set for 8/11/2023. Release of Transcript Restriction set for 10/10/2023. (jes) (Entered: 07/11/2023) |
| 07/11/2023 | 71 | CLERK'S NOTICE - Attorney Admissions has updated only the address information for attorney Sasha Dadan as to Waltine Nauta re 67 Notice of Change of Address, Email or Law Firm Name. (pt) (Entered: 07/11/2023) |
| 07/11/2023 | 72 | SPEEDY TRIAL REPORT *First Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta (Bratt, Jay) (Entered: 07/11/2023) |

A017

| | | |
|---|---|---|
| 07/11/2023 | 73 | CLERK'S NOTICE - Attorney Admissions has not updated primary email information for attorney Sasha Dadan as to Waltine Nauta re 67 Notice of Change of Address, Email or Law Firm Name. In addition, Attorney selected not to receive notices at her primary email address which is why her email address shows Inactive. Attorney is instructed to go to her PACER account, Manage My Account, to complete the process of updating her primary email information. See the Court's website for detailed instructions. www.flsd.uscourts.gov/updating-your-information. (cw) (Entered: 07/11/2023) |
| 07/12/2023 | 74 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Stephen H. Weiss. Filing Fee $ 200.00. Receipt # AFLSDC-16760010 by Donald J. Trump. Responses due by 7/26/2023 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Kise, Christopher) (Entered: 07/12/2023) |
| 07/13/2023 | | Attorney update in case as to Donald J. Trump. Attorney Stephen H. Weiss for Donald J. Trump added (pt) (Entered: 07/13/2023) |
| 07/13/2023 | 75 | PAPERLESS ORDER granting 74 the Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Stephen H. Weiss. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 7/13/2023. (kts) (Entered: 07/13/2023) |
| 07/13/2023 | 76 | REPLY TO RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta re 34 MOTION to Continue Trial (Harbach, David) (Entered: 07/13/2023) |
| 07/13/2023 | 77 | NOTICE of Compliance by Donald J. Trump re 57 Order, (Kise, Christopher) (Entered: 07/13/2023) |
| 07/13/2023 | 78 | NOTICE of Compliance by Waltine Nauta re 57 Order, (Dadan, Sasha) (Entered: 07/13/2023) |
| 07/17/2023 | 79 | MOTION for Protective Order *Pursuant to Section 3 of the Classified Information Procedures Act* by USA as to Donald J. Trump, Waltine Nauta. Responses due by 7/31/2023 (Attachments: # 1 Text of Proposed Order)(Edelstein, Julie) (Entered: 07/17/2023) |
| 07/17/2023 | 80 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta (Edelstein, Julie) (Entered: 07/17/2023) |
| 07/17/2023 | 81 | PAPERLESS ORDER: The parties shall be prepared to discuss the Government's Motion for Continuance and Proposed Revised Scheduling Order 34 at the CIPA Section 2 pretrial conference scheduled for July 18, 2023, including the proposed deadlines contained therein [34-2] and particularized objections thereto, in light of 18 U.S.C. § 3161, the Federal Rules of Criminal Procedure, and the CIPA. Signed by Judge Aileen M. Cannon on 7/17/2023. (kts) (Entered: 07/17/2023) |
| 07/18/2023 | 82 | PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: Pretrial Conference Pursuant to Section 2 of CIPA held on July 18, 2023. The Court heard argument from the parties on the Government's Motion for Continuance and Request for Proposed Revised Scheduling Order 34 . The Court denied the Government's Motion for Protective Order 79 without prejudice for lack of meaningful conferral. Order to follow. Total time in court: 1 hour, 40 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, Julie A. Edelstein, Christopher Michael Kise, Todd Blanche, Sasha Dadan, Stanley E. Woodward. Other Appearances: Waltine Nauta. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. (kts) (Entered: 07/19/2023) |
| 07/21/2023 | 83 | ORDER GRANTING IN PART GOVERNMENT'S MOTION 34 TO CONTINUE TRIAL AND RESETTING DEADLINES. The Government's Motion to Continue Trial and Revised Proposed Schedule 34 is GRANTED IN PART. Calendar Call is hereby reset for Tuesday, 5/14/2024 at 01:45 PM in Fort Pierce Division before Judge Aileen M. Cannon. Jury Trial is hereby reset for Monday, 5/20/2024 at 09:30 AM in Fort Pierce Division before Judge Aileen M. Cannon. Signed by Judge |

A018

| | | |
|---|---|---|
| | | Aileen M. Cannon on 7/21/2023. *See attached document for full details*. (mno) (Entered: 07/21/2023) |
| 07/27/2023 | 84 | Renewed MOTION for Protective Order *Pursuant to Section 3 of the Classified Information Procedures Act* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 8/10/2023 (Attachments: # 1 Text of Proposed Order)(Edelstein, Julie) (Entered: 07/27/2023) |
| 07/27/2023 | 85 | SUPERSEDING INDICTMENT as to Donald J. Trump (1) count(s) 1s-32s, 33s, 34s, 35s, 36s, 37s, 38s, 40s, 41s, Waltine Nauta (2) count(s) 33s, 34s, 35s, 36s, 37s, 39s, 40s, 41s, Carlos De Oliveira (3) count(s) 33s, 40s, 41s, 42s. (mdc) (Additional attachment(s) added on 7/27/2023: # 1 Restricted Unredacted Indictment) (mdc). (Entered: 07/27/2023) |
| 07/27/2023 | 86 | NOTICE *of Superseding Indictment* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 85 Indictment, (Thakur, Michael) (Entered: 07/27/2023) |
| 07/27/2023 | 87 | Criminal Summons Issued in case as to Carlos De Oliveira. Documents contained herein are restricted from public viewing pursuant to the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Initial Appearance and Arraignment set for 7/31/2023 10:30 AM in Miami Division before Chief Magistrate Judge Edwin G. Torres. (mdc) (Entered: 07/27/2023) |
| 07/28/2023 | 88 | NOTICE OF HEARING as to Carlos De Oliveira: An Initial Appearance is set for 7/31/2023 at 10:30 AM in the Miami Division before Chief Magistrate Judge Edwin G. Torres, James Lawrence King Federal Justice Building, 99 NE 4th Street, 10th Floor - Courtroom 5, Miami, FL 33132. (mdc) (Entered: 07/28/2023) |
| 07/31/2023 | 89 | Minute Order for proceedings held before Ch. Magistrate Judge Edwin G. Torres: Initial Appearance as to Carlos De Oliveira held on 7/31/2023. The Court GRANTS the ore tenus motion for John Irving from Washington D.C. to appear as Temporary Counsel of record. Local counsel has not yet been retained. Bond recommendation/set: Carlos De Oliveira (3) The Court sets bond $100K PSB. Date of Location Custody (Arrest or Surrender): 7/31/2023. Arraignment set for 8/10/2023 10:00 AM in Fort Pierce Division before FTP Duty Magistrate Judge. Report Re: Counsel Hearing set for 8/10/2023 10:00 AM in Fort Pierce Division before FTP Duty Magistrate Judge. (Digital 10:33:34) Signed by Ch. Magistrate Judge Edwin G. Torres on 7/31/2023. (kan) Modified text on 7/31/2023 (kan). (Entered: 07/31/2023) |
| 07/31/2023 | 90 | $100,000.00 PSB Bond Entered as to Carlos De Oliveira Approved by Ch. Magistrate Judge Edwin G. Torres. *Please see bond image for conditions of release*. (kan) (Additional attachment(s) added on 7/31/2023: # 1 Restricted Bond with 7th Page) (kan). (Entered: 07/31/2023) |
| 07/31/2023 | 91 | PAPERLESS Order as to Carlos De Oliveira. John Irving of Washington DC appeared as Temporary Counsel of Record. Local Counsel has not yet been retained. A Report Re: Counsel Hearing and Arraignment are set for 8/10/2023 at 10:00 AM in the Fort Pierce Division before the FTP Duty Magistrate Judge. Signed by Ch. Magistrate Judge Edwin G. Torres on 7/31/2023. (mdc) (Entered: 07/31/2023) |
| 07/31/2023 | 92 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 07/31/2023) |
| 08/01/2023 | 93 | SPEEDY TRIAL REPORT *Second Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 08/01/2023) |
| 08/01/2023 | 94 | PAPERLESS Order as to Donald J. Trump and Waltine Nauta. The Arraignment on the Superseding Indictment is set for 8/10/2023 at 10:00 AM in the Fort Pierce Division before U.S. Magistrate Judge Shaniek Mills Maynard at the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, 4th Floor - Courtroom 4074, Fort Pierce, FL 34950. Signed by Ch. Magistrate Judge Edwin G. Torres on 8/1/2023. (mdc) (Entered: 08/01/2023) |
| 08/02/2023 | | SYSTEM ENTRY - Docket Entry 95 restricted/sealed until further notice. (amb) (Entered: 08/02/2023) |

A019

| 08/02/2023 | | SYSTEM ENTRY - Docket Entry 96 restricted/sealed until further notice. (amb) (Entered: 08/02/2023) |
|---|---|---|
| 08/02/2023 | 97 | MOTION for Hearing *on Potential Conflicts of Interest, pursuant to United States v. Garcia, 517 F.2d 272 (5th Cir. 1975),* by USA as to Waltine Nauta. Responses due by 8/16/2023 (Thakur, Michael) (Entered: 08/02/2023) |
| 08/04/2023 | 98 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Donald J. Trump (Kise, Christopher) (Entered: 08/04/2023) |
| 08/04/2023 | 99 | TRANSCRIPT of Initial Appearance Proceedings as to Carlos De Oliveira held on 07/31/2023 before Ch. Magistrate Judge Edwin G. Torres, Volume Number 1 of 1, 1-11 pages, Court Reporter: Quanincia Hill, 305-523-5634 / Quanincia_Hill@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/25/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/2/2023. (qhl) (Entered: 08/04/2023) |
| 08/07/2023 | 100 | ORDER STRIKING SEALED FILINGS AND ORDERING BRIEFING. Order denying 95 Sealed Motion. Clerk is directed to Strike from the docket sealed entries 95 and 96. Waltine Nauta shall file a response to the Motion for a Garcia hearing 97 on or before 8/17/2023. Special Counsel shall reply on or before 8/22/2023. Signed by Judge Aileen M. Cannon on 8/7/2023. *See attached document for full details.* (jmd) (Entered: 08/07/2023) |
| 08/07/2023 | 101 | *UNSEALED* SEALED ORDER REQUIRING SEALED WRITTEN SUBMISSIONS. *See attached document for full details.* Status Report(s) deadline: 8/11/2023. Signed by Judge Aileen M. Cannon on 8/7/2023. (jmd) Modified on 4/23/2024; Unsealed, per Order DE #472. (jmd) (Entered: 08/07/2023) |
| 08/07/2023 | 102 | Unopposed MOTION to Bring Electronic Equipment into the courtroom *for the August 10, 2023 Arraignment* by USA Today, The Palm Beach Post, WPLG, Inc., Univision Networks & Studios, Inc., Telemundo Network Group LLC, Sun-Sentinel Company, LLC, Radio Television Digital News Association, Orlando Sentinel Media Group, National Cable Satellite Corporation, The McClatchy Company, LLC, Insider Inc., Guardian News & Media Limited, Fort Myers Broadcasting Company, WP Company LLC, TEGNA Inc., Reuters News & Media Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc., CMG Media Corporation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 8/21/2023 (Tobin, Charles) (Entered: 08/07/2023) |
| 08/09/2023 | 103 | PAPERLESS ORDER denying 102 motion for permission to bring electronic equipment into the Alto Lee Adams Sr. United States Courthouse for the August 10, 2023 arraignment. Signed by Judge Aileen M. Cannon on 8/9/2023. (sj00) (Entered: 08/09/2023) |
| 08/09/2023 | 104 | RESPONSE in Opposition by Donald J. Trump re 84 Renewed MOTION for Protective Order *Pursuant to Section 3 of the Classified Information Procedures Act* Replies due by 8/16/2023. (Attachments: # 1 Exhibit 1 - Affirmation of Todd Blanche, # 2 Exhibit 2 - July 18, 2023 Hearing Transcript) (Kise, Christopher) (Entered: 08/09/2023) |
| 08/09/2023 | 105 | Memorandum in Opposition by Waltine Nauta re 84 Renewed MOTION for Protective Order *Pursuant to Section 3 of the Classified Information Procedures Act* Replies due by 8/16/2023. (Dadan, Sasha) (Entered: 08/09/2023) |
| 08/10/2023 | 106 | Minute Order for proceedings held before Magistrate Judge Shaniek Mills Maynard: **ARRAIGNMENT** as to Donald J. Trump (1) Count 1s-32s,33s,34s,35s,36s,37s,38s,40s,41s held on 8/10/2023. Defendant waived his appearance for his arraignment. Defendant pleads not guilty, |

| | | |
|---|---|---|
| | | demands a trial by jury, and the Standing Discovery Order entered on June 13, 2023 remains in effect. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. Signed by Magistrate Judge Shaniek Mills Maynard on 8/10/2023. (mab) (Entered: 08/10/2023) |
| 08/10/2023 | 107 | Minute Order for proceedings held before Magistrate Judge Shaniek Mills Maynard: **ARRAIGNMENT** as to Waltine Nauta (2) Count 33s,34s,35s,36s,37s,39s,40s,41s held on 8/10/2023. Defendant present in court for his arraignment. Defendant pleads not guilty, demands a trial by jury, and the Standing Discovery Order entered on July 6, 2023 remains in effect. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. Signed by Magistrate Judge Shaniek Mills Maynard on 8/10/2023. (mab) (Entered: 08/10/2023) |
| 08/10/2023 | 108 | NOTICE OF ATTORNEY APPEARANCE: Larry Donald Murrell, Jr appearing for Carlos De Oliveira *for trial purposes only*. Attorney Larry Donald Murrell, Jr added to party Carlos De Oliveira(pty:dft). (Murrell, Larry) (Entered: 08/10/2023) |
| 08/10/2023 | 109 | Minute Order for proceedings held before Magistrate Judge Shaniek Mills Maynard: Status Conference re: Report re Counsel and Arraignment as to Carlos De Oliveira held on 8/10/2023. ( Arraignment reset for 8/15/2023 10:00 AM in Fort Pierce Division before FTP Duty Magistrate Judge., Report Re: Counsel Hearing reset for 8/15/2023 10:00 AM in Fort Pierce Division before FTP Duty Magistrate Judge.) Defendant present in Court for his hearings. Counsel for the Defendant has not been finalized. Report re Counsel and Arraignment on superseding indictment hearings reset for Tuesday, August 15, 2023, at 10 a.m. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. Signed by Magistrate Judge Shaniek Mills Maynard on 8/10/2023. (mab) (Entered: 08/10/2023) |
| 08/10/2023 | 110 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for John S. Irving, Esq.. Filing Fee $ 200.00. Receipt # AFLSDC-16833507 by Carlos De Oliveira. Responses due by 8/24/2023 (Attachments: # 1 Certification of John S. Irving, Esq., # 2 Certification of Good Standing, # 3 Text of Proposed Order on Motion to Appear Pro Hac Vice)(Murrell, Larry) (Entered: 08/10/2023) |
| 08/10/2023 | | Attorney update in case as to Carlos De Oliveira. Attorney John S. Irving for Carlos De Oliveira added (pt) (Entered: 08/10/2023) |
| 08/10/2023 | 111 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Donald J. Trump. (mab) (Entered: 08/10/2023) |
| 08/10/2023 | 112 | PAPERLESS ORDER granting 110 the Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney John S. Irving. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 8/10/2023. (kts) (Entered: 08/10/2023) |
| 08/11/2023 | 113 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 08/11/2023) |
| 08/11/2023 | 114 | PAPERLESS ORDER: On or before August 22, 2023, all new counsel of record who do not already possess a required security clearance shall initiate and complete all tasks as directed by the Litigation Security Group of the U.S. Department of Justice, and thereafter file a Notice of Compliance no later than August 23, 2023. Signed by Judge Aileen M. Cannon on 8/11/2023. (kts) (Entered: 08/11/2023) |
| 08/11/2023 | 115 | *UNSEALED* REPORT in Response to the Court's Sealed Order on August 7, 2023 by USA as to all Defendants. (Attachments: # 1 Attachment A) (kpe) Modified on 4/23/2024; Unsealed, per Order DE #472. (jmd) (Entered: 08/11/2023) |
| 08/11/2023 | 116 | *UNSEALED* SUPPLEMENTAL REPORT in Response to the Court's Sealed Order on August 7, 2023 by USA as to all Defendants. (Attachments: # 1 Exhibit A) (kpe) Modified on 4/23/2024; Unsealed, per Order DE #472. (jmd) (Entered: 08/11/2023) |

A021

| | | |
|---|---|---|
| 08/14/2023 | 117 | MOTION to Extend Time by Defendant Waltine Nauta. (Attachments: # 1 Proposed Order) (scn) Modified to Unseal per DE 534 Order on 5/9/2024 (amb). (Entered: 08/14/2023) |
| 08/14/2023 | 118 | *UNSEALED* Brief for the Court by Defendant Waltine Nauta. (Attachments: # 1 Exhibits) (scn) Modified on 4/23/2024; Unsealed, per Order DE #472. (jmd) (Entered: 08/14/2023) |
| 08/14/2023 | 119 | ORDER granting DE# 117 Motion to Extend Time. Defendant Nauta's Brief for the Court DE # 118 is considered timely filed. Signed by Judge Aileen M. Cannon on 8/14/2023. *See attached document for full details*. (jmd) Modified to Unseal per DE 534 Order on 5/9/2024 (amb). (Entered: 08/14/2023) |
| 08/14/2023 | 120 | REPLY TO RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 84 Renewed MOTION for Protective Order *Pursuant to Section 3 of the Classified Information Procedures Act* (Edelstein, Julie) (Entered: 08/14/2023) |
| 08/15/2023 | 121 | Minute Order for proceedings held before Magistrate Judge Shaniek Mills Maynard: Report Re: Counsel Hearing as to Carlos De Oliveira held on 8/15/2023, **ARRAIGNMENT** as to Carlos De Oliveira (3) Count 33s,40s,41s,42s held on 8/15/2023. Defendant present in court. Larry Donald Murrell filed his Permanent Notice of Appearance on 8/10/2023. Order granting the Motion to Appear Pro Hac Vice for Attorney John S. Irving filed 8/10/2023. Defendant waives formal reading of the Superseding Indictment and enters a plea of not guilty, demands a trial by jury, and requests entry of Standing Discovery Order. Due Process Protections Act (BRADY) Order entered. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov.<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Shaniek Mills Maynard on 8/15/2023. (mab) (Entered: 08/15/2023) |
| 08/15/2023 | 122 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 08/15/2023) |
| 08/16/2023 | 123 | MOTION for Hearing *on Potential Conflicts of Interest, pursuant to United States v. Garcia, 517 F.2d 272 (5th Cir. 1975)* by USA as to Carlos De Oliveira. Responses due by 8/30/2023 (Thakur, Michael) (Entered: 08/16/2023) |
| 08/17/2023 | 124 | ORDER Scheduling Sealed Hearing on CIPA Section 3 Protective Order. Signed by Judge Aileen M. Cannon on 8/17/2023. *See attached document for full details*. (kts) (Entered: 08/17/2023) |

A022

| | | |
|---|---|---|
| 08/17/2023 | 125 | NOTICE *Regarding Filings In A Separate Case* by Donald J. Trump (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Kise, Christopher) (Entered: 08/17/2023) |
| 08/17/2023 | 126 | RESPONSE in Opposition by Waltine Nauta as to Donald J. Trump, Waltine Nauta re 97 MOTION for Hearing *on Potential Conflicts of Interest, pursuant to United States v. Garcia, 517 F.2d 272 (5th Cir. 1975),* Replies due by 8/24/2023. (Dadan, Sasha) (Entered: 08/17/2023) |
| 08/18/2023 | 127 | Supplemental MOTION for Protective Order *Pursuant to Section 3 of the Classified Information Procedures Act* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 9/1/2023 (Attachments: # 1 Text of Proposed Order)(Edelstein, Julie) (Entered: 08/18/2023) |
| 08/21/2023 | 128 | PAPERLESS ORDER: Defendant De Oliveira is hereby subject to the deadlines, instructions, and findings contained in the Court's Scheduling Order 83 issued on July 21, 2023. Signed by Judge Aileen M. Cannon on 8/21/2023. (kts) (Entered: 08/21/2023) |
| 08/22/2023 | 129 | REPLY TO RESPONSE to Motion by USA as to Waltine Nauta re 97 MOTION for Hearing *on Potential Conflicts of Interest, pursuant to United States v. Garcia, 517 F.2d 272 (5th Cir. 1975),* (Harbach, David) (Entered: 08/22/2023) |
| 08/22/2023 | 130 | SPEEDY TRIAL REPORT *Third Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 08/22/2023) |
| 08/22/2023 | 131 | NOTICE of Compliance *re 114 Order* by Carlos De Oliveira (Murrell, Larry) (Entered: 08/22/2023) |
| 08/22/2023 | 132 | SPEEDY TRIAL REPORT by Carlos De Oliveira (Murrell, Larry) (Entered: 08/22/2023) |
| 08/23/2023 | 133 | NOTICE of Compliance *re 114 Order* by Carlos De Oliveira (Murrell, Larry) (Entered: 08/23/2023) |
| 08/25/2023 | 134 | MOTION for Leave to File *Sur-Reply re 129* by Waltine Nauta. Responses due by 9/8/2023 (Attachments: # 1 Text of Proposed Order)(Dadan, Sasha) (Entered: 08/25/2023) |
| 08/25/2023 | 135 | PAPERLESS ORDER granting 134 Defendant Nauta's Motion for Leave to File Sur-Reply. On or before August 31, 2023, Defendant Nauta may file a sur-reply to the Special Counsel's Reply in Support of the Motion for a *Garcia* Hearing 129 . Signed by Judge Aileen M. Cannon on 8/25/2023. (kts) (Entered: 08/25/2023) |
| 08/25/2023 | 136 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Exhibit 1) (Bratt, Jay) (Entered: 08/25/2023) |
| 08/30/2023 | 137 | RESPONSE in Opposition by Carlos De Oliveira re 123 MOTION for Hearing *on Potential Conflicts of Interest, pursuant to United States v. Garcia, 517 F.2d 272 (5th Cir. 1975)* Replies due by 9/6/2023. (Murrell, Larry) (Entered: 08/30/2023) |
| 08/31/2023 | | SYSTEM ENTRY - Docket Entry 138 restricted/sealed until further notice. (amb) (Entered: 08/31/2023) |
| 09/01/2023 | 139 | SEALED ORDER as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 138 Sealed Motion.(Sur-Reply due by 9/5/2023., Telephonic Motion Hearing set for 9/1/2023 11:00 AM before Judge Aileen M. Cannon.) Signed by Judge Aileen M. Cannon on 9/1/2023. (pcs) Modified to Unseal per DE 558 on 5/21/2024 (amb). (Entered: 09/01/2023) |
| 09/01/2023 | 140 | PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: Sealed Telephonic Hearing as to Waltine Nauta held on 9/01/2023. The Court heard argument from defense counsel regarding 138 Defendant Waltine Nauta's Ex Parte Motion for Leave to Reference Discovery. Stanley Woodward and Sasha Dadan present. Order to follow. Total time in court: 20 minutes. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov Signed by Judge Aileen M. Cannon (tci) Modified to Unseal per DE 558 on 5/21/2024 (amb). (Entered: 09/01/2023) |

A023

| | | |
|---|---|---|
| 09/01/2023 | 141 | ORDER granting 138 Ex Parte Motion for Leave to Reference Discovery in a Sur-Reply in Response to the Special Counsel's Reply in Support of its Motion for a Garcia Hearing as to Waltine Nauta (2). Signed by Judge Aileen M. Cannon on 9/1/2023. *See attached document for full details*. (kpe) Modified to Unseal per DE 558 on 5/21/2024 (amb). (Entered: 09/01/2023) |
| 09/01/2023 | | SYSTEM ENTRY - Docket Entry 142 restricted/sealed until further notice. (pcs) (Entered: 09/01/2023) |
| 09/01/2023 | 143 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 09/01/2023) |
| 09/05/2023 | 144 | Surreply by Waltine Nauta to 97 MOTION for Hearing *on Potential Conflicts of Interest, pursuant to United States v. Garcia, 517 F.2d 272 (5th Cir. 1975),* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Dadan, Sasha) (Entered: 09/05/2023) |
| 09/06/2023 | 145 | REPLY TO RESPONSE to Motion by USA as to Carlos De Oliveira re 123 MOTION for Hearing *on Potential Conflicts of Interest, pursuant to United States v. Garcia, 517 F.2d 272 (5th Cir. 1975)* (Harbach, David) (Entered: 09/06/2023) |
| 09/07/2023 | 146 | NOTICE OF ATTORNEY APPEARANCE John M. Pellettieri appearing for USA. . Attorney John M. Pellettieri added to party USA(pty:pla). (Pellettieri, John) (Entered: 09/07/2023) |
| 09/12/2023 | 147 | SPEEDY TRIAL REPORT *Fourth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 09/12/2023) |
| 09/12/2023 | 148 | SPEEDY TRIAL REPORT by Carlos De Oliveira (Murrell, Larry) (Entered: 09/12/2023) |
| 09/12/2023 | 149 | PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: Sealed Hearing held on September 12, 2023. The Court heard argument from the parties on the Special Counsel's Motions for Protective Order Pursuant to Section 3 of the Classified Information Procedures Act 84 127 . Orders to follow. Total time in court: 2 hours, 5 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, John M. Pellettieri, Christopher Michael Kise, Todd Blanche, Sasha Dadan, Stanley E. Woodward, Larry Donald Murrell, Jr., John S. Irving. Other Appearances: Waltine Nauta. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. (kts) (Entered: 09/13/2023) |
| 09/13/2023 | 150 | Protective Order Pertaining to Classified Information Disclosed to Former President Donald J. Trump and Defense Counsel. Signed by Judge Aileen M. Cannon on 9/13/2023. *See attached document for full details*. (kts) (Entered: 09/13/2023) |
| 09/13/2023 | 151 | Protective Order Pertaining to Classified Information Disclosed to Waltine Nauta and Defense Counsel. Signed by Judge Aileen M. Cannon on 9/13/2023. *See attached document for full details*. (kts) (Entered: 09/13/2023) |
| 09/13/2023 | 152 | Protective Order Pertaining to Classified Information Disclosed to Defense Counsel for Carlos De Oliveira. Signed by Judge Aileen M. Cannon on 9/13/2023. *See attached document for full details*. (kts) (Entered: 09/13/2023) |
| 09/13/2023 | 153 | Order Following CIPA Section 3 Hearing. Signed by Judge Aileen M. Cannon on 9/13/2023. *See attached document for full details*. (kts) (Entered: 09/13/2023) |
| 09/13/2023 | 154 | The Court is in receipt of the Speedy Trial Reports filed by the Special Counsel, as agreed to by former President Trump and Waltine Nauta, and the competing Speedy Trial Reports filed by Carlos De Oliveira 130 132 147 148 . As stated in the Court's prior Order 128 following the return of the Superseding Indictment charging De Oliveira as a new defendant in this action 85 , De Oliveira is "subject to the deadlines, instructions, and findings in the Court's Scheduling Order 83 ." *See* 18 U.S.C. § 3161(h)(7)(A). One speedy trial clock governs as to all defendants in this multi-defendant case, *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *United States v. Sarro*, 742 F.2d 1286, 1299 (11th Cir. 1984); no severance has been granted or requested, *see* 18 U.S.C. § 3161(h)(6); De Oliveira has made no substantive showing of unreasonable delay or prejudice stemming from the Court's Orders 83 128 ; and the continuance granted in this case clearly serves |

| | | |
|---|---|---|
| | | the ends of justice as to all defendants, for all of the reasons previously stated 83 , as amplified by the addition of a third defendant and the manifest complexity of this case. To the extent there remain any disputes as to the exact computation of trial time under the Speedy Trial Act following the return of the Superseding Indictment, the Court adopts the calculations in the Special Counsel's Speedy Trial Report 147 . Signed by Judge Aileen M. Cannon on 9/13/2023. (kts) (Entered: 09/13/2023) |
| 09/14/2023 | 155 | NOTICE OF ATTORNEY APPEARANCE David Raskin appearing for USA. . Attorney David Raskin added to party USA(pty:pla). (Raskin, David) (Entered: 09/14/2023) |
| 09/14/2023 | 156 | NOTICE OF ATTORNEY APPEARANCE Brett Reynolds appearing for USA. . Attorney Brett Reynolds added to party USA(pty:pla). (Reynolds, Brett) (Entered: 09/14/2023) |
| 09/14/2023 | 157 | NOTICE *of Filing of CIPA Section 10 Notice* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit) (Reynolds, Brett) (Entered: 09/14/2023) |
| 09/14/2023 | 158 | STATUS REPORT *Joint Discovery Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 09/14/2023) |
| 09/18/2023 | 159 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit, # 2 Exhibit) (Reynolds, Brett) (Entered: 09/18/2023) |
| 09/22/2023 | 160 | MOTION For A Revised Schedule For Motions To Compel And CIPA § 4 Litigation by Donald J. Trump. Responses due by 10/6/2023 (Kise, Christopher) (Entered: 09/22/2023) |
| 09/25/2023 | 161 | PAPERLESS ORDER granting in part Special Counsel's 97 123 Motions for *Garcia* Hearings. The Court will hold two separate *Garcia* hearings on October 12, 2023, in the Fort Pierce Division. Defendant Carlos De Oliveira's hearing will commence at 1:00 P.M. Defendant Waltine Nauta's hearing will commence at 3:00 P.M. Defendants De Oliveira and Nauta, associated defense counsel, and attorneys for the Office of Special Counsel must be present. The potential witnesses identified in the Special Counsel's 97 123 Motions need not appear. The Office of Special Counsel shall be prepared to articulate the nature and scope of the potential conflicts identified in its 97 123 Motions, along with any evidence in support. Defendants shall be prepared to respond. At its discretion, the Court may elect to hold a portion of each hearing sealed and *ex parte* to protect privileged communications. References during the hearing to the identified potential witnesses are to be made in accordance with the witness designations as stated in the Motions 97 123 . The remainder of the Special Counsel's 97 123 Motions are denied without prejudice. Signed by Judge Aileen M. Cannon on 9/25/2023. (kts) (Entered: 09/25/2023) |
| 09/25/2023 | 162 | Memorandum in Support by USA as to Waltine Nauta, Carlos De Oliveira re 127 Supplemental MOTION for Protective Order *Pursuant to Section 3 of the Classified Information Procedures Act* (Harbach, David) (Entered: 09/25/2023) |
| 09/25/2023 | 163 | RESPONSE in Opposition by Waltine Nauta re 84 Renewed MOTION for Protective Order *Pursuant to Section 3 of the Classified Information Procedures Act* Replies due by 10/2/2023. (Dadan, Sasha) (Entered: 09/25/2023) |
| 09/26/2023 | 164 | NOTICE *of Intent to Adopt Co-Defendant Nauta's Supplemental Briefing Re: CIPA* by Carlos De Oliveira (Murrell, Larry) (Entered: 09/26/2023) |
| 09/27/2023 | 165 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 160 MOTION For A Revised Schedule For Motions To Compel And CIPA § 4 Litigation Replies due by 10/4/2023. (Edelstein, Julie) (Entered: 09/27/2023) |
| 10/03/2023 | 166 | SPEEDY TRIAL REPORT *Fifth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 10/03/2023) |
| 10/04/2023 | 167 | REPLY TO RESPONSE to Motion by Donald J. Trump re 160 MOTION For A Revised Schedule For Motions To Compel And CIPA § 4 Litigation (Kise, Christopher) (Entered: 10/04/2023) |

A025

| 10/06/2023 | 168 | PAPERLESS ORDER temporarily staying CIPA § 4 deadlines 83 pending consideration and resolution of Defendants' Motion for a Revised Schedule for Motions to Compel and CIPA § 4 Litigation 160 and the Supplemental Briefs on CIPA §§ 3 and 4 162 163 164 . Signed by Judge Aileen M. Cannon on 10/6/2023. (kts) (Entered: 10/06/2023) |
|---|---|---|
| 10/06/2023 | | SYSTEM ENTRY - Docket Entry 169 restricted/sealed until further notice. (amb) (Entered: 10/06/2023) |
| 10/06/2023 | | SYSTEM ENTRY - Docket Entry 170 restricted/sealed until further notice. (amb) (Entered: 10/06/2023) |
| 10/06/2023 | | SYSTEM ENTRY - Docket Entry 171 restricted/sealed until further notice. (jmd) (Entered: 10/06/2023) |
| 10/06/2023 | 172 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 10/06/2023) |
| 10/09/2023 | 173 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 160 MOTION For A Revised Schedule For Motions To Compel And CIPA § 4 Litigation *Government's Opposition to Defendants' Motion for Adjournment of Trial Date* Replies due by 10/16/2023. (Bratt, Jay) (Entered: 10/09/2023) |
| 10/10/2023 | 174 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Emil Bove. Filing Fee $ 200.00. Receipt # AFLSDC-16981314 by Donald J. Trump. Responses due by 10/24/2023 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Kise, Christopher) (Entered: 10/10/2023) |
| 10/10/2023 | 175 | MOTION To Intervene And Be Heard On Closure Of The Courtroom During The Oct. 12, 2023 Garcia Hearings by USA Today, The Palm Beach Post, WPLG, Inc., Univision Networks & Studios, Inc., Telemundo Network Group LLC, Sun-Sentinel Company, LLC, Radio Television Digital News Association, Orlando Sentinel Media Group, National Cable Satellite Corporation, The McClatchy Company, LLC, Insider Inc., Guardian News & Media Limited, Fort Myers Broadcasting Company, WP Company LLC, TEGNA Inc., Reuters News & Media Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc., CMG Media Corporation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 10/24/2023 (Tobin, Charles) (Entered: 10/10/2023) |
| 10/10/2023 | | Attorney update in case as to Donald J. Trump. Attorney Emil Bove for Donald J. Trump added (pt) (Entered: 10/10/2023) |
| 10/11/2023 | 176 | PAPERLESS ORDER granting 174 the Motion to Appear *Pro Hac Vice*, Consents to Designation, and Requests to Electronically Receive Notices of Electronic Filing for Attorney Emil Bove. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 10/11/2023. (mys) (Entered: 10/11/2023) |
| 10/11/2023 | 177 | PAPERLESS ORDER: The Court is in receipt of the Movant Press Coalition's 175 Motion to Intervene and be Heard on Possible Limited Closure of the Courtroom during the October 12, 2023, *Garcia* Hearings. Upon review of the Motion, the Court determines as follows. Should a basis arise to warrant consideration of a temporary closure of the courtroom to protect confidential attorney-client communications, Movant, through counsel, will be given an opportunity to be heard prior to any decision on closure. Accordingly, on or before 9:00 A.M. on October 12, 2023, designated counsel shall file a Notice on the docket specifying the name of the singular counsel to deliver any such presentation. Insofar as the Press Coalition's Motion seeks relief beyond an |

A026

| | | |
|---|---|---|
| | | opportunity to be heard in the event of a possible limited closure, any such broader request for relief is denied. Signed by Judge Aileen M. Cannon on 10/11/2023. (mys) (Entered: 10/11/2023) |
| 10/11/2023 | 178 | REPLY TO RESPONSE to Motion by Donald J. Trump re 160 MOTION For A Revised Schedule For Motions To Compel And CIPA § 4 Litigation *And Motion For Adjournment Of The Trial Date* (Kise, Christopher) (Entered: 10/11/2023) |
| 10/11/2023 | 179 | NOTICE *of Counsel Appearing on Behalf of Press Coalition for October 12, 2023 Hearing* by USA Today, The Palm Beach Post, WPLG, Inc., Univision Networks & Studios, Inc., Telemundo Network Group LLC, Sun-Sentinel Company, LLC, Radio Television Digital News Association, Orlando Sentinel Media Group, National Cable Satellite Corporation, The McClatchy Company, LLC, Insider Inc., Guardian News & Media Limited, Fort Myers Broadcasting Company, WP Company LLC, TEGNA Inc., Reuters News & Media Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc., CMG Media Corporation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 177 Order,,, (Fugate, Rachel) (Entered: 10/11/2023) |
| 10/11/2023 | 180 | PAPERLESS ORDER clarifying Movant Press Coalition's 179 Notice of Attorney Appearance. The Court has not authorized intervention in this proceeding or otherwise acted upon Movant's Motion to Intervene except to the extent reflected in the Court's prior Order permitting designated counsel to be heard if, and only if, a basis arises during the October 12, 2023, public hearing to close the courtroom temporarily to protect confidential attorney-client communications 177 . To the extent the Notice 179 suggests that Movant has been given intervenor status or that such an opportunity to be heard necessarily will arise, the Notice is hereby narrowed in that respect. Signed by Judge Aileen M. Cannon on 10/11/2023. (mys) (Entered: 10/11/2023) |
| 10/15/2023 | 181 | PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: *Garcia* Hearing as to Carlos De Oliveira held on October 12, 2023. After a full colloquy, the Court found that Defendant De Oliveira made a knowing, intelligent, and voluntary waiver of any potential or actual conflict of interest arising from John S. Irving's former representation of the two potential witnesses identified in the Special Counsel's Motion 123 . Order to follow. Total time in court: 1 hour, 19 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, John M. Pellettieri, Michael Thakur, John S. Irving, Larry Donald Murrell, Jr., Todd Blanche, Sasha Dadan, Stanley E. Woodward. Other Appearances: Carlos De Oliveira, Waltine Nauta. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (jf01) (Entered: 10/15/2023) |
| 10/15/2023 | 182 | ORDER Following *Garcia* Hearing and Accepting Waiver of Defendant Carlos De Oliveira. Signed by Judge Aileen M. Cannon on 10/15/2023. *See attached document for full details*. (jf01) (Entered: 10/15/2023) |
| 10/15/2023 | 183 | MOTION for Extension of Time of Deadline for Discovery Requests and Motions to Compel by Donald J. Trump. Responses due by 10/30/2023 (Kise, Christopher) (Entered: 10/15/2023) |
| 10/16/2023 | 184 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 10/16/2023) |
| 10/16/2023 | 185 | PAPERLESS Minute Entry for proceedings held on October 12, 2023, before Judge Aileen M. Cannon: Previously scheduled *Garcia* Hearing as to Defendant Waltine Nauta continued. Order rescheduling hearing to follow. Total time in court: 29 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, John M. Pellettieri, Michael Thakur, John S. Irving, Larry Donald Murrell, Jr., Todd Blanche, Sasha Dadan, Stanley E. Woodward. Other Appearances: Carlos De Oliveira, Waltine Nauta. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (jf01) (Entered: 10/16/2023) |
| 10/16/2023 | 186 | ORDER Following Hearing and Rescheduling *Garcia* Hearing as to Defendant Nauta for 10/20/2023 02:00 PM in Fort Pierce Division before Judge Aileen M. Cannon. Signed by Judge |

| | | Aileen M. Cannon on 10/16/2023. *See attached document for full details*. (mys) (Entered: 10/16/2023) |
|---|---|---|
| 10/16/2023 | 187 | Memorandum in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 183 MOTION for Extension of Time of Deadline for Discovery Requests and Motions to Compel Replies due by 10/23/2023. (Bratt, Jay) (Entered: 10/16/2023) |
| 10/17/2023 | 188 | PAPERLESS ORDER: The parties are advised that production of classified discovery to defense counsel is deemed timely upon placement in an accredited facility in the Southern District of Florida, not in another federal district. It is the responsibility of the Office of the Special Counsel to make and carry out arrangements to deposit such discovery to defense counsel in this District, in consultation with the Litigation Security Group for security purposes. The Office of the Special Counsel shall update and/or clarify any prior responses to the Standard Discovery Order in accordance with this Order. Signed by Judge Aileen M. Cannon on 10/17/2023. (AMC) (Entered: 10/17/2023) |
| 10/18/2023 | 189 | SUPPLEMENT by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira *Supplement to Garcia Motion* (Pellettieri, John) (Entered: 10/18/2023) |
| 10/19/2023 | 190 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 10/19/2023) |
| 10/19/2023 | 191 | Reply by Donald J. Trump to 190 Response to Standing Discovery Order (Kise, Christopher) (Entered: 10/19/2023) |
| 10/19/2023 | 192 | PAPERLESS NOTICE SCHEDULING HEARING on pending scheduling Motions 160 183 for November 1, 2023, at 1:00 P.M. in the Fort Pierce Division. Defense counsel and attorneys for the Office of Special Counsel must be present. The October 2023 deadlines set forth in the Court's Scheduling Order 83 are temporarily stayed pending this hearing and further Court order. Signed by Aileen M. Cannon on 10/19/2023. (jf01) (Entered: 10/19/2023) |
| 10/19/2023 | 193 | SUPPLEMENT to 126 Response in Opposition, filed by Waltine Nauta, 144 Response/Reply/Answer (Other), filed by Waltine Nauta by Waltine Nauta (Dadan, Sasha) (Entered: 10/20/2023) |
| 10/20/2023 | 194 | PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: *Garcia* Hearing as to Waltine Nauta held on October 20, 2023. After a full colloquy, the Court found that Defendant Nauta made a knowing, intelligent, and voluntary waiver of any potential or actual conflict of interest arising from Stanley E. Woodward's former and current representation of the two remaining potential witnesses identified in the Special Counsel's Motion 97 186 . Order to follow. Total time in court: 53 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, John M. Pellettieri, Michael Thakur, Larry Donald Murrell, Jr., Todd Blanche, Sasha Dadan, Stanley E. Woodward. Other Appearances: Waltine Nauta. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. (jf01) (Entered: 10/20/2023) |
| 10/24/2023 | 195 | SPEEDY TRIAL REPORT *Sixth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 10/24/2023) |
| 10/24/2023 | 196 | PAPERLESS ORDER denying as moot Movant Press Coalition's 175 Motion to Intervene and be Heard on Possible Limited Closure of the Courtroom during *Garcia* Hearings. The hearings were held publicly 181 194 . Signed by Judge Aileen M. Cannon on 10/24/2023. (jf01) (Entered: 10/24/2023) |
| 10/25/2023 | 197 | NOTICE OF ATTORNEY APPEARANCE Anne McNamara appearing for USA. . Attorney Anne McNamara added to party USA(pty:pla). (McNamara, Anne) (Entered: 10/25/2023) |
| 10/25/2023 | 198 | ORDER Following *Garcia* Hearing and Accepting Waiver of Defendant Waltine Nauta. Signed by Judge Aileen M. Cannon on 10/25/2023. *See attached document for full details*. (jf01) (Entered: 10/25/2023) |
| 10/26/2023 | 199 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 10/26/2023) |

A028

| | | |
|---|---|---|
| 10/30/2023 | 200 | Unopposed MOTION for Remote Appearance by Donald J. Trump. Responses due by 11/13/2023 (Kise, Christopher) (Entered: 10/30/2023) |
| 10/31/2023 | 201 | PAPERLESS ORDER granting Unopposed Motion for Telephonic Appearance by Co-Counsel Christopher Kise Due to Trial Conflict 200 . Remaining counsel to appear in person. Signed by Judge Aileen M. Cannon on 10/31/2023. (mys) (Entered: 10/31/2023) |
| 11/01/2023 | 202 | ORDER Following CIPA Section 3 Supplemental Briefing. Signed by Judge Aileen M. Cannon on 11/1/2023. *See attached document for full details*. (mys) (Entered: 11/01/2023) |
| 11/02/2023 | 203 | NOTICE *of Filing in District of Columbia* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit) (Bratt, Jay) (Entered: 11/02/2023) |
| 11/02/2023 | 204 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 11/02/2023) |
| 11/03/2023 | 205 | PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: Hearing held on November 1, 2023. The Court heard argument from the parties on Defendants' pending motions to continue 160 167 183 . Pre-trial deadlines temporarily stayed pending order to follow. Total time in court: 1 hour, 38 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, John M. Pellettieri, Michael Thakur, John S. Irving, Larry Donald Murrell, Jr., Todd Blanche, Emil Bove, Christopher Michael Kise (telephonic), Sasha Dadan, Stanley E. Woodward. Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. (mys) (Entered: 11/03/2023) |
| 11/03/2023 | 206 | PAPERLESS ORDER ON NOTICES: The parties are hereby reminded of the requirements of Local Rule 7.8 on Notices of Supplemental Authority. Except as authorized by Court order, the substantive content of any such notice (or response) may not exceed 200 words and may not be used as a surreply absent leave of Court. Future non-compliant notices or unauthorized filings will be stricken without further notice. Signed by Judge Aileen M. Cannon on 11/3/2023. (AMC) (Entered: 11/03/2023) |
| 11/03/2023 | | SYSTEM ENTRY - Docket Entry 207 restricted/sealed until further notice. (tci) (Entered: 11/03/2023) |
| 11/03/2023 | 208 | MOTION for Disclosure *of Advice of Counsel Defense* by USA as to Donald J. Trump. Responses due by 11/17/2023 (Harbach, David) (Entered: 11/03/2023) |
| 11/08/2023 | 209 | TRANSCRIPT of Pretrial/Scheduling Hearing as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 7/18/2023 before Judge Aileen M. Cannon, 1-83 pages, Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2023. Redacted Transcript Deadline set for 12/11/2023. Release of Transcript Restriction set for 2/6/2024. (dmr) (Entered: 11/08/2023) |
| 11/08/2023 | 210 | TRANSCRIPT of Arraignment Hearing as to Donald J. Trump, Waltine Nauta, held on 8/10/2023 before Magistrate Judge Shaniek Mills Maynard, 1-12 pages, Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2023. Redacted Transcript Deadline set for 12/11/2023. Release of Transcript Restriction set for 2/6/2024. (dmr) (Entered: 11/08/2023) |

A029

| 11/08/2023 | 211 | TRANSCRIPT of Garcia Hearing as to Waltine Nauta held on 10/20/23 before Judge Aileen M. Cannon, 1-44 pages, Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2023. Redacted Transcript Deadline set for 12/11/2023. Release of Transcript Restriction set for 2/6/2024. (dmr) (Entered: 11/08/2023) |
| --- | --- | --- |
| 11/09/2023 | | SYSTEM ENTRY - Docket Entry 212 restricted/sealed until further notice. (amb) (Entered: 11/09/2023) |
| 11/09/2023 | 213 | TRANSCRIPT of Garcia Hearing as to Carlos De Oliveira held on 10/12/23 before Judge Aileen M. Cannon, 1-64 pages, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/30/2023. Redacted Transcript Deadline set for 12/11/2023. Release of Transcript Restriction set for 2/7/2024. (Stipes, Pauline) (Entered: 11/09/2023) |
| 11/09/2023 | 214 | TRANSCRIPT of Garcia Hearing as to Waltine Nauta held on 10/12/23 before Judge Aileen M. Cannon, 1-28 pages, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/30/2023. Redacted Transcript Deadline set for 12/11/2023. Release of Transcript Restriction set for 2/7/2024. (Stipes, Pauline) (Entered: 11/09/2023) |
| 11/10/2023 | 215 | ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO CONTINUE PRETRIAL DEADLINES 160 183 AND DENYING WITHOUT PREJUDICE MOTION TO ADJOURN TRIAL 167 . Signed by Judge Aileen M. Cannon on 11/10/2023. *See attached document for full details*. (AMC) (Entered: 11/10/2023) |
| 11/10/2023 | | Set/Reset Deadlines/Hearings per order de 215 as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira: Motions due by 2/22/2024. Status Report due by 1/9/2024. Scheduling Conference set for 3/1/2024 before Judge Aileen M. Cannon. (drz) (Entered: 11/13/2023) |
| 11/13/2023 | 216 | Unopposed MOTION to Reschedule Hearing on CIPA § 4 Motions by Donald J. Trump. Responses due by 11/27/2023 (Kise, Christopher) (Entered: 11/13/2023) |
| 11/14/2023 | 217 | SPEEDY TRIAL REPORT *Seventh Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 11/14/2023) |
| 11/14/2023 | 218 | TRANSCRIPT of Motions Hearing as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 11/1/2023 before Judge Aileen M. Cannon, 1-78 pages, Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/5/2023. Redacted Transcript Deadline set for 12/15/2023. Release of Transcript Restriction set for 2/12/2024. (dmr) (Entered: 11/14/2023) |
| 11/15/2023 | 219 | MOTION for Disclosure *Motion for CIPA Section 5 Notification* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 11/29/2023 (Bratt, Jay) (Entered: 11/15/2023) |
| 11/16/2023 | 220 | PAPERLESS ORDER granting Defendant Trump's 216 Unopposed Motion to Reschedule Hearing on CIPA Section 4 Motions. The CIPA Section 4 Motion Hearing currently scheduled for February 15-16, 2024 215 is rescheduled for February 12-13, 2024. Signed by Judge Aileen M. Cannon on 11/16/2023. (jf01) (Entered: 11/16/2023) |

A030

| | | |
|---|---|---|
| 11/16/2023 | 221 | PAPERLESS ORDER denying without prejudice 219 Motion for CIPA Section 5 Notification. As stated in the Court's November 10, 2023, Order 215 , "[a]ll previously remaining deadlines in the Court's July 21, 2023, Order are superseded except calendar call and trial." The Court "reset[] the first set of pre-trial deadlines" as indicated on pages 8 and 9 of that Order 215 and scheduled a conference on March 1, 2024, "to address remaining deadlines." To the extent the Special Counsel's motion seeks reconsideration in part of the Court's November 10, 2023, Order 215 , that request is denied. CIPA Section 5 deadlines, and all other pre-trial deadlines not included in the first batch of pre-trial deadlines contained in the Court's revised schedule 215 , will be set following the March 1, 2024, scheduling conference. Signed by Judge Aileen M. Cannon on 11/16/2023. (jf01) (Entered: 11/16/2023) |
| 11/22/2023 | 222 | *Unsealed* MOTION TO FILE GOVERNMENT'S EX PARTE MOTION TO EXCEED PAGE LIMITS UNDER SEAL. (Attachments: # 1 Proposed Order) (amb) Modified on 12/1/2023 to Unseal, per Order DE #228. (jmd) (Entered: 11/22/2023) |
| 11/22/2023 | 223 | EX PARTE MOTION TO EXCEED PAGE LIMITS filed by The Government. (Attachments: # 1 Proposed Order) (amb) Modified to Unseal per DE 231 on 12/4/2023 (amb). (Entered: 11/22/2023) |
| 11/27/2023 | 224 | SEALED EX PARTE ORDER denying without prejudice 222 Sealed Motion as to Donald J. Trump (1), Waltine Nauta (2), Carlos De Oliveira (3); denying without prejudice 223 Sealed Motion as to Donald J. Trump (1), Waltine Nauta (2), Carlos De Oliveira (3). Miscellaneous Deadline 11/29/2023. Signed by Judge Aileen M. Cannon on 11/27/2023. *See attached document for full details*. (jmd) Modified to Unseal per DE 231 on 12/4/2023 (amb). (Entered: 11/28/2023) |
| 11/29/2023 | 225 | *Unsealed* CONSENT MOTION TO EXCEED PAGE LIMITS filed by The Government. (amb) Modified on 12/1/2023 to Unseal, per Order DE #228. (jmd) (Entered: 11/29/2023) |
| 11/29/2023 | 226 | *Unsealed* Sealed Order Granting in Part SEALED Consent Motion to Exceed Page Limits as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira and resetting Government CIPA Section 4 Motions to 12/06/2023. Signed by Judge Aileen M. Cannon on 11/29/2023. (tci) Modified on 12/1/2023 to Unseal, per Order DE #228. (jmd) (Entered: 11/29/2023) |
| 11/30/2023 | 227 | Consent MOTION to Unseal Docket Entries 222 , 223 , 224 , 225 , 226 by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 12/14/2023 (Attachments: # 1 Text of Proposed Order)(Dadan, Sasha) (Entered: 11/30/2023) |
| 12/01/2023 | 228 | PAPERLESS ORDER: The Court is in receipt of Defendants' 227 Motion to Unseal and the Special Counsel's position on the Motion as reflected therein. Upon review, Defendants' Motion is granted in part as follows. The Clerk is directed to unseal docket entries 222, 225, and 226. On or before December 1, 2023, the Special Counsel shall (1) transmit unredacted copies of docket entries 223 and 224 to Defendants, and (2) file under seal but not *ex parte* a response to Defendants' Motion, justifying and specifying its request for any limited redactions of docket entries 223 and 224 in light of the strong presumption in favor of public access to judicial documents. As a final matter, Defendants' unopposed request for a two-day extension of time within which to file any defense motion related to the *ex parte* nature of CIPA Section 4 is granted, to December 6, 2023. Signed by Judge Aileen M. Cannon on 12/1/2023. (jmd) (Entered: 12/01/2023) |
| 12/01/2023 | 229 | CLERK'S NOTICE of Compliance re 228 Order on Motion to Unseal. (jmd) (Entered: 12/01/2023) |
| 12/01/2023 | 230 | RESPONSE to the Court's December 1, 2023 Order by USA as to all Defendants. (kpe) Modified to Unseal per DE 231 on 12/4/2023 (amb). (Entered: 12/01/2023) |
| 12/04/2023 | 231 | PAPERLESS ORDER: In light of the Special Counsel's Response to Defendants' Motion to Unseal 230 , and mindful of the strong presumption in favor of public access to judicial documents, the Clerk is directed to unseal docket entries 223, 224, and 230. Signed by Judge Aileen M. Cannon on 12/4/2023. (jf01) (Entered: 12/04/2023) |

A031

| 12/04/2023 | 232 | NOTICE of Compliance re 231 Order. (DE's 223, 224 and 230 Unsealed) (amb) Text Modified on 12/4/2023 (amb). (Entered: 12/04/2023) |
| 12/05/2023 | 233 | SPEEDY TRIAL REPORT *Eighth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 12/05/2023) |
| 12/06/2023 | 234 | MOTION to Travel by Carlos De Oliveira. (Attachments: # 1 Text of Proposed Order on Motion for Leave to Travel)(Murrell, Larry) (Entered: 12/06/2023) |
| 12/06/2023 | 235 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 12/06/2023) |
| 12/06/2023 | 236 | NOTICE *of Filing of CIPA Section 4 Motions* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit) (Edelstein, Julie) (Entered: 12/06/2023) |
| 12/06/2023 | 237 | MOTION For Access to CIPA § 4 Filings by Donald J. Trump. Responses due by 12/20/2023 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Kise, Christopher) (Entered: 12/06/2023) |
| 12/06/2023 | 238 | MOTION for Access to CIPA § 4 Filings re 236 Notice (Other) by Waltine Nauta as to Waltine Nauta, Carlos De Oliveira. Responses due by 12/20/2023 (Attachments: # 1 Text of Proposed Order)(Dadan, Sasha) (Entered: 12/06/2023) |
| 12/07/2023 | 239 | ORDER granting 234 Motion to Travel as to Carlos De Oliveira (3). Signed by Judge Aileen M. Cannon on 12/7/2023. *See attached document for full details*. (tci) (Entered: 12/07/2023) |
| 12/19/2023 | 240 | MOTION for Written Jury Questionnaire by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 1/2/2024 (Bratt, Jay) (Entered: 12/19/2023) |
| 12/20/2023 | 241 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 238 MOTION for Access to CIPA § 4 Filings re 236 Notice (Other) , 237 MOTION For Access to CIPA § 4 Filings Replies due by 12/27/2023. (Edelstein, Julie) (Entered: 12/20/2023) |
| 12/20/2023 | 242 | Memorandum in Opposition by Donald J. Trump re 240 MOTION for Written Jury Questionnaire Replies due by 12/27/2023. (Kise, Christopher) (Entered: 12/20/2023) |
| 12/21/2023 | 243 | REPLY TO RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 240 MOTION for Written Jury Questionnaire (Bratt, Jay) (Entered: 12/21/2023) |
| 12/22/2023 | 244 | PAPERLESS ORDER granting in part Special Counsel's 240 Motion for Written Jury Questionnaire. **On or before February 28, 2024,** the parties shall meaningfully confer and file a joint jury questionnaire for the Court's consideration, clearly denoting any areas of agreement and disagreement. The Court reserves ruling on the specific process by which questionnaires will be transmitted/completed. Nothing in this Order shall be construed as modifying the instructions and deadlines set forth in the Court's Operative Scheduling Orders 215 221 . Signed by Judge Aileen M. Cannon on 12/22/2023. (jf01) (Entered: 12/22/2023) |
| 12/26/2023 | 245 | SPEEDY TRIAL REPORT *Ninth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 12/26/2023) |
| 12/27/2023 | 246 | REPLY TO RESPONSE to Motion by Donald J. Trump re 237 MOTION For Access to CIPA § 4 Filings (Kise, Christopher) (Entered: 12/27/2023) |
| 12/27/2023 | 247 | REPLY TO RESPONSE to Motion by Waltine Nauta as to Waltine Nauta, Carlos De Oliveira re 238 MOTION for Access to CIPA § 4 Filings re 236 Notice (Other) (Dadan, Sasha) (Entered: 12/27/2023) |
| 12/29/2023 | 248 | RESPONSE in Opposition by Donald J. Trump re 208 MOTION for Disclosure *of Advice of Counsel Defense* Replies due by 1/5/2024. (Kise, Christopher) (Entered: 12/29/2023) |
| 01/03/2024 | 249 | MOTION Bring Electronic Devices into the Courthouse by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 1/17/2024 (Attachments: # 1 Text of Proposed Order)(Dadan, Sasha) (Entered: 01/03/2024) |

A032

| 01/04/2024 | 250 | ORDER granting 249 Motion to Bring Electronic Equipment into the Courthouse as to Defendants Donald J. Trump and Waltine Nauta. Signed by Judge Aileen M. Cannon on 1/4/2024. *See attached document for full details*. (tci) (Entered: 01/04/2024) |
| --- | --- | --- |
| 01/05/2024 | 251 | REPLY TO RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 208 MOTION for Disclosure *of Advice of Counsel Defense* (Harbach, David) (Entered: 01/05/2024) |
| 01/09/2024 | 252 | STATUS REPORT *Joint Discovery Status Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 01/09/2024) |
| 01/11/2024 | 253 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 01/11/2024) |
| 01/11/2024 | 254 | PAPERLESS ORDER: In advance of the upcoming CIPA § 4 Hearings 215 220 , and to assist in the Court's evaluation of Defendants' Motions for Access to CIPA § 4 Filings 237 238 , the Court hereby schedules a hearing with the Special Counsel on January 31, 2024, at 10:00 A.M. This hearing shall be conducted on a sealed, ex parte basis in a facility suitable for the discussion of classified information contained in the Special Counsel's Section 4 Filings 236 . The Court reserves ruling on Defendants' Motions for Access to CIPA § 4 Filings pending the February 2024 CIPA § 4 hearings and review of Defendants' forthcoming CIPA § 4 challenges. Signed by Judge Aileen M. Cannon on 1/11/2024.(tci) (Entered: 01/11/2024) |
| 01/12/2024 | 255 | Consent MOTION for Leave to File Excess Pages by Donald J. Trump. Responses due by 1/26/2024. (Kise, Christopher) (Entered: 01/12/2024) |
| 01/12/2024 | 256 | NOTICE *of Filing of Government's Classified Notice of Expert Testimony* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit) (Reynolds, Brett) (Entered: 01/12/2024) |
| 01/12/2024 | 257 | NOTICE *of Expert Witnesses* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Attachment A, # 2 Exhibit Attachment B, # 3 Exhibit Attachment C, # 4 Exhibit Attachment D, # 5 Exhibit Attachment E, # 6 Exhibit Attachment F) (Thakur, Michael) (Entered: 01/12/2024) |
| 01/12/2024 | 258 | PAPERLESS ORDER granting Defendants' 255 Consent Motion for Leave to File Oversized Consolidated Brief in Support of Motions to Compel. Defendants may file one consolidated classified brief and one consolidated unclassified brief, neither to exceed 120 double-spaced pages using 12-point font. The Special Counsel is granted corresponding relief for its combined responses. This Order construes Defendants' 255 Consent Motion as applied to all Defendants filing jointly. To the extent the Consent Motion requests otherwise, the parties shall comply with the Local Rules. Signed by Judge Aileen M. Cannon on 1/12/2024. (jf01) (Entered: 01/12/2024) |
| 01/12/2024 | 259 | PAPERLESS ORDER denying without prejudice Special Counsel's Motion to Compel Disclosure Regarding Advice-of-Counsel Defense 208 . The Court has reviewed the Motion, Defendants' Opposition 248 , the Special Counsel's Reply 251 , and is fully advised in the premises. Assuming the facts and circumstances in this case warrant an order compelling disclosure of an advice-of-counsel trial defense, the Court determines that such a request is not amenable to proper consideration at this juncture, prior to at least partial resolution of pre-trial motions, transmission to Defendants of the Special Counsel's exhibit and witness lists, and other disclosures as may become necessary. The Special Counsel's Motion 208 is therefore denied without prejudice. Signed by Judge Aileen M. Cannon on 1/12/2024. (jf01) (Entered: 01/12/2024) |
| 01/16/2024 | 260 | SPEEDY TRIAL REPORT *Tenth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 01/16/2024) |
| 01/16/2024 | 261 | MOTION For Temporary Leave to File Redacted Brief by Donald J. Trump. Responses due by 1/30/2024. (Kise, Christopher) (Additional attachment(s) added on 1/16/2024: # 1 Unredacted Copy of Motion) (wc). (Entered: 01/16/2024) |

A033

| 01/16/2024 | 262 | MOTION to Compel *Discovery* by Donald J. Trump. Responses due by 1/30/2024. (Attachments: # 1 Exhibit)(Kise, Christopher) (Additional attachment(s) added on 1/16/2024: # 2 Unredacted Motion and Exhibits) (wc). (Entered: 01/16/2024) |
|---|---|---|
| 01/17/2024 | 263 | NOTICE *of Filing* by Donald J. Trump (Attachments: # 1 Exhibit) (Kise, Christopher) (Entered: 01/17/2024) |
| 01/17/2024 | 264 | NOTICE *of Filing* by Donald J. Trump (Attachments: # 1 Exhibit) (Kise, Christopher) (Entered: 01/17/2024) |
| 01/17/2024 | 265 | PAPERLESS ORDER: The Court is in receipt of Defendant Trump's Notice of CIPA § 4 Challenge 264 , dated January 17, 2024. **On or before January 18, 2024**, Defendant Trump shall file a Notice confirming the non-ex parte nature of this defense filing. Signed by Judge Aileen M. Cannon on 1/17/2024. (jf01) (Entered: 01/17/2024) |
| 01/18/2024 | 266 | NOTICE *of Non-Ex Parte Filing* by Donald J. Trump (Kise, Christopher) (Entered: 01/18/2024) |
| 01/18/2024 | 267 | RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 262 MOTION to Compel *Discovery* . Replies due by 1/25/2024. (amb) (Entered: 01/18/2024) |
| 01/18/2024 | | SYSTEM ENTRY - Docket Entry 268 restricted/sealed until further notice. (amb) (Entered: 01/18/2024) |
| 01/22/2024 | 269 | MOTION to Intervene and Unseal Defendants' Motions to Compel Discovery re 262 MOTION to Compel *Discovery* by USA Today, The Palm Beach Post, WPLG, Inc., Univision Networks & Studios, Inc., Telemundo Network Group LLC, Sun-Sentinel Company, LLC, Radio Television Digital News Association, Orlando Sentinel Media Group, National Cable Satellite Corporation, The McClatchy Company, LLC, Insider Inc., Guardian News & Media Limited, Fort Myers Broadcasting Company, WP Company LLC, TEGNA Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc., CMG Media Corporation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 2/5/2024. (Tobin, Charles) (Entered: 01/22/2024) |
| 01/22/2024 | 270 | RESPONSE in Support by Donald J. Trump re 262 MOTION to Compel *Discovery* (Kise, Christopher) (Entered: 01/22/2024) |
| 01/23/2024 | 271 | RESPONSE in Opposition by Donald J. Trump re 269 MOTION to Intervene and Unseal Defendants' Motions to Compel Discovery re 262 MOTION to Compel *Discovery* Replies due by 1/30/2024. (Kise, Christopher) (Entered: 01/23/2024) |
| 01/23/2024 | 272 | NOTICE *of Response to CIPA § 4 Submission* by Waltine Nauta as to Waltine Nauta, Carlos De Oliveira re 236 Notice (Other) (Dadan, Sasha) (Entered: 01/23/2024) |
| 01/26/2024 | 273 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 01/26/2024) |
| 01/30/2024 | 274 | NOTICE OF ATTORNEY APPEARANCE J.P. Cooney appearing for USA. . Attorney J.P. Cooney added to party USA(pty:pla). (Cooney, J.P.) (Entered: 01/30/2024) |
| 01/30/2024 | 275 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit) (Reynolds, Brett) (Entered: 01/30/2024) |
| 01/31/2024 | 276 | PAPERLESS Minute Entry for sealed, ex parte proceeding held before Judge Aileen M. Cannon on January 31, 2024. The Court heard argument from the Special Counsel on its CIPA § 4 Motions 236 . Total time in court: 3 hours. Attorney Appearances: Jay I. Bratt, David Harbach, Julie A. Edelstein, J.P. Cooney. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov.(tci) (Entered: 01/31/2024) |

| 02/02/2024 | 277 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 262 MOTION to Compel *Discovery* Replies due by 2/9/2024. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Harbach, David) (Entered: 02/02/2024) |
| 02/02/2024 | 278 | *Unsealed* MOTION for Permission to File Sealed and Redacted Documents by USA as all Defendants. (kpe) Modified on 2/7/2024 re: Unsealed, pursuant to Order at DE # 286 . (jmd) (Entered: 02/02/2024) |
| 02/02/2024 | | SYSTEM ENTRY - Docket Entry 279 restricted/sealed until further notice. (kpe) (Entered: 02/02/2024) |
| 02/02/2024 | 280 | NOTICE *of Filing of Classified Opposition* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Unclassified Cover Sheet) (Bratt, Jay) (Entered: 02/02/2024) |
| 02/05/2024 | 281 | SCHEDULING ORDER on CIPA § 4 Hearings as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Signed by Judge Aileen M. Cannon on 2/5/2024. *See attached document for full details*. (jf01) (Entered: 02/05/2024) |
| 02/05/2024 | 282 | RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 269 MOTION to Intervene and Unseal Defendants' Motions to Compel Discovery re 262 MOTION to Compel *Discovery* Replies due by 2/12/2024. (Bratt, Jay) (Entered: 02/05/2024) |
| 02/06/2024 | 283 | ORDER granting in part Defendants' Motion for Temporary Leave to File Redacted Motions 261 and denying as moot Press Coalition's Motion to Intervene and Unseal 269 . Signed by Judge Aileen M. Cannon on 2/6/2024. *See attached document for full details*. (jf01) (Entered: 02/06/2024) |
| 02/06/2024 | 284 | SPEEDY TRIAL REPORT *Eleventh Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 02/06/2024) |
| 02/06/2024 | 285 | MOTION for Adjournment of Certain Pretrial Motion Deadlines by Donald J. Trump. Responses due by 2/20/2024. (Kise, Christopher) (Entered: 02/06/2024) |
| 02/07/2024 | 286 | ORDER granting in part Special Counsel's 278 Sealed Motion for Permission to File Sealed and Redacted Documents. Signed by Judge Aileen M. Cannon on 2/7/2024. *See attached document for full details*. (jf01) (Entered: 02/07/2024) |
| 02/07/2024 | 287 | CLERK'S NOTICE of Compliance re 286 Order on Motion and to Unseal DE # 278 . (jmd) (Entered: 02/07/2024) |
| 02/07/2024 | 288 | NOTICE *of Filing of CIPA Section 4 Response* by Waltine Nauta as to Waltine Nauta, Carlos De Oliveira re 236 Notice (Other) (Attachments: # 1 Exhibit CIPA Cover Sheet) (Dadan, Sasha) (Entered: 02/07/2024) |
| 02/07/2024 | 289 | MOTION for Leave to File *Exhibit Ex Parte and Under Seal* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 2/21/2024. (Attachments: # 1 Text of Proposed Order)(Harbach, David) (Entered: 02/07/2024) |
| 02/08/2024 | 290 | NOTICE *of Filing of CIPA Section 4 Supplement* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit) (Edelstein, Julie) (Entered: 02/08/2024) |
| 02/08/2024 | 291 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 02/08/2024) |
| 02/08/2024 | 292 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 285 MOTION for Adjournment of Certain Pretrial Motion Deadlines Replies due by 2/15/2024. (Bratt, Jay) (Entered: 02/08/2024) |

| | | |
|---|---|---|
| 02/08/2024 | 293 | PAPERLESS ORDER granting the Special Counsel's Motion for Leave to File Exhibit Ex Parte and Under Seal 289 . The Motion is granted insofar as it seeks leave to file the subject exhibit under seal, for the reasons stated in the Motion. The Motion is also temporarily granted as to the ex parte nature of the request, pending the Court's in camera review of the exhibit. On or before February 9, 2024, the Special Counsel shall submit the subject document to the Court under seal and ex parte. Signed by Judge Aileen M. Cannon on 2/8/2024. (jf01) (Entered: 02/08/2024) |
| 02/08/2024 | 294 | MOTION for Reconsideration re 286 Order on Sealed Motion, 283 Order on Motion for Miscellaneous Relief,,, by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 2/22/2024. (Attachments: # 1 Appendix 1, # 2 Exhibit A)(Harbach, David) (Entered: 02/08/2024) |
| 02/09/2024 | 295 | PAPERLESS ORDER: On or before February 23, 2024, Defendants shall file a response to the Special Counsel's Motion for Reconsideration 294 . S.D. Fla. L.R. 7.1(c)(1). The deadlines established in the Court's prior Orders 283 286 are temporarily stayed pending resolution of the Special Counsel's Motion. To the extent this Order impacts Defendants' forthcoming Reply in Support of Motions to Compel 262 , Defendants shall advise the Court by filing a Notice no later than 3:00 p.m. on February 9, 2024. The parties are advised to adhere to the instructions in paragraph 4 of the Court's Order [283 p. 9-10]. Signed by Judge Aileen M. Cannon on 2/9/2024. (jf01) (Entered: 02/09/2024) |
| 02/09/2024 | | Reset Deadlines in case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira 294 MOTION for Reconsideration re 286 Order on Sealed Motion, 283 Order on Motion for Miscellaneous Relief,,, . Responses due by 2/23/2024. (ls)(per DE #295) (Entered: 02/09/2024) |
| 02/09/2024 | | SYSTEM ENTRY - Docket Entry 296 restricted/sealed until further notice. (amb) (Entered: 02/09/2024) |
| 02/09/2024 | 297 | NOTICE re Sealing of Reply ISO 262 Mot. to Compel by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 295 Order,, (Dadan, Sasha) (Entered: 02/09/2024) |
| 02/09/2024 | 298 | PAPERLESS ORDER approving Defendants' Reply proposal as stated in Notice 297 . Signed by Judge Aileen M. Cannon on 2/9/2024. (jf01) (Entered: 02/09/2024) |
| 02/09/2024 | 299 | PAPERLESS ORDER redesignating ex parte sealed filing 296 as sealed filing only. Upon in camera review of the subject attachment, and mindful of the disfavored nature of ex parte proceedings, the Court reaffirms the Special Counsel's request to seal the attachment referenced in the Special Counsel's Motion for Leave 289 but finds an insufficient basis provided to deviate from the adversarial process in this instance. The Special Counsel is directed to transmit the exhibit to Defendants on or before February 10, 2024. The exhibit shall remain sealed pending further Court order. Signed by Judge Aileen M. Cannon on 2/9/2024. (jf01) (Entered: 02/09/2024) |
| 02/09/2024 | 300 | REPLY TO RESPONSE to Motion by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 262 MOTION to Compel Discovery (Dadan, Sasha) (Entered: 02/09/2024) |
| 02/10/2024 | 301 | NOTICE re Classified Reply Supplement by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 263 Notice (Other), 300 Reply to Response, 262 MOTION to Compel Discovery (Attachments: # 1 Exhibit Classified Supplement Cover Sheet) (Dadan, Sasha) (Entered: 02/10/2024) |
| 02/11/2024 | 302 | STRICKEN - MOTION for Leave to File Surreply by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 2/26/2024. (Pellettieri, John) Modified/Stricken per DE 304 on 2/13/2024 (pes). (Entered: 02/11/2024) |
| 02/12/2024 | 303 | Clerk's Notice to Filer re 302 MOTION for Leave to File Surreply. **Login/Signature Block Violation**; CORRECTIVE ACTION REQUIRED WITHIN 3 DAYS - The name of attorney e-filing this document via their CM/ECF login does not match the name of attorney on the signature block of the document. The name used for login must match typed name on signature block of the document. This filing is a violation of Section 3J(1) of CM/ECF Admin Procedures and L R 5.1(b). Filer must File a Notice of Striking, then refile document pursuant to CM/ECF Admin Procedures |

| | | and Local Rules. (jas) (Entered: 02/12/2024) |
|---|---|---|
| 02/12/2024 | 304 | NOTICE of Striking 302 MOTION for Leave to File *Surreply* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Pellettieri, John) (Entered: 02/12/2024) |
| 02/12/2024 | 305 | MOTION for Leave to File *Surreply* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 2/26/2024. (Pellettieri, John) (Entered: 02/12/2024) |
| 02/12/2024 | 306 | PAPERLESS ORDER clarifying CIPA § 4 hearing for February 13, 2024. Starting at 10:30 A.M., the Court will conduct a sealed hearing with the Special Counsel and cleared counsel for Defendants Nauta and De Oliveira. Cleared counsel shall be prepared to discuss the classified information produced in classified discovery in the context of the "relevant and helpful" standard and the mens rea applicable to Counts 33-37 and 39-42 of the Superseding Indictment 85 ; to present argument on the Special Counsel's request to withhold all of that information from Defendants Nauta and De Oliveira pursuant to CIPA § 4; and to discuss specifics with respect to the current figures of materials produced in classified discovery, including whether any of that information overlaps with unclassified discovery and/or merits clarification. This hearing will be held in a facility suitable for the discussion of classified information. Defendants Nauta and De Oliveira may not be present. Defendant Trump is not required to appear. Counsel for Defendant Trump may attend. Final CIPA § 4 ex parte session with the Special Counsel to follow the 10:30 A.M. session. Nothing in this Order should be construed as altering the current ex parte nature of the Special Counsel's CIPA § 4 filings. Signed by Judge Aileen M. Cannon on 2/12/2024. (jf01) (Entered: 02/12/2024) |
| 02/13/2024 | 307 | PAPERLESS Minute Entry for sealed, ex parte proceeding held before Judge Aileen M. Cannon on February 12, 2024. The Court heard argument from Defendants on their CIPA § 4 Challenges 264 272 288 and Motions for Access to CIPA § 4 Filings 237 238 . Classified information discussed. Total time in court: 3 hours 25 minutes. Attorney Appearances: Emil Bove, Todd Blanche, Christopher Kise, Stephen H. Weiss, Sasha Dadan, Stanley E. Woodward, Larry Donald Murrell, Jr., John S. Irving. Other Appearance: Former President Donald J. Trump. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (tci) (Entered: 02/13/2024) |
| 02/13/2024 | 308 | PAPERLESS Minute Entry for sealed, ex parte proceeding held before Judge Aileen M. Cannon on February 12, 2024. The Court heard argument from the Special Counsel on its CIPA § 4 Motions 236 and Supplement 290 . Classified information discussed. Total time in court: 2 hours. Attorney Appearances: Jay I. Bratt, David Harbach, Julie A. Edelstein, J.P. Cooney. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (tci) (Entered: 02/13/2024) |
| 02/13/2024 | 309 | PAPERLESS Minute Entry for non-ex parte, sealed proceeding held before Judge Aileen M. Cannon on February 13, 2024. The Court heard argument from the Special Counsel and cleared counsel for Defendants Nauta and De Oliveira concerning those Defendants' access to classified materials under the "relevant and helpful" standard. Classified information discussed. Total time in court: 2 hours 15 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, Julie A. Edelstein, J.P. Cooney, Emil Bove, Todd Blanche, Sasha Dadan, Stanley E. Woodward, Larry Donald Murrell, Jr., John S. Irving. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov (jf01) (Entered: 02/13/2024) |
| 02/13/2024 | 310 | PAPERLESS Minute Entry for sealed, ex parte proceeding held before Judge Aileen M. Cannon on February 13, 2024. The Court heard argument from the Special Counsel on its CIPA § 4 Motion as to Defendant Trump 236 and Supplement 290 . Classified information discussed. Total time in court: 55 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, Julie A. Edelstein, J.P. Cooney. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (jf01) (Entered: 02/13/2024) |
| 02/14/2024 | 311 | REPLY TO RESPONSE to Motion by Donald J. Trump re 285 MOTION for Adjournment of Certain Pretrial Motion Deadlines (Kise, Christopher) (Entered: 02/14/2024) |

A037

| | | |
|---|---|---|
| 02/15/2024 | 312 | MOTION for Leave to File *Discovery Material* by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 2/29/2024. (Attachments: # 1 Text of Proposed Order)(Dadan, Sasha) (Entered: 02/15/2024) |
| 02/15/2024 | 313 | PAPERLESS ORDER: On or before February 20, 2024, Defendants shall respond to the Special Counsel's Motion for Leave to File Sur-Reply 305 . Signed by Judge Aileen M. Cannon on 2/15/2024. (tci) (Entered: 02/15/2024) |
| 02/15/2024 | 314 | PAPERLESS ORDER denying, with clarification, Defendants' Motion to Adjourn Pre-Trial Motions Deadlines 285 . The deadline to file pre-trial motions (as distinct from motions in limine seeking the exclusion of specific evidence/arguments from being presented during trial) remains February 22, 2024. However, to the extent the Court's resolution of the pending Motions to Compel Discovery 262 yields a specified need of any party to supplement previously filed pre-trial motions and/or to file evidentiary motions that could not reasonably have been filed by February 22, 2024, the Court will consider such arguments as appropriate, but only upon a particularized and timely showing that events post-dating February 22, 2024, clearly justify additional pre-trial briefing. Signed by Judge Aileen M. Cannon on 2/15/2024. (jf01) (Entered: 02/15/2024) |
| 02/16/2024 | 315 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Stamped Half Sheet) (Bratt, Jay) (Entered: 02/16/2024) |
| 02/16/2024 | 316 | RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 312 MOTION for Leave to File *Discovery Material* Replies due by 2/23/2024. (Harbach, David) (Entered: 02/16/2024) |
| 02/20/2024 | 317 | RESPONSE to Motion by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 305 MOTION for Leave to File *Surreply* Replies due by 2/27/2024. (Kise, Christopher) (Entered: 02/20/2024) |
| 02/20/2024 | 318 | MOTION for Leave to File *Consolidated Brief* by Donald J. Trump. Responses due by 3/5/2024. (Kise, Christopher) (Entered: 02/20/2024) |
| 02/20/2024 | 319 | PAPERLESS ORDER granting in part Special Counsel's 305 Conditional Motion for Leave to File Surreply to Defendants' Reply in Support of Motions to Compel. On or before February 26, 2024, the Special Counsel may file a Surreply to Defendants' Reply in Support of Motions to Compel Discovery. Signed by Judge Aileen M. Cannon on 2/20/2024. (jf01) (Entered: 02/20/2024) |
| 02/20/2024 | 320 | PAPERLESS ORDER denying in part, with instructions, Defendant Trump's Motion for Leave to File Consolidated Brief in Support of Pretrial Motions 318 . All pre-trial motions shall be filed on an individual basis to permit clear adjudication of the legal/factual issues presented and to facilitate record clarity and scheduling. Further, all pre-trial motions shall state with particularity the filing party's position on the need for a hearing on the motion (and if a hearing is requested, providing additional specifics on recommended scope/format/sequencing). The Court hereby enlarges the page limit for individual pre-trial motions and responses to twenty-five double-spaced pages, exclusive of attachments. With respect to Defendant Trump's request to publicly file redacted versions of certain pre-trial motions on a temporary basis, the Court denies that request without prejudice and orders as follows. On or before **February 22, 2024**, Defendant Trump shall submit via email to the Special Counsel and the Court final, unredacted copies of all pre-trial motions, with attachments. The parties then shall promptly confer on all sealing/redaction issues presented in the motions. Following such conferral, any party wishing to seal/redact anything in the pre-trial motions shall file a consolidated motion for leave on or before **February 27, 2024**, specifying the particular legal and factual bases for shielding pre-trial filings [*See* ECF No. 283 para. 4]. Consolidated oppositions to such requests for sealing/redaction are due on or before **February 29, 2024**. With respect to forthcoming pre-trial motions that reference or attach discovery materials, the public filing deadline of February 22, 2024 (and all associated response/reply deadlines) is hereby stayed pending resolution of the ongoing sealing/redaction disputes generated by the numerous pre-trial filings in this case. Pre-trial motions that do not implicate potential sealing/redaction concerns shall be filed publicly on February 22, 2024. To the extent Defendants Nauta |

A038

| | | and De Oliveira anticipate discussing or attaching discovery materials in additional pretrial motions, the procedures set forth in this Order shall apply. Signed by Judge Aileen M. Cannon on 2/20/2024. (jf01) (Entered: 02/20/2024) |
|---|---|---|
| 02/21/2024 | 321 | PAPERLESS ORDER scheduling sealed, ex parte follow-up telephonic hearing with counsel for Defendant Trump on February 23, 2024, at 3:30 PM. Defense theories to be discussed in conjunction with the Special Counsel's CIPA § 4 Motions 236 and Defendant Trump's CIPA § 4 Challenge 264 . 30 minutes reserved. No classified information to be referenced. Call-in information to be provided to all defense counsel. Defendants' attendance is not required. Signed by Judge Aileen M. Cannon on 2/21/2024. (jf01) (Entered: 02/21/2024) |
| 02/22/2024 | | SYSTEM ENTRY - Docket Entry 322 restricted/sealed until further notice. (tci) (Entered: 02/22/2024) |
| 02/22/2024 | 323 | Defendant's MOTION to Dismiss 85 Indictment, *or in the Alternative for a Bill of Particulars* by Carlos De Oliveira. Responses due by 3/7/2024. (Murrell, Larry) (Entered: 02/22/2024) |
| 02/22/2024 | 324 | MOTION to Dismiss 85 Indictment, *Based On Presidential Immunity* by Donald J. Trump. Responses due by 3/7/2024. (Kise, Christopher) (Entered: 02/22/2024) |
| 02/22/2024 | 325 | MOTION to Dismiss 85 Indictment, *Based on Unconstitutional Vagueness* by Donald J. Trump. Responses due by 3/7/2024. (Kise, Christopher) (Entered: 02/22/2024) |
| 02/22/2024 | 326 | MOTION to Dismiss 85 Indictment, *Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith* by Donald J. Trump. Responses due by 3/7/2024. (Kise, Christopher) (Entered: 02/22/2024) |
| 02/22/2024 | 327 | MOTION to Dismiss 85 Indictment, *Based on the Presidential Records Act* by Donald J. Trump. Responses due by 3/7/2024. (Attachments: # 1 Exhibit)(Kise, Christopher) (Entered: 02/22/2024) |
| 02/22/2024 | 328 | NOTICE *of Pretrial Motions and Hearing Requests* by Donald J. Trump re 320 Order on Motion for Leave to File,,,,,,,,,, (Kise, Christopher) (Entered: 02/22/2024) |
| 02/23/2024 | 329 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Stamped Half Sheet) (Edelstein, Julie) (Entered: 02/23/2024) |
| 02/23/2024 | 330 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Discovery Chart)(Edelstein, Julie) (Entered: 02/23/2024) |
| 02/23/2024 | 331 | NOTICE *of Joining Co-Defendants' Pretrial Motions* by Carlos De Oliveira (Murrell, Larry) (Entered: 02/23/2024) |
| 02/23/2024 | 332 | PAPERLESS ORDER: The Scheduling Conference set for March 1, 2024 215 shall commence at 10:00 AM in the Fort Pierce Division. The Court anticipates a morning session followed by a break and then an afternoon session for additional legal argument. Pre-conference Order to follow. Signed by Judge Aileen M. Cannon on 2/23/2024. (jf01) (Entered: 02/23/2024) |
| 02/23/2024 | 333 | RESPONSE to Motion by Donald J. Trump re 294 MOTION for Reconsideration re 286 Order on Sealed Motion, 283 Order on Motion for Miscellaneous Relief,,, Replies due by 3/1/2024. (Kise, Christopher) (Entered: 02/23/2024) |
| 02/23/2024 | 334 | REPLY TO RESPONSE to Motion by Waltine Nauta re 312 MOTION for Leave to File *Discovery Material* (Dadan, Sasha) (Entered: 02/23/2024) |
| 02/25/2024 | 335 | PAPERLESS ORDER: **On or before February 28, 2024,** the Special Counsel shall file a Reply in Support of its Motion for Reconsideration 294 . Signed by Judge Aileen M. Cannon on 2/25/2024. (jf01) (Entered: 02/25/2024) |
| 02/25/2024 | 336 | PAPERLESS Minute Entry for sealed, ex parte follow-up telephonic hearing held before Judge Aileen M. Cannon on February 23, 2024. The Court heard argument from counsel on defense theories in the context of CIPA § 4. Total time in court: 40 minutes. Attorney Appearances: Emil |

| | | |
|---|---|---|
| | | Bove, Todd Blanche, Christopher Kise, Stephen H. Weiss, Sasha Dadan, Larry Donald Murrell, Jr., John S. Irving. Other Appearances: Classified Information Security Officer. Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jf01) (Entered: 02/25/2024) |
| 02/26/2024 | 337 | SUR REPLY TO RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 262 MOTION to Compel *Discovery* (Harbach, David) (Entered: 02/26/2024) |
| 02/27/2024 | 338 | ORDER in Anticipation of Scheduling Conference and Hearing. Signed by Judge Aileen M. Cannon on 2/27/2024. *See attached document for full details.* (jf01) (Entered: 02/27/2024) |
| 02/27/2024 | 339 | MOTION for Leave to File *Pretrial Motions With Limited Redactions* by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/12/2024. (Kise, Christopher) (Entered: 02/27/2024) |
| 02/27/2024 | 340 | ORDER Granting Special Counsel's CIPA § 4 Motions as to Defendants Nauta and De Oliveira. Signed by Judge Aileen M. Cannon on 2/27/2024. *See attached document for full details.* (jf01) (Entered: 02/27/2024) |
| 02/27/2024 | 341 | SPEEDY TRIAL REPORT *Twelfth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 02/27/2024) |
| 02/28/2024 | 342 | MOTION Redactions by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/13/2024. (Attachments: # 1 Exhibit)(Bratt, Jay) (Entered: 02/28/2024) |
| 02/28/2024 | 343 | MOTION for Leave to File *Out of Time* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/13/2024. (Attachments: # 1 Exhibit 1)(Harbach, David) (Entered: 02/28/2024) |
| 02/28/2024 | 344 | MOTION Motion to Seal *Jury Questionnaire* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/13/2024. (Bratt, Jay) (Entered: 02/28/2024) |
| 02/28/2024 | 345 | PAPERLESS ORDER granting unopposed 343 Motion for Leave to File Out of Time. **On or before February 28, 2024**, the Special Counsel shall refile its Motion for Sealing and Redaction of Defense Filings and Exhibits and accompanying exhibit as a new entry on the docket. In light of this Order, the Special Counsel's prior filing 342 is denied as moot. Signed by Judge Aileen M. Cannon on 2/28/2024. (jf01) (Entered: 02/28/2024) |
| 02/28/2024 | 346 | ORDER denying Defendants' Motions for Access to Special Counsel's CIPA § 4 Filings 237 238 . Signed by Judge Aileen M. Cannon on 2/28/2024. *See attached document for full details.* (jf01) (Entered: 02/28/2024) |
| 02/28/2024 | | SYSTEM ENTRY - Docket Entry 347 restricted/sealed until further notice. (amb) (Entered: 02/28/2024) |
| 02/28/2024 | 348 | MOTION Motion for Sealing and Redactions by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/13/2024. (Attachments: # 1 Exhibit Summary Chart)(Bratt, Jay) (Entered: 02/28/2024) |
| 02/28/2024 | 349 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Unclassified Version of CIPA Section 4 Motions as to Defendants Nauta and De Oliveira) (Edelstein, Julie) (Entered: 02/28/2024) |
| 02/28/2024 | 350 | REPLY TO RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 294 MOTION for Reconsideration re 286 Order on Sealed Motion, 283 Order on Motion for Miscellaneous Relief,,,, (Harbach, David) (Entered: 02/28/2024) |
| 02/28/2024 | 351 | Proposed Voir Dire Questions by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Appendix A)(Harbach, David) (Entered: 02/28/2024) |
| 02/28/2024 | 352 | MOTION to Dismiss 85 Indictment, by Waltine Nauta. Responses due by 3/13/2024. (Attachments: # 1 Text of Proposed Order)(Dadan, Sasha) (Entered: 02/28/2024) |

| | | |
|---|---|---|
| 02/29/2024 | 353 | MOTION to Intervene and Be Heard on Access-Related Issues at the 03/01/24 Scheduling Conference by USA Today, The Palm Beach Post, WPLG, Inc., Univision Networks & Studios, Inc., Telemundo Network Group LLC, Sun-Sentinel Company, LLC, Radio Television Digital News Association, Orlando Sentinel Media Group, The McClatchy Company, LLC, Insider Inc., Guardian News & Media Limited, Fort Myers Broadcasting Company, WP Company LLC, TEGNA Inc., Reuters News & Media Inc., POLITICO LLC, The New York Times Company, NBC Universal Media, LLC, National Public Radio, Inc., Los Angeles Times Communications LLC, Gray Media Groups, Inc., The E.W. Scripps Company, Dow Jones & Company, Inc., Cox Enterprises, Inc., CBS Broadcasting, Inc., Bloomberg L.P., The Associated Press, American Broadcasting Companies, Inc., Advance Publications, Inc., Cable News Networks, Inc., CMG Media Corporation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/14/2024. (Tobin, Charles) (Entered: 02/29/2024) |
| 02/29/2024 | 354 | PAPERLESS ORDER: In light of the public filing of the joint proposed jury questionnaire [351-1] and the Special Counsel's representation on mootness [351 p.1 n.1], the Special Counsel's Motion to Seal Jury Questionnaire is denied as moot. Signed by Judge Aileen M. Cannon on 2/29/2024. (jf01) (Entered: 02/29/2024) |
| 02/29/2024 | 355 | PAPERLESS ORDER: The Court is in receipt of the Press Coalition's 353 Motion to Intervene and Be Heard on Access-Related Issues at the March 1, 2024 Scheduling Conference. Upon review of the Motion, the Court exercises its discretion as follows, for the benefit of the Court. Dana J. McElroy will be permitted to appear as a non-party *amicus curiae* at the March 1, 2024 Scheduling Conference and Hearing for the purpose of presenting oral argument on the sealing and access issues referenced in the Court's Pre-Hearing Order 338 and in related filings 283 286 294 333 350 , including the legal standards governing access to the pre-trial motions (and associated attachments) filed in this criminal case. The Court reserves ruling on the Press Coalition's intervention request 353 . Signed by Judge Aileen M. Cannon on 2/29/2024. (jf01) (Entered: 02/29/2024) |
| 02/29/2024 | 356 | NOTICE *of Scheduling Proposal* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 338 Order (Attachments: # 1 Exhibit Government's Proposed Schedule) (Edelstein, Julie) (Entered: 02/29/2024) |
| 02/29/2024 | 357 | NOTICE *of Defendants' Proposed Schedule* by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 338 Order (Kise, Christopher) (Entered: 02/29/2024) |
| 02/29/2024 | 358 | RESPONSE to Motion by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 348 MOTION Motion for Sealing and Redactions Replies due by 3/7/2024. (Kise, Christopher) (Entered: 02/29/2024) |
| 03/01/2024 | 359 | NOTICE *of Pretrial Motions and Hearing Requests* by Waltine Nauta re 320 Order on Motion for Leave to File,,,,,,,,, (Dadan, Sasha) (Entered: 03/01/2024) |
| 03/01/2024 | 360 | Unopposed MOTION to File Amicus Brief by Samuel J. Salario, Jr.. by America First Legal Foundation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Attorney Samuel Joseph Salario, Jr added to party America First Legal Foundation(pty:ip). Responses due by 3/15/2024. (Attachments: # 1 Exhibit Brief of Amicus Curiae America First Legal Foundation in Support of President Trump's Motion to Dismiss the Indictment Base on the Presidential Records Act) (Salario, Samuel) (Entered: 03/01/2024) |
| 03/04/2024 | 361 | PAPERLESS Minute Entry for Scheduling Conference and Hearing held before Judge Aileen M. Cannon on March 1, 2024. The Court heard argument from the parties on their respective scheduling proposals 356 357 , Defendants' request for a hearing on their Motions to Compel 262 , and the Special Counsel's pending Motion for Reconsideration 294 and related filings implicating sealing and/or redaction requests. The Court also heard argument from the Press Coalition as a non-party amicus concerning public-access issues in light of the Special Counsel's pending Motion for Reconsideration 294 and related filings. Total time in court: 4 hours. Attorney Appearances: Jay I. Bratt, David Harbach, Todd Blanche, Emil Bove, Christopher Kise, Stanley Woodward, Sasha Dadan, Larry Donald Murrell, Jr., John S. Irving. Other Appearances: Defendants Waltine Nauta, |

A041

| | | |
|---|---|---|
| | | Carlos De Oliveira, Former President Donald J. Trump, and Dana McElroy (counsel for amicus). Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jf01) (Entered: 03/04/2024) |
| 03/04/2024 | 362 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 03/04/2024) |
| 03/05/2024 | 363 | Unopposed MOTION Motion for Leave to Follow Filing Procedures Set Forth by the Court in ECF No. 320 by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/19/2024. (Bratt, Jay) (Entered: 03/05/2024) |
| 03/05/2024 | 364 | Unopposed MOTION to File Amicus Brief by Edward H. Trent. by Citizens United Foundation, Citizens United, Gary Lawson, Steven Calabresi, Edwin Meese, III as to Donald J. Trump. Attorney Edward H. Trent added to party Citizens United Foundation(pty:ip), Attorney Edward H. Trent added to party Citizens United(pty:ip), Attorney Edward H. Trent added to party Gary Lawson(pty:ip), Attorney Edward H. Trent added to party Steven Calabresi(pty:ip), Attorney Edward H. Trent added to party Edwin Meese, III(pty:ip). Responses due by 3/19/2024. (Attachments: # 1 Brief of Amici Curiae, # 2 Text of Proposed Order)(Trent, Edward) (Entered: 03/05/2024) |
| 03/05/2024 | 365 | PAPERLESS ORDER granting Special Counsel's Motion for Leave to Follow Filing Procedures Set Forth by the Court in ECF No. 320 363 . As a point of clarity following the March 1, 2024, Hearing, briefing on Defendants' Rule 12 Motions is not stayed. Defendants' replies in support shall be filed on or before March 14, 2024, using the same procedure. Signed by Judge Aileen M. Cannon on 3/5/2024. (jf01) (Entered: 03/05/2024) |
| 03/06/2024 | 366 | NOTICE OF ATTORNEY APPEARANCE James Inman Pearce appearing for USA. . Attorney James Inman Pearce added to party USA(pty:pla). (Pearce, James) (Entered: 03/06/2024) |
| 03/06/2024 | 367 | PAPERLESS ORDER granting Unopposed Motions for Leave to File Amicus Briefs 360 364 . The Court has reviewed the motions and finds that the proposed amici bring to the Court's attention relevant matter that may be of considerable help to the Court in resolving the cited pretrial motions. *See* Sup. Ct. R. 37; Fed. R. App. P. 29; *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991). The amicus briefs [360-1] [364-1] are accepted for Court consideration. Should the Special Counsel or Defendants wish to file a separate response to either amicus brief, they may do so on or before March 15, 2024, in accordance with the Local Rules. Signed by Judge Aileen M. Cannon on 3/6/2024. (jf01) (Entered: 03/06/2024) |
| 03/06/2024 | 368 | NOTICE OF ATTORNEY APPEARANCE Cecil Woods VanDevender appearing for USA. . Attorney Cecil Woods VanDevender added to party USA(pty:pla). (VanDevender, Cecil) (Entered: 03/06/2024) |
| 03/06/2024 | 369 | TRANSCRIPT of Scheduling Conference and Motions as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 03/01/2024 before Judge Aileen M. Cannon, 1-201 pages, Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/27/2024. Redacted Transcript Deadline set for 4/8/2024. Release of Transcript Restriction set for 6/4/2024. (Melton, Laura) (Entered: 03/06/2024) |
| 03/06/2024 | 370 | PAPERLESS ORDER denying as moot 353 Press Coalition's Motion to Intervene and Be Heard on Access-Related Issues at the March 1, 2024 Scheduling Conference. Signed by Judge Aileen M. Cannon on 3/6/2024. (jf01) (Entered: 03/06/2024) |
| 03/07/2024 | 371 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 03/07/2024) |
| 03/07/2024 | 372 | RESPONSE in Opposition by USA as to Carlos De Oliveira re 323 Defendant's MOTION to Dismiss 85 Indictment, *or in the Alternative for a Bill of Particulars* Replies due by 3/14/2024. (Bratt, Jay) (Entered: 03/07/2024) |

A042

| 03/07/2024 | 373 | RESPONSE in Opposition by USA as to Donald J. Trump re 327 MOTION to Dismiss 85 Indictment, *Based on the Presidential Records Act* Replies due by 3/14/2024. (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 374 | RESPONSE in Opposition by USA as to Donald J. Trump re 326 MOTION to Dismiss 85 Indictment, *Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith* Replies due by 3/14/2024. (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 375 | Response/Memorandum in Opposition *to undocketed Motion to Dismiss for Selective/Vindictive Prosecution* by USA as to Donald J. Trump to 328 Notice (Other) (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 376 | RESPONSE in Opposition by USA as to Donald J. Trump re 324 MOTION to Dismiss 85 Indictment, *Based On Presidential Immunity* Replies due by 3/14/2024. (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 377 | RESPONSE in Opposition by USA as to Donald J. Trump re 325 MOTION to Dismiss 85 Indictment, *Based on Unconstitutional Vagueness* Replies due by 3/14/2024. (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 378 | RESPONSE in Opposition by USA as to Waltine Nauta re 352 MOTION to Dismiss 85 Indictment, Replies due by 3/14/2024. (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 379 | Response/Memorandum in Opposition *to undocketed Motion to Dismiss for Vagueness* by USA as to Waltine Nauta to 359 Notice (Other) (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 380 | Response/Memorandum in Opposition *to undocketed Motion for Bill of Particulars* by USA as to Waltine Nauta to 359 Notice (Other) (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 381 | Response/Memorandum in Opposition *to undocketed Motion to Suppress* by USA as to Waltine Nauta to 359 Notice (Other) (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 382 | Response/Memorandum in Opposition *to Requests for Evidentiary Hearings* by USA as to Donald J. Trump, Waltine Nauta to 328 Notice (Other), 359 Notice (Other) (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 383 | NOTICE of Non-Evidentiary Hearing on Defendant Trump's Motion to Dismiss Counts 1-32 on Unconstitutional Vagueness 325 and Defendant Trump and Nauta's Motion to Dismiss Superseding Indictment Based on the President Records Act 327 331 : Motion Hearing set for **3/14/2024 at 10:00 AM** in Fort Pierce Division before Judge Aileen M. Cannon. Counsel should reserve full day for argument. The Reply deadline associated with these Motions is reset to March 14, 2024, at 8:00 AM to accommodate hearing. (jf01) (Entered: 03/07/2024) |
| 03/07/2024 | 384 | MOTION Government's Second Motion for Certain Redactions and Sealing by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/21/2024. (Attachments: # 1 Exhibit Summary Chart)(Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | 385 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 03/07/2024) |
| 03/07/2024 | | Set/Reset Deadlines/Hearings in case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira 325 MOTION to Dismiss 85 Indictment, *Based on Unconstitutional Vagueness*, 327 MOTION to Dismiss 85 Indictment, *Based on the Presidential Records Act*. (Per Order DE#383) Motion Hearing set for 3/14/2024 10:00 AM in Fort Pierce Division before Judge Aileen M. Cannon. (drz) (Entered: 03/08/2024) |
| 03/11/2024 | 386 | MOTION for Extension of Time of Reply Deadlines by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/25/2024. (Kise, Christopher) (Entered: 03/11/2024) |

| 03/11/2024 | | SYSTEM ENTRY - Docket Entry 387 restricted/sealed until further notice. (amb) (Entered: 03/11/2024) |
|---|---|---|
| 03/11/2024 | 388 | Memorandum in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 386 MOTION for Extension of Time of Reply Deadlines Replies due by 3/18/2024. (Bratt, Jay) (Entered: 03/11/2024) |
| 03/11/2024 | 389 | REPLY TO RESPONSE to Motion by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 386 MOTION for Extension of Time of Reply Deadlines (Dadan, Sasha) (Entered: 03/11/2024) |
| 03/11/2024 | 390 | PAPERLESS ORDER granting Defendants' Motion for an Extension of Reply Deadlines 386 . With the exception of replies in support of 325 and 327 , Defendants shall file replies to their pretrial Motions **on or before March 24, 2024**. Signed by Judge Aileen M. Cannon on 3/11/2024. (jf01) (Entered: 03/11/2024) |
| 03/11/2024 | 391 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Gene C. Schaerr. Filing Fee $ 200.00. Receipt # FLSDC-17359656 by Citizens United Foundation, Citizens United, Gary Lawson, Steven Calabresi, Edwin Meese, III as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/25/2024. (Attachments: # 1 Certification of Gene C. Schaerr, # 2 Text of Proposed Order)(Trent, Edward) (Entered: 03/11/2024) |
| 03/11/2024 | | Set/Reset Deadlines/Hearings in case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira 325 MOTION to Dismiss 85 Indictment, *Based on Unconstitutional Vagueness*, 327 MOTION to Dismiss 85 Indictment, *Based on the Presidential Records Act*. (per Order DE#390) Replies due by 3/24/2024. (drz) (Entered: 03/12/2024) |
| 03/11/2024 | | Attorney update in case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Attorney Gene C. Schaerr for Citizens United Foundation, for Citizens United, for Gary Lawson, for Steven Calabresi and for Edwin Meese, III added. (cw) (Entered: 03/12/2024) |
| 03/11/2024 | 392 | MOTION Leave to File Amicus Curiea Briefing of Motion to Challenge Grand Jury and to Dismiss Indictment(s) Pursuant to F.R. Crim.p. 6(b)(1) and 6(b)(2) by Non Party Responses due by 3/25/2024. (cds) (Entered: 03/12/2024) |
| 03/12/2024 | | SYSTEM ENTRY - Docket Entry 393 restricted/sealed until further notice. (tci) (Entered: 03/12/2024) |
| 03/12/2024 | 394 | PAPERLESS ORDER granting 391 Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Gene C. Schaerr. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 3/12/2024. (jf01) (Entered: 03/12/2024) |
| 03/12/2024 | 395 | PAPERLESS ORDER denying 392 Motion for Leave to File Amicus Curiae. Signed by Judge Aileen M. Cannon on 3/12/2024. (jf01) (Entered: 03/12/2024) |
| 03/12/2024 | 396 | NOTICE of filing sealed ex parte Order Following February 12-13, 2024 CIPA Section 4 Hearings. Signed by Judge Aileen Cannon on 2/19/2024. *See attached document for full details*. (jf01) (Entered: 03/12/2024) |
| 03/12/2024 | 397 | NOTICE of filing sealed ex parte Order Following Special Counsel's Third Classified Section 4 Supplement. Signed by Judge Aileen Cannon on 3/4/2024. *See attached document for full details*. (jf01) (Entered: 03/12/2024) |
| 03/13/2024 | 398 | REPLY TO RESPONSE to Motion by Donald J. Trump re 325 MOTION to Dismiss 85 Indictment, *Based on Unconstitutional Vagueness* (Kise, Christopher) (Entered: 03/13/2024) |

| 03/13/2024 | 399 | REPLY TO RESPONSE to Motion by Donald J. Trump re 327 MOTION to Dismiss 85 Indictment, *Based on the Presidential Records Act* (Kise, Christopher) (Entered: 03/13/2024) |
| 03/13/2024 | 400 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 360 Unopposed MOTION to File Amicus Brief by Samuel J. Salario, Jr.. Replies due by 3/20/2024. (Bratt, Jay) (Entered: 03/13/2024) |
| 03/14/2024 | 401 | PAPERLESS Minute Entry for Hearing held before Judge Aileen M. Cannon on March 14, 2024. The Court heard argument on 325 Motion to Dismiss Counts 1-32 Based on Unconstitutional Vagueness and 327 Motion to Dismiss the Indictment Based on the Presidential Records Act. Total time in court: 3 hours 30 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, Todd Blanche, Emil Bove, Christopher Kise, Stanley Woodward, Sasha Dadan, Larry Donald Murrell, Jr., John S. Irving. Other Appearances: Defendants Waltine Nauta, Carlos De Oliveira, Former President Donald J. Trump. Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jf01) (Entered: 03/14/2024) |
| 03/14/2024 | 402 | ORDER denying without prejudice 325 Motion to Dismiss Counts 1-32 Based on Unconstitutional Vagueness. Signed by Judge Aileen M. Cannon on 3/14/2024. *See attached document for full details*. (jf01) (Entered: 03/14/2024) |
| 03/15/2024 | 403 | NOTICE *of Joining and Adopting* by Waltine Nauta as to Donald J. Trump, Waltine Nauta re 327 MOTION to Dismiss 85 Indictment, *Based on the Presidential Records Act* (Dadan, Sasha) (Entered: 03/15/2024) |
| 03/15/2024 | 404 | TRANSCRIPT of Motions to Dismiss as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 3/14/24 before Judge Aileen M. Cannon, 1-173 pages, Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/5/2024. Redacted Transcript Deadline set for 4/15/2024. Release of Transcript Restriction set for 6/13/2024. (Melton, Laura) (Entered: 03/15/2024) |
| 03/15/2024 | 405 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 364 Unopposed MOTION to File Amicus Brief by Edward H. Trent. Replies due by 3/22/2024. (Bratt, Jay) (Entered: 03/15/2024) |
| 03/18/2024 | 406 | NOTICE *of Scheduling Change* by Donald J. Trump (Attachments: # 1 Exhibit) (Kise, Christopher) (Entered: 03/18/2024) |
| 03/18/2024 | 407 | ORDER Requiring Preliminary Proposed Jury Instructions and Verdict Forms on Counts 1-32 Only. Signed by Judge Aileen M. Cannon on 3/18/2024. *See attached document for full details*. (jf01) (Entered: 03/18/2024) |
| 03/19/2024 | 408 | SPEEDY TRIAL REPORT *Thirteenth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 03/19/2024) |
| 03/19/2024 | 409 | NOTICE of filing sealed ex parte Order Granting in Part and Reserving Ruling on Part of Special Counsel's CIPA § 4 Motion as to Defendant Trump. Unclassified public order to follow. Signed by Judge Aileen M. Cannon on 3/19/2024. *See attached document for full details*. (jf01) (Entered: 03/19/2024) |
| 03/21/2024 | 410 | MOTION FOR LEAVE TO FILE BRIEF OF PROFESSOR SETH BARRETT TILLMAN AND LANDMARK LEGAL FOUNDATION AS AMICI CURIAE IN SUPPORT OF DEFENDANT TRUMP'S MOTION TO DISMISS THE INDICTMENT [ECF NO. 326] by Non Party. Responses due by 4/4/2024. (Attachments: # 1 Exhibit-Cover Sheet, # 2 Exhibit-Brief of Professor Seth Barrett Tillman and Landmark Legal Foundation as Amici Curiae in Support of Defendant Trump's Motion to Dismiss the Indictment [ECF no. 326](mab) (Entered: 03/21/2024) |
| 03/21/2024 | 411 | PAPERLESS ORDER granting Motion for Leave to File Amicus Brief 410 . *See* Sup. Ct. R. 37; Fed. R. App. P. 29; *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. |

A045

| | | |
|---|---|---|
| | | 1991). The amicus brief [410-1] is accepted for Court consideration. Should the Special Counsel or Defendants wish to file a separate response to the amicus brief, they may do so on or before April 4, 2024, in accordance with the Local Rules. Signed by Judge Aileen M. Cannon on 3/21/2024 (jf01) (Entered: 03/21/2024) |
| 03/22/2024 | 412 | Unclassified Public Order Granting in Part and Reserving Ruling on Part of Special Counsel's CIPA § 4 Motion as to Defendant Trump 236 . Signed by Aileen M. Cannon on 3/22/2024. *See attached document for full details*. (jf01) (Entered: 03/22/2024) |
| 03/24/2024 | 413 | REPLY TO RESPONSE to Motion by Carlos De Oliveira re 323 Defendant's MOTION to Dismiss 85 Indictment, *or in the Alternative for a Bill of Particulars* (Murrell, Larry) (Entered: 03/24/2024) |
| 03/24/2024 | 414 | REPLY TO RESPONSE to Motion by Donald J. Trump re 326 MOTION to Dismiss 85 Indictment, *Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith* (Kise, Christopher) (Entered: 03/24/2024) |
| 03/24/2024 | 415 | REPLY TO RESPONSE to Motion by Donald J. Trump re 324 MOTION to Dismiss 85 Indictment, *Based On Presidential Immunity* (Kise, Christopher) (Entered: 03/24/2024) |
| 03/24/2024 | 416 | NOTICE *Regarding Filing of Certain Reply Briefs* by Donald J. Trump (Kise, Christopher) (Entered: 03/24/2024) |
| 03/25/2024 | 417 | Supplemental Response *to Standing Discovery Order* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 03/25/2024) |
| 03/25/2024 | 418 | NOTICE *of Submission* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 03/25/2024) |
| 03/25/2024 | 419 | NOTICE *of Filing Reply Memoranda* by Waltine Nauta (Dadan, Sasha) (Entered: 03/25/2024) |
| 03/27/2024 | 420 | MOTION for Leave to File *Surreply to Defendant Nauta's Reply in Support of His Motion to Dismiss Based on Selectve and Vindictive Prosecution* by USA as to Waltine Nauta. Responses due by 4/10/2024. (Harbach, David) (Entered: 03/27/2024) |
| 03/27/2024 | 421 | NOTICE *of Trial Date* by Donald J. Trump (Kise, Christopher) (Entered: 03/27/2024) |
| 03/29/2024 | 422 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Matthew Seligman. Filing Fee $ 200.00. Receipt # FLSDC-17409825 filed by Non Party. Responses due by 4/12/2024. (Attachments: # 1 Exhibit Certification for Matthew Seligman, # 2 Exhibit Proposed Order)(Alonso, Cristina) Modified text on 4/1/2024 to reflect correct filer (See DE 424 ) (bb). (Entered: 03/29/2024) |
| 03/29/2024 | 423 | MOTION Government's Third Motion for Certain Redactions by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 4/12/2024. (Bratt, Jay) (Entered: 03/29/2024) |
| 03/29/2024 | 424 | Clerk's Notice to Filer re 422 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Matthew Seligman. Filing Fee $ 200.00. Receipt # FLSDC-17409825. **Wrong Filer Name(s) Selected**; ERROR - The wrong filer name was selected.(drz) Modified text on 4/1/2024 (bb). (Entered: 04/01/2024) |
| 04/02/2024 | 425 | PAPERLESS ORDER: On or before April 5, 2024, and in accordance with Local Rule 88.5, counsel for Defendants shall file a combined Speedy Trial Report (not to exceed five pages) in the same general format as the Special Counsel's reports previously filed in this case. Divergent views, if any, can be noted separately. The report shall include Defendants' positions on all excludable time from the speedy trial period and expressly indicate any Defendants' current assertion or waiver of speedy trial rights, with associated timeframes. This Order does not alter the existing requirement or practice to file speedy trial reports as specified in the Court's June 20, 2023 Order 28 . Signed by Judge Aileen M. Cannon on 4/2/2024. (tci) (Entered: 04/02/2024) |

| 04/02/2024 | 426 | PAPERLESS ORDER denying 422 Motion to Appear *Pro Hac Vice*, Consents to Designation, and Requests to Electronically Receive Notices of Electronic Filing for Attorney Matthew Seligman. Non-parties Constitutional Lawyers, Former Government Officials, and State Democracy Defenders Action are not parties to this action. Nor have they moved for leave to participate as amici curiae. Signed by Judge Aileen M. Cannon on 4/2/2024. (jf01) (Entered: 04/02/2024) |
|---|---|---|
| 04/02/2024 | 427 | Response by Donald J. Trump to 407 Order (Attachments: # 1 Exhibit A, # 2 Exhibit A-1, # 3 Exhibit A-2, # 4 Exhibit A-3, # 5 Exhibit B) (Kise, Christopher) (Entered: 04/02/2024) |
| 04/02/2024 | 428 | Response *Response to ECF No. 407* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira to 407 Order (Attachments: # 1 Exhibit Proposed Verdict Form) (Bratt, Jay) (Entered: 04/02/2024) |
| 04/03/2024 | 429 | MOTION for Leave to File Brief by Constitutional Lawyers, Former Government Officials, and State Democracy Defenders Action as Amici Curiae in Opposition to Defendant Donald J. Trump's Motion to Dismiss (ECF No. 326 ) by Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 4/17/2024. (Attachments: # 1 Proposed Order)(scn) (Entered: 04/03/2024) |
| 04/03/2024 | 430 | PAPERLESS ORDER granting Motion for Leave to File Amicus Brief 429 . *See* Sup. Ct. R. 37; Fed. R. App. P. 29; *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991). The amicus brief [ECF No. 429 pp. 6-32] is accepted for Court consideration. Should the Special Counsel or Defendants wish to file a separate response to the amicus brief, they may do so on or before April 17, 2024, in accordance with the Local Rules. Signed by Judge Aileen M. Cannon on 4/3/2024. (jf01) (Entered: 04/03/2024) |
| 04/04/2024 | 431 | ORDER Denying Defendant Trump's Motion to Dismiss Superseding Indictment Based on Presidential Records Act 327 . Signed by Judge Aileen M. Cannon on 4/4/2024. *See attached document for full details*. (jf01) (Entered: 04/04/2024) |
| 04/04/2024 | 432 | Response *to Tillman Amicus Brief* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira to 410 MOTION to File Amicus Brief (Bratt, Jay) (Entered: 04/04/2024) |
| 04/05/2024 | 433 | SPEEDY TRIAL REPORT *in response to Order 425* by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Dadan, Sasha) (Entered: 04/05/2024) |
| 04/08/2024 | 434 | NOTICE of Non-Evidentiary Hearing on the following motions: (1) Defendant De Oliveira's Motion to Dismiss Indictment, or, in the Alternative, for a Bill of Particulars 323 ; (2) Defendant Nauta's Motion for a Bill of Particulars; and (3) Defendant Nauta's Motion to Dismiss for Failure to State an Offense / Vagueness as Applied / Rule of Lenity. Motion Hearing set for **4/19/2024 at 10:00 AM** in Fort Pierce Division before Judge Aileen M. Cannon. Order to follow directing partially redacted filings of the second and third motions referenced in this Order.(tci) (Entered: 04/08/2024) |
| 04/08/2024 | 435 | MOTION to Continue re 434 Notice of Hearing on Motion,, by Waltine Nauta as to Waltine Nauta, Carlos De Oliveira. Responses due by 4/22/22. (Attachments: # 1 Text of Proposed Order) (Dadan, Sasha) (Entered: 04/08/2024) |
| 04/08/2024 | 436 | PAPERLESS ORDER granting 435 Motion to Continue Hearing on Motion. Non-Evidentiary Hearing reset for **4/12/2024 2:00 PM** in Fort Pierce Division before Judge Aileen M. Cannon. Signed by Judge Aileen M. Cannon on 4/8/2024. (tci) (Entered: 04/08/2024) |
| 04/09/2024 | 437 | SPEEDY TRIAL REPORT *Fourteenth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 04/09/2024) |
| 04/09/2024 | 438 | ORDER on Sealing Requests Associated with Defendants' Motions to Compel Discovery. Signed by Judge Aileen M. Cannon on 4/9/2024. *See attached document for full details*. (jf01) (Entered: 04/09/2024) |
| 04/10/2024 | 439 | PAPERLESS ORDER: On or before **May 9, 2024**, Defendants shall file Rule 16 expert disclosures and any defense CIPA Section 5(a) written notice based on classified discovery produced to date. The Section 5(a) notice shall be sufficiently detailed and cover both documentary exhibits and |

A047

| | | |
|---|---|---|
| | | anticipated oral testimony. Standard rules regarding classified filings with the Court apply, as set forth in the CIPA protective orders 150 151 152 . Paragraph 4 of the Court's Order 283 on sealing requests and procedures also remains in effect. Signed by Judge Aileen M. Cannon on 4/10/2024. (tci) (Entered: 04/10/2024) |
| 04/10/2024 | 440 | PAPERLESS ORDER: In anticipation of the upcoming hearing on Defendant Nauta's Motion for a Bill of Particulars and Motion to Dismiss for Failure to State an Offense / Vagueness as Applied / Rule of Lenity ("Motions"), Defendant Nauta and the Special Counsel are directed as follows. On or before **April 11, 2024**, Defendant Nauta shall file the foregoing Motions on the public docket as set forth below. Given the undisputedly substantive nature of the Motions, the Court has applied the common-law right of access standard to this inquiry, deeming it sufficient to resolve the instant requests as briefed 339 348 . Under that standard, the Court finds that the Special Counsel's asserted witness-safety and harassment concerns are sufficient, at this juncture, to (1) shield the names of potential government witnesses and ancillary names in the Motions and in the attached transcript of Defendant Nauta's voluntary FBI interview, and (2) replace those names as applicable with anonymous descriptors as used in the Superseding Indictment 85 or as listed in the Special Counsel's forthcoming index [*see* ECF No. 438 p. 16]. Any PII shall be redacted for the same reasons. With respect to the substantive statements contained in Defendant Nauta's FBI interview, the Court reaches a different conclusion. For similar but even stronger reasons than those articulated in the Court's recent Order applying Rule 16 438 --and after balancing the parties' asserted interests in this case of significant public concern--the Court finds the Special Counsel's sweeping request and generalized rationales inadequate to overcome the public's common-law interest in access to these materials. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001); *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007); *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356 (11th Cir. 2021). Accordingly, Defendant Nauta may attach his FBI interview transcript but shall (for the reasons stated previously) redact the names of any potential government witnesses and ancillary names where referenced therein. The final item of redaction implicated in the Motions is the transcript of Defendant Nauta's grand jury testimony taken on June 21, 2022. For now, Defendant Nauta shall file that transcript under seal in its entirety because presumably it remains subject to protection under Fed. R. Crim. P. 6(e). The parties shall be prepared, however, to present argument at the hearing on the need for continued sealing of that transcript given the Special Counsel's partial use of that transcript in a public motion 381 , and any other factors related to the need for continued secrecy under the circumstances. After filing the Motions in accordance with this Order (but before the hearing), Defendant Nauta shall file the associated Replies to which the Special Counsel has indicated no objection 423 . No redactions beyond those authorized in this Order are permitted. The Court expresses no view on any other seal request or on the applicability of any other legal standards. Signed by Judge Aileen M. Cannon on 4/10/2024. (jf01) (Entered: 04/10/2024) |
| 04/10/2024 | 441 | RESPONSE to Motion by Waltine Nauta re 420 MOTION for Leave to File *Surreply to Defendant Nauta's Reply in Support of His Motion to Dismiss Based on Seletctve and Vindictive Prosecution* Replies due by 4/17/2024. (Dadan, Sasha) (Entered: 04/10/2024) |
| 04/10/2024 | 442 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Matthew Seligman. Filing Fee $ 200.00 Receipt # FLSDC-17409825 by Constitutional Lawyers, Former Government Officials, and State Democracy Defenders Action as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 4/24/2024. (drz) (Entered: 04/11/2024) |
| 04/11/2024 | | Attorney update in case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Attorney Matthew Seligman for Constitutional Lawyers, Former Government Officials, and State Democracy Defenders Action added (pt) (Entered: 04/11/2024) |
| 04/11/2024 | 443 | PAPERLESS ORDER granting 442 Motion to Appear *Pro Hac Vice*, Consents to Designation, and Requests to Electronically Receive Notices of Electronic Filing for Attorney Matthew Seligman. The Court incorporates Mr. Seligman's Certification, filed in connection with a prior Motion [422-1]. The Court reserves the power to withdraw permission for special appearance at any time. |

A048

| | | |
|---|---|---|
| | | Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 4/11/2024. (jf01) (Entered: 04/11/2024) |
| 04/11/2024 | 444 | REPLY TO RESPONSE to Motion by USA as to Waltine Nauta re 420 MOTION for Leave to File *Surreply to Defendant Nauta's Reply in Support of His Motion to Dismiss Based on Seletctive and Vindictive Prosecution* (Pellettieri, John) (Entered: 04/11/2024) |
| 04/11/2024 | 445 | PAPERLESS ORDER granting in part Special Counsel's Conditional Motion for Leave to File Surreply to Defendant Nauta's Reply in Support of Motion to Dismiss Based on Selective and Vindictive Prosecution 420 . On or before April 18, 2024, the Special Counsel may file a Surreply to Defendant Nauta's Motion. Signed by Judge Aileen M. Cannon on 4/11/2024 (jf01) (Entered: 04/11/2024) |
| 04/11/2024 | 446 | MOTION to Dismiss 85 Indictment, *or for a Bill of Particulars* by Waltine Nauta. Responses due by 4/25/2024. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Dadan, Sasha) (Entered: 04/11/2024) |
| 04/11/2024 | 447 | REPLY TO RESPONSE to Motion by Waltine Nauta re 446 MOTION to Dismiss 85 Indictment, *or for a Bill of Particulars* (Dadan, Sasha) (Entered: 04/11/2024) |
| 04/11/2024 | 448 | MOTION to Dismiss 85 Indictment, *for Unconstitutional Vagueness* by Waltine Nauta. Responses due by 4/25/2024. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Dadan, Sasha) (Entered: 04/11/2024) |
| 04/11/2024 | 449 | REPLY TO RESPONSE to Motion by Waltine Nauta re 448 MOTION to Dismiss 85 Indictment, *for Unconstitutional Vagueness* (Dadan, Sasha) (Entered: 04/11/2024) |
| 04/12/2024 | 450 | NOTICE OF ATTORNEY APPEARANCE: Lazaro Fields appearing for Donald J. Trump . Attorney Lazaro Fields added to party Donald J. Trump(pty:dft). (Fields, Lazaro) (Entered: 04/12/2024) |
| 04/12/2024 | 451 | PAPERLESS Minute Entry for Hearing held before Judge Aileen M. Cannon on April 12, 2024. The Court heard argument on Motions filed by Defendants Nauta and De Oliveira 323 446 448 . The parties also presented argument on the need for continued sealing of certain grand jury materials. Orders to follow. Total time in court: 2 hours 5 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, Stanley Woodward, Sasha Dadan, Larry Donald Murrell, Jr., John S. Irving, Lazaro Fields. Other Appearances: Defendants Waltine Nauta, Carlos De Oliveira. Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jf01) (Entered: 04/12/2024) |
| 04/13/2024 | 452 | MOTION for an Adjournment of the Deadlines for Defendants' Rule 16 Expert Disclosures and CIPA § 5(a) Notice by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 4/29/2024. (Kise, Christopher) (Entered: 04/13/2024) |
| 04/14/2024 | 453 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 452 MOTION for an Adjournment of the Deadlines for Defendants' Rule 16 Expert Disclosures and CIPA § 5(a) Notice Replies due by 4/22/2024. (Edelstein, Julie) (Entered: 04/14/2024) |
| 04/15/2024 | | SYSTEM ENTRY - Docket Entry 454 restricted/sealed until further notice. (amb) (Entered: 04/15/2024) |
| 04/16/2024 | 455 | TRANSCRIPT of Motions as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 04/12/2024 before Judge Aileen M. Cannon, 1-108 pages, Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/7/2024. Redacted Transcript Deadline set for 5/17/2024. Release of Transcript Restriction set for 7/15/2024. (Melton, Laura) (Entered: 04/16/2024) |

A049

| 04/16/2024 | 456 | MOTION for Leave to File Brief by Darryl B. Phillips As Amici Curiae In Support of Defendant's Trump, Et Al. and Both Inclusion of the Presidential Records Act and Dismissal on Grounds of Fact and Law. Responses due by 4/30/2024. (Attachments: # 1 Exhibit Amicus Curiae Brief Of Darryl B. Phillips In Support of Defendant's Trump, Et Al. and Both Inclusion of the Presidential Records Act and Dismissal on Grounds of Fact and Law)(wce) (Entered: 04/16/2024) |
|---|---|---|
| 04/16/2024 | 457 | PAPERLESS ORDER denying 456 Motion for Leave to File Amicus Curiae Brief. Signed by Judge Aileen M. Cannon on 4/16/2024. (jf01) (Entered: 04/16/2024) |
| 04/18/2024 | 458 | REPLY TO RESPONSE to Motion by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 452 MOTION for an Adjournment of the Deadlines for Defendants' Rule 16 Expert Disclosures and CIPA § 5(a) Notice (Kise, Christopher) (Entered: 04/18/2024) |
| 04/18/2024 | 459 | MOTION for Leave to File an Amicus Curiae Brief in Support of Defendants, Donald J. Trump, Waltine Nauta, Carlos De Oliveira filed by Jose A Perez. Responses due by 5/2/2024. (Attachments: # 1 Proposed Order, # 2 Proposed Amicus Curiae Brief, # 3 Consent by Pro Se Litigant to Receive Notices of Electronic Filing)(drz) (Entered: 04/18/2024) |
| 04/18/2024 | 460 | NOTICE of Striking 458 Reply to Response, by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Kise, Christopher) (Entered: 04/18/2024) |
| 04/18/2024 | 461 | Corrected REPLY TO RESPONSE to Motion by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 452 MOTION for an Adjournment of the Deadlines for Defendants' Rule 16 Expert Disclosures and CIPA § 5(a) Notice (Kise, Christopher) (Entered: 04/18/2024) |
| 04/18/2024 | 462 | ORDER Denying Certain Pretrial Motions Filed by Defendants Nauta and De Oliveira 323 446 448 . Signed by Judge Aileen M. Cannon on 4/18/2024. *See attached document for full details*. (jf01) (Entered: 04/18/2024) |
| 04/18/2024 | 463 | PAPERLESS ORDER denying 459 Motion for Leave to File Amicus Curiae Brief. Signed by Judge Aileen M. Cannon on 4/18/2024. (jf01) (Entered: 04/18/2024) |
| 04/18/2024 | 464 | MOTION Government's Fourth Motion for Certain Redactions by USA as to Waltine Nauta. Responses due by 5/2/2024. (Harbach, David) (Entered: 04/18/2024) |
| 04/18/2024 | 465 | PAPERLESS ORDER: The Court is in receipt of the Special Counsel's Fourth Motion for Redactions 464 . Consistent with the representation made therein [ECF No. 464 p. 1 n.1], Defendant Nauta shall file any response on or before April 19, 2024. Signed by Judge Aileen M. Cannon on 4/18/2024.(jf01) (Entered: 04/18/2024) |
| 04/18/2024 | 466 | ORDER Following Hearing 451 . Signed by Judge Aileen M. Cannon on 4/18/2024. *See attached document for full details*. (jf01) (Entered: 04/18/2024) |
| 04/18/2024 | 467 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 04/18/2024) |
| 04/19/2024 | 468 | RESPONSE in Opposition by Waltine Nauta re 464 MOTION Government's Fourth Motion for Certain Redactions Replies due by 4/26/2024. (Dadan, Sasha) (Entered: 04/19/2024) |
| 04/22/2024 | 469 | MOTION to Compel *Discovery* by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 5/6/2024. (Attachments: # 1 Exhibit)(Kise, Christopher) (Entered: 04/22/2024) |
| 04/22/2024 | 470 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 469 MOTION to Compel *Discovery* Replies due by 4/29/2024. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Harbach, David) (Entered: 04/22/2024) |
| 04/22/2024 | | SYSTEM ENTRY - Docket Entry 471 restricted/sealed until further notice. (kpe) (Entered: 04/22/2024) |

A050

| 04/22/2024 | 472 | PAPERLESS ORDER: In light of the representations made in the Special Counsel's Third Motion for Certain Redactions as subsequently reaffirmed in the Special Counsel's Fourth Motion for Certain Redactions [ECF No. 423 p. 2; ECF No. 464 p. 1], and noting the absence of any defense objection, the Clerk is directed to **UNSEAL only** ECF Nos. 101, 115, 116, and 118. Signed by Judge Aileen M. Cannon on 4/22/2024. (jf01) (Entered: 04/22/2024) |
|---|---|---|
| 04/22/2024 | 473 | PAPERLESS ORDER: In light of Defendants' publicly filed Motions to Compel Discovery 469 , now filed in accordance with the Court's Order on Sealing Requests Associated with Defendants' Motions to Compel Discovery 438 , the initial Motions to Compel Discovery 262 are denied as moot. Signed by Judge Aileen M. Cannon on 4/22/2024. (jf01) (Entered: 04/22/2024) |
| 04/22/2024 | 474 | PAPERLESS ORDER: To facilitate the public docketing of Defendant Nauta's Motion to Dismiss for Selective and Vindictive Prosecution and associated filings, Defendant Nauta and the Special Counsel are directed as follows. On or before **April 26, 2024**, the parties shall docket the Motion and associated filings in unredacted form, with the following exceptions. First, consistent with the rules set forth in the Court's prior Orders 438 440 , the parties shall redact potential government witness names (replacing them with anonymized labels provided in the Sealed Amended Index), ancillary names, and PII from the subject materials. Second, the transcript of the April 6, 2023, grand jury testimony of "Person 11" (attached to the Motion in full by Defendant Nauta and in part by the Special Counsel as Exhibit 3) shall be filed under seal consistent with Fed. R. Crim. P. 6(e), subject to any potential future litigation on the matter [*See* ECF No. 466]. In doing so, the parties are advised to docket the actual grand jury transcript/excerpts of "Person 11" as exhibits under seal (as opposed to merely filing stand-in cover pages as done in ECF Nos. 446-2, 448-2). Should any grand jury material clearly falling under Fed. R. Crim. P. 6(e) be quoted or specifically referenced in the Motion/Opposition/Replies or attachments, the parties shall make limited redactions to that grand jury material. The parties shall take care to docket the filings in sequence (i.e., motion, response, reply, surreply). Signed by Judge Aileen M. Cannon on 4/22/2024. (jf01) (Entered: 04/22/2024) |
| 04/23/2024 | 475 | SUPPLEMENT to 300 Reply to Response filed by Waltine Nauta by Waltine Nauta as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Dadan, Sasha) (Entered: 04/23/2024) |
| 04/23/2024 | 476 | CLERK'S NOTICE of Compliance re 472 Order. (jmd) (Entered: 04/23/2024) |
| 04/24/2024 | 477 | REPLY TO RESPONSE to Motion by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 464 MOTION Government's Fourth Motion for Certain Redactions (Edelstein, Julie) (Entered: 04/24/2024) |
| 04/24/2024 | 478 | NOTICE OF UNAVAILABILITY *of Counsel* by Donald J. Trump for dates of April 29, 2024 through May 14, 2024 (Kise, Christopher) (Entered: 04/24/2024) |
| 04/25/2024 | | SYSTEM ENTRY - Docket Entry 479 restricted/sealed until further notice. (pcs) (Entered: 04/25/2024) |
| 04/25/2024 | | SYSTEM ENTRY - Docket Entry 480 restricted/sealed until further notice. (pcs) (Entered: 04/25/2024) |
| 04/25/2024 | | SYSTEM ENTRY - Docket Entry 481 restricted/sealed until further notice. (pcs) (Entered: 04/25/2024) |
| 04/25/2024 | | SYSTEM ENTRY - Docket Entry 482 restricted/sealed until further notice. (pcs) (Entered: 04/25/2024) |
| 04/26/2024 | | SYSTEM ENTRY - Docket Entry 483 restricted/sealed until further notice. (kpe) (Entered: 04/26/2024) |
| 04/26/2024 | | SYSTEM ENTRY - Docket Entry 484 restricted/sealed until further notice. (kpe) (Entered: 04/26/2024) |

A051

| | | |
|---|---|---|
| 04/26/2024 | 485 | MOTION to Dismiss 85 Indictment, *for Selective and Vindictive Prosecution* by Waltine Nauta. Responses due by 5/10/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14, # 14 Exhibit 15, # 15 Text of Proposed Order)(Dadan, Sasha) (Entered: 04/26/2024) |
| 04/26/2024 | 486 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 485 MOTION to Dismiss 85 Indictment, *for Selective and Vindictive Prosecution* Replies due by 5/3/2024. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3) (Bratt, Jay) (Entered: 04/26/2024) |
| 04/26/2024 | 487 | REPLY TO RESPONSE to Motion by Waltine Nauta re 485 MOTION to Dismiss 85 Indictment, *for Selective and Vindictive Prosecution* (Dadan, Sasha) (Entered: 04/26/2024) |
| 04/26/2024 | 488 | SUR REPLY TO RESPONSE to Motion by USA as to Waltine Nauta re 485 MOTION to Dismiss 85 Indictment, *for Selective and Vindictive Prosecution* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Thakur, Michael) (Entered: 04/26/2024) |
| 04/26/2024 | 489 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 04/26/2024) |
| 04/28/2024 | 490 | PAPERLESS ORDER requiring compliance with Court Order 466 . On or before **April 30, 2024**, Defendant Nauta shall publicly file the transcript of his grand jury testimony taken on June 21, 2022, with limited redactions as set forth in the Court's prior Order [ECF No. 466 pp. 1-2]. Defendant Nauta filed an unredacted version of the transcript under seal 479 , but this fails to comply with the Court's instructions 466 . Signed by Judge Aileen M. Cannon on 4/28/2024. (jf01) (Entered: 04/28/2024) |
| 04/28/2024 | 491 | PAPERLESS ORDER granting Motion for Leave to File Pretrial Motions With Limited Redactions 339 . The unopposed Motion seeks redaction of PII from Defendants' undocketed pretrial motions. Additional motion-specific directives concerning the public docketing of Defendants' outstanding pretrial motions to follow. Signed by Judge Aileen M. Cannon on 4/28/2024. (jf01) (Entered: 04/28/2024) |
| 04/28/2024 | 492 | PAPERLESS ORDER: To facilitate the public docketing of Defendant Nauta's Motion to Suppress Evidence and associated filings, and following a careful *in camera* review of such materials, Defendant Nauta and the Special Counsel are directed as follows. On or before **May 2, 2024**, the parties shall docket the Motion and all exhibits (A through G plus Nauta's FBI interview transcript and grand jury transcript, if attached), and associated filings (Opposition/Reply) and exhibits in unredacted form, with the following exceptions. First, consistent with the rules set forth in the Court's prior Orders 438 440 474 , the parties shall redact potential government witness names (replacing them with anonymized labels provided in the most current Sealed Amended Index 484 ), ancillary names, and PII from the subject materials. Search warrant materials shall be filed in fully unredacted form except for names, PII, device numbers, license plate numbers, ID numbers, business names, and professional titles as necessary to shield witness identities. Makes and models of vehicles alone are not PII and shall not be redacted. Photographs shall remain unredacted with limited, targeted redactions of license plate numbers and faces in photographs. Photographs of the target residence may be redacted. To the extent Defendant Nauta attaches his grand jury transcript to the Motion, he shall attach it using the redaction instructions provided in the Court's earlier Order 466 , with which Defendant Nauta must comply 490 . Finally, because the Special Counsel's prior filed Response lacked attachments 381 , the Special Counsel is ordered to refile the Opposition, with attachments, in accordance with this Order. The parties shall take care to docket the filings in sequence (i.e., motion, response, reply). No additional redactions beyond those authorized herein are permitted. Signed by Judge Aileen M. Cannon on 4/28/2024. (jf01) (Entered: 04/28/2024) |
| 04/29/2024 | | SYSTEM ENTRY - Docket Entry 493 restricted/sealed until further notice. (amb) (Entered: 04/29/2024) |

A052

| 04/29/2024 | | SYSTEM ENTRY - Docket Entry 494 restricted/sealed until further notice. (amb) (Entered: 04/29/2024) |
|---|---|---|
| 04/29/2024 | 495 | NOTICE of Compliance *re Filing Grand Jury Transcript (Unredacted at 479 )* by Waltine Nauta re 490 Order, 466 Order, 446 MOTION to Dismiss 85 Indictment, *or for a Bill of Particulars* filed by Waltine Nauta, 448 MOTION to Dismiss 85 Indictment, *for Unconstitutional Vagueness* filed by Waltine Nauta (Attachments: # 1 Exhibit B - 06.21.22 Waltine Nauta Grand Jury Transcript) (Dadan, Sasha) (Entered: 04/29/2024) |
| 04/29/2024 | 496 | NOTICE *of 480 Sealed Filing* by Waltine Nauta re 475 Supplement (Dadan, Sasha) (Entered: 04/29/2024) |
| 04/29/2024 | 497 | NOTICE *of 481 Sealed Filing* by Waltine Nauta (Dadan, Sasha) (Entered: 04/29/2024) |
| 04/29/2024 | 498 | NOTICE *of 493 , 494 Sealed Filings* by Waltine Nauta re 485 MOTION to Dismiss 85 Indictment, *for Selective and Vindictive Prosecution*, 487 Reply to Response (Dadan, Sasha) (Entered: 04/29/2024) |
| 04/30/2024 | | SYSTEM ENTRY - Docket Entry 499 restricted/sealed until further notice. (amb) (Entered: 04/30/2024) |
| 04/30/2024 | 500 | SPEEDY TRIAL REPORT *Fifteenth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 04/30/2024) |
| 04/30/2024 | 501 | PAPERLESS ORDER: For purposes of record completeness, on or before May 2, 2024, Defendant Nauta shall file under seal completely unredacted versions of the prior motions docketed publicly at entries 446 and 448. When doing so, Defendant Nauta shall annotate the corresponding docket entry number for each sealed filing (e.g., 446 and 448). Signed by Judge Aileen M. Cannon on 4/30/2024. (jf01) (Entered: 04/30/2024) |
| 04/30/2024 | 502 | PAPERLESS ORDER: On or before May 2, 2024, the Special Counsel shall file under seal a copy of the transfer order referenced in the Notice of Submission 418 , along with the underlying petition and any other docketed filings/notices/orders on the subject of such transfer. Signed by Judge Aileen M. Cannon on 4/30/2024. (jf01) (Entered: 04/30/2024) |
| 04/30/2024 | 503 | PAPERLESS ORDER: To facilitate the public docketing of Defendant Trump's "Motion to Dismiss Indictment Based on Selective and Vindictive Prosecution" and associated filings, and consistent with the Court's prior Orders 438 440 474 492 , Defendant Trump is directed as follows. On or before **May 2, 2024**, Defendant Trump shall docket the Motion and associated filings publicly, redacting only the names of potential government witnesses (replacing them with anonymized labels provided in the most current Sealed Amended Index 484 ), ancillary names, and PII. In docketing the Reply, Defendant Trump shall indicate in the docket text the Opposition to which it responds 375 . Thereafter, and for record completeness, Defendant Trump shall file under seal unredacted versions of the Motion and Reply. Signed by Judge Aileen M. Cannon on 4/30/2024. (jf01) (Entered: 04/30/2024) |
| 04/30/2024 | 504 | PAPERLESS ORDER granting in part Special Counsel's Fourth Motion for Redactions 464 in accordance with the Court's prior Order 474 . The Court expresses no opinion on any other requests contained in the Special Counsel's Motion. Signed by Judge Aileen M. Cannon on 4/30/2024. (jf01) (Entered: 04/30/2024) |
| 04/30/2024 | 505 | PAPERLESS ORDER granting in part the Special Counsel's Third Motion for Redactions 423 in accordance with the Court's prior Orders 474 492 . The Court expresses no opinion on any other requests contained in the Special Counsel's Motion. Signed by Judge Aileen M. Cannon on 4/30/2024. (jf01) (Entered: 04/30/2024) |
| 05/01/2024 | 506 | PAPERLESS ORDER AND NOTICE scheduling sealed telephonic status conference/hearing to discuss grand jury matters on May 8, 2024, at 2:00 PM. The parties shall be prepared to discuss specific grand jury material implicated in this proceeding in light of the Special Counsel's sealed status report 483 ; updates to pending disclosure proceedings in the U.S. District Court for the |

A053

| | | District of Columbia 481 499 ; and pending sealing/redaction arguments related to grand jury material attached to or quoted in Defendant Trump's "Motion to Dismiss Indictment Based on Prosecutorial Misconduct and Due Process Violations" and "Motion for Relief Related to Mar-A-Lago Raid and Unlawful Piercing of Attorney-Client Privilege." 90 minutes reserved. To the extent any non-parties to this proceeding have not yet had an opportunity to appear and be heard on the disclosure petition now transferred to this Court, the parties shall come prepared to discuss any additional procedures required. Call-in information to be provided to all counsel. Defendants' attendance is not required. Signed by Judge Aileen M. Cannon on 5/1/2024.(tci) (Entered: 05/01/2024) |
|---|---|---|
| 05/01/2024 | 507 | MOTION to Continue *CIPA Section 5(a) and Rule 16(b)(1)(C) Disclosure Deadlines* re 439 Order,, by Waltine Nauta. Responses due by 5/15/2024. (Attachments: # 1 Text of Proposed Order)(Dadan, Sasha) (Entered: 05/01/2024) |
| 05/02/2024 | 508 | MOTION to Dismiss 85 Indictment, *based on Selective and Vindictive Prosecution* by Donald J. Trump. Responses due by 5/16/2024. (Kise, Christopher) (Entered: 05/02/2024) |
| 05/02/2024 | 509 | REPLY TO RESPONSE to Motion by Donald J. Trump re 508 MOTION to Dismiss 85 Indictment, *based on Selective and Vindictive Prosecution (replying to Opposition 375 )* (Kise, Christopher) (Entered: 05/02/2024) |
| 05/02/2024 | | SYSTEM ENTRY - Docket Entry 510 restricted/sealed until further notice. (scn) (Entered: 05/02/2024) |
| 05/02/2024 | | SYSTEM ENTRY - Docket Entry 511 restricted/sealed until further notice. (kpe) (Entered: 05/02/2024) |
| 05/02/2024 | | SYSTEM ENTRY - Docket Entry 512 restricted/sealed until further notice. (kpe) (Entered: 05/02/2024) |
| 05/02/2024 | | SYSTEM ENTRY - Docket Entry 513 restricted/sealed until further notice. (kpe) (Entered: 05/02/2024) |
| 05/02/2024 | | SYSTEM ENTRY - Docket Entry 514 restricted/sealed until further notice. (kpe) (Entered: 05/02/2024) |
| 05/02/2024 | 515 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 05/02/2024) |
| 05/02/2024 | 516 | MOTION to Suppress Search Warrants by Waltine Nauta. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Text of Proposed Order)(Dadan, Sasha) (Entered: 05/02/2024) |
| 05/02/2024 | 517 | RESPONSE in Opposition by USA as to Waltine Nauta re 516 MOTION to Suppress Search Warrants Replies due by 5/9/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (Harbach, David) (Entered: 05/02/2024) |
| 05/02/2024 | 518 | NOTICE *of Filing* by Donald J. Trump (Kise, Christopher) (Entered: 05/02/2024) |
| 05/03/2024 | 519 | REPLY TO RESPONSE to Motion by Waltine Nauta re 516 MOTION to Suppress Search Warrants (Dadan, Sasha) (Entered: 05/03/2024) |
| 05/03/2024 | 520 | NOTICE of Compliance *by Filing 510 Sealed Unredacted Motion* by Waltine Nauta re 446 MOTION to Dismiss 85 Indictment, *or for a Bill of Particulars* filed by Waltine Nauta, 501 Order, (Dadan, Sasha) (Entered: 05/03/2024) |
| 05/03/2024 | 521 | NOTICE of Compliance *by Filing 513 Sealed Unredacted Motion* by Waltine Nauta re 448 MOTION to Dismiss 85 Indictment, *for Unconstitutional Vagueness* filed by Waltine Nauta, 501 Order, (Dadan, Sasha) (Entered: 05/03/2024) |

A054

| 05/03/2024 | 522 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 507 MOTION to Continue *CIPA Section 5(a) and Rule 16(b)(1)(C) Disclosure Deadlines* re 439 Order,, Replies due by 5/10/2024. (Attachments: # 1 Exhibit A) (Edelstein, Julie) (Entered: 05/03/2024) |
|---|---|---|
| 05/06/2024 | | SYSTEM ENTRY - Docket Entry 523 restricted/sealed until further notice. (amb) (Entered: 05/06/2024) |
| 05/06/2024 | | SYSTEM ENTRY - Docket Entry 524 restricted/sealed until further notice. (amb) (Entered: 05/06/2024) |
| 05/06/2024 | 525 | MOTION for Leave to File *Sur-Reply based on Newly Discovered Evidence of Discovery Violations, Misrepresentations and Potential Spoliation* by Donald J. Trump. Responses due by 5/20/2024. (Attachments: # 1 Exhibit)(Kise, Christopher) (Entered: 05/06/2024) |
| 05/06/2024 | 526 | PAPERLESS ORDER granting Defendant Trump's Motion for Leave to File Sur-Reply [ECF No. 525]. On or before **May 7, 2024**, Defendant Trump shall file the attached proposed Sur-Reply [ECF No. 525-1] as a separate entry on the docket. Signed by Judge Aileen M. Cannon on 5/6/2024. (jf01) (Entered: 05/06/2024) |
| 05/06/2024 | 527 | Sur-Reply *based on Newly Discovered Evidence of SCO Discovery Violations and Misrepresentations* by Donald J. Trump to 452 MOTION for an Adjournment of the Deadlines for Defendants' Rule 16 Expert Disclosures and CIPA § 5(a) Notice (Kise, Christopher) (Entered: 05/06/2024) |
| 05/06/2024 | 528 | PAPERLESS ORDER temporarily staying CIPA § 5 and Rule 16 Expert Disclosure Deadlines 439 . Order setting second set of pretrial deadlines/hearings to follow. Signed by Judge Aileen M. Cannon on 5/6/2024. (jf01) (Entered: 05/06/2024) |
| 05/07/2024 | 529 | NOTICE *of Filing Exhibit* by Donald J. Trump re 527 Response/Reply/Answer (Other), (Attachments: # 1 Exhibit) (Kise, Christopher) (Entered: 05/07/2024) |
| 05/07/2024 | 530 | ORDER SETTING SECOND SET OF PRE-TRIAL DEADLINES/HEARINGS. Signed by Judge Aileen M. Cannon on 5/7/2024. *See attached document for full details*. (tci) (Entered: 05/07/2024) |
| 05/07/2024 | 531 | PAPERLESS ORDER: In light of the Court's Order Setting Second Set of Pre-Trial Deadlines/ Hearings 530 , Defendants' Motions to Adjourn CIPA § 5 and Rule 16 Expert Disclosure Deadlines 452 507 are granted in part. Signed by Judge Aileen M. Cannon on 5/7/2024. (jf01) (Entered: 05/07/2024) |
| 05/08/2024 | 532 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Joshua Blackman by Amicus Curiae, Landmark Legal Foundation. Filing Fee $200.00. Receipt # 3471. Responses due by 5/22/2024. (Attachments: # 1 Proposed Order, # 2 Exhibit, # 3 Receipt)(scn) (Entered: 05/08/2024) |
| 05/08/2024 | 533 | PAPERLESS Minute Entry for Sealed Telephonic Status Conference/Hearing held before Judge Aileen M. Cannon on May 8, 2024. The Court heard from the parties on various grand-jury-related matters. Sealed order to follow. Total time in court: 2 hours 5 minutes. Attorney Appearances: David Harbach, Julie Edelstein, Anne McNamara, Michael Thakur, J.P. Cooney, Jack Smith, Todd Blanche, Emil Bove, Lazaro Fields, Stanley Woodward, Sasha Dadan, Larry Donald Murrell, Jr., John S. Irving. Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov.(jf01) (Entered: 05/08/2024) |
| 05/08/2024 | 534 | PAPERLESS ORDER: Finding no basis for continued sealing [*See* ECF No. 472], and in the absence of any objection from the parties during the May 8, 2024, hearing 533 , the Clerk is directed to **UNSEAL** ECF Nos. 117 and 119. Signed by Judge Aileen M. Cannon on 5/8/2024. (jf01) (Entered: 05/08/2024) |
| 05/08/2024 | 535 | NOTICE of Compliance re 534 Order. (DE's 117 and 119 Unsealed) (amb) (Entered: 05/09/2024) |

A055

| 05/09/2024 | 536 | NOTICE of Compliance *of filing 523 Unredacted Motion to Suppress* by Waltine Nauta re 492 Order,,,,,,, 516 MOTION to Suppress Search Warrants filed by Waltine Nauta (Dadan, Sasha) (Entered: 05/09/2024) |
|---|---|---|
| 05/09/2024 | 537 | NOTICE of Compliance *re filing 524 Unredacted Reply ISO Motion to Suppress* by Waltine Nauta re 492 Order,,,,,,, 519 Reply to Response filed by Waltine Nauta, 516 MOTION to Suppress Search Warrants filed by Waltine Nauta (Dadan, Sasha) (Entered: 05/09/2024) |
| 05/09/2024 | | Attorney update in case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Attorney Joshua Blackman for Landmark Legal Foundation added (pt) (Entered: 05/09/2024) |
| 05/09/2024 | 538 | PAPERLESS ORDER granting 532 Motion to Appear *Pro Hac Vice*, Consents to Designation, and Requests to Electronically Receive Notices of Electronic Filing for Attorney Joshua Blackman. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 5/9/2024. (jf01) (Entered: 05/09/2024) |
| 05/09/2024 | 539 | ORDER Following Hearing. Signed by Judge Aileen M. Cannon on 5/9/2024. *See attached document for full details*. (jf01) (Entered: 05/09/2024) |
| 05/09/2024 | | Set/Reset Deadlines/Hearings as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira: (Per Order DE 539 ) Status Report due by 5/20/2024. (drz) (Entered: 05/10/2024) |
| 05/10/2024 | 540 | MOTION for Leave to be Excused from the May 22, 2024 Motions Hearing by Carlos De Oliveira. Responses due by 5/24/2024. (Attachments: # 1 Text of Proposed Order on Motion for Leave to be Excused from the May 22, 2024 Motions Hearing)(Murrell, Larry) (Entered: 05/10/2024) |
| 05/10/2024 | 541 | PAPERLESS ORDER granting Motion for Leave to Be Excused from May 22, 2024 Hearing 540 . Mr. Irving is excused from attending the May 22, 2024 motions hearing. Other counsel for Defendant De Oliveira must be present at the hearing. Signed by Judge Aileen M. Cannon on 5/10/2024. (jf01) (Entered: 05/10/2024) |
| 05/15/2024 | | SYSTEM ENTRY - Docket Entry 542 restricted/sealed until further notice. (amb) (Entered: 05/15/2024) |
| 05/16/2024 | | SYSTEM ENTRY - Docket Entry 543 restricted/sealed until further notice. (pcs) (Entered: 05/16/2024) |
| 05/16/2024 | 544 | PAPERLESS ORDER: The Court is in receipt of the Special Counsel's Sealed Notice 543 , filed on May 16, 2024. To properly consider the remaining sealing and redaction disputes, and to more effectively compare the parties' positions in light of the developments in the parties' proposed requests, the Special Counsel is directed to submit, **on or before 3 p.m. on May 17, 2024,** his own set of red-box proposed redactions to the cited motions and exhibits. Signed by Aileen M. Cannon on 5/16/2024. (jf01) (Entered: 05/16/2024) |
| 05/16/2024 | 545 | NOTICE *of Filing* by Donald J. Trump re 539 Order (Kise, Christopher) (Entered: 05/16/2024) |
| 05/16/2024 | 546 | NOTICE RE ACTIVITY IN THE DISCLOSURE AND TRANSFER PROCEEDING filed by Waltine Nauta. (amb) Modified to Unseal per DE 613 on 6/11/2024 (amb). (Entered: 05/17/2024) |
| 05/17/2024 | | SYSTEM ENTRY - Docket Entry 547 restricted/sealed until further notice. (kpe) (Entered: 05/17/2024) |
| 05/17/2024 | 548 | Unopposed MOTION for Leave to be Excused from the May 22, 2024 Hearing by Donald J. Trump. Responses due by 5/31/2024. (Kise, Christopher) (Entered: 05/17/2024) |
| 05/17/2024 | 549 | NOTICE of Compliance by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 544 Order,, (Thakur, Michael) (Entered: 05/17/2024) |

A056

| 05/17/2024 | 550 | PAPERLESS ORDER granting Defendant Trump's Unopposed Motion for Leave to be Excused from the May 22, 2024 Hearing 548 . Counsel for Defendant Trump must be present. Signed by Judge Aileen M. Cannon on 5/17/2024. (jf01) (Entered: 05/17/2024) |
|---|---|---|
| 05/17/2024 | | SYSTEM ENTRY - Docket Entry 551 restricted/sealed until further notice. (kpe) (Entered: 05/17/2024) |
| 05/17/2024 | 554 | MOTION for Leave to File to Appear as Amicus Curiae and File Amicus Curiae Brief by Jeffrey Emil Groover. Responses due by 5/31/2024. (Attachments: # 1 Brief for Amicus Curiae)(nan) (Entered: 05/20/2024) |
| 05/19/2024 | 552 | ORDER Directing Public Docketing of Outstanding Undocketed Pre-Trial Motions and Resolving Related Motions 348 384 . Signed by Judge Aileen M. Cannon on 5/19/2024. *See attached document for full details*. (jf01) (Entered: 05/19/2024) |
| 05/20/2024 | 553 | PAPERLESS ORDER: On or before 5/20/2024 at 4:00 PM, Defendants shall publicly docket their Reply in Support of Motion to Dismiss Indictment for Insufficient Pleading 352 . Signed by Judge Aileen M. Cannon on 5/20/2024. (jf01) (Entered: 05/20/2024) |
| 05/20/2024 | 555 | PAPERLESS ORDER denying 554 Motion for Leave to Appear as Amicus Curiae. Signed by Judge Aileen M. Cannon on 5/22/2024 (jf01) (Entered: 05/20/2024) |
| 05/20/2024 | 556 | REPLY TO RESPONSE to Motion by Waltine Nauta re 352 MOTION to Dismiss 85 Indictment, (Dadan, Sasha) (Entered: 05/20/2024) |
| 05/20/2024 | 557 | STATUS REPORT *regarding sealed matters* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Thakur, Michael) (Entered: 05/20/2024) |
| 05/21/2024 | 558 | PAPERLESS ORDER: The Court is in receipt of the Joint Status Report Regarding Sealed Filings 557 . Upon review, the Clerk is directed to **UNSEAL** ECF Nos. 45, 48, 139, 140, and 141. On or before May 28, 2024, (1) Defendant Nauta shall publicly file Docket Entry 138 with redactions to names of potential witnesses, ancillary names, and personal identifying information (PII); and (2) the Special Counsel shall publicly file Docket Entry 142 with redactions to witness names, ancillary names, and PII. In docketing these filings, the parties shall clearly indicate in the docket text the corresponding sealed filing. Signed by Judge Aileen M. Cannon on 5/21/2024. (jf01) (Entered: 05/21/2024) |
| 05/21/2024 | | SYSTEM ENTRY - Docket Entry 559 restricted/sealed until further notice. (amb) (Entered: 05/21/2024) |
| 05/21/2024 | | SYSTEM ENTRY - Docket Entry 560 restricted/sealed until further notice. (amb) (Entered: 05/21/2024) |
| 05/21/2024 | 561 | MOTION to Dismiss 85 Indictment, *Based on Prosecutorial Misconduct and Due Process Violations* by Donald J. Trump. Responses due by 6/4/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3-11, # 4 Exhibit 12, # 5 Exhibit 13-15)(Kise, Christopher) (Entered: 05/21/2024) |
| 05/21/2024 | 562 | RESPONSE in Opposition by USA as to Donald J. Trump re 561 MOTION to Dismiss 85 Indictment, *Based on Prosecutorial Misconduct and Due Process Violations* Replies due by 5/28/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Harbach, David) (Entered: 05/21/2024) |
| 05/21/2024 | 563 | REPLY TO RESPONSE to Motion by Donald J. Trump re 561 MOTION to Dismiss 85 Indictment, *Based on Prosecutorial Misconduct and Due Process Violations* (Kise, Christopher) (Entered: 05/21/2024) |
| 05/21/2024 | 564 | NOTICE of Compliance re 558 Order. ( ECF Nos. 45, 48, 139, 140, and 141 Unsealed) (amb) (Entered: 05/21/2024) |
| 05/21/2024 | 565 | SPEEDY TRIAL REPORT *Sixteenth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 05/21/2024) |

| | | |
|---|---|---|
| 05/21/2024 | 566 | MOTION to Suppress Evidence *and*, MOTION to Dismiss 85 Indictment, ( Responses due by 6/4/2024.) by Donald J. Trump. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3-4, # 4 Exhibit 5, # 5 Exhibit 6-9, # 6 Exhibit 10-15, # 7 Exhibit 16, # 8 Exhibit 17, # 9 Exhibit 18, # 10 Exhibit 19-20)(Kise, Christopher) (Entered: 05/21/2024) |
| 05/21/2024 | 567 | RESPONSE in Opposition by USA as to Donald J. Trump re 566 MOTION to Suppress Evidence *and* MOTION to Dismiss 85 Indictment, Replies due by 5/28/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Harbach, David) (Entered: 05/21/2024) |
| 05/21/2024 | 568 | REPLY TO RESPONSE to Motion by Donald J. Trump re 566 MOTION to Suppress Evidence *and* MOTION to Dismiss 85 Indictment, (Kise, Christopher) (Entered: 05/21/2024) |
| 05/21/2024 | 569 | NOTICE *of Filing* by Donald J. Trump re 552 Order on Motion for Miscellaneous Relief, (Kise, Christopher) (Entered: 05/21/2024) |
| 05/21/2024 | | SYSTEM ENTRY - Docket Entry 570 restricted/sealed until further notice. (amb) (Entered: 05/21/2024) |
| 05/21/2024 | | SYSTEM ENTRY - Docket Entry 571 restricted/sealed until further notice. (amb) (Entered: 05/21/2024) |
| 05/21/2024 | 572 | NOTICE of Compliance by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 552 Order on Motion for Miscellaneous Relief, (Thakur, Michael) (Entered: 05/21/2024) |
| 05/22/2024 | 573 | PAPERLESS Minute Entry for Hearing held before Judge Aileen M. Cannon on May 22, 2024. The Court heard argument on (1) Defendant Nauta's Motion to Dismiss for Selective and Vindictive Prosecution 485 ; and (2) Defendants' Motion to Dismiss Indictment for Insufficient Pleading 352 . Motions taken under advisement. On or before May 24, 2024, parties directed to file sealed/unredacted versions of remaining items as discussed for docket completeness, along with any notices of supplemental authority in accordance with the Local Rules. Total time in court: 4 hours 30 minutes. Attorney Appearances: Jay I. Bratt, David Harbach, Anne McNamara, Michael Thakur, Todd Blanche, Christopher Kise, Stanley Woodward, Sasha Dadan, Larry Donald Murrell, Jr. Other Appearances: Defendants Waltine Nauta, Carlos De Oliveira. Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jf01) (Entered: 05/22/2024) |
| 05/22/2024 | 574 | NOTICE *of Filing Exhibit* by Waltine Nauta re 556 Reply to Response (Attachments: # 1 Exhibit A) (Dadan, Sasha) (Entered: 05/22/2024) |
| 05/23/2024 | 575 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 05/23/2024) |
| 05/23/2024 | | SYSTEM ENTRY - Docket Entry 576 restricted/sealed until further notice. (amb) (Entered: 05/23/2024) |
| 05/23/2024 | 577 | NOTICE of Compliance by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Thakur, Michael) (Entered: 05/23/2024) |
| 05/24/2024 | | SYSTEM ENTRY - Docket Entry 578 restricted/sealed until further notice. (scn) (Entered: 05/24/2024) |
| 05/24/2024 | | SYSTEM ENTRY - Docket Entry 579 restricted/sealed until further notice. (scn) (Entered: 05/24/2024) |
| 05/24/2024 | 580 | TRANSCRIPT of Motions as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 5/22/2024 before Judge Aileen M. Cannon, 1-200 pages, Court Reporter: Laura Melton, 772-467-2327 / Laura_Melton@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/14/2024. Redacted Transcript Deadline set for 6/24/2024. Release of Transcript Restriction set for 8/22/2024. (Melton, Laura) (Entered: 05/24/2024) |

A058

| | | |
|---|---|---|
| 05/24/2024 | 581 | MOTION to Modify Conditions of Release by USA as to Donald J. Trump. Responses due by 6/7/2024. (Attachments: # 1 Exhibit Exhibits to Motion)(Bratt, Jay) (Entered: 05/24/2024) |
| 05/24/2024 | 582 | NOTICE of Supplemental Authority re 352 MOTION to Dismiss 85 Indictment, by Waltine Nauta (Dadan, Sasha) (Entered: 05/24/2024) |
| 05/27/2024 | 583 | MOTION to Strike 581 MOTION to Modify Conditions of Release , MOTION for Sanctions by Donald J. Trump. Responses due by 6/10/2024. (Attachments: # 1 Exhibit)(Kise, Christopher) (Entered: 05/27/2024) |
| 05/28/2024 | 584 | PAPERLESS ORDER denying without prejudice for lack of meaningful conferral 581 the Special Counsel's Motion to Modify Conditions of Release. Upon review of the Motion 581 [581-1], Defendant Trump's procedural opposition 583 , and the attached email correspondence between counsel [583-1], the Court finds the Special Counsel's pro forma "conferral" to be wholly lacking in substance and professional courtesy. It should go without saying that meaningful conferral is not a perfunctory exercise. Sufficient time needs to be afforded to permit reasonable evaluation of the requested relief by opposing counsel and to allow for adequate follow-up discussion as necessary about the specific factual and legal basis underlying the motion. This is so even when a party "assume[s]" the opposing party will oppose the proposed motion [583-1], and it applies with additional force when the relief sought -- at issue for the first time in this proceeding and raised in a procedurally distinct manner than in cited cases -- implicates substantive and/or Constitutional questions. Because the filing of the Special Counsel's Motion did not adhere to these basic requirements, it is due to be denied without prejudice. Any future, non-emergency motion brought in this case -- whether on the topic of release conditions or anything else -- shall not be filed absent meaningful, timely, and professional conferral. S.D. Fla. L.R. 88.9, 7.1(a)(3); *see* ECF No. 28 p. 2; ECF No. 82. Moreover, all certificates of conference going forward shall (1) appear in a separate section at the end of the motion, not embedded in editorialized footnotes; (2) specify, in objective terms, the exact timing, method, and substance of the conferral conducted; and (3) include, if requested by opposing counsel, no more than 200 words verbatim from the opposing side on the subject of conferral, again in objective terms. Failure to comply with these requirements may result in sanctions. In light of this Order, the Court determines to deny without prejudice Defendant Trump's Motion to Strike and for Sanctions 583 . Signed by Judge Aileen M. Cannon on 5/28/2024. (jf01) (Entered: 05/28/2024) |
| 05/28/2024 | 585 | Government's Response to Defendant Nauta's Motion to Reference Discovery -- ECF No. 142 Defendant Nauta's by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 05/28/2024) |
| 05/28/2024 | 586 | Unopposed MOTION to Adopt/Join 364 Unopposed MOTION to File Amicus Brief by Edward H. Trent. *by Former Attorney General Michael B. Mukasey* by Citizens United Foundation, Citizens United, Gary Lawson, Steven Calabresi, Edwin Meese, III as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 6/11/2024. (Attachments: # 1 Text of Proposed Order) (Trent, Edward) (Entered: 05/28/2024) |
| 05/29/2024 | 587 | PAPERLESS ORDER granting 586 Former United States Attorney General Michael B. Mukasey's Unopposed Motion for Leave to Join Amicus Brief Filed by Former Attorney General Edwin Meese III, Professors Calabresi and Lawson, Citizens United, and Citizens United Foundation 364 . Signed by Judge Aileen M. Cannon on 5/29/2024. (jf01) (Entered: 05/29/2024) |
| 05/29/2024 | 588 | PAPERLESS ORDER: In anticipation of the June 21, 2024, hearing on Defendant Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith 326 , the Special Counsel and Defendant Trump are directed as follows. On or before June 11, 2024, the parties shall separately file supplemental briefs, not to exceed 15 double-spaced pages (exclusive of title/certificates, etc.), on what impact, if any, the Supreme Court's decision in *Consumer Financial Protection Bureau v. Community Financial Services Association of America, Ltd.*, 601 U.S. 416 (2024), has on Defendant Trump's Appropriations Clause challenge as raised in the Motion 326 . The parties' supplemental briefs also should clarify, in a separate section, what appears to be the position set forth in the parties' submissions--i.e., that no factual development is |

| | | |
|---|---|---|
| | | warranted or necessary to resolve either of the two challenges raised in the Motion, because the extent of the Special Counsel's authority and status is delimited and evaluated by the statutory and regulatory authorities cited in Appointment Order No. 5559-2022 (for purposes of the Appointments Clause challenge), and by that same Appointment Order and the cited Department of Justice Appropriations Act (for purposes of the Appropriations Clause challenge). The Court also authorizes (but does not require) the three already-approved amici <u>364</u> <u>410</u> <u>429</u> on the Motion--and only those amici--to file, by the June 11, 2024, deadline, supplemental briefs limited reasonably to the factual-development question raised above, not to exceed 10 double-spaced pages (exclusive of title/certificates, etc.). Signed by Judge Aileen M. Cannon on 5/29/2024. (jf01) (Entered: 05/29/2024) |
| 05/30/2024 | 589 | Discharged per Order DE#603-PAPERLESS ORDER TO SHOW CAUSE as to Defendant Nauta: By order dated May 21, 2024, Defendant Nauta was required, on or before May 28, 2024, to publicly file Docket Entry 138 with specified redactions 558 . Defendant Nauta has not complied with that Order, and the deadline to do so has passed. Accordingly, on or before **June 3, 2024**, Defendant Nauta shall (1) publicly file Docket Entry 138 in compliance with the Court's prior Order 558 ; and (2) show cause, in writing, why he failed to comply with the Court's instructions by the original deadline of May 28, 2024. Failure to comply with this Order may result in sanctions. Signed by Judge Aileen M. Cannon on 5/30/2024. (jf01) Modified text on 6/4/2024 (drz). (Entered: 05/30/2024) |
| 05/30/2024 | | Set/Reset Deadlines/Hearings as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira: Show Cause Response due by 6/3/2024. (per order de#589) (drz) (Entered: 05/31/2024) |
| 05/31/2024 | <u>590</u> | MOTION for Leave of Professor Seth Barrett Tillman and Landmark Legal Foundation to Participate in Oral Argument as Amici Curiae in Support of Defendant Trump's Motion to Dismiss the Indictment, [ECF No. <u>326</u> ] by Michael A. Sasso. Responses due by 6/14/2024. (nan) (Entered: 05/31/2024) |
| 05/31/2024 | <u>591</u> | STATUS REPORT *Government's Discovery Status Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 05/31/2024) |
| 05/31/2024 | <u>592</u> | MOTION to Modify Conditions of Release by USA as to Donald J. Trump. Responses due by 6/14/2024. (Attachments: # <u>1</u> Exhibit Exhibit 1, # <u>2</u> Exhibit Exhibit 2, # <u>3</u> Exhibit Exhibit 3, # <u>4</u> Exhibit Exhibit 4, # <u>5</u> Exhibit Exhibit 5)(Bratt, Jay) (Entered: 05/31/2024) |
| 05/31/2024 | <u>593</u> | NOTICE *of Defendants' Discovery Status Report* by Waltine Nauta re <u>530</u> Order, Set Hearings, Set/Reset Motion/R&R Deadlines and Hearings, Set Deadlines (Dadan, Sasha) (Entered: 05/31/2024) |
| 06/02/2024 | 594 | PAPERLESS ORDER: On or before June 14, 2024, Defendant Trump shall respond to <u>592</u> the Special Counsel's Motion for Modification of Conditions of Release. Any reply in support of the Motion shall be due on or before June 21, 2024. Signed by Judge Aileen M. Cannon on 6/2/2024. (jf01) (Entered: 06/02/2024) |
| 06/02/2024 | <u>595</u> | NOTICE of Compliance *by Filing of Redacted 138 Motion for Leave to Disclose* by Waltine Nauta re 558 Order,, 589 Order,, (Attachments: # <u>1</u> Exhibit A) (Dadan, Sasha) (Entered: 06/02/2024) |
| 06/03/2024 | | Set/Reset Deadlines/Hearings in case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira <u>592</u> MOTION to Modify Conditions of Release . (per Order DE 594) Responses due by 6/14/2024. Replies due by 6/21/2024. (drz) (Entered: 06/03/2024) |
| 06/03/2024 | <u>596</u> | NOTICE *of Filing 499 sealed grand jury proceedings in response to 481 sealed Motion for Disclosure or for Transfer* by Waltine Nauta re <u>497</u> Notice (Other), <u>539</u> Order (Dadan, Sasha) (Entered: 06/03/2024) |
| 06/03/2024 | <u>597</u> | NOTICE *of Filing Redacted 547 sealed Memorandum Opinion re 481 sealed Motion for Disclosure or Transfer, 499 sealed responses thereto, and <u>546</u> sealed Notice regarding the same* by Waltine Nauta re <u>596</u> Notice (Other), <u>497</u> Notice (Other), <u>539</u> Order (Attachments: # <u>1</u> Exhibit E - Redacted Memorandum Opinion) (Dadan, Sasha) (Entered: 06/03/2024) |

A060

| | | |
|---|---|---|
| 06/03/2024 | 598 | Unopposed MOTION for Leave to Participate in Oral Argument as Amici Curiae in Support of President Trump's Motion to Dismiss [ECF No. 326] *by Former Attorney General Michael B. Mukasey and* by Citizens United Foundation, Citizens United, Gary Lawson, Steven Calabresi, Edwin Meese, III as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 6/17/2024. (Attachments: # 1 Text of Proposed Order)(Trent, Edward) (Entered: 06/03/2024) |
| 06/03/2024 | 599 | PAPERLESS ORDER: The Court is in receipt of Defendant Nauta's Notice of Filing 595 , which attaches the overdue redacted filing 138 but fails to fully comply with the Court's Order to Show Cause 589 . Defendant Nauta is reminded that, on or before **June 3, 2024**, he must "show cause, in writing, why he failed to comply with the Court's instructions by the original deadline of May 28, 2024." Signed by Judge Aileen M. Cannon on 6/3/2024. (jf01) (Entered: 06/03/2024) |
| 06/03/2024 | 600 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 06/03/2024) |
| 06/03/2024 | 601 | MOTION for Leave to Participate in Oral Argument as Amici Curiae in Opposition to Defendant Donald J. Trump's Motion to Dismiss The Indictment by Constitutional Lawyers, Former Government Officials, and State Democracy Defenders Action as to Donald J. Trump. Responses due by 6/17/2024. (Attachments: # 1 Exhibit List of Amici Curiae, # 2 Text of Proposed Order Proposed Order)(Alonso, Cristina) (Entered: 06/03/2024) |
| 06/03/2024 | 602 | NOTICE of Compliance by Waltine Nauta re 599 Order, 558 Order,, 589 Order,, (Dadan, Sasha) (Entered: 06/03/2024) |
| 06/04/2024 | 603 | PAPERLESS ORDER: In light of Defendant Nauta's Response to the Court's Order to Show Cause 602 and his earlier Notice of Compliance 595 , the Court's Order to Show Cause 589 is DISCHARGED. Defendant Nauta is reminded to comply with all Court directives and deadlines. Signed by Judge Aileen M. Cannon on 6/4/2024. (jf01) (Entered: 06/04/2024) |
| 06/04/2024 | 604 | PAPERLESS ORDER granting Motions for Leave to Participate in Oral Argument as Amici Curiae 590 598 601 . The representatives designated in the respective filings (Josh Blackman, Gene C. Schaerr, and Matthew Seligman) will be permitted to appear on behalf of amici curiae and present oral argument at the June 21, 2024, hearing on Defendant Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment of Special Counsel Jack Smith 326 . Approximately 30 minutes reserved for each. Seating to be reserved for representatives presenting argument. Signed by Judge Aileen M. Cannon on 6/4/2024. (jf01) (Entered: 06/04/2024) |
| 06/05/2024 | 605 | ORDER IN ANTICIPATION OF JUNE 2024 HEARINGS Signed by Judge Aileen M. Cannon on 6/5/2024. *See attached document for full details*. (tci) (Entered: 06/05/2024) |
| 06/06/2024 | 606 | MOTION for Leave to Present Oral Arguments by Jessica Nan Berk and Hilda Tobias Kennedy as Amici in Support of Defendant Donald J. Trump's Motion to Dismiss (ECF 326) Pursuant to the Court Order. Responses due by 6/20/2024. (Attachments: # 1 Exhibits, # 2 Proposed Order)(scn) (Entered: 06/07/2024) |
| 06/07/2024 | 607 | PAPERLESS ORDER denying 606 Motion for Leave to Present Oral Arguments. Signed by Judge Aileen M. Cannon on 6/7/2024. (jf01) (Entered: 06/07/2024) |
| 06/10/2024 | 608 | ORDER denying Defendants' Motion to Dismiss Indictment for Pleading Deficiencies and Granting in Part Motion to Strike 352 . Signed by Judge Aileen M. Cannon on 6/10/2024. *See attached document for full details*. (jf01) (Entered: 06/10/2024) |
| 06/10/2024 | 609 | STATUS REPORT by Donald J. Trump (Kise, Christopher) (Entered: 06/10/2024) |
| 06/10/2024 | 610 | MOTION for Extension of Time of the Deadline for Rule 16 Expert Disclosures by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 6/24/2024. (Kise, Christopher) (Entered: 06/10/2024) |

A061

| 06/10/2024 | 611 | Motion / NOTICE *to join and adopt 326 Mot. Dismiss and 414 Reply in support thereof; 364 Motion to File Amicus Brief* by Waltine Nauta re 410 MOTION to File Amicus Brief (Dadan, Sasha) Modified event and text on 6/11/2024 (drz). (Entered: 06/10/2024) |
|---|---|---|
| 06/10/2024 | 612 | MOTION to Dismiss 85 Indictment, *based on Spoliation of Evidence in Violation of Due Process* by Donald J. Trump. Responses due by 6/24/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Kise, Christopher) (Entered: 06/10/2024) |
| 06/11/2024 | 613 | PAPERLESS ORDER: In light of the parties' in camera representation to the Court, the Clerk is directed to **UNSEAL** Sealed Notice of Activity in the Disclosure and Transfer Proceeding 546 . Signed by Judge Aileen M. Cannon on 6/11/2024. (jf01) (Entered: 06/11/2024) |
| 06/11/2024 | 614 | PAPERLESS ORDER granting Defendants' Opposed Motion for Extension of the Deadline for Rule 16 Expert Disclosures 610 . For the reasons stated in the Motion, the Court finds that good cause exists for the extension request and that no prejudice to the Special Counsel or to the proceeding will result from granting the relief sought in the Motion. On or before **July 8, 2024**, Defendants shall file their Rule 16 expert disclosures. **Moving forward, any requests for extension or enlargement must be filed sufficiently in advance of the deadline at issue**. Signed by Judge Aileen M. Cannon on 6/11/2024. (jf01) (Entered: 06/11/2024) |
| 06/11/2024 | 615 | PAPERLESS ORDER granting Motion / Notice to Join and Adopt as to Defendant Nauta 611 . Nothing in this Order shall be construed as a comment on the merits of the applicable Motion 326 or its associated filings. Signed by Judge Aileen M. Cannon on 6/11/2024. (jf01) (Entered: 06/11/2024) |
| 06/11/2024 | 616 | SPEEDY TRIAL REPORT *Seventeenth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 06/11/2024) |
| 06/11/2024 | 617 | MOTION Supplemental Brief in Opposition to Defendant Donald J. Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith re 326 MOTION to Dismiss 85 Indictment, *Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith* by Constitutional Lawyers, Former Government Officials, and State Democracy Defenders Action as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 6/25/2024. (Attachments: # 1 Exhibit List of Amici Curiae)(Alonso, Cristina) (Entered: 06/11/2024) |
| 06/11/2024 | 618 | MOTION Supplemental Brief of Amici Curiae in Support of Defendant Trump's Motion to Dismiss re 326 MOTION to Dismiss 85 Indictment, *Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith*, 588 Order,,,,,, by Michael B. Mukasey, Citizens United Foundation, Citizens United, Gary Lawson, Steven Calabresi, Edwin Meese, III as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Attorney Edward H. Trent added to party Michael B. Mukasey(pty:ip). Responses due by 6/25/2024. (Trent, Edward) (Entered: 06/11/2024) |
| 06/11/2024 | 619 | Response *providing Supplemental Submission in Further Support of Motion to Dismiss Under the Appropriations Clause* by Donald J. Trump to 588 Order,,,,,, (Kise, Christopher) (Entered: 06/11/2024) |
| 06/11/2024 | 620 | Government's Supplemental Brief Addressing the Supreme Court's Decision in Consumer Financial Protection Bureau v. Community Financial Services of America, Ltd. by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 06/11/2024) |
| 06/13/2024 | 621 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Stamped Half Sheet) (Edelstein, Julie) (Entered: 06/13/2024) |
| 06/14/2024 | 622 | Memorandum in Opposition by Donald J. Trump re 592 MOTION to Modify Conditions of Release Replies due by 6/21/2024. (Kise, Christopher) (Entered: 06/14/2024) |

A062

| | | |
|---|---|---|
| 06/16/2024 | 623 | MOTION to File Amicus Brief by Henry Whitaker. by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 7/1/2024. (Attachments: # 1 Amicus brief, # 2 Proposed order to permit filing of amicus brief)(Whitaker, Henry) (Entered: 06/16/2024) |
| 06/17/2024 | 624 | PAPERLESS ORDER denying 623 Motion for Leave to File Brief as Amicus Curiae in Opposition to Special Counsel's Motion to Modify Conditions of Release 592 . Signed by Judge Aileen M. Cannon on 6/17/2024. (jf01) (Entered: 06/17/2024) |
| 06/17/2024 | 625 | NOTICE of Filing by Donald J. Trump re 530 Order, Set Hearings, Set/Reset Motion/R&R Deadlines and Hearings, Set Deadlines (Attachments: # 1 Exhibit) (Kise, Christopher) (Entered: 06/17/2024) |
| 06/17/2024 | 626 | MOTION for Leave to Submit Filings via ECF Portal on behalf of Amici Curiae Professor Seth Barrett Tillman and Landmark Legal Foundation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 7/1/2024. (scn) (Entered: 06/18/2024) |
| 06/19/2024 | 627 | Consent MOTION for Leave to File Excess Pages by USA as to Donald J. Trump. Responses due by 7/3/2024. (Bratt, Jay) (Entered: 06/19/2024) |
| 06/20/2024 | 628 | PAPERLESS ORDER granting Special Counsel's Unopposed Motion for Additional Pages 627 . Signed by Judge Aileen M. Cannon on 6/20/2024. (jf01) (Entered: 06/20/2024) |
| 06/20/2024 | 629 | PAPERLESS ORDER denying 626 Motion for Leave to Submit Electronic Filings, filed on behalf of Amici Curiae Professor Seth Barrett Tillman and Landmark Legal Foundation. Signed by Judge Aileen M. Cannon on 6/20/2024. (jf01) (Entered: 06/20/2024) |
| 06/20/2024 | 630 | MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT TRUMP'S MOTION TO DISMISS THE INDICTMENT DE 326 by Landmark Legal Foundation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 7/8/2024. (ebz) (Entered: 06/20/2024) |
| 06/20/2024 | 631 | NOTICE of Compliance of Filing of CIPA Section 5(a) Notice by Waltine Nauta as to Waltine Nauta, Carlos De Oliveira re 530 Order, Set Hearings, Set/Reset Motion/R&R Deadlines and Hearings, Set Deadlines (Attachments: # 1 Exhibit Classified Cover Sheet) (Dadan, Sasha) (Entered: 06/20/2024) |
| 06/20/2024 | 632 | NOTICE of filing sealed ex parte Order Granting Relief Sought in Special Counsel's Fourth Classified Supplement to CIPA § 4 Motions. Signed by Judge Aileen M. Cannon on 6/20/2024. *See attached document for full details.* (jf01) (Entered: 06/20/2024) |
| 06/20/2024 | 633 | Unopposed MOTION to File Amicus Brief *and Incorporated Memorandum of Law* by Samuel J. Salario, Jr.. by America First Legal Foundation as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 7/8/2024. (Attachments: # 1 Exhibit A - Amicus Curiae America First Legal's Brief in Support of Defendant Donald J. Trump's Opposition to the Government's Motion for Modification of Conditions of Release)(Salario, Samuel) (Entered: 06/20/2024) |
| 06/20/2024 | 645 | Brief In Support of Good Lawgic, LLC's Motion Seeking Leave to Appear Pro Hac Vice and to File Amicus Curiae Brief by Good Lawgic, LLC's. Responses due by 7/8/2024. (kpe) (Entered: 06/25/2024) |
| 06/21/2024 | 634 | Supplemental RESPONSE to Standing Discovery Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Edelstein, Julie) (Entered: 06/21/2024) |
| 06/21/2024 | 635 | PAPERLESS Minute Entry for Hearing held before Judge Aileen M. Cannon on June 21, 2024. The Court heard argument from the parties on Defendant Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment of Special Counsel Jack Smith 326 . The Court also heard argument from three groups of non-party amici curiae authorized to appear via prior order 604 . On or before **June 24, 2024,** Defendant Trump and the Special Counsel each may file a separate notice of supplemental authority, **not to exceed five double-spaced pages,** with any discrete citations to statutory or decisional authority. The notice(s) shall be prepared in list/bullet form with citations only, and without advocacy, although appropriate headings are permitted for |

| | | |
|---|---|---|
| | | organizational purposes. No further filings from amici will be accepted. Total time in court: 4 hours. Attorney Appearances: James Pearce, Jay I. Bratt, David Harbach, Todd Blanche, Emil Bove, Christopher Kise, Stanley Woodward, Sasha Dadan, Larry Donald Murrell, Jr., John S. Irving. Other Appearances: Matthew Seligman, Josh Blackman, Gene C. Schaerr (counsel for amici). Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jf01) (Entered: 06/21/2024) |
| 06/21/2024 | 636 | NOTICE OF ATTORNEY APPEARANCE: Kendra Leigh Wharton appearing for Donald J. Trump . Attorney Kendra Leigh Wharton added to party Donald J. Trump(pty:dft). (Wharton, Kendra) (Entered: 06/21/2024) |
| 06/21/2024 | 637 | PAPERLESS ORDER denying Motion for Leave to File Notice of Supplemental Authority in Support of Defendant Trump's Motion to Dismiss the Indictment 630 , filed on behalf of Amici Curiae Professor Seth Barrett Tillman and Landmark Legal Foundation. Signed by Judge Aileen M. Cannon on 6/21/2024. (jf01) (Entered: 06/21/2024) |
| 06/21/2024 | 638 | REPLY TO RESPONSE to Motion by USA as to Donald J. Trump re 592 MOTION to Modify Conditions of Release (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5) (Bratt, Jay) (Entered: 06/21/2024) |
| 06/22/2024 | 639 | PAPERLESS ORDER denying 633 America First Legal's Unopposed Motion for Leave to Participate as Amicus Curiae in Opposition to Special Counsel's Motion for Modification of Conditions of Release 592 . Signed by Judge Aileen M. Cannon on 6/22/2024. (jf01) (Entered: 06/22/2024) |
| 06/23/2024 | 640 | NOTICE *Government's Supplemental Notice of Authority in Support of Its Opposition to Donald J. Trump's Motion to Dismiss Based on the Appointment and Funding of the Special Counsel* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5) (Bratt, Jay) (Entered: 06/23/2024) |
| 06/24/2024 | 641 | PAPERLESS ORDER: In accordance with the Court's prior Order 605 , the hearing scheduled for June 25, 2024, related to Defendant Trump's "Motion for Relief Relating to the Mar-a-Lago Raid and Unlawful Piercing of the Attorney-Client Privilege" 566 will commence in sealed session at 11:00 AM to protect materials as to which grand jury secrecy applies and/or as to which Defendant Trump asserts attorney-client privilege and/or work product protection. The hearing will resume in public fashion at approximately 1:00 PM or as soon as otherwise practicable. Signed by Judge Aileen M. Cannon on 6/24/2024. (jf01) (Entered: 06/24/2024) |
| 06/24/2024 | 642 | ADDITIONAL HEARING EXHIBITS (GX1 and GX2) Admitted in Support of Motion to Modify Conditions of Release 592 . (Entered: 06/24/2024) |
| 06/24/2024 | 643 | PAPERLESS ORDER and MINUTE ENTRY for Hearings held before Judge Aileen M. Cannon on June 24, 2024. The Court heard argument on (1) Defendant Trump's Motion to Dismiss the Indictment Based on the Unlawful Funding of Special Counsel Jack Smith 326 and (2) the Special Counsel's Motion for Modification of Conditions of Release 592 . Special Counsel admitted exhibits without objection 642 . Consistent with the instructions provided in open court, the evidentiary record on this Motion will be open until June 26, 2024, for the parties to file any additional evidentiary attachments/exhibits in support of, or in opposition to, the Motion 592 . Any attachments/exhibits shall be docketed as a "Notice of Filing" (separated by exhibits) and limited to specific evidentiary submissions only. No additional briefing will be permitted. Total time in court: 4 hours. Attorney Appearances: James Pearce, Jay I. Bratt, David Harbach, Todd Blanche, Emil Bove, Lazaro Fields, Kendra Wharton, Stanley Woodward, Sasha Dadan, Larry Donald Murrell, Jr., John S. Irving. Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jf01) (Entered: 06/24/2024) |
| 06/24/2024 | 644 | Memorandum in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 612 MOTION to Dismiss 85 Indictment, *based on Spoliation of Evidence in Violation of Due Process* Replies due by 7/1/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 |

| | | |
|---|---|---|
| | | Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17) (Bratt, Jay) (Entered: 06/24/2024) |
| 06/25/2024 | 646 | PAPERLESS ORDER denying 645 Motion Seeking Leave to Appear Pro Hac Vice and to File Amicus Curiae Brief in Opposition to Special Counsel's Motion to Modify Conditions of Release 592 . Signed by Judge Aileen M. Cannon on 6/25/2024. (jf01) (Entered: 06/25/2024) |
| 06/26/2024 | 647 | TRANSCRIPT of Motions as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 6/21/2024 before Judge Aileen M. Cannon, 1-197 pages, Court Reporter: Laura Melton, 772-467-2327 / Laura_Melton@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/17/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/24/2024. (Melton, Laura) (Entered: 06/26/2024) |
| 06/26/2024 | 648 | TRANSCRIPT of Motions - morning session as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 6/24/2024 before Judge Aileen M. Cannon, 1-90 pages, Court Reporter: Laura Melton, 772-467-2327 / Laura_Melton@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/17/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/24/2024. (Melton, Laura) (Entered: 06/26/2024) |
| 06/26/2024 | 649 | TRANSCRIPT of Motions - afternoon session as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 6/24/2024 before Judge Aileen M. Cannon, 1-77 pages, Court Reporter: Laura Melton, 772-467-2327 / Laura_Melton@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/17/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/24/2024. (Melton, Laura) (Entered: 06/26/2024) |
| 06/26/2024 | 650 | TRANSCRIPT of Motions - afternoon session as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira held on 6/25/2024 before Judge Aileen M. Cannon, 1-81 pages, Court Reporter: Laura Melton, 772-467-2327 / Laura_Melton@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/17/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/24/2024. (Melton, Laura) (Entered: 06/26/2024) |
| 06/26/2024 | 651 | NOTICE *of Filing in Opposition to Motion 592* by Donald J. Trump (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11) (Wharton, Kendra) (Entered: 06/26/2024) |
| 06/26/2024 | 652 | NOTICE *of Filing* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 638 Reply to Response, 592 MOTION to Modify Conditions of Release (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11) (Harbach, David) (Entered: 06/26/2024) |
| 06/27/2024 | | SYSTEM ENTRY - Docket Entry 653 restricted/sealed until further notice. (amb) (Entered: 06/27/2024) |
| 06/27/2024 | 654 | Government's Opposition to Request for Response by USA as to Donald J. Trump (Bratt, Jay) (Entered: 06/27/2024) |
| 06/27/2024 | 655 | ORDER Denying Motion for Franks Hearing and Reserving Ruling on Balance of Motion Pending Necessary Factual Development 566 . Signed by Judge Aileen M. Cannon on 6/27/2024. *See attached document for full details*. (jf01) (Entered: 06/27/2024) |

| 06/27/2024 | 656 | PAPERLESS MINUTE ENTRY for Hearing held before Judge Aileen M. Cannon on June 25, 2024. The Court heard argument on Defendant Trump's "Motion for Relief Related to Mar-A-Lago Raid and Unlawful Piercing of Attorney-Client Privilege" 566 . Morning session conducted under seal to protect materials as to which grand jury secrecy applies and/or as to which Defendant Trump asserts attorney-client privilege or work product protection. Afternoon session reopened to the public. Total time in court: 4 hours. Attorney Appearances: Jay I. Bratt, David Harbach, John M. Pellettieri, Michael Thakur, Todd Blanche, Emil Bove, Lazaro Fields, Kendra Wharton, Stanley Woodward, Sasha Dadan, Larry Donald Murrell, Jr., John S. Irving. Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jf01) (Entered: 06/27/2024) |
|---|---|---|
| 06/27/2024 | 657 | PAPERLESS ORDER: In light of the extensive, newly submitted materials filed by the Special Counsel and Defendant Trump in support of and/or in opposition to the Special Counsel's Motion to Modify Conditions of Release 592 , the Court will permit the parties to file one final supplemental brief in response to those newly submitted materials, not to exceed 10 double-spaced pages, on or before **July 5, 2024**. The Court takes note of the additional court orders included in composite exhibit 11 to the Special Counsel's recently filed Notice 652 . Consistent with the Court's statements during the July 25, 2024, afternoon hearing 649 , the Court will consider such orders as cited legal authority on the Motion, not as part of the developed evidentiary record in this proceeding, and not for the factual findings set forth in those separate proceedings. The evidentiary record on the Motion is closed. Absent leave of Court, no further exhibits shall be attached to the authorized final supplemental briefs. Signed by Judge Aileen M. Cannon on 6/27/2024. (jf01) (Entered: 06/27/2024) |
| 06/28/2024 | | SYSTEM ENTRY - Docket Entry 658 restricted/sealed until further notice. (amb) (Entered: 06/28/2024) |
| 06/28/2024 | 659 | Consent MOTION for Extension of Time to File Supplemental Expert Disclosures by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 7/12/2024. (Bratt, Jay) (Entered: 06/28/2024) |
| 07/01/2024 | 660 | PAPERLESS ORDER granting Consent Motion for Extension of Time to File Rule 16 Expert Disclosures 659 . **On or before July 30, 2024,** the Special Counsel shall file supplemental expert disclosures. Signed by Judge Aileen M. Cannon on 7/1/2024. (jf01) (Entered: 07/01/2024) |
| 07/01/2024 | 661 | REPLY TO RESPONSE to Motion by Donald J. Trump re 612 MOTION to Dismiss 85 Indictment, *based on Spoliation of Evidence in Violation of Due Process* (Wharton, Kendra) (Entered: 07/01/2024) |
| 07/02/2024 | 662 | SPEEDY TRIAL REPORT *Eighteenth Speedy Trial Report* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Bratt, Jay) (Entered: 07/02/2024) |
| 07/05/2024 | 663 | NOTICE of Supplemental Authority re 326 MOTION to Dismiss 85 Indictment, *Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith*, 324 MOTION to Dismiss 85 Indictment, *Based On Presidential Immunity* by Donald J. Trump (Wharton, Kendra) (Entered: 07/05/2024) |
| 07/05/2024 | 664 | MOTION for Leave to File *Supplemental Briefing re the Implications of Trump v. United States re 324 MOTION to Dismiss 85 Indictment, Based On Presidential Immunity*, MOTION to Stay *Further Proceedings until 324 MOTION to Dismiss 85 Indictment, Based On Presidential Immunity, and 326 MOTION to Dismiss 85 Indictment, Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith, are Resolved* by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 7/19/2024. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Wharton, Kendra) (Entered: 07/05/2024) |
| 07/05/2024 | 665 | Response *Government's Supplemental Brief re Motion to Modify Conditions of Relief* by USA as to Donald J. Trump (Bratt, Jay) (Entered: 07/05/2024) |
| 07/05/2024 | 666 | Response *In Opposition to 652 NOTICE of Filing by USA as to 592 MOTION to Modify Conditions of Release* by Donald J. Trump to 652 Notice (Other), (Wharton, Kendra) (Entered: |

| | | |
|---|---|---|
| | | 07/05/2024) |
| 07/05/2024 | 667 | Consent MOTION for Leave to File Excess Pages by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 7/19/2024. (Bratt, Jay) (Entered: 07/05/2024) |
| 07/05/2024 | 668 | PAPERLESS ORDER granting 667 Special Counsel's Unopposed Motion for Leave to File Overlength CIPA Submission. Signed by Judge Aileen M. Cannon on 7/5/2024. (AMC) (Entered: 07/05/2024) |
| 07/06/2024 | 669 | PAPERLESS ORDER temporarily granting in part and reserving ruling in part on Defendant Trump's Motion for Supplemental Briefing on Presidential Immunity and a Partial Stay 664 . In order to allow for full briefing on the Motion, and consistent with the Special Counsel's request for the standard response period, the Court stays the following impending deadlines: Defendants' Rule 16 expert disclosures, currently due July 8, 2024; Defendants' reciprocal discovery, currently due July 10, 2024; and Special Counsel's CIPA §§ 5-6 submission, currently due July 10, 2024, although the Special Counsel may proceed with filing should it so elect. On or before July 18, 2024, the Special Counsel shall respond to Defendant Trump's Motion to Stay and Request for Supplemental Briefing on Presidential Immunity. Any reply is due July 21, 2024. The Court reserves ruling on the request for additional briefing pending receipt of the Special Counsel's response and Defendants' reply. No other deadlines are impacted by this Order. Signed by Judge Aileen M. Cannon on 7/6/2024. (jf01) (Entered: 07/06/2024) |
| 07/06/2024 | 670 | ORDER denying 485 Defendant Nauta's Motion to Dismiss Superseding Indictment for Selective and Vindictive Prosecution. Signed by Judge Aileen M. Cannon on 7/6/2024. *See attached document for full details*. (jf01) (Entered: 07/06/2024) |
| 07/12/2024 | 671 | NOTICE of Supplemental Authority *in Response* re 663 Notice of Supplemental Authority, by USA as to Donald J. Trump (Harbach, David) (Entered: 07/12/2024) |
| 07/15/2024 | 672 | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SUPERSEDING INDICTMENT BASED ON APPOINTMENTS CLAUSE VIOLATION. Signed by Judge Aileen M. Cannon on 7/15/2024. *See attached document for full details*. (jf01) (Entered: 07/15/2024) |
| 07/17/2024 | 673 | NOTICE OF APPEAL re DE 672 Order by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira Filing fee $ 605.00. USA/FPD Filer - No Filing Fee Required. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (Bratt, Jay) Modified text on 7/18/2024 to create docket entry relationship (apz). (Entered: 07/17/2024) |
| 07/18/2024 | | Transmission of Notice of Appeal, Order under appeal, and Docket Sheet as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira to US Court of Appeals re 673 Notice of Appeal - Final Judgment, Notice has been electronically mailed. (apz) (Entered: 07/18/2024) |
| 07/18/2024 | 674 | Acknowledgment of Receipt of NOA from USCA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 673 Notice of Appeal - Final Judgment, date received by USCA: 7/18/2024. USCA Case Number: 24-12311-J. (apz) (Entered: 07/18/2024) |
| 07/24/2024 | 675 | TRANSCRIPT ORDER FORM as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 673 Notice of Appeal - Final Judgment,, filed by USA. No Transcript Requested. (Pearce, James) (Entered: 07/24/2024) |
| 11/04/2024 | 676 | Pursuant to 11th Cir. R. 11-2 and 11th Cir. R. 11-3, the Clerk of the District Court for the Southern District of Florida certifies that the record is complete for purposes of this appeal re: 673 Notice of Appeal - Final Judgment, Appeal No. 24-12311-SS. The entire record on appeal is available electronically. (apz) (Entered: 11/04/2024) |
| 11/26/2024 | 677 | ORDER of DISMISSAL from USCA (certified copy). Appellant's motion to dismiss the appeal as to Donald J. Trump only is GRANTED re 673 Notice of Appeal - Final Judgment. USCA |

A067

| | | |
|---|---|---|
| | | 24-12311-SS (jgo) (Entered: 11/26/2024) |
| 01/06/2025 | 678 | NOTICE OF ATTORNEY APPEARANCE: Richard Carroll Klugh, Jr appearing for Waltine Nauta *as co-counsel*. Attorney Richard Carroll Klugh, Jr added to party Waltine Nauta(pty:dft). (Klugh, Richard) (Entered: 01/06/2025) |
| 01/06/2025 | 679 | Joint EMERGENCY MOTION with Certification of Emergency included by Waltine Nauta. Responses due by 1/21/2025. (Klugh, Richard) (Entered: 01/06/2025) |
| 01/07/2025 | 680 | NOTICE by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 679 Joint EMERGENCY MOTION with Certification of Emergency included (Pearce, James) (Entered: 01/07/2025) |
| 01/07/2025 | 681 | MOTION to Intervene or, Alternatively, to Participate as Amicus Curiae by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 1/21/2025. (Wharton, Kendra) (Entered: 01/07/2025) |
| 01/07/2025 | 682 | ORDER. Signed by Judge Aileen M. Cannon on 1/7/2025. *See attached document for full details*. (tci) (Entered: 01/07/2025) |
| 01/07/2025 | 683 | NOTICE OF ATTORNEY APPEARANCE Elizabeth Jane Shapiro appearing for USA. . Attorney Elizabeth Jane Shapiro added to party USA(pty:pla). (Shapiro, Elizabeth) (Entered: 01/07/2025) |
| 01/07/2025 | 684 | Second NOTICE *in Response to Emergency Motion* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Shapiro, Elizabeth) (Entered: 01/07/2025) |
| 01/09/2025 | 685 | NOTICE *of Filing* by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit A) (Wharton, Kendra) (Entered: 01/09/2025) |
| 01/09/2025 | 686 | NOTICE OF APPEAL by USA as to Waltine Nauta, Carlos De Oliveira Re: 682 Order. Filing fee $ 605.00. USA/FPD Filer - No Filing Fee Required. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (Shapiro, Elizabeth) Modified text on 1/13/2025 (apz). (Entered: 01/09/2025) |
| 01/10/2025 | 687 | Counter NOTICE by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 685 Notice (Other) (Shapiro, Elizabeth) (Entered: 01/10/2025) |
| 01/10/2025 | 688 | Corrected NOTICE by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 685 Notice (Other) (Shapiro, Elizabeth) (Entered: 01/10/2025) |
| 01/10/2025 | | Transmission of Notice of Appeal, Order under appeal, and Docket Sheet as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira to US Court of Appeals re 686 Notice of Appeal - Other Order, Notice has been electronically mailed. (apz) (Entered: 01/10/2025) |
| 01/10/2025 | 689 | Defendant's MOTION to Stay *Defendants' joint motion for further stay as to pending motion for injunctive relief* by Waltine Nauta. Responses due by 1/24/2025. (Klugh, Richard) (Entered: 01/10/2025) |
| 01/10/2025 | 695 | Acknowledgment of Receipt of NOA from USCA as to Waltine Nauta and Carlos De Oliveira re 686 Notice of Appeal - Other Order, date received by USCA: 1/10/2025. USCA Case Number: 25-10076-G. (apz) (Entered: 01/13/2025) |
| 01/11/2025 | 690 | Response/Memorandum in Opposition *to Defendants' Motion for Further Stay* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Shapiro, Elizabeth) (Entered: 01/11/2025) |
| 01/11/2025 | 691 | PAPERLESS ORDER as to Waltine Nauta, Carlos De Oliveira. On or before 10 a.m. on January 12, 2025, the United States shall file a supplement to its Opposition to Defendants' Joint Motion for Further Stay in Light of Ongoing Appellate Proceedings 690 . The supplement shall indicate whether Volume One of the Final Report directly or indirectly refers, relies, or bears in any respect |

A068

| | | |
|---|---|---|
| | | upon any evidence or argument relevant to any of the charges alleged against Defendants Nauta and De Oliveira in this case. If Volume One contains any of the foregoing, understood liberally, the United States shall so indicate in its public Notice and thereafter file a corresponding sealed, non-ex parte supplement with particularized details, by the same deadline. The Court understands the United States' representation that Volume One does not "mention Defendants Nauta and De Oliveira or their conduct at issue in this case" [690-2 p. 22]. The Court is also aware of Defendants' belief that Volume One "bears on this pending criminal case" [689 p. 2 n.1]. The following motions remain pending in this Court and have not been ruled upon: Joint Emergency Motion as to Defendants Nauta and De Oliveira 679 ; Motion to Intervene and/or Participate as Amicus Curiae by President-Elect Donald J. Trump 681 ; and Defendants' Joint Motion for Further Stay as to Pending Motion for Injunctive Relief 689 . Signed by Judge Aileen M. Cannon on 1/11/2025. (AMC) (Entered: 01/11/2025) |
| 01/12/2025 | 692 | Response *to Court Order* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Shapiro, Elizabeth) (Entered: 01/12/2025) |
| 01/12/2025 | | SYSTEM ENTRY - Docket Entry 693 restricted/sealed until further notice. (yar) (Entered: 01/12/2025) |
| 01/12/2025 | 694 | Defendant's REPLY in Support of Motion by Waltine Nauta re 689 Defendant's MOTION to Stay *Defendants' joint motion for further stay as to pending motion for injunctive relief*. (Klugh, Richard) (Entered: 01/12/2025) |
| 01/13/2025 | 696 | MOTION OF JEFFREY B. CLARK FOR LEAVE TO FILE BRIEF AS AMICUS CURIE. Responses due by 1/27/2025. (Attachments: # 1 Exhibit - Brief of Amicus Curiae Jeffrey B. Clark, # 2 Exhibit - Exhibit #1)(yar) (Entered: 01/13/2025) |
| 01/13/2025 | 697 | ORDER DENYING EMERGENCY MOTION AS TO VOLUME I OF SPECIAL COUNSEL'S REPORT; RESERVING RULING ON VOLUME II; SETTING HEARING ON UNITED STATES' REQUEST TO RELEASE VOLUME II; AND TEMPORARILY ENJOINING RELEASE OF VOLUME II PENDING RESOLUTION OF EMERGENCY MOTION AS TO VOLUME II. Signed by Judge Aileen M. Cannon on 1/13/2025. *See attached document for full details*. (tci) (Entered: 01/13/2025) |
| 01/13/2025 | 698 | NOTICE OF HEARING ON MOTION in case re 679 Defendant's Joint Emergency Motion per 697 Order Reserving Ruling on Volume II and Setting Hearing and Briefing. Motion hearing set for **1/17/2025 at 2:00 PM** in the Fort Pierce Division before Judge Aileen M. Cannon.(tci) (Entered: 01/13/2025) |
| 01/13/2025 | 699 | NOTICE by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Shapiro, Elizabeth) (Entered: 01/13/2025) |
| 01/13/2025 | 700 | SUPPLEMENT to 681 MOTION to Intervene or, Alternatively, to Participate as Amicus Curiae filed by Donald J. Trump by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira *(Emergency Ruling Requested)* (Singer, Gregory) (Entered: 01/13/2025) |
| 01/13/2025 | 701 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 681 MOTION to Intervene or, Alternatively, to Participate as Amicus Curiae *Response to Supplement* Replies due by 1/21/2025. (Shapiro, Elizabeth) (Entered: 01/13/2025) |
| 01/13/2025 | 702 | PAPERLESS ORDER denying President-Elect Trump's Motion to Intervene as to Volume I of Special Counsel's Final Report 681 and Emergency Supplement 700 . The Court has reviewed the Motion and the Emergency Supplement 700 . Consistent with the Court's Order Denying in Part the Emergency Motion filed by Defendants Nauta and De Oliveira as to Volume I 697 , and in light of the United States' clarifications affirming the severability of Volumes I and II 692 , the Motion to Intervene is denied as to Volume I and reserved on the balance of the Motion, including the alternative request for amicus participation as to Volume II. As indicated 697 , the Order Granting Defendants' Motion to Dismiss the Superseding Indictment is confined to this proceeding 672 , as is this Court's authority to enforce its own orders in this proceeding. The Court is therefore constrained to deny the present request for emergency relief, expressing no opinion on the merits |

| | | |
|---|---|---|
| | | of the arguments in the Motion to Intervene as to Volume I or on the United States' asserted urgency in releasing Volume I. Signed by Judge Aileen M. Cannon on 1/13/2025. (AMC) (Entered: 01/13/2025) |
| 01/14/2025 | 703 | Response *to Defendants' Emergency Motion* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Shapiro, Elizabeth) (Entered: 01/14/2025) |
| 01/15/2025 | 704 | PAPERLESS ORDER denying as moot Defendants' 689 Motion to Extend Temporary Injunction Granted in January 7, 2025 Order 682 . Signed by Judge Aileen M. Cannon on 1/15/2025. (tci) (Entered: 01/15/2025) |
| 01/15/2025 | 705 | PAPERLESS ORDER in anticipation of January 17, 2025, hearing 697 . Parties and prospective intervenor President-Elect Trump are advised as follows. First, the Court is prepared to hear argument on President-Elect Trump's Motion to Intervene as to Volume II 681 . Accordingly, on or before January 16, 2025, counsel for President-Elect Trump shall file a notice advising of his intent to present argument as to Volume II only, and if argument is requested, specifying the name of counsel designated to present argument during the hearing. Second, to facilitate the Court's review of Defendants' Joint Emergency Motion as narrowed by the Court's Order 679 697 , the United States is directed, on or before 2 p.m. on January 16, 2025, to hand deliver a copy of Volume II to the Court to be reviewed in camera. Counsel shall contact chambers via email for the limited purpose of arranging delivery and shall communicate promptly with the Classified Information Security Officer in this matter to the extent Volume II contains classified information. Further, counsel for the United States shall provide a reasonable opportunity for Defendants' counsel to further review Volume II prior to the hearing, if that opportunity is requested by Defendants' counsel. This hearing is a public hearing, but any discussions of specified content in Volume II will be conducted in closed, sealed session to preserve Defendants' fair trial rights and to fully respect protective orders previously entered in this case. Signed by Judge Aileen M. Cannon on 1/15/2025. (AMC) (Entered: 01/15/2025) |
| 01/15/2025 | 706 | PAPERLESS ORDER denying as moot and/or alternatively denying 696 Motion of Jeffrey B. Clark for Leave to File as Amicus Curiae. Signed by Judge Aileen M. Cannon on 1/15/2025. (AMC) (Entered: 01/15/2025) |
| 01/15/2025 | 707 | NOTICE *Regarding January 17, 2025, Hearing* by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 705 Order,,,,,, (Singer, Gregory) (Entered: 01/15/2025) |
| 01/15/2025 | 709 | ORDER of DISMISSAL from USCA. The district court's January 7, 2025, order on appeal in no. 25-10076 temporarily enjoined Appellant. Because the order has expired, no. 25-10076 is DISMISSED AS MOOT as to Waltine Nauta, Carlos De Oliveira re 686 Notice of Appeal - Other Order. USCA #25-10076-U. (apz) (Entered: 01/16/2025) |
| 01/16/2025 | 708 | NOTICE of Compliance by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 705 Order,,,,,, (Shapiro, Elizabeth) (Entered: 01/16/2025) |
| 01/16/2025 | 710 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 681 MOTION to Intervene or, Alternatively, to Participate as Amicus Curiae Replies due by 1/23/2025. (Shapiro, Elizabeth) (Entered: 01/16/2025) |
| 01/16/2025 | 711 | REPLY in Support of Motion by Donald J. Trump as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 681 MOTION to Intervene or, Alternatively, to Participate as Amicus Curiae . (Singer, Gregory) (Entered: 01/16/2025) |
| 01/16/2025 | 712 | Defendant's REPLY in Support of Motion by Waltine Nauta re 679 Joint EMERGENCY MOTION with Certification of Emergency included . *Joint Reply by Defendants Waltine Nauta and Carlos De Oliveira* (Klugh, Richard) (Entered: 01/16/2025) |
| 01/20/2025 | 713 | PAPERLESS MINUTE ENTRY for Hearing held before Judge Aileen M. Cannon on January 17, 2025. The Court heard argument on Defendants' Emergency Motion to Preclude Release of Volume II of Special Counsel's Report 679 , as well as President-Elect Trump's Motion to Intervene or Alternative Request to Participate as Amicus 681 . The hearing was held publicly |

A070

| | | |
|---|---|---|
| | | except for a brief session to discuss specified contents of Volume II with designated counsel. Motions taken under advisement for expedited consideration. Total time in court: 2 hours. Attorney Appearances for the Government: Elizabeth J. Shapiro, Brian M. Boynton, Markenzy Lapointe. Attorney Appearances for Defendants: Stanley Woodward, Richard C. Klugh, Larry Donald Murrell Jr., John S. Irving. Attorney Appearances for prospective-intervenor President-Elect Trump: John Lauro, Gregory M. Singer. Court Reporter: Laura Melton, Laura_Melton@flsd.uscourts.gov. (jco) (Entered: 01/20/2025) |
| 01/21/2025 | 714 | ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO PRECLUDE RELEASE OF VOLUME II OF SPECIAL COUNSEL'S REPORT AND DENYING WITHOUT PREJUDICE MOTION TO INTERVENE AS TO VOLUME II. Signed by Judge Aileen M. Cannon on 1/21/2025. *See attached document for full details*. (tci) (Entered: 01/21/2025) |
| 01/31/2025 | 715 | NOTICE *of Withdrawal as Attorney* by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Shapiro, Elizabeth) (Entered: 01/31/2025) |
| 02/11/2025 | 716 | ORDER of DISMISSAL from USCA (certified copy). Appellant's "Unopposed Motion to Dismiss Appeal" is GRANTED. This appeal is DISMISSED as to Waltine Nauta, Carlos De Oliveira re 673 Notice of Appeal - Final Judgment. USCA #24-12311-SS. (apz) (Entered: 02/11/2025) |
| 02/14/2025 | 717 | AMERICAN OVERSIGHT'S EXPEDITED MOTION TO INTERVENE AND FORCLARIFICATION OR, ALTERNATIVELY, DISSOLUTION OF JANUARY 21, 2025 ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO PRECLUDE RELEASE OF VOLUME II OF SPECIAL COUNSEL'S REPORT. Responses due by 2/28/2025. (amb) (Entered: 02/18/2025) |
| 02/18/2025 | 718 | PAPERLESS ORDER denying in part and reserving ruling in part on American Oversight's "Expedited Motion to Intervene and for Clarification or, Alternatively, Dissolution of January 21, 2025 Order Granting Defendants' Emergency Motion to Preclude Release of Volume II of Special Counsel's Report" 717 . In the Motion, non-party and prospective intervenor American Oversight seeks an order "clarifying" that the Court's January 21, 2025, Order "ceased to operate" upon conclusion of the Special Counsel's Appeal of the Court's Order Granting Defendants' Motion to Dismiss Superseding Indictment 672 716 717 . Alternatively, American Oversight requests an order "immediately lift[ing]" the Court's January 21 Order 717 . Without ruling on the merits of the intervention or dissolution requests, the Court notes as follows. The Court's January 21, 2025, Order 714 remains in effect per the clear terms of that Order, which states, in relevant part, as follows: "This Order remains in effect pending further Court order, limited as follows. No later than thirty days after full conclusion of all appellate proceedings in this action and/or any continued proceedings in this Court, whichever comes later, the parties shall submit a joint status report advising of their position on this Order, consistent with any remaining Rule 6(e) challenges or other claims or rights concerning Volume II, as permitted by law" [714 pp. 13-14]. The Court awaits briefing on American Oversight's Motion in the normal course, according to the standard deadlines set forth in Local Rules 88.9 and 7.1. To the extent American Oversight seeks what amounts to an emergency ruling on its Motion this week, the Court sees an insufficient basis to warrant expedited or emergency treatment of the Motion. The status report deadline remains in effect, as previously dictated. Signed by Judge Aileen M. Cannon on 2/18/2025. (jco) (Entered: 02/18/2025) |
| 02/19/2025 | 719 | Unopposed MOTION to Withdraw as Attorney by Stanley Woodward for / by Waltine Nauta. (Klugh, Richard) (Entered: 02/19/2025) |
| 02/20/2025 | 720 | ORDER granting 719 Motion to Withdraw as Attorney. Stanley E. Woodward withdrawn from case. Notice of Termination delivered by US Mail to Stanley Woodward as to Waltine Nauta (2). Signed by Judge Aileen M. Cannon on 2/20/2025. *See attached document for full details*. (amb) (Entered: 02/20/2025) |

| 02/24/2025 | 721 | MOTION of the Knight First Amendment Institute at Columbia University to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report. Responses due by 3/10/2025. (nan) (Entered: 02/25/2025) |
|---|---|---|
| 02/27/2025 | 723 | Unopposed MOTION for Extension of Time to File Response as to 717 MOTION for Clarification , *Motion for Intervention* by Waltine Nauta. Responses due by 3/13/2025. (Attachments: # 1 Text of Proposed Order)(Klugh, Richard) (Entered: 02/27/2025) |
| 02/27/2025 | 724 | Clerk's Notice of Docket Correction re 722 Affidavit. **Document Filed in Wrong Case**; Document restricted and docket text modified. (nan) (Entered: 02/27/2025) |
| 02/27/2025 | 725 | Defendant's NOTICE *of Joining Waltine Nauta's Motion to Extend Date for Responses to Intervention Motion* by Carlos De Oliveira (Murrell, Larry) (Entered: 02/27/2025) |
| 02/28/2025 | 726 | ORDER GRANTING 723 UNOPPOSED MOTION FOR EXTENSION OF TIME AND SETTING OTHER DEADLINES. Signed by Judge Aileen M. Cannon on 2/28/2025. *See attached document for full details*. (bbk) (Entered: 02/28/2025) |
| 02/28/2025 | 727 | NOTICE OF ATTORNEY APPEARANCE Michael David Porter appearing for USA. . Attorney Michael David Porter added to party USA(pty:pla). (Porter, Michael) (Entered: 02/28/2025) |
| 02/28/2025 | | Set Response Deadline in case as to Waltine Nauta, Carlos De Oliveira 721 MOTION of the Knight First Amendment Institute at Columbia University to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report, 717 MOTION for Clarification. On or before March 14, 2025, Defendants Nauta and De Oliveira shall file a combined response to the pending motions by American Oversight [ECF No. 717 ] and the Knight First Amendment Institute [ECF No. 721 ]. The body of the response shall not exceed thirty double-spaced pages. Responses due by 3/14/2025. (nan) (Entered: 03/03/2025) |
| 03/06/2025 | 729 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Scott Wilkens. Filing Fee $ $250.00 Receipt # 299528 by David M. Buckner, Esq. for Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/20/2025. (nan) (Additional attachment(s) added on 3/11/2025: # 1 Proposed Order) (nan). (Entered: 03/11/2025) |
| 03/06/2025 | 730 | CERTIFICATION of Scott Wilkens re 729 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Scott Wilkens. Filing Fee $ $250.00 Receipt # 299528 by Donald J. Trump, Waltine Nauta, Carlos De Oliveira (nan) (Entered: 03/11/2025) |
| 03/06/2025 | 731 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Jameel Jaffer. Filing Fee $ $250.00 Receipt # 299527 by David M. Buckner, Esq., Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/20/2025. (nan) (Additional attachment(s) added on 3/11/2025: # 1 Proposed Order) (nan). (Entered: 03/11/2025) |
| 03/06/2025 | 732 | CERTIFICATION of Jameel Jaffer re 731 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Jameel Jaffer. Filing Fee $ $250.00 Receipt # 299527 by Donald J. Trump, Waltine Nauta, Carlos De Oliveira (nan) (Entered: 03/11/2025) |
| 03/06/2025 | 733 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Anna Diakun. Filing Fee $ $250.00 Receipt # 299526 by David M. Buckner, Esq., Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/20/2025. (Attachments: # 1 Proposed Order)(nan) (Entered: 03/11/2025) |
| 03/06/2025 | 734 | CERTIFICATION of Anna Diakun re 733 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Anna Diakun. Filing Fee $ $250.00 Receipt # 299526 by Donald J. Trump, Waltine Nauta, Carlos De Oliveira (nan) (Entered: 03/11/2025) |

| 03/07/2025 | 728 | MOTION for Extension of Time to File Response as to 721 MOTION MOTION of the Knight First Amendment Institute at Columbia University to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report, 717 MOTION for Clarification by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira. Responses due by 3/21/2025. (Porter, Michael) (Entered: 03/07/2025) |
|---|---|---|
| 03/11/2025 | 735 | PAPERLESS ORDER granting 728 Motion for Extension of Time. Signed by Judge Aileen M. Cannon on 3/11/2025. (AMC) (Entered: 03/11/2025) |
| 03/12/2025 | 736 | UNOPPOSED MOTION of the Knight First Amendment Institute at Columbia University and American Oversight for Leave to File Reply Briefs of not More than Fifteen Pages Each by March 31, 2025. by Adam M. Schachter and David M. Buckner. Responses due by 3/26/2025. (nan) (Entered: 03/13/2025) |
| 03/13/2025 | 737 | PAPERLESS ORDER granting 736 Prospective Intervenors Knight Institute and American Oversight's Unopposed Motion for Leave Regarding Reply Briefs. On or before **March 31, 2025**, Knight Institute and American Oversight shall each file consolidated reply briefs in support of their respective Motions 717 721 , with the body of each reply brief not to exceed fifteen double-spaced pages. Signed by Judge Aileen M. Cannon on 3/13/2025. (jco) (Entered: 03/13/2025) |
| 03/13/2025 | 741 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Loree Stark. Filing Fee $ 250.00 Receipt # 299853 Responses due by 3/27/2025. (nan) (Entered: 04/08/2025) |
| 03/13/2025 | 742 | CERTIFICATION of Loree Stark re 741 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Loree Stark. Filing Fee $ 250.00 Receipt # 299853 (nan) (Entered: 04/08/2025) |
| 03/13/2025 | 743 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Elizabeth Haddix. Filing Fee $ 250.00 Receipt # 299853. Responses due by 3/27/2025. (nan) (Entered: 04/08/2025) |
| 03/13/2025 | 744 | CERTIFICATION of Elizabeth Haddix re 743 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Elizabeth Haddix. Filing Fee $ 250.00 Receipt # 299853. (nan) (Entered: 04/08/2025) |
| 03/14/2025 | 738 | STATUS REPORT (*Joint*) by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira (Porter, Michael) (Entered: 03/14/2025) |
| 03/14/2025 | 739 | RESPONSE in Opposition by Waltine Nauta, Carlos De Oliveira re 721 MOTION MOTION of the Knight First Amendment Institute at Columbia University to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report, 717 MOTION for Clarification Replies due by 3/21/2025. (Klugh, Richard) (Entered: 03/14/2025) |
| 03/24/2025 | 740 | RESPONSE in Opposition by USA as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re 721 MOTION MOTION of the Knight First Amendment Institute at Columbia University to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report, 717 MOTION for Clarification Replies due by 3/31/2025. (Porter, Michael) (Entered: 03/24/2025) |
| 03/31/2025 | 745 | REPLY by the Knight First Amendment Institute at Columbia University in Support of its Motion to Intervene re 721 MOTION of the Knight First Amendment Institute at Columbia University to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report. (nan) (Entered: 04/08/2025) |
| 03/31/2025 | 746 | American Oversight's Consolidated REPLY to Former Defendants' and the United States' Opposition to its Motion to Intervene and Lift Injunction re 740 Response in Opposition, (nan) (Entered: 04/08/2025) |

| 04/22/2025 | 747 | CLERK'S NOTICE - PHV Attorney(s) have been added to this case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re: 741 and 743 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing. (jc). (Entered: 04/22/2025) |
|---|---|---|
| 04/22/2025 | 748 | PAPERLESS ORDER granting 743 741 733 731 729 Motions to Appear Pro Hac Vice, Consents to Designation, and Requests to Electronically Receive Notices of Electronic Filing for Attorneys Elizabeth Haddix, Loree Stark, Anna Diakun, Jameel Jaffer, and Scott Wilkens. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's pro hac vice status. Nothing in this Order should be construed as granting party status or otherwise ruling on the pending Motions to Intervene 717 721 . Signed by Judge Aileen M. Cannon on 4/18/2025. (ane) (Entered: 04/22/2025) |
| 04/22/2025 | 749 | CLERK'S NOTICE - PHV Attorney(s) have been added to this case as to Donald J. Trump, Waltine Nauta, Carlos De Oliveira re: 729 , 731 and 733 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing. Regarding ECF No. 748 PAPERLESS ORDER granting 743 741 733 731 729 [ Motions to Appear Pro Hac Vice, Consents to Designation, and Requests to Electronically Receive Notices of Electronic Filing for Attorneys Elizabeth Haddix, Loree Stark, Anna Diakun, Jameel Jaffer, and Scott Wilkens. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's pro hac vice status. Nothing in this Order should be construed as granting party status or otherwise ruling on the pending Motions to Intervene 717 721 . Signed by Judge Aileen M. Cannon on 4/18/2025. Additional Notice of Electronic Filing (NEF) sent to Anna Diakun, Jameel Jaffer, and Scott Wilkens. (jc) (Entered: 04/22/2025) |
| 07/07/2025 | 750 | Notice of Ninety Days Expiring by Knight First Amendment Institute at Columbia University re 721 MOTION MOTION of the Knight First Amendment Institute at Columbia University to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report (Buckner, David) (Entered: 07/07/2025) |
| 07/10/2025 | 751 | Notice of Ninety Days Expiring *regarding American Oversight's Motion to Intervene* by American Oversight re 717 MOTION for Clarification (Llanes, Barbara) (Entered: 07/10/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/26/2025 12:20:10 | | | |
| PACER Login: | helenzhong | Client Code: | |
| Description: | Docket Report | Search Criteria: | 9:23-cr-80101-AMC |
| Billable Pages: | 30 | Cost: | 3.00 |

A074

FILED by _____ MC _____ D.C.

Jun 8, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 23-80101-CR-CANNON/REINHART

Case No. _____

18 U.S.C. § 793(e)
18 U.S.C. § 1512(k)
18 U.S.C. § 1512(b)(2)(A)
18 U.S.C. § 1512(c)(1)
18 U.S.C. § 1519
18 U.S.C. § 1001(a)(1)
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

DONALD J. TRUMP and
WALTINE NAUTA,

        Defendants.

_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times material to this Indictment, on or about the dates and approximate times stated below:

### Introduction

1.    Defendant **DONALD J. TRUMP** was the forty-fifth President of the United States of America. He held office from January 20, 2017, until January 20, 2021. As president, **TRUMP** had lawful access to the most sensitive classified documents and national defense information gathered and owned by the United States government, including information from the agencies that comprise the United States Intelligence Community and the United States Department of Defense.



2.      Over the course of his presidency, **TRUMP** gathered newspapers, press clippings, letters, notes, cards, photographs, official documents, and other materials in cardboard boxes that he kept in the White House.  Among the materials **TRUMP** stored in his boxes were hundreds of classified documents.

3.      The classified documents **TRUMP** stored in his boxes included information regarding defense and weapons capabilities of both the United States and foreign countries; United States nuclear programs; potential vulnerabilities of the United States and its allies to military attack; and plans for possible retaliation in response to a foreign attack.  The unauthorized disclosure of these classified documents could put at risk the national security of the United States, foreign relations, the safety of the United States military, and human sources and the continued viability of sensitive intelligence collection methods.

4.      At 12:00 p.m. on January 20, 2021, **TRUMP** ceased to be president.  As he departed the White House, **TRUMP** caused scores of boxes, many of which contained classified documents, to be transported to The Mar-a-Lago Club in Palm Beach, Florida, where he maintained his residence.  **TRUMP** was not authorized to possess or retain those classified documents.

5.      The Mar-a-Lago Club was an active social club, which, between January 2021 and August 2022, hosted events for tens of thousands of members and guests.  After **TRUMP**'s presidency, The Mar-a-Lago Club was not an authorized location for the storage, possession, review, display, or discussion of classified documents.  Nevertheless, **TRUMP** stored his boxes containing classified documents in various locations at The Mar-a-Lago Club—including in a ballroom, a bathroom and shower, an office space, his bedroom, and a storage room.

6.      On two occasions in 2021, **TRUMP** showed classified documents to others, as follows:

a.  In July 2021, at Trump National Golf Club in Bedminster, New Jersey ("The Bedminster Club"), during an audio-recorded meeting with a writer, a publisher, and two members of his staff, none of whom possessed a security clearance, **TRUMP** showed and described a "plan of attack" that **TRUMP** said was prepared for him by the Department of Defense and a senior military official.  **TRUMP** told the individuals that the plan was "highly confidential" and "secret."  **TRUMP** also said, "as president I could have declassified it," and, "Now I can't, you know, but this is still a secret."

b.  In August or September 2021, at The Bedminster Club, **TRUMP** showed a representative of his political action committee who did not possess a security clearance a classified map related to a military operation and told the representative that he should not be showing it to the representative and that the representative should not get too close.

7.  On March 30, 2022, the Federal Bureau of Investigation ("FBI") opened a criminal investigation into the unlawful retention of classified documents at The Mar-a-Lago Club.  A federal grand jury investigation began the next month.  The grand jury issued a subpoena requiring **TRUMP** to turn over all documents with classification markings.  **TRUMP** endeavored to obstruct the FBI and grand jury investigations and conceal his continued retention of classified documents by, among other things:

a.  suggesting that his attorney falsely represent to the FBI and grand jury that **TRUMP** did not have documents called for by the grand jury subpoena;

b.  directing defendant **WALTINE NAUTA** to move boxes of documents to conceal them from **TRUMP**'s attorney, the FBI, and the grand jury;

c.  suggesting that his attorney hide or destroy documents called for by the grand jury subpoena;

d.  providing to the FBI and grand jury just some of the documents called for by the grand jury subpoena, while claiming that he was cooperating fully; and

e.  causing a certification to be submitted to the FBI and grand jury falsely representing that all documents called for by the grand jury subpoena had been produced—while knowing that, in fact, not all such documents had been produced.

8.     As a result of **TRUMP**'s retention of classified documents after his presidency and refusal to return them, hundreds of classified documents were not recovered by the United States government until 2022, as follows:

   a.   On January 17, nearly one year after **TRUMP** left office, and after months of demands by the National Archives and Records Administration for **TRUMP** to provide all missing presidential records, **TRUMP** provided only 15 boxes, which contained 197 documents with classification markings.

   b.   On June 3, in response to a grand jury subpoena demanding the production of all documents with classification markings, **TRUMP**'s attorney provided to the FBI 38 more documents with classification markings.

   c.   On August 8, pursuant to a court-authorized search warrant, the FBI recovered from **TRUMP**'s office and a storage room at The Mar-a-Lago Club 102 more documents with classification markings.

### **TRUMP's Co-Conspirator**

9.     Defendant **NAUTA** was a member of the United States Navy stationed as a valet in the White House during **TRUMP**'s presidency.  Beginning in August 2021, **NAUTA** became an executive assistant in The Office of Donald J. Trump and served as **TRUMP**'s personal aide or "body man."  **NAUTA** reported to **TRUMP**, worked closely with **TRUMP**, and traveled with **TRUMP**.

### **The Mar-a-Lago Club**

10.     The Mar-a-Lago Club was located on South Ocean Boulevard in Palm Beach, Florida, and included **TRUMP**'s residence, more than 25 guest rooms, two ballrooms, a spa, a gift store, exercise facilities, office space, and an outdoor pool and patio.  As of January 2021, The Mar-a-Lago Club had hundreds of members and was staffed by more than 150 full-time, part-time, and temporary employees.

11.     Between January 2021 and August 2022, The Mar-a-Lago Club hosted more than 150 social events, including weddings, movie premieres, and fundraisers that together drew tens of thousands of guests.

12.     The United States Secret Service (the "Secret Service") provided protection services to **TRUMP** and his family after he left office, including at The Mar-a-Lago Club, but it was not responsible for the protection of **TRUMP**'s boxes or their contents.  **TRUMP** did not inform the Secret Service that he was storing boxes containing classified documents at The Mar-a-Lago Club.

### Classified Information

13.     National security information was information owned by, produced by, produced for, and under the control of the United States government.  Pursuant to Executive Order 12958, signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL," as follows:

   a.   Information was classified as TOP SECRET if the unauthorized disclosure of that information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify or describe.

   b.   Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify or describe.

   c.   Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify or describe.

14.     The classification marking "NOFORN" stood for "Not Releasable to Foreign Nationals" and denoted that dissemination of that information was limited to United States persons.

15.     Classified information related to intelligence sources, methods, and analytical processes was designated as Sensitive Compartmented Information ("SCI").  SCI was to be processed, stored, used, or discussed in an accredited Sensitive Compartmented Information Facility ("SCIF"), and only individuals with the appropriate security clearance and additional SCI permissions were authorized to have access to such national security information.

16.     When the vulnerability of, or threat to, specific classified information was exceptional, and the normal criteria for determining eligibility for access to classified information were insufficient to protect the information from unauthorized disclosure, the United States could establish Special Access Programs ("SAPs") to further protect the classified information.  The number of these programs was to be kept to an absolute minimum and limited to programs in which the number of persons who ordinarily would have access would be reasonably small and commensurate with the objective of providing enhanced protection for the information involved. Only individuals with the appropriate security clearance and additional SAP permissions were authorized to have access to such national security information, which was subject to enhanced handling and storage requirements.

17.     Pursuant to Executive Order 13526, information classified at any level could be lawfully accessed only by persons determined by an appropriate United States government official to be eligible for access to classified information and who had signed an approved non-disclosure agreement, who received a security clearance, and who had a "need-to-know" the classified

information. After his presidency, **TRUMP** was not authorized to possess or retain classified documents.

18.    Executive Order 13526 provided that a former president could obtain a waiver of the "need-to-know" requirement, if the agency head or senior agency official of the agency that originated the classified information: (1) determined in writing that access was consistent with the interest of national security and (2) took appropriate steps to protect classified information from unauthorized disclosure or compromise and ensured that the information was safeguarded in a manner consistent with the order. **TRUMP** did not obtain any such waiver after his presidency.

### The Executive Branch Departments and Agencies Whose
### Classified Documents TRUMP Retained After His Presidency

19.    As part of his official duties as president, **TRUMP** received intelligence briefings from high-level United States government officials, including briefings from the Director of the Central Intelligence Agency, the Chairman of the Joint Chiefs of Staff, senior White House officials, and a designated briefer. He regularly received a collection of classified intelligence from the United States Intelligence Community ("USIC") known as the "President's Daily Brief."

20.    The USIC's mission was to collect, analyze, and deliver foreign intelligence and counterintelligence information to America's leaders, including the president, policymakers, law enforcement, and the military, so they could make sound decisions to protect the United States. The USIC consisted of United States executive branch departments and agencies responsible for the conduct of foreign relations and the protection of national security.

21.    After his presidency, **TRUMP** retained classified documents originated by, or implicating the equities of, multiple USIC members and other executive branch departments and agencies, including the following:

a.  **The Central Intelligence Agency ("CIA").**  CIA was responsible for providing intelligence on foreign countries and global issues to the president and other policymakers to help them make national security decisions.

b.  **The Department of Defense ("DoD").**  DoD was responsible for providing the military forces needed to deter war and ensure national security.  Some of the executive branch agencies comprising the USIC were within DoD.

c.  **The National Security Agency.**  The National Security Agency was a combat support agency within DoD and a member of the USIC responsible for foreign signals intelligence and cybersecurity.  This included collecting, processing, and disseminating to United States policymakers and military leaders foreign intelligence derived from communications and information systems; protecting national security systems; and enabling computer network operations.

d.  **The National Geospatial Intelligence Agency.**  The National Geospatial Intelligence Agency was a combat support agency within DoD responsible for the exploitation and analysis of imagery, imagery intelligence, and geospatial information in support of the national security objectives of the United States and the geospatial intelligence requirements of DoD, the Department of State, and other federal agencies.

e.  **The National Reconnaissance Office.**  The National Reconnaissance Office was an agency within DoD responsible for developing, acquiring, launching, and operating space-based surveillance and reconnaissance systems that collected and delivered intelligence to enhance national security.

f.  **The Department of Energy.**  The Department of Energy was responsible for maintaining a safe, secure, and effective nuclear deterrent to protect national security, including ensuring the effectiveness of the United States nuclear weapons stockpile without nuclear explosive testing.

g.  **The Department of State and Bureau of Intelligence and Research.**  The Department of State was responsible for protecting and promoting United States security, prosperity, and democratic values.  Within the Department of State, the Bureau of Intelligence and Research was a member of the USIC and responsible for providing intelligence to inform diplomacy and support United States diplomats.

### **TRUMP's Public Statements on Classified Information**

22.     As a candidate for President of the United States, **TRUMP** made the following

public statements, among others, about classified information:

  a. On August 18, 2016, **TRUMP** stated, "In my administration I'm going to enforce all laws concerning the protection of classified information.  No one will be above the law."

  b. On September 6, 2016, **TRUMP** stated, "We also need to fight this battle by collecting intelligence and then protecting, protecting our classified secrets.  . . .  We can't have someone in the Oval Office who doesn't understand the meaning of the word confidential or classified."

  c. On September 7, 2016, **TRUMP** stated, "[O]ne of the first things we must do is to enforce all classification rules and to enforce all laws relating to the handling of classified information."

  d. On September 19, 2016, **TRUMP** stated, "We also need the best protection of classified information."

  e. On November 3, 2016, **TRUMP** stated, "Service members here in North Carolina have risked their lives to acquire classified intelligence to protect our country."

23.     As President of the United States, on July 26, 2018, **TRUMP** issued the following

statement about classified information:

> As the head of the executive branch and Commander in Chief, I have a unique, Constitutional responsibility to protect the Nation's classified information, including by controlling access to it.  . . . More broadly, the issue of [a former executive branch official's] security clearance raises larger questions about the practice of former officials maintaining access to our Nation's most sensitive secrets long after their time in Government has ended.  Such access is particularly inappropriate when former officials have transitioned into highly partisan positions and seek to use real or perceived access to sensitive information to validate their political attacks. Any access granted to our Nation's secrets should be in furtherance of national, not personal, interests.

**TRUMP's Retention of Classified Documents After His Presidency**

24.     In January 2021, as he was preparing to leave the White House, **TRUMP** and his White House staff, including **NAUTA**, packed items, including some of **TRUMP's** boxes. **TRUMP** was personally involved in this process.  **TRUMP** caused his boxes, containing hundreds of classified documents, to be transported from the White House to The Mar-a-Lago Club.

25.     From January through March 15, 2021, some of **TRUMP's** boxes were stored in The Mar-a-Lago Club's White and Gold Ballroom, in which events and gatherings took place. **TRUMP's** boxes were for a time stacked on the ballroom's stage, as depicted in the photograph below (redacted to obscure an individual's identity).



26.     In March 2021, **NAUTA** and others moved some of **TRUMP's** boxes from the White and Gold Ballroom to the business center at The Mar-a-Lago Club.

27.     On April 5, 2021, an employee of The Office of Donald J. Trump ("Trump Employee 1") texted another employee of that office ("Trump Employee 2") to ask whether **TRUMP**'s boxes could be moved out of the business center to make room for staff to use it as an office. Trump Employee 2 replied, "Woah!! Ok so potus specifically asked Walt for those boxes to be in the business center because they are his 'papers.'" Later that day, Trump Employee 1 and Trump Employee 2 exchanged the following text messages:

> Trump Employee 2:
>
>> We can definitely make it work if we move his papers into the lake room?
>
> Trump Employee 1:
>
>> There is still a little room in the shower where his other stuff is. Is it only his papers he cares about? Theres some other stuff in there that are not papers. Could that go to storage? Or does he want everything in there on property
>
> Trump Employee 2:
>
>> Yes - anything that's not the beautiful mind paper boxes can definitely go to storage. Want to take a look at the space and start moving tomorrow AM?

28.     After the text exchange between Trump Employee 1 and Trump Employee 2, in April 2021, some of **TRUMP**'s boxes were moved from the business center to a bathroom and shower in The Mar-a-Lago Club's Lake Room, as depicted in the photograph below.



29.     In May 2021, **TRUMP** directed that a storage room on the ground floor of The Mar-a-Lago Club (the "Storage Room") be cleaned out so that it could be used to store his boxes. The hallway leading to the Storage Room could be reached from multiple outside entrances, including one accessible from The Mar-a-Lago Club pool patio through a doorway that was often kept open. The Storage Room was near the liquor supply closet, linen room, lock shop, and various other rooms.

30.     On June 24, 2021, **TRUMP**'s boxes that were in the Lake Room were moved to the Storage Room. After the move, there were more than 80 boxes in the Storage Room, as depicted in the photographs below.





31.     On December 7, 2021, **NAUTA** found several of **TRUMP**'s boxes fallen and their contents spilled onto the floor of the Storage Room, including a document marked "SECRET//REL

TO USA, FVEY," which denoted that the information in the document was releasable only to the Five Eyes intelligence alliance consisting of Australia, Canada, New Zealand, the United Kingdom, and the United States. **NAUTA** texted Trump Employee 2, "I opened the door and found this…" **NAUTA** also attached two photographs he took of the spill. Trump Employee 2 replied, "Oh no oh no," and "I'm sorry potus had my phone." One of the photographs **NAUTA** texted to Trump Employee 2 is depicted below with the visible classified information redacted. **TRUMP**'s unlawful retention of this document is charged in Count 8 of this Indictment.



### TRUMP's Disclosures of Classified Information in Private Meetings

32.    In May 2021, **TRUMP** caused some of his boxes to be brought to his summer residence at The Bedminster Club. Like The Mar-a-Lago Club, after **TRUMP**'s presidency, The Bedminster Club was not an authorized location for the storage, possession, review, display, or discussion of classified documents.

33.     On July 21, 2021, when he was no longer president, **TRUMP** gave an interview in his office at The Bedminster Club to a writer and a publisher in connection with a then-forthcoming book. Two members of **TRUMP**'s staff also attended the interview, which was recorded with **TRUMP**'s knowledge and consent. Before the interview, the media had published reports that, at the end of **TRUMP**'s term as president, a senior military official (the "Senior Military Official") purportedly feared that **TRUMP** might order an attack on Country A and that the Senior Military Official advised **TRUMP** against doing so.

34.     Upon greeting the writer, publisher, and his two staff members, **TRUMP** stated, "Look what I found, this was [the Senior Military Official's] plan of attack, read it and just show . . . it's interesting." Later in the interview, **TRUMP** engaged in the following exchange:

> **TRUMP**: Well, with [the Senior Military Official]—uh, let me see that, I'll show you an example. He said that I wanted to attack [Country A]. Isn't it amazing? I have a big pile of papers, this thing just came up. Look. This was him. They presented me this—this is off the record, but—they presented me this. This was him. This was the Defense Department and him.
>
> **WRITER**: Wow.
>
> **TRUMP**: We looked at some. This was him. This wasn't done by me, this was him. All sorts of stuff—pages long, look.
>
> **STAFFER**: Mm.
>
> **TRUMP**: Wait a minute, let's see here.
>
> **STAFFER**: *[Laughter]* Yeah.
>
> **TRUMP**: I just found, isn't that amazing? This totally wins my case, you know.
>
> **STAFFER**: Mm-hm.
>
> **TRUMP**: Except it is like, highly confidential.

| STAFFER: | Yeah. *[Laughter]* |
|---|---|
| TRUMP: | Secret. This is secret information. Look, look at this. You attack, and— |

* * *

| TRUMP: | By the way. Isn't that incredible? |
|---|---|
| STAFFER: | Yeah. |
| TRUMP: | I was just thinking, because we were talking about it. And you know, he said, "he wanted to attack [Country A], and what . . ." |
| STAFFER: | You did. |
| TRUMP: | This was done by the military and given to me. Uh, I think we can probably, right? |
| STAFFER: | I don't know, we'll, we'll have to see. Yeah, we'll have to try to— |
| TRUMP: | Declassify it. |
| STAFFER: | —figure out a—yeah. |
| TRUMP: | See as president I could have declassified it. |
| STAFFER: | Yeah. *[Laughter]* |
| TRUMP: | Now I can't, you know, but this is still a secret. |
| STAFFER: | Yeah. *[Laughter]* Now we have a problem. |
| TRUMP: | Isn't that interesting? |

At the time of this exchange, the writer, the publisher, and **TRUMP**'s two staff members did not have security clearances or any need-to-know any classified information about a plan of attack on Country A.

35. In August or September 2021, when he was no longer president, **TRUMP** met in his office at The Bedminster Club with a representative of his political action committee (the "PAC

Representative"). During the meeting, **TRUMP** commented that an ongoing military operation in Country B was not going well. **TRUMP** showed the PAC Representative a classified map of Country B and told the PAC Representative that he should not be showing the map to the PAC Representative and to not get too close. The PAC Representative did not have a security clearance or any need-to-know classified information about the military operation.

36. On February 16, 2017, four years before **TRUMP**'s disclosures of classified information set forth above, **TRUMP** said at a press conference:

> The first thing I thought of when I heard about it is, how does the press get this information that's classified? How do they do it? You know why? Because it's an illegal process, and the press should be ashamed of themselves. But more importantly, the people that gave out the information to the press should be ashamed of themselves. Really ashamed.

### TRUMP's Production of 15 Cardboard Boxes to the National Archives and Records Administration

37. Beginning in May 2021, the National Archives and Records Administration ("NARA"), which was responsible for archiving presidential records, repeatedly demanded that **TRUMP** turn over presidential records that he had kept after his presidency. On multiple occasions, beginning in June, NARA warned **TRUMP** through his representatives that if he did not comply, it would refer the matter of the missing records to the Department of Justice.

38. Between November 2021 and January 2022, **NAUTA** and Trump Employee 2—at **TRUMP**'s direction—brought boxes from the Storage Room to **TRUMP**'s residence for **TRUMP** to review.

39. On November 12, 2021, Trump Employee 2 provided **TRUMP** a photograph of his boxes in the Storage Room by taping it to one of the boxes that Trump Employee 2 had placed in **TRUMP**'s residence. Trump Employee 2 provided **TRUMP** the photograph so that **TRUMP**

could see how many of his boxes were stored in the Storage Room. The photograph, shown below, depicted a wall of the Storage Room against which dozens of **TRUMP**'s boxes were stacked.



40.     On November 17, 2021, **NAUTA** texted Trump Employee 2 about the photograph Trump Employee 2 had provided to **TRUMP**, stating, "He mentioned about a picture of the 'boxes' he wants me to see it?" Trump Employee 2 replied, "Calling you shortly."

41.     On November 25, 2021, Trump Employee 2 texted **NAUTA** about **TRUMP**'s review of the contents of his boxes, asking, "Has he mentioned boxes to you? I delivered some, but I think he may need more. Could you ask if he'd like more in pine hall?" Pine Hall was an entry room in **TRUMP**'s residence. **NAUTA** replied in three successive text messages:

> Nothing about boxes yet
>
> He has one he's working on in pine hall
>
> Knocked out 2 boxes yesterday

42.     On November 29, 2021, Trump Employee 2 texted **NAUTA**, asking, "Next you are on property (no rush) could you help me bring 4 more boxes up?"  **NAUTA** replied, "Yes!! Of course."

43.     On December 29, 2021, Trump Employee 2 texted a **TRUMP** representative who was in contact with NARA ("Trump Representative 1"), "box answer will be wrenched out of him today, promise!"  The next day, Trump Representative 1 replied in two successive text messages:

>  Hey - Just checking on Boxes…

>  would love to have a number to them today

Trump Employee 2 spoke to **TRUMP** and then responded a few hours later in two successive text messages:

>  12

>  Is his number

44.     On January 13, 2022, **NAUTA** texted Trump Employee 2 about **TRUMP**'s "tracking" of boxes, stating, "He's tracking the boxes, more to follow today on whether he wants to go through more today or tomorrow."  Trump Employee 2 replied, "Thank you!"

45.     On January 15, 2022, **NAUTA** sent Trump Employee 2 four successive text messages:

>  One thing he asked

>  Was for new covers for the boxes, for Monday m.

>  Morning

>  *can we get new box covers before giving these to them on Monday? They have too much writing on them..I marked too much

Trump Employee 2 replied, "Yes, I will get that!"

46.     On January 17, 2022, Trump Employee 2 and **NAUTA** gathered 15 boxes from **TRUMP**'s residence, loaded the boxes in **NAUTA**'s car, and took them to a commercial truck for delivery to NARA.

47.     When interviewed by the FBI in May 2022 regarding the location and movement of boxes before the production to NARA, **NAUTA** made false and misleading statements as set forth in Count 38 of this Indictment, including:

      a.    falsely stating that he was not aware of **TRUMP**'s boxes being brought to **TRUMP**'s residence for his review before **TRUMP** provided 15 boxes to NARA in January 2022;

      b.    falsely stating that he did not know how the boxes that he and Trump Employee 2 brought from **TRUMP**'s residence to the commercial truck for delivery to NARA on January 17, 2022, had gotten to the residence; and

      c.    when asked whether he knew where **TRUMP**'s boxes had been stored before they were in **TRUMP**'s residence and whether they had been in a secure or locked location, **NAUTA** falsely responded, "I wish, I wish I could tell you. I don't know. I don't—I honestly just don't know."

48.     When the 15 boxes that **TRUMP** had provided reached NARA in January 2022, NARA reviewed the contents and determined that 14 of the boxes contained documents with classification markings. Specifically, as the FBI later determined, the boxes contained 197 documents with classification markings, of which 98 were marked "SECRET," 30 were marked "TOP SECRET," and the remainder were marked "CONFIDENTIAL." Some of those documents also contained SCI and SAP markings.

49.     On February 9, 2022, NARA referred the discovery of classified documents in **TRUMP**'s boxes to the Department of Justice for investigation.

### The FBI and Grand Jury Investigations

50.     On March 30, 2022, the FBI opened a criminal investigation.

51.     On April 26, 2022, a federal grand jury opened an investigation.

## **The Defendants' Concealment of Boxes**

52.     On May 11, 2022, the grand jury issued a subpoena (the "May 11 Subpoena") to The Office of Donald J. Trump requiring the production of all documents with classification markings in the possession, custody, or control of **TRUMP** or The Office of Donald J. Trump. Two attorneys representing **TRUMP** ("Trump Attorney 1" and "Trump Attorney 2") informed **TRUMP** of the May 11 Subpoena, and he authorized Trump Attorney 1 to accept service.

53.     On May 22, 2022, **NAUTA** entered the Storage Room at 3:47 p.m. and left approximately 34 minutes later, carrying one of **TRUMP**'s boxes.

54.     On May 23, 2022, **TRUMP** met with Trump Attorney 1 and Trump Attorney 2 at The Mar-a-Lago Club to discuss the response to the May 11 Subpoena.  Trump Attorney 1 and Trump Attorney 2 told **TRUMP** that they needed to search for documents that would be responsive to the subpoena and provide a certification that there had been compliance with the subpoena. **TRUMP**, in sum and substance, made the following statements, among others, as memorialized by Trump Attorney 1:

> a.     I don't want anybody looking, I don't want anybody looking through my boxes, I really don't, I don't want you looking through my boxes.
>
> b.     Well what if we, what happens if we just don't respond at all or don't play ball with them?
>
> c.     Wouldn't it be better if we just told them we don't have anything here?
>
> d.     Well look isn't it better if there are no documents?

55.     While meeting with Trump Attorney 1 and Trump Attorney 2 on May 23, **TRUMP**, in sum and substance, told the following story, as memorialized by Trump Attorney 1:

> [Attorney], he was great, he did a great job.  You know what? He said, he said that it – that it was him.  That he was the one who deleted all of her emails, the 30,000 emails, because they basically dealt with her scheduling and her going to the gym and her having

21

beauty appointments. And he was great. And he, so she didn't get
in any trouble because he said that he was the one who deleted them.

**TRUMP** related the story more than once that day.

56.    On May 23, **TRUMP** also confirmed his understanding with Trump Attorney 1 that

Trump Attorney 1 would return to The Mar-a-Lago Club on June 2 to search for any documents

with classification markings to produce in response to the May 11 Subpoena. Trump Attorney 1

made it clear to **TRUMP** that Trump Attorney 1 would conduct the search for responsive

documents by looking through **TRUMP**'s boxes that had been transported from the White House

and remained in storage at The Mar-a-Lago Club. **TRUMP** indicated that he wanted to be at The

Mar-a-Lago Club when Trump Attorney 1 returned to review his boxes on June 2, and that

**TRUMP** would change his summer travel plans to do so. **TRUMP** told Trump Attorney 2 that

Trump Attorney 2 did not need to be present for the review of boxes.

57.    After meeting with Trump Attorney 1 and Trump Attorney 2 on May 23, **TRUMP**

delayed his departure from The Mar-a-Lago Club to The Bedminster Club for the summer so that

he would be present at The Mar-a-Lago Club on June 2, when Trump Attorney 1 returned to review

the boxes.

58.    Between **TRUMP**'s May 23 meeting with Trump Attorney 1 and Trump Attorney

2 to discuss the May 11 Subpoena, and June 2, when Trump Attorney 1 returned to The Mar-a-

Lago Club to review the boxes in the Storage Room, **NAUTA** removed—at **TRUMP**'s direction—

a total of approximately 64 boxes from the Storage Room and brought them to **TRUMP**'s

residence, as set forth below:

a.    On May 24, 2022, between 5:30 p.m. and 5:38 p.m., **NAUTA** removed three
boxes from the Storage Room.

b.     On May 30, 2022, at 9:08 a.m., **TRUMP** and **NAUTA** spoke by phone for approximately 30 seconds. Between 10:02 a.m. and 11:51 a.m., **NAUTA** removed a total of approximately 50 boxes from the Storage Room.

c.     On May 30, 2022, at 12:33 p.m., a Trump family member texted **NAUTA**:

> Good afternoon Walt,
> Happy Memorial Day!
>
> I saw you put boxes to Potus room. Just FYI and I will tell him as well:
> Not sure how many he wants to take on Friday on the plane. We will NOT have a room for them. Plane will be full with luggage.
> Thank you!

**NAUTA** replied:

> Good Afternoon Ma'am [Smiley Face Emoji]
> Thank you so much.
>
> I think he wanted to pick from them. I don't imagine him wanting to take the boxes.
>
> He told me to put them in the room and that he was going to talk to you about them.

d.     On June 1, 2022, beginning at 12:52 p.m., **NAUTA** removed approximately 11 boxes from the Storage Room.

59.     On June 1, 2022, **TRUMP** spoke with Trump Attorney 1 by phone and asked whether Trump Attorney 1 was coming to The Mar-a-Lago Club the next day and for exactly what purpose. Trump Attorney 1 reminded **TRUMP** that Trump Attorney 1 was going to review the boxes that had been transported from the White House and remained in storage at The Mar-a-Lago Club so that Trump Attorney 1 could have a custodian of records certify that the May 11 subpoena had been complied with fully.

60.     On June 2, 2022, the day that Trump Attorney 1 was scheduled to review **TRUMP**'s boxes in the Storage Room, **TRUMP** spoke with **NAUTA** on the phone at 9:29 a.m. for approximately 24 seconds.

61.     Later that day, between 12:33 p.m. and 12:52 p.m., **NAUTA** and an employee of The Mar-a-Lago Club moved approximately 30 boxes from **TRUMP**'s residence to the Storage Room.

62.     In sum, between May 23, 2022, and June 2, 2022, before Trump Attorney 1's review of **TRUMP**'s boxes in the Storage Room, **NAUTA**—at **TRUMP**'s direction—moved approximately 64 boxes from the Storage Room to **TRUMP**'s residence and brought to the Storage Room only approximately 30 boxes. Neither **TRUMP** nor **NAUTA** informed Trump Attorney 1 of this information.

### The False Certification to the FBI and the Grand Jury

63.     On the afternoon of June 2, 2022, as **TRUMP** had been informed, Trump Attorney 1 arrived at The Mar-a-Lago Club to review **TRUMP**'s boxes to look for documents with classification markings in response to the May 11 Subpoena. **TRUMP** met with Trump Attorney 1 before Trump Attorney 1 conducted the review. **NAUTA** escorted Trump Attorney 1 to the Storage Room.

64.     Between 3:53 p.m. and 6:23 p.m., Trump Attorney 1 reviewed the contents of **TRUMP**'s boxes in the Storage Room. Trump Attorney 1 located 38 documents with classification markings inside the boxes, which Trump Attorney 1 removed and placed in a Redweld folder. Trump Attorney 1 contacted **NAUTA** and asked him to bring clear duct tape to the Storage Room, which **NAUTA** did. Trump Attorney 1 used the clear duct tape to seal the Redweld folder with the documents with classification markings inside.

65.     After Trump Attorney 1 finished sealing the Redweld folder containing the documents with classification markings that he had found inside **TRUMP**'s boxes, **NAUTA** took Trump Attorney 1 to a dining room in The Mar-a-Lago Club to meet with **TRUMP**.  After Trump Attorney 1 confirmed that he was finished with his search of the Storage Room, **TRUMP** asked, "Did you find anything? . . . Is it bad?  Good?"

66.     **TRUMP** and Trump Attorney 1 then discussed what to do with the Redweld folder containing documents with classification markings and whether Trump Attorney 1 should bring them to his hotel room and put them in a safe there.  During that conversation, **TRUMP** made a plucking motion, as memorialized by Trump Attorney 1:

> He made a funny motion as though – well okay why don't you take
> them with you to your hotel room and if there's anything really bad
> in there, like, you know, pluck it out.  And that was the motion that
> he made.  He didn't say that.

67.     That evening, Trump Attorney 1 contacted the Department of Justice and requested that an FBI agent meet him at The Mar-a-Lago Club the next day, June 3, so that he could turn over the documents responsive to the May 11 Subpoena.

68.     Also that evening, Trump Attorney 1 contacted another **TRUMP** attorney ("Trump Attorney 3") and asked her if she would come to The Mar-a-Lago Club the next morning to act as a custodian of records and sign a certification regarding the search for documents with classification markings in response to the May 11 Subpoena.  Trump Attorney 3, who had no role in the review of **TRUMP**'s boxes in the Storage Room, agreed.

69.     The next day, on June 3, 2022, at Trump Attorney 1's request, Trump Attorney 3 signed a certification as the custodian of records for The Office of Donald J. Trump and took it to The Mar-a-Lago Club to provide it to the Department of Justice and FBI.  In the certification, Trump Attorney 3—who performed no search of **TRUMP**'s boxes, had not reviewed the May 11

Subpoena, and had not reviewed the contents of the Redweld folder—stated, among other things, that "[b]ased upon the information that [had] been provided to" her:

    a.   "A diligent search was conducted of the boxes that were moved from the White House to Florida";

    b.   "This search was conducted after receipt of the subpoena, in order to locate any and all documents that are responsive to the subpoena"; and

    c.   "Any and all responsive documents accompany this certification."

70.    These statements were false because, among other reasons, **TRUMP** had directed **NAUTA** to move boxes before Trump Attorney 1's June 2 review, so that many boxes were not searched and many documents responsive to the May 11 Subpoena could not be found—and in fact were not found—by Trump Attorney 1.

71.    Shortly after Trump Attorney 3 executed the false certification, on June 3, 2022, Trump Attorney 1 and Trump Attorney 3 met at The Mar-a-Lago Club with personnel from the Department of Justice and FBI. Trump Attorney 1 and Trump Attorney 3 turned over the Redweld folder containing documents with classification markings, as well as the false certification signed by Trump Attorney 3 as custodian of records. **TRUMP**, who had delayed his departure from The Mar-a-Lago Club, joined Trump Attorney 1 and Trump Attorney 3 for some of the meeting. **TRUMP** claimed to the Department of Justice and FBI that he was "an open book."

72.    Earlier that same day, **NAUTA** and others loaded several of **TRUMP**'s boxes along with other items on aircraft that flew **TRUMP** and his family north for the summer.

### The Court-Authorized Search of The Mar-a-Lago Club

73.    In July 2022, the FBI and grand jury obtained and reviewed surveillance video from The Mar-a-Lago Club showing the movement of boxes set forth above.

74.     On August 8, 2022, the FBI executed a court-authorized search warrant at The Mar-a-Lago Club.  The search warrant authorized the FBI to search for and seize, among other things, all documents with classification markings.

75.     During the execution of the warrant at The Mar-a-Lago Club, the FBI seized 102 documents with classification markings in **TRUMP**'s office and the Storage Room, as follows:

| Location | Number of Documents | Classification Markings |
|---|---|---|
| **TRUMP**'s Office | 27 | Top Secret (6) Secret (18) Confidential (3) |
| Storage Room | 75 | Top Secret (11) Secret (36) Confidential (28) |

## COUNTS 1-31
### Willful Retention of National Defense Information
### (18 U.S.C. § 793(e))

76.     The General Allegations of this Indictment are re-alleged and fully incorporated here by reference.

77.     On or about the dates set forth in the table below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### DONALD J. TRUMP,

having unauthorized possession of, access to, and control over documents relating to the national defense, did willfully retain the documents and fail to deliver them to the officer and employee of the United States entitled to receive them; that is—**TRUMP**, without authorization, retained at The Mar-a-Lago Club documents relating to the national defense, including the following:

| Count | Date of Offense / Classification Marking / Document Description |
|-------|----------------------------------------------------------------|
| 1 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//NOFORN//SPECIAL HANDLING |
| | Document dated May 3, 2018, concerning White House intelligence briefing related to various foreign countries |
| 2 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//SI//NOFORN//SPECIAL HANDLING |
| | Document dated May 9, 2018, concerning White House intelligence briefing related to various foreign countries |
| 3 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//SI//NOFORN//FISA |
| | Undated document concerning military capabilities of a foreign country and the United States, with handwritten annotation in black marker |

| 4 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//SPECIAL HANDLING |
| | Document dated May 6, 2019, concerning White House intelligence briefing related to foreign countries, including military activities and planning of foreign countries |
| 5 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//[redacted]/[redacted]//ORCON/NOFORN |
| | Document dated June 2020 concerning nuclear capabilities of a foreign country |
| 6 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//SPECIAL HANDLING |
| | Document dated June 4, 2020, concerning White House intelligence briefing related to various foreign countries |
| 7 | January 20, 2021 – August 8, 2022 |
| | SECRET//NOFORN |
| | Document dated October 21, 2018, concerning communications with a leader of a foreign country |
| 8 | January 20, 2021 – August 8, 2022 |
| | SECRET//REL TO USA, FVEY |
| | Document dated October 4, 2019, concerning military capabilities of a foreign country |
| 9 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//[redacted]/[redacted]//ORCON/NOFORN/FISA |
| | Undated document concerning military attacks by a foreign country |

| | |
|---|---|
| 10 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//TK//NOFORN |
| | Document dated November 2017 concerning military capabilities of a foreign country |
| 11 | January 20, 2021 – August 8, 2022 |
| | No marking |
| | Undated document concerning military contingency planning of the United States |
| 12 | January 20, 2021 – August 8, 2022 |
| | SECRET//REL TO USA, FVEY |
| | Pages of undated document concerning projected regional military capabilities of a foreign country and the United States |
| 13 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//SI/TK//NOFORN |
| | Undated document concerning military capabilities of a foreign country and the United States |
| 14 | January 20, 2021 – August 8, 2022 |
| | SECRET//ORCON/NOFORN |
| | Document dated January 2020 concerning military options of a foreign country and potential effects on United States interests |
| 15 | January 20, 2021 – August 8, 2022 |
| | SECRET//ORCON/NOFORN |
| | Document dated February 2020 concerning policies in a foreign country |

| | |
|---|---|
| 16 | January 20, 2021 – August 8, 2022 |
| | SECRET//ORCON/NOFORN |
| | Document dated December 2019 concerning foreign country support of terrorist acts against United States interests |
| 17 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//[redacted]/TK//ORCON/IMCON/NOFORN |
| | Document dated January 2020 concerning military capabilities of a foreign country |
| 18 | January 20, 2021 – August 8, 2022 |
| | SECRET//NOFORN |
| | Document dated March 2020 concerning military operations against United States forces and others |
| 19 | January 20, 2021 – August 8, 2022 |
| | SECRET//FORMERLY RESTRICTED DATA |
| | Undated document concerning nuclear weaponry of the United States |
| 20 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//[redacted]//ORCON/NOFORN |
| | Undated document concerning timeline and details of attack in a foreign country |
| 21 | January 20, 2021 – August 8, 2022 |
| | SECRET//NOFORN |
| | Undated document concerning military capabilities of foreign countries |
| 22 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//[redacted]//RSEN/ORCON/NOFORN |
| | Document dated August 2019 concerning regional military activity of a foreign country |

| | |
|---|---|
| **23** | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//SPECIAL HANDLING |
| | Document dated August 30, 2019, concerning White House intelligence briefing related to various foreign countries, with handwritten annotation in black marker |
| **24** | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//HCS-P/SI//ORCON-USGOV/NOFORN |
| | Undated document concerning military activity of a foreign country |
| **25** | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//HCS-P/SI//ORCON-USGOV/NOFORN |
| | Document dated October 24, 2019, concerning military activity of foreign countries and the United States |
| **26** | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//[redacted]//ORCON/NOFORN/FISA |
| | Document dated November 7, 2019, concerning military activity of foreign countries and the United States |
| **27** | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//SI/TK//NOFORN |
| | Document dated November 2019 concerning military activity of foreign countries |
| **28** | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//SPECIAL HANDLING |
| | Document dated October 18, 2019, concerning White House intelligence briefing related to various foreign countries |

| 29 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//[redacted]/SI/TK//ORCON/NOFORN |
| | Document dated October 18, 2019, concerning military capabilities of a foreign country |
| 30 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//[redacted]//ORCON/NOFORN/FISA |
| | Document dated October 15, 2019, concerning military activity in a foreign country |
| 31 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//SI/TK//NOFORN |
| | Document dated February 2017 concerning military activity of a foreign country |

All in violation of Title 18, United States Code, Section 793(e).

## COUNT 32
### Conspiracy to Obstruct Justice
### (18 U.S.C. § 1512(k))

78.     The General Allegations of this Indictment are re-alleged and fully incorporated here by reference.

### The Conspiracy and its Objects

79.     From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

### DONALD J. TRUMP and
### WALTINE NAUTA,

did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the grand jury, to engage in misleading conduct toward another person and corruptly persuade another person to withhold a record, document, and other object from an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(A), and to corruptly conceal a record, document, and other object from an official proceeding, in violation of 18 U.S.C. § 1512(c)(1).

### The Purpose of the Conspiracy

80.     The purpose of the conspiracy was for **TRUMP** to keep classified documents he had taken with him from the White House and to hide and conceal them from a federal grand jury.

### The Manner and Means of the Conspiracy

81.     The manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

    a.    Suggesting that Trump Attorney 1 falsely represent to the FBI and grand jury that **TRUMP** did not have documents called for by the May 11 Subpoena;

    b.    moving boxes of documents to conceal them from Trump Attorney 1, the FBI, and the grand jury;

c. suggesting that Trump Attorney 1 hide or destroy documents called for by the May 11 Subpoena;

d. providing to the FBI and grand jury just some of the documents called for by the May 11 Subpoena, while **TRUMP** claimed he was cooperating fully;

e. causing a false certification to be submitted to the FBI and grand jury representing that all documents with classification markings had been produced, when in fact they had not; and

f. making false and misleading statements to the FBI.

All in violation of Title 18, United States Code, Section 1512(k).

## COUNT 33
### Withholding a Document or Record
### (18 U.S.C. §§ 1512(b)(2)(A), 2)

82.     The General Allegations of this Indictment are re-alleged and fully incorporated here by reference.

83.     From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

### DONALD J. TRUMP and
### WALTINE NAUTA,

did knowingly engage in misleading conduct toward another person, and knowingly corruptly persuade and attempt to persuade another person, with intent to cause and induce any person to withhold a record, document, and other object from an official proceeding; that is—(1) **TRUMP** attempted to persuade Trump Attorney 1 to hide and conceal documents from a federal grand jury; and (2) **TRUMP** and **NAUTA** misled Trump Attorney 1 by moving boxes that contained documents with classification markings so that Trump Attorney 1 would not find the documents and produce them to a federal grand jury.

All in violation of Title 18, United States Code, Sections 1512(b)(2)(A) and 2.

## COUNT 34
### Corruptly Concealing a Document or Record
### (18 U.S.C. §§ 1512(c)(1), 2)

84.     The General Allegations of this Indictment are re-alleged and fully incorporated here by reference.

85.     From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DONALD J. TRUMP** and
**WALTINE NAUTA,**

did corruptly conceal a record, document, and other object, and attempted to do so, with the intent to impair the object's integrity and availability for use in an official proceeding; that is—**TRUMP** and **NAUTA** hid and concealed boxes that contained documents with classification markings from Trump Attorney 1 so that Trump Attorney 1 would not find the documents and produce them to a federal grand jury.

All in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

### COUNT 35
### Concealing a Document in a Federal Investigation
### (18 U.S.C. §§ 1519, 2)

86.    The General Allegations of this Indictment are re-alleged and fully incorporated here by reference.

87.    From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

### DONALD J. TRUMP and
### WALTINE NAUTA,

did knowingly conceal, cover up, falsify, and make a false entry in any record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of a department and agency of the United States, and in relation to and contemplation of any such matter; that is—during a federal criminal investigation being conducted by the FBI, (1) **TRUMP** and **NAUTA** hid, concealed, and covered up from the FBI **TRUMP**'s continued possession of documents with classification markings at The Mar-a-Lago Club; and (2) **TRUMP** caused a false certification to be submitted to the FBI.

All in violation of Title 18, United States Code, Sections 1519 and 2.

**COUNT 36**
**Scheme to Conceal**
**(18 U.S.C. §§ 1001(a)(1), 2)**

88.    The General Allegations of this Indictment are re-alleged and fully incorporated here by reference.

89.    From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DONALD J. TRUMP** and
**WALTINE NAUTA,**

in a matter within the jurisdiction of the judicial branch and executive branch of the United States government, did knowingly and willfully falsify, conceal, and cover up by any trick, scheme, and device a material fact; that is—during a federal grand jury investigation and a federal criminal investigation being conducted by the FBI, **TRUMP** and **NAUTA** hid and concealed from the grand jury and the FBI **TRUMP**'s continued possession of documents with classification markings.

All in violation of Title 18, United States Code, Sections 1001(a)(1) and 2.

## COUNT 37
### False Statements and Representations
### (18 U.S.C. §§ 1001(a)(2), 2)

90.     The General Allegations of this Indictment are re-alleged and fully incorporated here by reference.

91.     On or about June 3, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DONALD J. TRUMP,**

in a matter within the jurisdiction of the judicial branch and executive branch of the United States government, did knowingly and willfully make and cause to be made a materially false, fictitious, and fraudulent statement and representation; that is—during a federal grand jury investigation and a federal criminal investigation being conducted by the FBI, **TRUMP** caused the following false statements and representations to be made to the grand jury and the FBI in a sworn certification executed by Trump Attorney 3:

      a.     "A diligent search was conducted of the boxes that were moved from the White House to Florida";

      b.     "This search was conducted after receipt of the subpoena, in order to locate any and all documents that are responsive to the subpoena"; and

      c.     "Any and all responsive documents accompany this certification."

92.     The statements and representations set forth above were false, as **TRUMP** knew, because **TRUMP** had directed that boxes be removed from the Storage Room before Trump Attorney 1 conducted the June 2, 2022 search for documents with classification markings, so that Trump Attorney 1's search would not and did not include all of **TRUMP**'s boxes that were removed from the White House; Trump Attorney 1's search would not and did not locate all

documents responsive to the May 11 Subpoena; and all responsive documents were not provided to the FBI and the grand jury with the certification. In fact, after June 3, 2022, more than 100 documents with classification markings remained at The Mar-a-Lago Club until the FBI search on August 8, 2022.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 38
### False Statements and Representations
### (18 U.S.C. § 1001(a)(2))

93.     The General Allegations of this Indictment are re-alleged and fully incorporated here by reference.

94.     On May 26, 2022, **NAUTA** participated in a voluntary interview with the FBI. During the interview, the FBI explained to **NAUTA** that the FBI was investigating how classified documents had been kept at The Mar-a-Lago Club, and the FBI asked **NAUTA** questions about the location and movement of **TRUMP**'s boxes before **TRUMP** provided 15 boxes to NARA on January 17, 2022. **NAUTA** was represented by counsel, and the FBI advised **NAUTA** that the interview was voluntary and that he could leave at any time. The FBI also advised **NAUTA** that it was a criminal offense to lie to the FBI. The interview was recorded.

95.     On or about May 26, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### WALTINE NAUTA,

in a matter within the jurisdiction of the executive branch of the United States government, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation; that is—in a voluntary interview during a federal criminal investigation being conducted by the FBI, **NAUTA** was asked the following questions and gave the following false answers:

> Question:     Does any – are you aware of any boxes being brought
>                      to his home – his suite?
>
> Answer:       **No.**

\* \* \*

42

A116

Question:    All right. So, so to the best of your knowledge, you're saying that those boxes that you brought onto the truck, first time you ever laid eyes on them was just the day of when [Trump Employee 2] needed you to—

Answer:      **Correct.**

Question:    —to take them.  Okay.

* * *

Question:    In knowing that we're trying to track the life of these boxes and where they could have been kept and stored and all that kind of stuff—

Answer:      Mm-hm.

Question:    —do you have any information that could—that would—that could help us understand, like, where they were kept, how they were kept, were they secured, were they locked?  Something that makes the intelligence community feel better about these things, you know?

Answer:      **I wish, I wish I could tell you.  I don't know. I don't—I honestly just don't know.**

* * *

Question:    And what—so, so you only saw the 15 boxes, 15, 17 boxes—

Answer:      Mm-hm.

Question:    —the day of the move?  Even—they just showed up that day?

Answer:      They were in Pine Hall.  [Trump Employee 2] just asked me, hey, can we move some boxes?

Question:    Okay.

Answer:      And I was like, okay.

43

A117

> Question:   So, you didn't know—had no idea how they got there before?
>
> Answer:   <u>No.</u>

96.   The underscored statements and representations above were false, as **NAUTA** knew, because (1) **NAUTA** did in fact know that the boxes in Pine Hall had come from the Storage Room, as **NAUTA** himself, with the assistance of Trump Employee 2, had moved the boxes from the Storage Room to Pine Hall; and (2) **NAUTA** had observed the boxes in and moved them to various locations at The Mar-a-Lago Club.

All in violation of Title 18, United States Code, Section 1001(a)(2).

**A TRUE BILL** ████████████

**FOREPERSON**

**JACK SMITH**
**SPECIAL COUNSEL**
**UNITED STATES DEPARTMENT OF JUSTICE**

44

A118

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**CASE NO.:** _____

v.

Donald J. Trump and
Waltine Nauta,
_____/
                Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami      ☐ Key West      ☐ FTP
☐ FTL        ☒ WPB

I do hereby certify that:
1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No
    List language and/or dialect: _____

4.  This case will take __21__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                    (Check only one)
    I     ☐ 0 to 5 days             ☐ Petty
    II    ☐ 6 to 10 days            ☐ Minor
    III   ☐ 11 to 20 days           ☐ Misdemeanor
    IV    ☒ 21 to 60 days           ☒ Felony
    V     ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge _____  Case No. _____
7.  Has a complaint been filed in this matter? (Yes or No) No
    If yes, Magistrate Case No. _____
8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge _____  Case No. _____
9.  Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____

Jay I. Bratt
Assistant Special Counsel
Court ID No. A5502946

A119

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:    Donald J. Trump

**Case No:**

Counts #: 1-31

Willful Retention of National Defense Information, 18 U.S.C. § 793(e)

**\* Max. Term of Imprisonment: 10 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 32

Conspiracy to Obstruct Justice, 18 U.S.C. § 1512(k)

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 33

Withholding a Document or Record, 18 U.S.C. § 1512(b)(2)(A)

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

A120

Count #: 34

Corruptly Concealing a Document or Record, 18 U.S.C. § 1512(c)(1)

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine:  $250,000**

Count #: 35

Concealing a Document in a Federal Investigation, 18 U.S.C. § 1519

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 36

Scheme to Conceal, 18 U.S.C. § 1001(a)(1)

**\* Max. Term of Imprisonment: 5 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 37

False Statements and Representations, 18 U.S.C. § 1001(a)(2)

**\* Max. Term of Imprisonment: 5 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine:  $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:  ___Waltine Nauta_____

**Case No:** _____

Count #: 32

Conspiracy to Obstruct Justice, 18 U.S.C. § 1512(k)

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 33

Withholding a Document or Record, 18 U.S.C. § 1512(b)(2)(A)

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 34

Corruptly Concealing a Document or Record, 18 U.S.C. § 1512(c)(1)

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Count #: 35

Concealing a Document in a Federal Investigation, 18 U.S.C. § 1519

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 36

Scheme to Conceal, 18 U.S.C. § 1001(a)(1)

* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 38

False Statements and Representations, 18 U.S.C. § 1001(a)(2)

* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CR-80101-CANNON(s)
18 U.S.C. § 793(e)
18 U.S.C. § 1512(k)
18 U.S.C. § 1512(b)(2)(A)
18 U.S.C. § 1512(b)(2)(B)
18 U.S.C. § 1512(c)(1)
18 U.S.C. § 1519
18 U.S.C. § 1001(a)(1)
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 2



FILED BY____*mdc*____D.C.

*Jul 27, 2023*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach, Fl

UNITED STATES OF AMERICA

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times material to this Superseding Indictment, on or about the dates and approximate times stated below:

### Introduction

1.      Defendant **DONALD J. TRUMP** was the forty-fifth President of the United States of America. He held office from January 20, 2017, until January 20, 2021. As president, **TRUMP** had lawful access to the most sensitive classified documents and national defense information gathered and owned by the United States government, including information from the agencies

that comprise the United States Intelligence Community and the United States Department of Defense.

2.     Over the course of his presidency, **TRUMP** gathered newspapers, press clippings, letters, notes, cards, photographs, official documents, and other materials in cardboard boxes that he kept in the White House. Among the materials **TRUMP** stored in his boxes were hundreds of classified documents.

3.     The classified documents **TRUMP** stored in his boxes included information regarding defense and weapons capabilities of both the United States and foreign countries; United States nuclear programs; potential vulnerabilities of the United States and its allies to military attack; and plans for possible retaliation in response to a foreign attack. The unauthorized disclosure of these classified documents could put at risk the national security of the United States, foreign relations, the safety of the United States military, and human sources and the continued viability of sensitive intelligence collection methods.

4.     At 12:00 p.m. on January 20, 2021, **TRUMP** ceased to be president. As he departed the White House, **TRUMP** caused scores of boxes, many of which contained classified documents, to be transported to The Mar-a-Lago Club in Palm Beach, Florida, where he maintained his residence. **TRUMP** was not authorized to possess or retain those classified documents.

5.     The Mar-a-Lago Club was an active social club, which, between January 2021 and August 2022, hosted events for tens of thousands of members and guests. After **TRUMP**'s presidency, The Mar-a-Lago Club was not an authorized location for the storage, possession, review, display, or discussion of classified documents. Nevertheless, **TRUMP** stored his boxes containing classified documents in various locations at The Mar-a-Lago Club—including in a ballroom, a bathroom and shower, an office space, his bedroom, and a storage room.

6.    On two occasions in 2021, **TRUMP** showed classified documents to others, as follows:

    a.    In July 2021, at Trump National Golf Club in Bedminster, New Jersey ("The Bedminster Club"), during an audio-recorded meeting with a writer, a publisher, and two members of his staff, none of whom possessed a security clearance, **TRUMP** showed and described a "plan of attack" that **TRUMP** said was prepared for him by the Department of Defense and a senior military official. **TRUMP** told the individuals that the plan was "highly confidential" and "secret." **TRUMP** also said, "as president I could have declassified it," and, "Now I can't, you know, but this is still a secret."

    b.    In August or September 2021, at The Bedminster Club, **TRUMP** showed a representative of his political action committee who did not possess a security clearance a classified map related to a military operation and told the representative that he should not be showing it to the representative and that the representative should not get too close.

7.    On March 30, 2022, the Federal Bureau of Investigation ("FBI") opened a criminal investigation into the unlawful retention of classified documents at The Mar-a-Lago Club. A federal grand jury investigation began the next month. The grand jury issued a subpoena requiring **TRUMP** to turn over all documents with classification markings. **TRUMP** endeavored to obstruct the FBI and grand jury investigations and conceal his continued retention of classified documents by, among other things:

    a.    suggesting that his attorney falsely represent to the FBI and grand jury that **TRUMP** did not have documents called for by the grand jury subpoena;

    b.    directing defendant **WALTINE NAUTA** to move boxes of documents to conceal them from **TRUMP**'s attorney, the FBI, and the grand jury;

    c.    suggesting that his attorney hide or destroy documents called for by the grand jury subpoena;

    d.    providing to the FBI and grand jury just some of the documents called for by the grand jury subpoena, while claiming that he was cooperating fully;

    e.    causing a certification to be submitted to the FBI and grand jury falsely representing that all documents called for by the grand jury subpoena had

been produced—while knowing that, in fact, not all such documents had been produced; and

    f.    attempting to delete security camera footage at The Mar-a-Lago Club to conceal information from the FBI and grand jury.

8.    As a result of **TRUMP**'s retention of classified documents after his presidency and refusal to return them, hundreds of classified documents were not recovered by the United States government until 2022, as follows:

    a.    On January 17, nearly one year after **TRUMP** left office, and after months of demands by the National Archives and Records Administration for **TRUMP** to provide all missing presidential records, **TRUMP** provided only 15 boxes, which contained 197 documents with classification markings.

    b.    On June 3, in response to a grand jury subpoena demanding the production of all documents with classification markings, **TRUMP**'s attorney provided to the FBI 38 more documents with classification markings.

    c.    On August 8, pursuant to a court-authorized search warrant, the FBI recovered from **TRUMP**'s office and a storage room at The Mar-a-Lago Club 102 more documents with classification markings.

### TRUMP's Co-Conspirators

9.    Defendant **NAUTA** was a member of the United States Navy stationed as a valet in the White House during **TRUMP**'s presidency. Beginning in August 2021, **NAUTA** became an executive assistant in The Office of Donald J. Trump and served as **TRUMP**'s personal aide or "body man." **NAUTA** reported to **TRUMP**, worked closely with **TRUMP**, and traveled with **TRUMP**.

10.    Beginning in January 2022, Defendant **CARLOS DE OLIVEIRA** was employed as the property manager at The Mar-a-Lago Club. Prior to holding the position of property manager, **DE OLIVEIRA** was employed as a valet at The Mar-a-Lago Club.

### The Mar-a-Lago Club

11.     The Mar-a-Lago Club was located on South Ocean Boulevard in Palm Beach, Florida, and included **TRUMP**'s residence, more than 25 guest rooms, two ballrooms, a spa, a gift store, exercise facilities, office space, and an outdoor pool and patio. As of January 2021, The Mar-a-Lago Club had hundreds of members and was staffed by more than 150 full-time, part-time, and temporary employees.

12.     Between January 2021 and August 2022, The Mar-a-Lago Club hosted more than 150 social events, including weddings, movie premieres, and fundraisers that together drew tens of thousands of guests.

13.     The United States Secret Service (the "Secret Service") provided protection services to **TRUMP** and his family after he left office, including at The Mar-a-Lago Club, but it was not responsible for the protection of **TRUMP**'s boxes or their contents. **TRUMP** did not inform the Secret Service that he was storing boxes containing classified documents at The Mar-a-Lago Club.

### Classified Information

14.     National security information was information owned by, produced by, produced for, and under the control of the United States government. Pursuant to Executive Order 12958, signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL," as follows:

> a.     Information was classified as TOP SECRET if the unauthorized disclosure of that information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify or describe.

A128

b.   Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify or describe.

c.   Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify or describe.

15.   The classification marking "NOFORN" stood for "Not Releasable to Foreign Nationals" and denoted that dissemination of that information was limited to United States persons.

16.   Classified information related to intelligence sources, methods, and analytical processes was designated as Sensitive Compartmented Information ("SCI"). SCI was to be processed, stored, used, or discussed in an accredited Sensitive Compartmented Information Facility ("SCIF"), and only individuals with the appropriate security clearance and additional SCI permissions were authorized to have access to such national security information.

17.   When the vulnerability of, or threat to, specific classified information was exceptional, and the normal criteria for determining eligibility for access to classified information were insufficient to protect the information from unauthorized disclosure, the United States could establish Special Access Programs ("SAPs") to further protect the classified information. The number of these programs was to be kept to an absolute minimum and limited to programs in which the number of persons who ordinarily would have access would be reasonably small and commensurate with the objective of providing enhanced protection for the information involved. Only individuals with the appropriate security clearance and additional SAP permissions were authorized to have access to such national security information, which was subject to enhanced handling and storage requirements.

18.     Pursuant to Executive Order 13526, information classified at any level could be lawfully accessed only by persons determined by an appropriate United States government official to be eligible for access to classified information and who had signed an approved non-disclosure agreement, who received a security clearance, and who had a "need-to-know" the classified information.  After his presidency, **TRUMP** was not authorized to possess or retain classified documents.

19.     Executive Order 13526 provided that a former president could obtain a waiver of the "need-to-know" requirement, if the agency head or senior agency official of the agency that originated the classified information: (1) determined in writing that access was consistent with the interest of national security and (2) took appropriate steps to protect classified information from unauthorized disclosure or compromise and ensured that the information was safeguarded in a manner consistent with the order.  **TRUMP** did not obtain any such waiver after his presidency.

### The Executive Branch Departments and Agencies Whose Classified Documents TRUMP Retained After His Presidency

20.     As part of his official duties as president, **TRUMP** received intelligence briefings from high-level United States government officials, including briefings from the Director of the Central Intelligence Agency, the Chairman of the Joint Chiefs of Staff, senior White House officials, and a designated briefer.  He regularly received a collection of classified intelligence from the United States Intelligence Community ("USIC") known as the "President's Daily Brief."

21.     The USIC's mission was to collect, analyze, and deliver foreign intelligence and counterintelligence information to America's leaders, including the president, policymakers, law enforcement, and the military, so they could make sound decisions to protect the United States.

The USIC consisted of United States executive branch departments and agencies responsible for the conduct of foreign relations and the protection of national security.

22.     After his presidency, **TRUMP** retained classified documents originated by, or implicating the equities of, multiple USIC members and other executive branch departments and agencies, including the following:

a.      **The Central Intelligence Agency ("CIA").** CIA was responsible for providing intelligence on foreign countries and global issues to the president and other policymakers to help them make national security decisions.

b.      **The Department of Defense ("DoD").** DoD was responsible for providing the military forces needed to deter war and ensure national security. Some of the executive branch agencies comprising the USIC were within DoD.

c.      **The National Security Agency.** The National Security Agency was a combat support agency within DoD and a member of the USIC responsible for foreign signals intelligence and cybersecurity. This included collecting, processing, and disseminating to United States policymakers and military leaders foreign intelligence derived from communications and information systems; protecting national security systems; and enabling computer network operations.

d.      **The National Geospatial Intelligence Agency.** The National Geospatial Intelligence Agency was a combat support agency within DoD responsible for the exploitation and analysis of imagery, imagery intelligence, and geospatial information in support of the national security objectives of the United States and the geospatial intelligence requirements of DoD, the Department of State, and other federal agencies.

e.      **The National Reconnaissance Office.** The National Reconnaissance Office was an agency within DoD responsible for developing, acquiring, launching, and operating space-based surveillance and reconnaissance systems that collected and delivered intelligence to enhance national security.

f.      **The Department of Energy.** The Department of Energy was responsible for maintaining a safe, secure, and effective nuclear deterrent to protect national security, including ensuring the effectiveness of the United States nuclear weapons stockpile without nuclear explosive testing.

g.  **The Department of State and Bureau of Intelligence and Research.** The Department of State was responsible for protecting and promoting United States security, prosperity, and democratic values. Within the Department of State, the Bureau of Intelligence and Research was a member of the USIC and responsible for providing intelligence to inform diplomacy and support United States diplomats.

### TRUMP's Public Statements on Classified Information

23.  As a candidate for President of the United States, **TRUMP** made the following public statements, among others, about classified information:

a.  On August 18, 2016, **TRUMP** stated, "In my administration I'm going to enforce all laws concerning the protection of classified information. No one will be above the law."

b.  On September 6, 2016, **TRUMP** stated, "We also need to fight this battle by collecting intelligence and then protecting, protecting our classified secrets. . . . We can't have someone in the Oval Office who doesn't understand the meaning of the word confidential or classified."

c.  On September 7, 2016, **TRUMP** stated, "[O]ne of the first things we must do is to enforce all classification rules and to enforce all laws relating to the handling of classified information."

d.  On September 19, 2016, **TRUMP** stated, "We also need the best protection of classified information."

e.  On November 3, 2016, **TRUMP** stated, "Service members here in North Carolina have risked their lives to acquire classified intelligence to protect our country."

24.  As President of the United States, on July 26, 2018, **TRUMP** issued the following statement about classified information:

As the head of the executive branch and Commander in Chief, I have a unique, Constitutional responsibility to protect the Nation's classified information, including by controlling access to it. . . . More broadly, the issue of [a former executive branch official's] security clearance raises larger questions about the practice of former officials maintaining access to our Nation's most sensitive secrets long after their time in Government has ended. Such access is particularly inappropriate when former officials have transitioned

into highly partisan positions and seek to use real or perceived access to sensitive information to validate their political attacks. Any access granted to our Nation's secrets should be in furtherance of national, not personal, interests.

### TRUMP's Retention of Classified Documents After His Presidency

25.    In January 2021, as he was preparing to leave the White House, **TRUMP** and his White House staff, including **NAUTA**, packed items, including some of **TRUMP**'s boxes. **TRUMP** was personally involved in this process.  **TRUMP** caused his boxes, containing hundreds of classified documents, to be transported from the White House to The Mar-a-Lago Club.

26.    From January through March 15, 2021, some of **TRUMP**'s boxes were stored in The Mar-a-Lago Club's White and Gold Ballroom, in which events and gatherings took place. **TRUMP**'s boxes were for a time stacked on the ballroom's stage, as depicted in the photograph below (redacted to obscure an individual's identity).



27.     In March 2021, **NAUTA** and others moved some of **TRUMP**'s boxes from the White and Gold Ballroom to the business center at The Mar-a-Lago Club.

28.     On April 5, 2021, an employee of The Office of Donald J. Trump ("Trump Employee 1") texted another employee of that office ("Trump Employee 2") to ask whether **TRUMP**'s boxes could be moved out of the business center to make room for staff to use it as an office. Trump Employee 2 replied, "Woah!! Ok so potus specifically asked Walt for those boxes to be in the business center because they are his 'papers.'" Later that day, Trump Employee 1 and Trump Employee 2 exchanged the following text messages:

> Trump Employee 2:
>
> > We can definitely make it work if we move his papers into the lake room?
>
> Trump Employee 1:
>
> > There is still a little room in the shower where his other stuff is. Is it only his papers he cares about? Theres some other stuff in there that are not papers. Could that go to storage? Or does he want everything in there on property
>
> Trump Employee 2:
>
> > Yes - anything that's not the beautiful mind paper boxes can definitely go to storage. Want to take a look at the space and start moving tomorrow AM?

29.     After the text exchange between Trump Employee 1 and Trump Employee 2, in April 2021, some of **TRUMP**'s boxes were moved from the business center to a bathroom and shower in The Mar-a-Lago Club's Lake Room, as depicted in the photograph below.



30.    In May 2021, **TRUMP** directed that a storage room on the ground floor of The Mar-a-Lago Club (the "Storage Room") be cleaned out so that it could be used to store his boxes. The hallway leading to the Storage Room could be reached from multiple outside entrances, including one accessible from The Mar-a-Lago Club pool patio through a doorway that was often kept open. The Storage Room was near the liquor supply closet, linen room, lock shop, and various other rooms.

31.    On June 24, 2021, **TRUMP**'s boxes that were in the Lake Room were moved to the Storage Room. After the move, there were more than 80 boxes in the Storage Room, as depicted in the photographs below.





32.     On December 7, 2021, **NAUTA** found several of **TRUMP**'s boxes fallen and their

contents spilled onto the floor of the Storage Room, including a document marked "SECRET//REL

TO USA, FVEY," which denoted that the information in the document was releasable only to the Five Eyes intelligence alliance consisting of Australia, Canada, New Zealand, the United Kingdom, and the United States. **NAUTA** texted Trump Employee 2, "I opened the door and found this…" **NAUTA** also attached two photographs he took of the spill. Trump Employee 2 replied, "Oh no oh no," and "I'm sorry potus had my phone." One of the photographs **NAUTA** texted to Trump Employee 2 is depicted below with the visible classified information redacted. **TRUMP**'s unlawful retention of this document is charged in Count 8 of this Superseding Indictment.



### TRUMP's Disclosures of Classified Information in Private Meetings

33.    In May 2021, **TRUMP** caused some of his boxes to be brought to his summer residence at The Bedminster Club. Like The Mar-a-Lago Club, after **TRUMP**'s presidency, The

Bedminster Club was not an authorized location for the storage, possession, review, display, or discussion of classified documents.

34.     On July 21, 2021, when he was no longer president, **TRUMP** gave an interview in his office at The Bedminster Club to a writer and a publisher in connection with a then-forthcoming book. Two members of **TRUMP**'s staff also attended the interview, which was recorded with **TRUMP**'s knowledge and consent. Before the interview, the media had published reports that, at the end of **TRUMP**'s term as president, a senior military official (the "Senior Military Official") purportedly feared that **TRUMP** might order an attack on Country A and that the Senior Military Official advised **TRUMP** against doing so.

35.     Upon greeting the writer, publisher, and his two staff members, **TRUMP** stated, "Look what I found, this was [the Senior Military Official's] plan of attack, read it and just show . . . it's interesting." Later in the interview, **TRUMP** engaged in the following exchange:

| | |
|---|---|
| **TRUMP**: | Well, with [the Senior Military Official]—uh, let me see that, I'll show you an example. He said that I wanted to attack [Country A]. Isn't it amazing? I have a big pile of papers, this thing just came up. Look. This was him. They presented me this—this is off the record, but—they presented me this. This was him. This was the Defense Department and him. |
| WRITER: | Wow. |
| **TRUMP**: | We looked at some. This was him. This wasn't done by me, this was him. All sorts of stuff—pages long, look. |
| STAFFER: | Mm. |
| **TRUMP**: | Wait a minute, let's see here. |
| STAFFER: | *[Laughter]* Yeah. |
| **TRUMP**: | I just found, isn't that amazing? This totally wins my case, you know. |

15

A138

STAFFER:    Mm-hm.

**TRUMP**:    Except it is like, highly confidential.

STAFFER:    Yeah. *[Laughter]*

**TRUMP**:    Secret. This is secret information. Look, look at this. You attack, and—

* * *

**TRUMP**:    By the way. Isn't that incredible?

STAFFER:    Yeah.

**TRUMP**:    I was just thinking, because we were talking about it. And you know, he said, "he wanted to attack [Country A], and what . . ."

STAFFER:    You did.

**TRUMP**:    This was done by the military and given to me. Uh, I think we can probably, right?

STAFFER:    I don't know, we'll, we'll have to see. Yeah, we'll have to try to—

**TRUMP**:    Declassify it.

STAFFER:    —figure out a—yeah.

**TRUMP**:    See as president I could have declassified it.

STAFFER:    Yeah. *[Laughter]*

**TRUMP**:    Now I can't, you know, but this is still a secret.

STAFFER:    Yeah. *[Laughter]* Now we have a problem.

**TRUMP**:    Isn't that interesting?

At the time of this exchange, the writer, the publisher, and **TRUMP**'s two staff members did not

have security clearances or any need-to-know any classified information about a plan of attack on

Country A. The document that **TRUMP** possessed and showed on July 21, 2021, is charged as Count 32 in this Superseding Indictment.

36.    In August or September 2021, when he was no longer president, **TRUMP** met in his office at The Bedminster Club with a representative of his political action committee (the "PAC Representative"). During the meeting, **TRUMP** commented that an ongoing military operation in Country B was not going well. **TRUMP** showed the PAC Representative a classified map of Country B and told the PAC Representative that he should not be showing the map to the PAC Representative and to not get too close. The PAC Representative did not have a security clearance or any need-to-know classified information about the military operation.

37.    On February 16, 2017, four years before **TRUMP**'s disclosures of classified information set forth above, **TRUMP** said at a press conference:

> The first thing I thought of when I heard about it is, how does the press get this information that's classified? How do they do it? You know why? Because it's an illegal process, and the press should be ashamed of themselves. But more importantly, the people that gave out the information to the press should be ashamed of themselves. Really ashamed.

### TRUMP's Production of 15 Cardboard Boxes to the National Archives and Records Administration

38.    Beginning in May 2021, the National Archives and Records Administration ("NARA"), which was responsible for archiving presidential records, repeatedly demanded that **TRUMP** turn over presidential records that he had kept after his presidency. On multiple occasions, beginning in June, NARA warned **TRUMP** through his representatives that if he did not comply, it would refer the matter of the missing records to the Department of Justice.

A140

39.     Between November 2021 and January 2022, **NAUTA** and Trump Employee 2—at **TRUMP**'s direction—brought boxes from the Storage Room to **TRUMP**'s residence for **TRUMP** to review.

40.     On November 12, 2021, Trump Employee 2 provided **TRUMP** a photograph of his boxes in the Storage Room by taping it to one of the boxes that Trump Employee 2 had placed in **TRUMP**'s residence.   Trump Employee 2 provided **TRUMP** the photograph so that **TRUMP** could see how many of his boxes were stored in the Storage Room.   The photograph, shown below, depicted a wall of the Storage Room against which dozens of **TRUMP**'s boxes were stacked.



41.     On November 17, 2021, **NAUTA** texted Trump Employee 2 about the photograph Trump Employee 2 had provided to **TRUMP**, stating, "He mentioned about a picture of the 'boxes' he wants me to see it?"  Trump Employee 2 replied, "Calling you shortly."

42.     On November 25, 2021, Trump Employee 2 texted **NAUTA** about **TRUMP**'s review of the contents of his boxes, asking, "Has he mentioned boxes to you? I delivered some,

but I think he may need more. Could you ask if he'd like more in pine hall?" Pine Hall was an entry room in **TRUMP**'s residence.  **NAUTA** replied in three successive text messages:

> Nothing about boxes yet
>
> He has one he's working on in pine hall
>
> Knocked out 2 boxes yesterday

43.     On November 29, 2021, Trump Employee 2 texted **NAUTA**, asking, "Next you are on property (no rush) could you help me bring 4 more boxes up?"  **NAUTA** replied, "Yes!! Of course."

44.     On December 29, 2021, Trump Employee 2 texted a **TRUMP** representative who was in contact with NARA ("Trump Representative 1"), "box answer will be wrenched out of him today, promise!"  The next day, Trump Representative 1 replied in two successive text messages:

> Hey - Just checking on Boxes…
>
> would love to have a number to them today

Trump Employee 2 spoke to **TRUMP** and then responded a few hours later in two successive text messages:

> 12
>
> Is his number

45.     On January 13, 2022, **NAUTA** texted Trump Employee 2 about **TRUMP**'s "tracking" of boxes, stating, "He's tracking the boxes, more to follow today on whether he wants to go through more today or tomorrow."  Trump Employee 2 replied, "Thank you!"

46.     On January 15, 2022, **NAUTA** sent Trump Employee 2 four successive text messages:

> One thing he asked
>
> Was for new covers for the boxes, for Monday m.

Morning

*can we get new box covers before giving these to them on Monday? They have too much writing on them..I marked too much

Trump Employee 2 replied, "Yes, I will get that!"

47.    On January 17, 2022, Trump Employee 2 and **NAUTA** gathered 15 boxes from **TRUMP**'s residence, loaded the boxes in **NAUTA**'s car, and took them to a commercial truck for delivery to NARA.

48.    When interviewed by the FBI in May 2022 regarding the location and movement of boxes before the production to NARA, **NAUTA** made false and misleading statements as set forth in Count 38 of this Superseding Indictment, including:

a.    falsely stating that he was not aware of **TRUMP**'s boxes being brought to **TRUMP**'s residence for his review before **TRUMP** provided 15 boxes to NARA in January 2022;

b.    falsely stating that he did not know how the boxes that he and Trump Employee 2 brought from **TRUMP**'s residence to the commercial truck for delivery to NARA on January 17, 2022, had gotten to the residence; and

c.    when asked whether he knew where **TRUMP**'s boxes had been stored before they were in **TRUMP**'s residence and whether they had been in a secure or locked location, **NAUTA** falsely responded, "I wish, I wish I could tell you. I don't know. I don't—I honestly just don't know."

49.    When the 15 boxes that **TRUMP** had provided reached NARA in January 2022, NARA reviewed the contents and determined that 14 of the boxes contained documents with classification markings.  Specifically, as the FBI later determined, the boxes contained 197 documents with classification markings, of which 98 were marked "SECRET," 30 were marked "TOP SECRET," and the remainder were marked "CONFIDENTIAL."  Some of those documents also contained SCI and SAP markings.

20

50.    On February 9, 2022, NARA referred the discovery of classified documents in **TRUMP**'s boxes to the Department of Justice for investigation.

### The FBI and Grand Jury Investigations

51.    On March 30, 2022, the FBI opened a criminal investigation.

52.    On April 26, 2022, a federal grand jury opened an investigation.

### The Defendants' Concealment of Boxes

53.    On May 11, 2022, the grand jury issued a subpoena (the "May 11 Subpoena") to The Office of Donald J. Trump requiring the production of all documents with classification markings in the possession, custody, or control of **TRUMP** or The Office of Donald J. Trump. Two attorneys representing **TRUMP** ("Trump Attorney 1" and "Trump Attorney 2") informed **TRUMP** of the May 11 Subpoena, and he authorized Trump Attorney 1 to accept service.

54.    On May 22, 2022, **NAUTA** entered the Storage Room at 3:47 p.m. and left approximately 34 minutes later, carrying one of **TRUMP**'s boxes.

55.    On May 23, 2022, **TRUMP** met with Trump Attorney 1 and Trump Attorney 2 at The Mar-a-Lago Club to discuss the response to the May 11 Subpoena. Trump Attorney 1 and Trump Attorney 2 told **TRUMP** that they needed to search for documents that would be responsive to the subpoena and provide a certification that there had been compliance with the subpoena. **TRUMP**, in sum and substance, made the following statements, among others, as memorialized by Trump Attorney 1:

a.    I don't want anybody looking, I don't want anybody looking through my boxes, I really don't, I don't want you looking through my boxes.

b.    Well what if we, what happens if we just don't respond at all or don't play ball with them?

c.    Wouldn't it be better if we just told them we don't have anything here?

A144

     d.     Well look isn't it better if there are no documents?

56.    While meeting with Trump Attorney 1 and Trump Attorney 2 on May 23, **TRUMP**,

in sum and substance, told the following story, as memorialized by Trump Attorney 1:

> [Attorney], he was great, he did a great job. You know what? He
> said, he said that it – that it was him. That he was the one who
> deleted all of her emails, the 30,000 emails, because they basically
> dealt with her scheduling and her going to the gym and her having
> beauty appointments. And he was great. And he, so she didn't get
> in any trouble because he said that he was the one who deleted them.

**TRUMP** related the story more than once that day.

57.    On May 23, **TRUMP** also confirmed his understanding with Trump Attorney 1 that

Trump Attorney 1 would return to The Mar-a-Lago Club on June 2 to search for any documents

with classification markings to produce in response to the May 11 Subpoena. Trump Attorney 1

made it clear to **TRUMP** that Trump Attorney 1 would conduct the search for responsive

documents by looking through **TRUMP**'s boxes that had been transported from the White House

and remained in storage at The Mar-a-Lago Club. **TRUMP** indicated that he wanted to be at The

Mar-a-Lago Club when Trump Attorney 1 returned to review his boxes on June 2, and that

**TRUMP** would change his summer travel plans to do so. **TRUMP** told Trump Attorney 2 that

Trump Attorney 2 did not need to be present for the review of boxes.

58.    After meeting with Trump Attorney 1 and Trump Attorney 2 on May 23, **TRUMP**

delayed his departure from The Mar-a-Lago Club to The Bedminster Club for the summer so that

he would be present at The Mar-a-Lago Club on June 2, when Trump Attorney 1 returned to review

the boxes.

59.    Between **TRUMP**'s May 23 meeting with Trump Attorney 1 and Trump Attorney

2 to discuss the May 11 Subpoena, and June 2, when Trump Attorney 1 returned to The Mar-a-

Lago Club to review the boxes in the Storage Room, **NAUTA** removed—at **TRUMP**'s direction—

a total of approximately 64 boxes from the Storage Room and brought them to **TRUMP**'s residence, as set forth below:

a.     On May 24, 2022, between 5:30 p.m. and 5:38 p.m., **NAUTA** removed three boxes from the Storage Room.

b.     On May 30, 2022, at 9:08 a.m., **TRUMP** and **NAUTA** spoke by phone for approximately 30 seconds. Between 10:02 a.m. and 11:51 a.m., **NAUTA** removed a total of approximately 50 boxes from the Storage Room.

c.     On May 30, 2022, at 12:33 p.m., a Trump family member texted **NAUTA**:

> Good afternoon Walt,
> Happy Memorial Day!
>
> I saw you put boxes to Potus room. Just FYI and I will tell him as well:
> Not sure how many he wants to take on Friday on the plane. We will NOT have a room for them. Plane will be full with luggage.
> Thank you!

**NAUTA** replied:

> Good Afternoon Ma'am [Smiley Face Emoji]
> Thank you so much.
>
> I think he wanted to pick from them. I don't imagine him wanting to take the boxes.
>
> He told me to put them in the room and that he was going to talk to you about them.

d.     On June 1, 2022, beginning at 12:52 p.m., **NAUTA** removed approximately 11 boxes from the Storage Room.

60.     On June 1, 2022, **TRUMP** spoke with Trump Attorney 1 by phone and asked whether Trump Attorney 1 was coming to The Mar-a-Lago Club the next day and for exactly what purpose. Trump Attorney 1 reminded **TRUMP** that Trump Attorney 1 was going to review the boxes that had been transported from the White House and remained in storage at The Mar-a-Lago

Club so that Trump Attorney 1 could have a custodian of records certify that the May 11 subpoena had been complied with fully.

61.     On June 2, 2022, the day that Trump Attorney 1 was scheduled to review **TRUMP**'s boxes in the Storage Room, **TRUMP** spoke with **NAUTA** on the phone at 9:29 a.m. for approximately 24 seconds.

62.     Later that day, between 12:33 p.m. and 12:52 p.m., **NAUTA** and **DE OLIVEIRA** moved approximately 30 boxes from **TRUMP**'s residence to the Storage Room.

63.     In sum, between May 23, 2022, and June 2, 2022, before Trump Attorney 1's review of **TRUMP**'s boxes in the Storage Room, **NAUTA**—at **TRUMP**'s direction—moved approximately 64 boxes from the Storage Room to **TRUMP**'s residence, and **NAUTA** and **DE OLIVEIRA** brought to the Storage Room only approximately 30 boxes. Neither **TRUMP** nor **NAUTA** informed Trump Attorney 1 of this information.

### The False Certification to the FBI and the Grand Jury

64.     On the afternoon of June 2, 2022, as **TRUMP** had been informed, Trump Attorney 1 arrived at The Mar-a-Lago Club to review **TRUMP**'s boxes to look for documents with classification markings in response to the May 11 Subpoena. **TRUMP** met with Trump Attorney 1 before Trump Attorney 1 conducted the review. **NAUTA** escorted Trump Attorney 1 to the Storage Room.

65.     Between 3:53 p.m. and 6:23 p.m., Trump Attorney 1 reviewed the contents of **TRUMP**'s boxes in the Storage Room.  Trump Attorney 1 located 38 documents with classification markings inside the boxes, which Trump Attorney 1 removed and placed in a Redweld folder. Trump Attorney 1 contacted **NAUTA** and asked him to bring clear duct tape to the Storage Room, which **NAUTA** did. Trump Attorney 1 used the clear duct tape to seal the Redweld folder with the documents with classification markings inside.

66.     After Trump Attorney 1 finished sealing the Redweld folder containing the documents with classification markings that he had found inside **TRUMP**'s boxes, **NAUTA** took Trump Attorney 1 to a dining room in The Mar-a-Lago Club to meet with **TRUMP**.  After Trump Attorney 1 confirmed that he was finished with his search of the Storage Room, **TRUMP** asked, "Did you find anything? . . . Is it bad?  Good?"

67.     **TRUMP** and Trump Attorney 1 then discussed what to do with the Redweld folder containing documents with classification markings and whether Trump Attorney 1 should bring them to his hotel room and put them in a safe there.  During that conversation, **TRUMP** made a plucking motion, as memorialized by Trump Attorney 1:

> He made a funny motion as though – well okay why don't you take them with you to your hotel room and if there's anything really bad in there, like, you know, pluck it out.  And that was the motion that he made.  He didn't say that.

68.     That evening, Trump Attorney 1 contacted the Department of Justice and requested that an FBI agent meet him at The Mar-a-Lago Club the next day, June 3, so that he could turn over the documents responsive to the May 11 Subpoena.

69.     Also that evening, Trump Attorney 1 contacted another **TRUMP** attorney ("Trump Attorney 3") and asked her if she would come to The Mar-a-Lago Club the next morning to act as a custodian of records and sign a certification regarding the search for documents with classification markings in response to the May 11 Subpoena.  Trump Attorney 3, who had no role in the review of **TRUMP**'s boxes in the Storage Room, agreed.

70.     The next day, on June 3, 2022, at Trump Attorney 1's request, Trump Attorney 3 signed a certification as the custodian of records for The Office of Donald J. Trump and took it to The Mar-a-Lago Club to provide it to the Department of Justice and FBI.  In the certification, Trump Attorney 3—who performed no search of **TRUMP**'s boxes, had not reviewed the May 11

Subpoena, and had not reviewed the contents of the Redweld folder—stated, among other things, that "[b]ased upon the information that [had] been provided to" her:

    a.    "A diligent search was conducted of the boxes that were moved from the White House to Florida";

    b.    "This search was conducted after receipt of the subpoena, in order to locate any and all documents that are responsive to the subpoena"; and

    c.    "Any and all responsive documents accompany this certification."

71.    These statements were false because, among other reasons, **TRUMP** had directed **NAUTA** to move boxes before Trump Attorney 1's June 2 review, so that many boxes were not searched and many documents responsive to the May 11 Subpoena could not be found—and in fact were not found—by Trump Attorney 1.

72.    Shortly after Trump Attorney 3 executed the false certification, on June 3, 2022, Trump Attorney 1 and Trump Attorney 3 met at The Mar-a-Lago Club with personnel from the Department of Justice and FBI. Trump Attorney 1 and Trump Attorney 3 turned over the Redweld folder containing documents with classification markings, as well as the false certification signed by Trump Attorney 3 as custodian of records. **TRUMP**, who had delayed his departure from The Mar-a-Lago Club, joined Trump Attorney 1 and Trump Attorney 3 for some of the meeting. **TRUMP** claimed to the Department of Justice and FBI that he was "an open book."

73.    Earlier that same day, **NAUTA, DE OLIVEIRA,** and others loaded several of **TRUMP**'s boxes along with other items on aircraft that flew **TRUMP** and his family north for the summer.

### The Attempt to Delete Security Camera Footage

74.     On June 3, 2022, when FBI agents were at The Mar-a-Lago Club to collect the documents with classification markings from Trump Attorney 1 and Trump Attorney 3, the agents observed that there were surveillance cameras located near the Storage Room.

75.     On June 22, 2022, the Department of Justice emailed an attorney for **TRUMP**'s business organization a draft grand jury subpoena requiring the production of certain security camera footage from The Mar-a-Lago Club, including footage from cameras "on ground floor (basement)," where the Storage Room was located.

76.     On June 23, 2022, at 8:46 p.m., **TRUMP** called **DE OLIVEIRA** and they spoke for approximately 24 minutes.

77.     On Friday, June 24, 2022, the Department of Justice emailed the attorney for **TRUMP**'s business organization the final grand jury subpoena, which required the production of "[a]ny and all surveillance records, videos, images, photographs and/or CCTV from internal cameras" at certain locations at The Mar-a-Lago Club, including "on ground floor (basement)," from January 10, 2022, to June 24, 2022.

78.     That same day, June 24, 2022, at 1:25 p.m., Trump Attorney 1 spoke with **TRUMP** by phone regarding the subpoena for security camera footage. At 3:44 p.m., **NAUTA** received a text message from a co-worker, Trump Employee 3, indicating that **TRUMP** wanted to see **NAUTA**. Less than two hours later, **NAUTA**—who was scheduled to travel with **TRUMP** to Illinois the next day—changed his travel schedule and began to make arrangements to go to Palm Beach, Florida, instead.

79.     **NAUTA** provided inconsistent explanations to colleagues for his sudden travel to Florida. At 7:14 p.m. on June 24, he texted one person that he would not be traveling with **TRUMP**

A150

the next day because he had a family emergency and used "shushing" emojis; at 9:48 p.m. that night, he texted a Secret Service agent that he had to check on a family member in Florida; and after he arrived in Florida on June 25, he texted the same Secret Service agent that he was in Florida working.

80.  Around the same time on June 24 that **NAUTA** was making his travel plans to go to Florida, **NAUTA** and **DE OLIVEIRA** contacted Trump Employee 4, who was the Director of Information Technology ("IT") at The Mar-a-Lago Club, as follows:

a.  At 5:02 p.m., **NAUTA** sent text messages to Trump Employee 4 asking, "Hey bro You around this weekend."

b.  At 5:05 p.m., **NAUTA** texted **DE OLIVEIRA**, asking, "Hey brother You working today?" **DE OLIVEIRA** responded, "Yes I just left." **NAUTA** then called **DE OLIVEIRA** and they spoke for approximately two minutes.

c.  At 5:09 p.m., Trump Employee 4 texted a response to **NAUTA**, "I am local. Entertaining some family that came to visit. What's up?" **NAUTA** responded to Trump Employee 4, "Ok, cool. No biggie just wanted to see if you where around. Enjoy bro!"

d.  At 6:56 p.m., **DE OLIVEIRA** texted Trump Employee 4, "Hey buddy how are you ... Walter call me early said it was trying to get in touch with you I guess he's coming down tomorrow I guess needs you for something." Trump Employee 4 responded, "He reached out but he didn't say what he wanted. I told him I was local but entertaining some family that came from NYC this weekend. He told me to no worries."

e.  At 6:58 p.m., Trump Employee 4 texted **NAUTA**, "Bro, if you need me I can get away for a few. Just let me know." **NAUTA** responded, "Sounds good!! Thank you."

81.  On Saturday, June 25, 2022, **NAUTA** traveled from Bedminster, New Jersey, to Palm Beach, Florida. Prior to **NAUTA**'s trip, **DE OLIVEIRA** told a valet at The Mar-a-Lago Club ("Trump Employee 5") that **NAUTA** was coming down. **DE OLIVEIRA** asked Trump Employee 5 not to tell anyone that **NAUTA** was coming down because **NAUTA** wanted the trip

to remain secret. **DE OLIVEIRA** also told Trump Employee 5 that **NAUTA** wanted **DE OLIVEIRA** to talk to Trump Employee 4 to see how long camera footage was stored.

82.     Shortly after arriving in Palm Beach on the evening of June 25, **NAUTA** went to The Mar-a-Lago Club and met with **DE OLIVEIRA** at 5:46 p.m. At The Mar-a-Lago Club, **NAUTA** and **DE OLIVEIRA** went to the security guard booth where surveillance video is displayed on monitors, walked with a flashlight through the tunnel where the Storage Room was located, and observed and pointed out surveillance cameras.

83.     On Monday, June 27, 2022, at 9:48 a.m., **DE OLIVEIRA** walked to the IT office where Trump Employee 4 was working with another employee in the IT department. **DE OLIVEIRA** requested that Trump Employee 4 step away from the office so that **DE OLIVEIRA** and Trump Employee 4 could talk.

84.     At 9:49 a.m., Trump Employee 4 and **DE OLIVEIRA** left the area of the IT office together and walked through a basement tunnel. **DE OLIVEIRA** took Trump Employee 4 to a small room known as an "audio closet" near the White and Gold Ballroom. Once inside the audio closet, **DE OLIVEIRA** and Trump Employee 4 had the following exchange:

    a.    **DE OLIVEIRA** told Trump Employee 4 that their conversation should remain between the two of them.

    b.    **DE OLIVEIRA** asked Trump Employee 4 how many days the server retained footage. Trump Employee 4 responded that he believed it was approximately 45 days.

    c.    **DE OLIVEIRA** told Trump Employee 4 that "the boss" wanted the server deleted. Trump Employee 4 responded that he would not know how to do that, and that he did not believe that he would have the rights to do it. Trump Employee 4 told **DE OLIVEIRA** that **DE OLIVEIRA** would have to reach out to another employee who was a supervisor of security for **TRUMP**'s business organization. **DE OLIVEIRA** then insisted to **TRUMP** Employee 4 that "the boss" wanted the server deleted and asked, "what are we going to do?"

85.     At 10:14 a.m., **DE OLIVEIRA** texted **NAUTA**, who was still in Florida, "Hey buddy are you working today?" **DE OLIVEIRA** then called **NAUTA** at 10:15 a.m., and they spoke for approximately one minute.

86.     Later that day, at 1:06 p.m., **NAUTA** texted **DE OLIVEIRA**, who was at The Mar-a-Lago Club, "On my way to you." Between 1:31 p.m. and 1:50 p.m., **DE OLIVEIRA** walked through the bushes on the northern edge of The Mar-a-Lago Club property to meet with **NAUTA** on the adjacent property; then walked back to the IT office that he had visited that morning; and then walked again through the bushes on the northern edge of The Mar-a-Lago Club property to meet with **NAUTA** on the adjacent property.

87.     At 3:55 p.m., **TRUMP** called **DE OLIVEIRA** and they spoke for approximately three and a half minutes.

### The Court-Authorized Search of The Mar-a-Lago Club

88.     In July 2022, the FBI and grand jury obtained and reviewed surveillance video from The Mar-a-Lago Club showing the movement of boxes set forth above.

89.     August 8, 2022, the FBI executed a court-authorized search warrant at The Mar-a-Lago Club. The search warrant authorized the FBI to search for and seize, among other things, all documents with classification markings.

90.     During the execution of the warrant at The Mar-a-Lago Club, the FBI seized 102 documents with classification markings in **TRUMP**'s office and the Storage Room, as follows:

| Location | Number of Documents | Classification Markings |
|---|---|---|
| **TRUMP**'s Office | 27 | Top Secret (6)<br>Secret (18)<br>Confidential (3) |
| Storage Room | 75 | Top Secret (11)<br>Secret (36)<br>Confidential (28) |

91.     Just over two weeks after the FBI discovered classified documents in the Storage Room and **TRUMP**'s office, on August 26, 2022, **NAUTA** called Trump Employee 5 and said words to the effect of, "someone just wants to make sure Carlos is good." In response, Trump Employee 5 told **NAUTA** that **DE OLIVEIRA** was loyal and that **DE OLIVEIRA** would not do anything to affect his relationship with **TRUMP**. That same day, at **NAUTA**'s request, Trump Employee 5 confirmed in a Signal chat group with **NAUTA** and the PAC Representative that **DE OLIVEIRA** was loyal. That same day, **TRUMP** called **DE OLIVEIRA** and told **DE OLIVEIRA** that **TRUMP** would get **DE OLIVEIRA** an attorney.

## COUNTS 1-32
### Willful Retention of National Defense Information
### (18 U.S.C. § 793(e))

92.     The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

93.     On or about the dates set forth in the table below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### DONALD J. TRUMP,

having unauthorized possession of, access to, and control over documents relating to the national defense, did willfully retain the documents and fail to deliver them to the officer and employee of the United States entitled to receive them; that is—**TRUMP**, without authorization, retained at The Mar-a-Lago Club documents relating to the national defense, including the following:

| Count | Date of Offense / Classification Marking / Document Description |
|-------|----------------------------------------------------------------|
| 1     | January 20, 2021 – August 8, 2022 |
|       | TOP SECRET//NOFORN//SPECIAL HANDLING |
|       | Document dated May 3, 2018, concerning White House intelligence briefing related to various foreign countries |
| 2     | January 20, 2021 – August 8, 2022 |
|       | TOP SECRET//SI//NOFORN//SPECIAL HANDLING |
|       | Document dated May 9, 2018, concerning White House intelligence briefing related to various foreign countries |
| 3     | January 20, 2021 – August 8, 2022 |
|       | TOP SECRET//SI//NOFORN//FISA |
|       | Undated document concerning military capabilities of a foreign country and the United States, with handwritten annotation in black marker |

| | |
|---|---|
| 4 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//SPECIAL HANDLING |
| | Document dated May 6, 2019, concerning White House intelligence briefing related to foreign countries, including military activities and planning of foreign countries |
| 5 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//[redacted]/[redacted]//ORCON/NOFORN |
| | Document dated June 2020 concerning nuclear capabilities of a foreign country |
| 6 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//SPECIAL HANDLING |
| | Document dated June 4, 2020, concerning White House intelligence briefing related to various foreign countries |
| 7 | January 20, 2021 – August 8, 2022 |
| | SECRET//NOFORN |
| | Document dated October 21, 2018, concerning communications with a leader of a foreign country |
| 8 | January 20, 2021 – August 8, 2022 |
| | SECRET//REL TO USA, FVEY |
| | Document dated October 4, 2019, concerning military capabilities of a foreign country |
| 9 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//[redacted]/[redacted]//ORCON/NOFORN/FISA |
| | Undated document concerning military attacks by a foreign country |

33

| 10 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//TK//NOFORN |
| | Document dated November 2017 concerning military capabilities of a foreign country |
| 11 | January 20, 2021 – August 8, 2022 |
| | No marking |
| | Undated document concerning military contingency planning of the United States |
| 12 | January 20, 2021 – August 8, 2022 |
| | SECRET//REL TO USA, FVEY |
| | Pages of undated document concerning projected regional military capabilities of a foreign country and the United States |
| 13 | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//SI/TK//NOFORN |
| | Undated document concerning military capabilities of a foreign country and the United States |
| 14 | January 20, 2021 – August 8, 2022 |
| | SECRET//ORCON/NOFORN |
| | Document dated January 2020 concerning military options of a foreign country and potential effects on United States interests |
| 15 | January 20, 2021 – August 8, 2022 |
| | SECRET//ORCON/NOFORN |
| | Document dated February 2020 concerning policies in a foreign country |

A157

| | |
|---|---|
| **16** | January 20, 2021 – August 8, 2022 |
| | SECRET//ORCON/NOFORN |
| | Document dated December 2019 concerning foreign country support of terrorist acts against United States interests |
| **17** | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//[redacted]/TK//ORCON/IMCON/NOFORN |
| | Document dated January 2020 concerning military capabilities of a foreign country |
| **18** | January 20, 2021 – August 8, 2022 |
| | SECRET//NOFORN |
| | Document dated March 2020 concerning military operations against United States forces and others |
| **19** | January 20, 2021 – August 8, 2022 |
| | SECRET//FORMERLY RESTRICTED DATA |
| | Undated document concerning nuclear weaponry of the United States |
| **20** | January 20, 2021 – August 8, 2022 |
| | TOP SECRET//[redacted]//ORCON/NOFORN |
| | Undated document concerning timeline and details of attack in a foreign country |
| **21** | January 20, 2021 – August 8, 2022 |
| | SECRET//NOFORN |
| | Undated document concerning military capabilities of foreign countries |
| **22** | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//[redacted]//RSEN/ORCON/NOFORN |
| | Document dated August 2019 concerning regional military activity of a foreign country |

A158

| 23 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//SPECIAL HANDLING |
| | Document dated August 30, 2019, concerning White House intelligence briefing related to various foreign countries, with handwritten annotation in black marker |
| 24 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//HCS-P/SI//ORCON-USGOV/NOFORN |
| | Undated document concerning military activity of a foreign country |
| 25 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//HCS-P/SI//ORCON-USGOV/NOFORN |
| | Document dated October 24, 2019, concerning military activity of foreign countries and the United States |
| 26 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//[redacted]//ORCON/NOFORN/FISA |
| | Document dated November 7, 2019, concerning military activity of foreign countries and the United States |
| 27 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//SI/TK//NOFORN |
| | Document dated November 2019 concerning military activity of foreign countries |
| 28 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//SPECIAL HANDLING |
| | Document dated October 18, 2019, concerning White House intelligence briefing related to various foreign countries |

| 29 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//[redacted]/SI/TK//ORCON/NOFORN |
| | Document dated October 18, 2019, concerning military capabilities of a foreign country |
| 30 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//[redacted]//ORCON/NOFORN/FISA |
| | Document dated October 15, 2019, concerning military activity in a foreign country |
| 31 | January 20, 2021 – June 3, 2022 |
| | TOP SECRET//SI/TK//NOFORN |
| | Document dated February 2017 concerning military activity of a foreign country |
| 32 | January 20, 2021 – January 17, 2022 |
| | TOP SECRET//NOFORN |
| | Presentation concerning military activity in a foreign country |

All in violation of Title 18, United States Code, Section 793(e).

A160

## COUNT 33
### Conspiracy to Obstruct Justice
### (18 U.S.C. § 1512(k))

94.     The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

### The Conspiracy and its Objects

95.     From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

### DONALD J. TRUMP,
### WALTINE NAUTA, and
### CARLOS DE OLIVEIRA

did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the grand jury, to engage in misleading conduct toward another person and corruptly persuade another person to withhold a record, document, and other object from an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(A); to corruptly persuade another person, with intent to cause and induce any person to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(B); and to corruptly alter, destroy, mutilate, and conceal a record, document, and other object from an official proceeding, in violation of 18 U.S.C. § 1512(c)(1).

### The Purpose of the Conspiracy

96.     The purpose of the conspiracy was for **TRUMP** to keep classified documents he had taken with him from the White House and to hide and conceal them from a federal grand jury.

### The Manner and Means of the Conspiracy

97.     The manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

A161

a. Suggesting that Trump Attorney 1 falsely represent to the FBI and grand jury that **TRUMP** did not have documents called for by the May 11 Subpoena;

b. moving boxes of documents to conceal them from Trump Attorney 1, the FBI, and the grand jury;

c. suggesting that Trump Attorney 1 hide or destroy documents called for by the May 11 Subpoena;

d. providing to the FBI and grand jury just some of the documents called for by the May 11 Subpoena, while **TRUMP** claimed he was cooperating fully;

e. causing a false certification to be submitted to the FBI and grand jury representing that all documents with classification markings had been produced, when in fact they had not;

f. making false and misleading statements to the FBI; and

g. attempting to delete security camera footage from The Mar-a-Lago Club to conceal the footage from the FBI and grand jury.

All in violation of Title 18, United States Code, Section 1512(k).

<u>COUNT 34</u>
**Withholding a Document or Record**
**(18 U.S.C. §§ 1512(b)(2)(A), 2)**

98.     The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

99.     From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DONALD J. TRUMP and**
**WALTINE NAUTA,**

did knowingly engage in misleading conduct toward another person, and knowingly corruptly persuade and attempt to persuade another person, with intent to cause and induce any person to withhold a record, document, and other object from an official proceeding; that is—(1) **TRUMP** attempted to persuade Trump Attorney 1 to hide and conceal documents from a federal grand jury; and (2) **TRUMP** and **NAUTA** misled Trump Attorney 1 by moving boxes that contained documents with classification markings so that Trump Attorney 1 would not find the documents and produce them to a federal grand jury.

All in violation of Title 18, United States Code, Sections 1512(b)(2)(A) and 2.

## COUNT 35
### Corruptly Concealing a Document or Record
### (18 U.S.C. §§ 1512(c)(1), 2)

100.    The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

101.    From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

### DONALD J. TRUMP and
### WALTINE NAUTA,

did corruptly conceal a record, document, and other object, and attempted to do so, with the intent to impair the object's integrity and availability for use in an official proceeding; that is—**TRUMP** and **NAUTA** hid and concealed boxes that contained documents with classification markings from Trump Attorney 1 so that Trump Attorney 1 would not find the documents and produce them to a federal grand jury.

All in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

## COUNT 36
### Concealing a Document in a Federal Investigation
### (18 U.S.C. §§ 1519, 2)

102.    The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

103.    From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

### DONALD J. TRUMP and
### WALTINE NAUTA,

did knowingly conceal, cover up, falsify, and make a false entry in any record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of a department and agency of the United States, and in relation to and contemplation of any such matter; that is—during a federal criminal investigation being conducted by the FBI, (1) **TRUMP** and **NAUTA** hid, concealed, and covered up from the FBI **TRUMP**'s continued possession of documents with classification markings at The Mar-a-Lago Club; and (2) **TRUMP** caused a false certification to be submitted to the FBI.

All in violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT 37
### Scheme to Conceal
### (18 U.S.C. §§ 1001(a)(1), 2)

104.   The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

105.   From on or about May 11, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

### DONALD J. TRUMP and
### WALTINE NAUTA,

in a matter within the jurisdiction of the judicial branch and executive branch of the United States government, did knowingly and willfully falsify, conceal, and cover up by any trick, scheme, and device a material fact; that is—during a federal grand jury investigation and a federal criminal investigation being conducted by the FBI, **TRUMP** and **NAUTA** hid and concealed from the grand jury and the FBI **TRUMP**'s continued possession of documents with classification markings.

All in violation of Title 18, United States Code, Sections 1001(a)(1) and 2.

## COUNT 38
### False Statements and Representations
### (18 U.S.C. §§ 1001(a)(2), 2)

106.   The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

107.   On or about June 3, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### DONALD J. TRUMP,

in a matter within the jurisdiction of the judicial branch and executive branch of the United States government, did knowingly and willfully make and cause to be made a materially false, fictitious, and fraudulent statement and representation; that is—during a federal grand jury investigation and a federal criminal investigation being conducted by the FBI, **TRUMP** caused the following false statements and representations to be made to the grand jury and the FBI in a sworn certification executed by Trump Attorney 3:

      a.    "A diligent search was conducted of the boxes that were moved from the White House to Florida";

      b.    "This search was conducted after receipt of the subpoena, in order to locate any and all documents that are responsive to the subpoena"; and

      c.    "Any and all responsive documents accompany this certification."

108.   The statements and representations set forth above were false, as **TRUMP** knew, because **TRUMP** had directed that boxes be removed from the Storage Room before Trump Attorney 1 conducted the June 2, 2022 search for documents with classification markings, so that Trump Attorney 1's search would not and did not include all of **TRUMP**'s boxes that were removed from the White House; Trump Attorney 1's search would not and did not locate all

documents responsive to the May 11 Subpoena; and all responsive documents were not provided to the FBI and the grand jury with the certification.  In fact, after June 3, 2022, more than 100 documents with classification markings remained at The Mar-a-Lago Club until the FBI search on August 8, 2022.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

A168

## COUNT 39
### False Statements and Representations
### (18 U.S.C. § 1001(a)(2))

109.   The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

110.   On May 26, 2022, **NAUTA** participated in a voluntary interview with the FBI. During the interview, the FBI explained to **NAUTA** that the FBI was investigating how classified documents had been kept at The Mar-a-Lago Club, and the FBI asked **NAUTA** questions about the location and movement of **TRUMP**'s boxes before **TRUMP** provided 15 boxes to NARA on January 17, 2022.  **NAUTA** was represented by counsel, and the FBI advised **NAUTA** that the interview was voluntary and that he could leave at any time.  The FBI also advised **NAUTA** that it was a criminal offense to lie to the FBI.  The interview was recorded.

111.   On or about May 26, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### WALTINE NAUTA,

in a matter within the jurisdiction of the executive branch of the United States government, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation; that is—in a voluntary interview during a federal criminal investigation being conducted by the FBI, **NAUTA** was asked the following questions and gave the following false answers:

> Question:   Does any – are you aware of any boxes being brought to his home – his suite?
>
> Answer:   **No.**

\* \* \*

46

A169

| Question: | All right. So, so to the best of your knowledge, you're saying that those boxes that you brought onto the truck, first time you ever laid eyes on them was just the day of when [Trump Employee 2] needed you to— |
|---|---|
| Answer: | **Correct.** |
| Question: | —to take them. Okay. |

* * *

| Question: | In knowing that we're trying to track the life of these boxes and where they could have been kept and stored and all that kind of stuff— |
|---|---|
| Answer: | Mm-hm. |
| Question: | —do you have any information that could—that would—that could help us understand, like, where they were kept, how they were kept, were they secured, were they locked?  Something that makes the intelligence community feel better about these things, you know? |
| Answer: | **I wish, I wish I could tell you.  I don't know. I don't—I honestly just don't know.** |

* * *

| Question: | And what—so, so you only saw the 15 boxes, 15, 17 boxes— |
|---|---|
| Answer: | Mm-hm. |
| Question: | —the day of the move?  Even—they just showed up that day? |
| Answer: | They were in Pine Hall.  [Trump Employee 2] just asked me, hey, can we move some boxes? |
| Question: | Okay. |
| Answer: | And I was like, okay. |

47

A170

| | |
|---|---|
| Question: | So, you didn't know—had no idea how they got there before? |
| Answer: | **No.** |

112.    The underscored statements and representations above were false, as **NAUTA** knew, because (1) **NAUTA** did in fact know that the boxes in Pine Hall had come from the Storage Room, as **NAUTA** himself, with the assistance of Trump Employee 2, had moved the boxes from the Storage Room to Pine Hall; and (2) **NAUTA** had observed the boxes in and moved them to various locations at The Mar-a-Lago Club.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A171

## COUNT 40
### Altering, Destroying, Mutilating, or Concealing an Object
### (18 U.S.C. §§ 1512(b)(2)(B), 2)

113.    The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

114.    From on or about June 22, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DONALD J. TRUMP,**
**WALTINE NAUTA,** and
**CARLOS DE OLIVEIRA**

did knowingly corruptly persuade and attempt to persuade another person, with intent to cause and induce any person to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding; that is—**TRUMP, NAUTA,** and **DE OLIVEIRA** requested that Trump Employee 4 delete security camera footage at The Mar-a-Lago Club to prevent the footage from being provided to a federal grand jury.

All in violation of Title 18, United States Code, Sections 1512(b)(2)(B) and 2.

## COUNT 41
### Corruptly Altering, Destroying, Mutilating or
### Concealing a Document, Record, or Other Object
### (18 U.S.C. §§ 1512(c)(1), 2)

115.    The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

116.    From on or about June 22, 2022, through in or around August 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DONALD J. TRUMP,**
**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**

did corruptly alter, destroy, mutilate, and conceal a record, document and other object and attempted to do so, with the intent to impair the object's integrity and availability for use in an official proceeding; that is—**TRUMP, NAUTA**, and **DE OLIVEIRA** requested that Trump Employee 4 delete security camera footage at The Mar-a-Lago Club to prevent the footage from being provided to a federal grand jury.

All in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

## COUNT 42
### False Statements and Representations
### (18 U.S.C. § 1001(a)(2))

117.    The General Allegations of this Superseding Indictment are re-alleged and fully incorporated here by reference.

118.    On January 13, 2023, **DE OLIVEIRA** participated in a voluntary interview with the FBI at **DE OLIVEIRA**'s residence.  During the interview, the FBI explained to **DE OLIVEIRA** that the FBI was investigating how classified documents had been kept at The Mar-a-Lago Club, and the FBI asked **DE OLIVEIRA** questions about the location and movement of **TRUMP**'s boxes and other items.  **DE OLIVEIRA** was advised by the FBI that the interview was voluntary and that he could tell the agents to leave at any time.  The FBI also advised **DE OLIVEIRA** that it was a criminal offense to lie to the FBI.  The interview was recorded.

119.    On or about January 13, 2023, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### CARLOS DE OLIVEIRA,

in a matter within the jurisdiction of the executive branch of the United States government, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation; that is—in a voluntary interview during a federal criminal investigation being conducted by the FBI, **DE OLIVEIRA** was asked the following questions and gave the following false answers:

| | |
|---|---|
| Question: | When -- after the end of the presidency, boxes arrived to Mar-a-Lago. Were you part of any group to help -- |
| Answer: | <u>No</u>. |
| Question: | -- unload them and move them? |

A174

Answer:      <u>No</u>.

* * *

Question:    Do you -- were you -- do you even know, like, or were you even there or aware that boxes were --

Answer:      <u>No,</u>

Question:    -- like, all this stuff was being moved in?

Answer:      <u>Never saw anything</u>.

Question:    Okay.

Answer:      Yeah. And then --

Question:    Even his personal stuff, like, his clothes --

Answer:      <u>Never.</u>

Question:    -- and furniture, nothing?

Answer:      <u>Never saw nothing</u>.

Question:    Okay. So you don't know where items would have been stored, as soon as he moved back to Mar-a-Lago?

Answer:      <u>No</u>.

120.   The underscored statements and representations above were false, as **DE OLIVEIRA** knew, because **DE OLIVEIRA** had personally observed and helped move **TRUMP**'s boxes when they arrived at The Mar-a-Lago Club in January 2021.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

FOREPERSON

JACK SMITH
SPECIAL COUNSEL
UNITED STATES DEPARTMENT OF JUSTICE

A176

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.:** 23-CR-80101-AMC(s) |

**v.**

Donald J. Trump,
Waltine Nauta, and
Carlos De Oliveira,                              /
                    Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) Yes
Number of New Defendants 1
Total number of counts 42

**Court Division** (select one)
☐ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☒ WPB

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No
    List language and/or dialect:

4.  This case will take _21_ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                    (Check only one)
    I    ☐ 0 to  5 days                 ☐ Petty
    II   ☐ 6 to 10 days                 ☐ Minor
    III  ☐ 11 to 20 days                ☐ Misdemeanor
    IV   ☒ 21 to 60 days                ☒ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) Yes
    If yes, Judge Cannon                        Case No. 23-cr-80101

7.  Has a complaint been filed in this matter? (Yes or No) No
    If yes, Magistrate Case No.

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge                              Case No.

9.  Defendant(s) in federal custody as of N/A

10. Defendant(s) in state custody as of

11. Rule 20 from the _____ District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By:

JAY I. BRATT
Counselor to the Special Counsel
Court ID No.    A5502946

A177

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: ___ Donald J. Trump ___

**Case No:** ___ 23-CR-80101-AMC(s) ___

Counts #: 1-32

Willful Retention of National Defense Information, 18 U.S.C. § 793(e)

**\* Max. Term of Imprisonment: 10 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 33

Conspiracy to Obstruct Justice, 18 U.S.C. § 1512(k)

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 34

Withholding a Document or Record, 18 U.S.C. §§ 1512(b)(2)(A), 2

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 35

Corruptly Concealing a Document or Record, 18 U.S.C. §§ 1512(c)(1), 2

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 36

Concealing a Document in a Federal Investigation, 18 U.S.C. §§ 1519, 2

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 37

Scheme to Conceal, 18 U.S.C. §§ 1001(a)(1), 2

* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 38

False Statements and Representations, 18 U.S.C. §§ 1001(a)(2), 2

* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

A179

Count #: 40

Altering, Destroying, Mutilating, or Concealing an Object, 18 U.S.C. §§ 1512(b)(2)(B), 2

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 41

Corruptly Altering, Destroying, Mutilating, or Concealing a Document, Record, or Other Object, 18 U.S.C. §§ 1512(c)(1), 2

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

A180

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: _____ Waltine Nauta _____

**Case No**: _____ 23-CR-80101-AMC(s) _____

Count #: 33

Conspiracy to Obstruct Justice, 18 U.S.C. § 1512(k) _____

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 34

Withholding a Document or Record, 18 U.S.C. §§ 1512(b)(2)(A), 2 _____

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 35

Corruptly Concealing a Document or Record, 18 U.S.C. §§ 1512(c)(1), 2 _____

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Count #: 36

Concealing a Document in a Federal Investigation, 18 U.S.C. §§ 1519, 2 _____

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 37

Scheme to Conceal, 18 U.S.C. §§ 1001(a)(1), 2

* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 39

False Statements and Representations, 18 U.S.C. § 1001(a)(2)

* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Count #: 40

Altering, Destroying, Mutilating, or Concealing an Object, 18 U.S.C. §§ 1512(b)(2)(B), 2

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 41

Corruptly Altering, Destroying, Mutilating, or Concealing a Document, Record, or Other Object, 18 U.S.C. §§ 1512(c)(1), 2

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

A182

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: _____ Carlos De Oliveira _____

**Case No**: _____ 23-CR-80101-AMC(s) _____

Count #: 33

Conspiracy to Obstruct Justice, 18 U.S.C. § 1512(k) _____

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 40

Altering, Destroying, Mutilating, or Concealing an Object, 18 U.S.C. §§ 1512(b)(2)(B), 2

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 41

Corruptly Altering, Destroying, Mutilating, or Concealing a Document, Record, or Other Object, 18 U.S.C. §§ 1512(c)(1), 2 _____

**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 42

False Statements and Representations, 18 U.S.C. § 1001(a)(2) _____

**\* Max. Term of Imprisonment: 5 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON(s)**

**UNITED STATES OF AMERICA**,

     Plaintiff,

v.

**DONALD J. TRUMP,**
**WALTINE NAUTA**, **and**
**CARLOS DE OLIVEIRA,**

     Defendants.

_____/

**NOTICE OF APPEAL**

     The United States of America hereby gives notice that it appeals to the United States Court

of Appeals for the Eleventh Circuit from the order of the District Court entered on July 15, 2024,

Docket Entry 672.

                      Respectfully submitted,

                      JACK SMITH
                      Special Counsel
                      N.Y. Bar No. 2678084

     By:    /s/ *Jay I. Bratt*
                      Jay I. Bratt
                      Counselor to the Special Counsel
                      Special Bar ID #A5502946
                      950 Pennsylvania Avenue, N.W.
                      Washington, D.C. 20530

                      David V. Harbach, II
                      Assistant Special Counsel
                      Special Bar ID #A5503068

July 17, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *Jay I. Bratt*
Jay I. Bratt

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

      Defendants.

_____/

## ORDER

Before the Court is an Emergency Motion filed on January 6, 2025, by Defendants Waltine Nauta and Carlos De Oliveira to Preclude Release of a Final Report by Special Counsel Jack Smith [ECF No. 679]. The Emergency Motion seeks a ruling by January 10, 2025, and contains an appropriate certification under Local Rule 7.1(d) and a request for a hearing. S.D. Fla. L.R. 7.1(d). The Emergency Motion, filed to preserve the status quo, seeks immediate injunctive relief to prevent irreparable injury from the reported imminent release to the public of a Final Report prepared by Special Counsel Smith. This morning, Defendants filed a nearly identical emergency motion before the United States Court of Appeals for the Eleventh Circuit in a pending appeal by the Special Counsel of an Order Granting Defendants' Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation [ECF No. 672]. *See* 11th Cir. Case No. 24-12311 (ECF No. 85). The appellate motion seeks additional specific relief in the form of a stay or injunction pending appeal, Fed. R. App. P. 8, along with an order remanding to this Court for

consideration of the legality of any public release of the Final Report pending resolution of the ongoing appeal.  *See* 11th Cir. Case No. 24-12311 (ECF No. 85).

To preserve the status quo as this Court awaits resolution by the Eleventh Circuit of the similar Emergency Motion, to prevent irreparable harm arising from the circumstances as described in the current record in this emergency posture, and to permit an orderly and deliberative sequence of events, it is **ORDERED AND ADJUDGED** as follows:

1. Pending resolution of the Emergency Motion filed in the Eleventh Circuit and/or any further direction from the Eleventh Circuit, Attorney General Garland, the Department of Justice, Special Counsel Smith, all of their officers, agents, and employees, and all persons acting in active concert or participation with such individuals, *see* Fed. R. Civ. P. 65(d)(2), are **TEMPORARILY ENJOINED** from (a) releasing, sharing, or transmitting the Final Report or any drafts of such Report outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in the Final Report or in drafts thereof.  This Order remains in effect until **three days** after resolution by the Eleventh Circuit of the Emergency Motion, unless the Eleventh Circuit orders otherwise.

2. Defendants Nauta and De Oliveira shall promptly file a Notice in this Court advising of any activity by the Eleventh Circuit related to the Emergency Motion, and shall thereafter file copies of any such orders or motions in the electronic docket.

3. The Clerk is directed to promptly **TRANSMIT A COPY** of this Order to Attorney General Garland, Special Counsel Smith, the United States Attorney for the Southern District of Florida, and the Clerk of the Eleventh Circuit for filing in 11th Circuit Appeal No. 24-12311.

4.  This Order shall not be construed as a final ruling on the merits of the Emergency Motion, which remains pending before this Court subject to any directives from the Eleventh Circuit.

      **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of January 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON**

**UNITED STATES OF AMERICA**,

     Plaintiff,

v.

**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

     Defendants.

_____/

**ORDER DENYING EMERGENCY MOTION AS TO VOLUME I OF SPECIAL
COUNSEL'S REPORT; RESERVING RULING ON VOLUME II; SETTING HEARING
ON UNITED STATES' REQUEST TO RELEASE VOLUME II; AND TEMPORARILY
ENJOINING RELEASE OF VOLUME II PENDING RESOLUTION OF EMERGENCY
MOTION AS TO VOLUME II**

     **THIS CAUSE** comes before the Court upon the "Emergency Motion to Preclude the
Government From Issuing a Purported Special Counsel Report Contravening This Court's
Dismissal Order and Prejudicing Defendants' Pretrial Rights; and Defendants' Request for a
Hearing on the Motion" ("Emergency Motion"), filed by Defendants Nauta and De Oliveira on
January 6, 2025 [ECF No. 679].  The Emergency Motion seeks to enjoin release of the entirety of
Special Counsel Smith's Final Report.  As described by the United States in subsequent filings,
Volume I of the Final Report concerns the "Election Interference Case" as to President-Elect
Trump in the District Court for the District of Columbia, and Volume II concerns this case, the so-
called "Classified Documents Case," which is the subject of a pending appeal of the Court's Order
Granting Defendants' Motion to Dismiss Superseding Indictment Based on Appointments Clause
Violation [ECF Nos. 672, 692].  The United States opposes any restriction on the release of
Volume I; agrees that Volume II should not be released to the public because it concerns the
continuing legal rights of Defendants Nauta and De Oliveira in this criminal proceeding; but

nevertheless seeks permission to make a limited release of Volume II to specified members of Congress, citing generalized congressional interest [ECF Nos. 692, 693].[1]

*** 

Upon review of the Emergency Motion, it is **ORDERED AND ADJUDGED** as follows:

1.  The Emergency Motion is **DENIED** as to Volume I.  The United States represents that it "believes that nothing in Volume One of the Final Report . . . directly or indirectly refers, relies, or bears in any respect upon any evidence or argument relevant to any of the charges alleged against Defendants Nauta and De Oliveira in this case" [ECF No. 692 pp. 1–2]. The United States further indicates in the same filing, and reiterates in a sealed addendum (portions of which are properly revealed herein), that Volume I makes two generalized references to this criminal case, but "[w]ithout referencing Defendants Nauta or De Oliveira, any conduct by them, any evidence against them, or the charges against them" [ECF No. 692 p. 2; *see* ECF No. 680 (affirming that only "[o]ne volume of the report pertains to this case"); 11th Cir. Appeal No. 24-12311 (Doc. 90 at 14) (describing Volume I as "unrelated" to this case)].  "Other than these two references," the United States adds, "there are no other references to the Classified Documents Case in Volume One of the Final Report" [ECF No. 693 p. 2].  Based on these representations, the Court sees an insufficient basis to grant emergency injunctive relief as to Volume I.  The Court's Order Granting Defendants' Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation is "confined to this proceeding" [ECF No. 672 p. 1], and hence this

---

[1] In a letter submitted by the United States to this Court, Special Counsel Smith states as follows: "Because Volume Two discusses the conduct of Mr. Trump's alleged co-conspirators in the Classified Documents Case, Waltine Nauta and Carlos De Oliveira, consistent with Department policy, Volume Two should not be publicly released while their case remains pending" [ECF No. 693-1 p. 5].

Court's authority to enforce its own orders is similarly confined to this proceeding and to the remaining defendants in this proceeding.[2]

2. The Emergency Motion as to Volume II presents contested factual and legal issues that must be resolved in an orderly, expedited basis, following full briefing and a hearing.[3] All parties agree that Volume II expressly and directly concerns this criminal proceeding. All parties also appear to agree that public release of Volume II would be inconsistent with the fair trial rights of Defendants Nauta and De Oliveira and with Department of Justice Policy governing the release of information during the pendency of criminal proceedings. Despite these concerns, the United States seeks permission to make a "limited disclosure" of Volume II to congressional leadership, citing "public interest in keeping congressional leadership apprised of a significant matter within the Department while safeguarding defendants' interests." 11th Cir. Appeal No. 24-12311 (Doc. 90 p. 14). Defendants vigorously oppose this request, relying on their due process rights and S.D. Fla. Local Rule 77.2, among other arguments rooted in the threat of public dissemination.

3. In light of these contested issues, a hearing on the Emergency Motion (Volume II) is scheduled to take place on **January 17, 2025**, at **2 p.m.** in the Fort Pierce Division.[4] Any

---

[2] To the extent counsel for the United States has any doubt about the representations made to this Court regarding the absence of any substantive connection between Volume I and the factual and legal issues pertinent to this case [*see* ECF No. 692 (referencing a "belief" that nothing in Volume I relates to this case); *see also* ECF No. 691 (Court order requiring specific clarifications regarding Volume I)], counsel are reminded of their obligation of full candor to this Court and their duty as officers of the Court to ensure complete accuracy and completeness in their representations [*see generally* ECF No. 694 pp. 9–10 (expressing concerns regarding the United States' "belief" as represented and the extent of understanding supporting the United States' assertions)].

[3] As a result of a similar emergency motion seeking injunctive relief from the Eleventh Circuit, filed on January 7, 2025, and summarily denied on January 9, 2025, *see* 11th Cir. Appeal No. 24-12311, the United States has not responded to the Emergency Motion in this Court, and no hearing has been scheduled in this Court.

[4] Portions of this hearing may need to be conducted under seal to avoid dissemination of the contents of Volume II.

response in opposition to the Emergency Motion (Volume II) [ECF No. 679] is due on or before **January 14, 2025**.  Any reply in support of the Emergency Motion (Volume II) is due on or before **January 16, 2025**.  To the extent the parties, prior to the hearing, reach an agreement as to the release of Volume II, the parties shall promptly notify the Court via a properly filed Joint Notice.

4.  The Court is next bound to consider Defendants' request in the Emergency Motion to immediately enjoin release of Volume II "pending the conclusion of any and all proceedings in this matter" [*see* ECF No. 679 p. 8].  On this point, as narrowed by this Order to Volume II only, the Court agrees with Defendants.  Release of Volume II, even on a limited basis as promised by the United States, risks irreversibly and substantially impairing the legal rights of Defendants in this criminal proceeding.  The Court is not willing to make that gamble on the basis of generalized interest by members of Congress, at least not without full briefing and a hearing on the subject.  Nor has the United States presented any justification to support the suggestion that Volume II must be released to Congress now, as opposed to after a reasonable period for an expedited hearing and judicial deliberation on the subject.  For these reasons, the Court must temporarily enjoin Attorney General Garland, the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals, from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof. **This Order remains in effect pending expedited consideration and resolution of the Emergency Motion, consistent with the briefing and hearing specified herein**.

5.  A final word on this Court's jurisdiction to enter this Order.  The Eleventh Circuit's January 9, 2025, summary denial of Defendants' similar motion for emergency injunctive relief as filed in the Eleventh Circuit contains no directive to this Court restricting its authority to adjudicate the properly filed Emergency Motion in this Court [11th Cir. Appeal No. 24-12311 (Doc. 100)].  Nor is the Court persuaded by the United States that it is divested of jurisdiction to consider the Emergency Motion, which concerns the release of information that directly implicates the fair trial rights of Defendants Nauta and De Oliveira and clearly activates this Court's obligation to preserve the integrity of this proceeding should the Eleventh Circuit find error in the Court's Order Dismissing Superseding Indictment Based on Appointments Clause Violation [ECF No. 672].[5]

6.  In light of this Order, the Court **DENIES** the Emergency Motion [ECF No. 679] as to Volume I but **RESERVES RULING** on the Emergency Motion as to Volume II.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of January 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[5] This conclusion is not inconsistent with the United States' pending appeals in 11th Cir. Appeal Nos. 24-12311 or 25-10076.  The principal appeal, Appeal No. 24-12311, challenges this Court's Order Granting Defendants' Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation [ECF No. 672].  The recently initiated separate appeal, Appeal No. 25-10076, challenges this Court's January 7, 2025, Order, which did not resolve the merits of the Emergency Motion filed in this Court and did not implement any procedures for resolving or hearing argument on the Emergency Motion in this Court.  Rather, the January 7, 2025, Order expressly deferred to the Eleventh Circuit and temporarily enjoined public release of the Final Report "[p]ending resolution of the Emergency Motion filed in the Eleventh Circuit and/or any further direction from the Eleventh Circuit" [ECF No. 682].  *See* 11th Cir. Appeal No. 25-10076.  That temporary injunction expires starting at 12:00 a.m. tomorrow, three days after the Eleventh Circuit resolved the emergency motion filed in the Eleventh Circuit [ECF No. 682 ¶ 1].  Fed. R. Crim. P. 45(a)(1).

5

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,              )
                                       )
                                       )
              Plaintiff,               )
       v.                              )
                                       )
                                       )
WALTINE NAUTA, and                     )
CARLOS DE OLIVEIRA,                    )
                                       )
              Defendants.              )
_____)

## NOTICE OF COMPLIANCE

The Court has directed the government to provide it Volume Two of Special Counsel Jack Smith's Final Report "to facilitate the Court's review of Defendants' Joint Emergency Motion." ECF No. 705.  As the government has indicated, the Attorney General has decided that Volume Two will not be made available to the public while this criminal case remains pending because releasing its contents to the public would risk prejudice to the defendants.  The only remaining issue before the Court is therefore whether making Volume Two available to the Chairmen and Ranking Members of the House and Senate Judiciary Committees for in camera inspection upon their request under the conditions identified by the government in its previous filings would risk prejudice to the defendants. A review of the contents of Volume Two is not necessary to make that determination.

As directed, *see* ECF No. 705, the government has provided to the Court for in camera review two hard copies of Volume Two: (1) an unredacted copy, stamped on the first page as "UNREDACTED"; and (2) a redacted copy representing what the Attorney

General would make available to the Chairmen and Ranking Members of the House and Senate Judiciary Committees absent an order from the Court foreclosing those procedures. The redacted copy protects the secrecy of matters occurring before the grand jury, subject to Federal Rule of Criminal Procedure 6(e), as well as information sealed by court order. Neither the redacted nor unredacted copies of Volume Two contain any classified information. The government is arranging for defense counsel to inspect unredacted and redacted copies of Volume Two, identical to those provided to the Court, before tomorrow's hearing.

Dated:  January 16, 2025

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARKENZY LAPOINTE
United States Attorney

 _s/ Elizabeth J. Shapiro_
ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
Special Bar ID #A5502352
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 514-5302 / Fax: (202) 616-8460
E-mail: elizabeth.shapiro@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 16, 2025, I electronically filed the foregoing paper

with the Clerk of the Court using the ECF system, which sends notice to counsel of record.

<u>*/s/ Elizabeth J. Shapiro*</u>
Elizabeth J. Shapiro

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

       Plaintiff,

v.

WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

       Defendants.

_____/

### ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO PRECLUDE RELEASE OF VOLUME II OF SPECIAL COUNSEL'S REPORT AND DENYING WITHOUT PREJUDICE PRESIDENT-ELECT TRUMP'S MOTION TO INTERVENE

THIS CAUSE comes before the Court upon the Emergency Motion to Preclude Release of Volume II of Special Counsel's Report ("Emergency Motion"), filed by Defendants Nauta and De Oliveira [ECF No. 679], as well as President-Elect Trump's Motion to Intervene or Alternative Request to Participate as Amicus [ECF No. 681].[1]  As narrowed by the Court's prior Order on Volume I, which has since been publicly released [ECF Nos. 697, 702], the Emergency Motion seeks to preclude the Department of Justice ("Department")—prior to the conclusion of proceedings in this criminal action—from releasing a redacted version of Volume II of Special Counsel Smith's Report for *in camera* review by the Chairmen and Ranking Members of the House and Senate Judiciary Committees [ECF No. 712].  Volume II contains voluminous and detailed Rule

---

[1] The motions addressed in this Order were filed prior to President-Elect Trump becoming President on January 20, 2025.

16 discovery about the allegations in this criminal case, which remains pending on appeal as to

Defendants Nauta and De Oliveira [ECF Nos. 672, 673]. *See* 11th Cir. Appeal No. 24-12311.[2]

Following a hearing and review of all relevant filings, including an *in camera* review of

Volume II itself, Defendants' Emergency Motion is **GRANTED** as to Volume II [ECF No. 679],

and President-Elect Trump's Motion to Intervene is **DENIED WITHOUT PREJUDICE** as to

Volume II but granted as to the alternative, unopposed request to participate as amicus to challenge

release of Volume II [ECF No. 681; ECF No. 710 p. 9; ECF No. 702 (denying motion to intervene

as to Volume I)].

## PROCEDURAL AND FACTUAL BACKGROUND

1. In July 2023, now-President Trump and Defendants Nauta and De Oliveira were charged by

   Superseding Indictment with various charges related to the alleged retention of national de-

   fense information [ECF No. 85].

2. In July 2024, after extensive briefing and a hearing, the Court dismissed the Superseding In-

   dictment as to all Defendants, concluding that Special Counsel Smith's appointment violated

   the Appointments Clause of the United States Constitution [ECF No. 672].[3]

---

[2] Nothing in this Order should be construed as a comment on, or intrusion into, the Eleventh Cir-
cuit's pending review of this Court's Order Granting Defendants' Motion to Dismiss Superseding
Indictment [ECF No. 672]. 11th Cir. Appeal No. 24-12311. The parties have raised arguments
concerning the authority of Special Counsel Smith to prepare or issue Volume II, but the Court
has not considered those arguments in deciding the Emergency Motion, which concerns a discov-
ery disclosure matter collateral to the appeal.

[3] The Court also determined that Special Counsel Smith's use of a permanent indefinite appropri-
ation violated the Appropriations Clause of the Constitution but did not address the proper remedy
for that funding violation [ECF No. 672].

3.  Special Counsel Smith appealed the Court's dismissal Order to the United States Court of Appeals for the Eleventh Circuit [ECF No. 673].  That appeal remains pending as to Defendants Nauta and De Oliveira.  *See* 11th Cir. Appeal No. 24-12311.

4.  In November 2024, following the 2024 Presidential Election, the Special Counsel sought leave from the Eleventh Circuit to dismiss its appeal against President-Elect Trump.  *Id.* (D.E. 79).  The motion stated that dismissal as to President-Elect Trump would "leave in place the district court's order dismissing the indictment without prejudice as to him."  *Id.*  The Eleventh Circuit granted the motion.  *Id.* (D.E. 81-2).[4]

5.  On December 30, 2024, attorneys associated with the Special Counsel Office, "which initiated the criminal prosecution from which this appeal arose," moved to withdraw as counsel in the appeal.  *Id.* (D.E. 84).  The motion to withdraw noted that "the Special Counsel has now referred this case to the United States Attorney's Office for the Southern District of Florida, which has separately entered an appearance."  *Id.*[5]

6.  On January 6, 2025, Defendants Nauta and De Oliveira filed the instant Emergency Motion seeking to preclude release of both volumes of Special Counsel's Final Report [ECF No. 679].  Volume I concerns the "Election Interference Case" in the District Court for the District of Columbia, and Volume II concerns this case, the so-called "Classified Documents Case," which is the subject of the pending appeal referenced above.

---

[4] Department of Justice counsel at the January 17, 2025, hearing could not speak to the possibility of renewed charges against President-Elect Trump [Tr. 55–56].

[5] On December 30, 2024, U.S. Attorney Markenzy Lapointe of the U.S. Attorney's Office, Southern District of Florida, entered an appearance in the appeal.  *Id.* (D.E. 83).  U.S. Attorney Lapointe has since resigned from his position, and it appears that no attorney from the Southern District of Florida is noticed in this case or in the pending appeal.  *See* https://www.justice.gov/usao-sdfl/pr/us-attorney-markenzy-lapointe-announces-resignation.

3

7. On January 13, 2025, after a temporary reprieve pending resolution by the Eleventh Circuit of a similar motion docketed in the pending appeal—and after additional filings by the Department affirming the severability of Volumes I and II—the Court denied Defendants' Emergency Motion as to Volume I and also denied President-Elect Trump's Motion to Intervene as to Volume I [ECF Nos. 697, 702].  The Court reserved ruling, however, on the Emergency Motion as to Volume II pending an expedited hearing [ECF No. 697].  That Order, which remains in effect pending expedited consideration and resolution of the instant Emergency Motion, temporarily enjoins Attorney General Garland, the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals, from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof [ECF No. 697].

8. A hearing on the Emergency Motion and Motion to Intervene (as narrowed to Volume II) was held on January 17, 2025 [ECF No. 713].[6]  The parties, along with prospective-intervenor President-Elect Trump, presented argument on whether to grant Defendants' emergency request to preclude the Department from releasing Volume II to the Chairmen and Ranking Members of the House and Senate Judiciary Committees for *in camera* review, under proposed conditions of confidentiality [ECF No. 703 (noting that "Chair and Ranking members . . . would be required to agree to specified conditions of confidentiality," "would not be permitted to retain a copy of Volume Two, to take notes, or to bring in any devices that could

---

[6] The hearing was held publicly except for a brief session to discuss specified contents of Volume II with designated counsel.

be used to photograph or communicate about the Volume," and "would have to agree not to share information in Volume Two publicly")]. Beyond the representations of counsel, these conditions of confidentiality are not memorialized in any official documentation and are crafted in prospective terms.

9.  All parties agree that Volume II (even in its redacted form[7]) expressly and directly concerns this criminal proceeding and should not be released publicly. The Court's independent *in camera* review of Volume II confirms this assessment.[8] Volume II includes detailed and voluminous discovery information protected by the Rule 16(d)(1) Protective Order entered in this case [ECF No. 27]. Much of this information has not been made public in Court filings. It includes myriad references to bates-stamped information provided by the Special Counsel in discovery and subject to the protective order, including interview transcripts, search warrant materials, business records, toll records, video footage, various other records obtained pursuant to grand

---

[7] The Department represents that the version of Volume II it wishes to present to the Chairmen and Ranking Members of the House and Senate Judiciary Committees, absent a Court order precluding such release, "protects the secrecy of matters occurring before the grand jury subject to Federal Rule of Criminal Procedure 6(e), as well as information sealed by court order" [ECF No. 708]. As noted *infra*, Defendants maintain challenges to disclosure of Volume II on Rule 6(e) grounds.

[8] In its papers, the Department defends its position that immediate review of Volume II by members of Congress is warranted, despite the obvious risks of prejudice to Defendants from that disclosure (addressed below). Yet the Department simultaneously protests even this Court's own *in camera* review of Volume II for purposes of adjudicating the Emergency Motion as to Volume II [ECF No. 708 p. 1 (claiming *in camera* review of Volume II is "not necessary" to evaluate the prejudice to Defendants from release of Volume II to Congress)]. This objection is startling. The Court is tasked with determining whether review of substantive case information by Congress, during the pendency of a criminal proceeding, accords with Defendants' constitutional rights, applicable law, and this Court's rules. Independent judicial review of the information in question is important to make a considered determination on those matters. It is regrettable that the Department would deem it appropriate to resist this Court's *in camera* review of information directly relevant to a pending motion. The Department expressed no similar hesitation when offering to transmit Volume I for *in camera* review [ECF No. 693 p. 4 (sealed)].

5

jury subpoena, information as to which President-Elect Trump has asserted the attorney-client privilege in motions in this proceeding [ECF No. 571 (sealed); ECF Nos. 641, 656], potential Rule 404(b) evidence, and other non-public information.

10. Prior to his separation from the Department on January 10, 2025, Special Counsel Smith provided defense counsel with a limited and accelerated opportunity to review Volume II [ECF No. 690 p. 10 n.3; ECF No. 679 pp. 6–7; ECF No. 681 p. 10].[9] Among the Department's conditions for such review, defense attorneys were required to delete prior discovery productions of material protected by the protective order in this case—and thus were unable to cross-reference the report with the underlying discovery for purposes of lodging specific and meaningful objections to the Report under Fed. R. Crim. P. 6(e).  Defendants maintain general objections under Rule 6(e) and request a hearing to adjudicate any contested Rule 6(e) questions [ECF No. 679 pp. 14–15].

11. Current Department counsel has secondhand information about the process by which Special Counsel Smith made redactions for Rule 6(e), but current counsel was not involved in the Special Counsel's investigation and would need additional time to access discovery databases to engage in a specific discussion of Rule 6(e) as applied to Volume II.  Additionally, the Special Counsel has "referred" the criminal case to the United States Attorney's Office for the Southern District of Florida.  But there appears to be no counsel of record from this District in a position, in this emergency posture, to engage in a detailed discussion of remaining Rule 6(e) material in Volume II (redacted) given new counsel's unfamiliarity with the substantial and complex factual record in this case [Tr. 36–37; 60–63 (sealed)].

---

[9] The Court also directed the Department to give defense counsel an additional opportunity to review Volume II prior to the January 17, 2025, hearing [ECF No. 705].

6

12. With respect to the Department's assertion of congressional interest in Volume II, there has

been no subpoena by Congress for review or release of Volume II.  There is no record of an

official request by members of Congress for *in camera* review of Volume II as proposed by

the Department in this case.  There is, however, a recent letter by some of those same members

urging Attorney General Garland to release Volume II *to the public* immediately, even if doing

so requires dismissal of the charges as to Defendants Nauta and De Oliveira.[10]  Finally, alt-

hough the Department refers generally to "legislative interest" concerning special counsels as

a basis to deny Defendants' Emergency Motion as to Volume II [ECF No. 703 p. 3 n.2], the

Department has identified no pending legislation on the subject or any legislative activity that

could be aided, even indirectly, by dissemination of Volume II to the four specified members

whom the Department believes should review Volume II now.

## LEGAL STANDARDS

As a broad proposition whose force depends on the circumstances presented, "[f]ederal

courts may exercise their supervisory powers to remedy violations of recognized rights, to protect

the integrity of the federal courts, and to deter illegal conduct by government officials."  *United

States v. DiBernardo*, 775 F.2d 1470, 1475–76 (11th Cir. 1985).  This authority extends to a court's

enforcement of the Federal Rules of Criminal Procedure and its own local rules and orders, *see

generally Degen v. United States*, 517 U.S. 820, 827 (1996), subject to any divestiture of jurisdic-

tion over matters before a court of appeals, *see, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459

U.S. 56, 58 (1982).  To the extent a court in a criminal case, in the exercise of proper authority,

grants relief with injunctive effect, such an order is not treated as a traditional civil injunction, *see

---

[10] Letter from Ranking Member of House Committee on the Judiciary (Jan. 15, 2025), *available
at* https://democrats-judiciary.house.gov/uploadedfiles/2025-01-15_hjc_dems_to_gar-
land_doj.pdf.

Fed. R. Civ. P. 65, but rather as an order rooted in the substantive protections served by the law, rule, or order implicated in the requested relief.

In opposing Defendants' Emergency Motion as to Volume II, the Department does not challenge the Court's threshold authority to adjudicate the instant Emergency Motion. The Department also does not disagree that the harms and interests to be balanced in considering the Emergency Motion are materially the same, whether measured by the traditional civil injunction factors as framed in the Department's Opposition [ECF No. 703], or viewed more generally as an exercise of supervisory authority in a criminal case [Tr. 37].

A court has an affirmative duty, triggered at the inception of a criminal proceeding, to safeguard the due process rights of the accused. U.S. Const. amend. V; *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979) (citing *Sheppard v. Maxwell*, 384 U.S. 333, 351 (1966)). This duty includes taking protective measures to ensure a fair trial and to minimize the effects of prejudicial pretrial publicity, even when such measures are not "strictly and inescapably necessary." *Gannett Co.*, 443 U.S. at 378. It also includes, as further rooted in the Sixth Amendment, the right to a fair trial by a panel of impartial, indifferent jurors. U.S. Const. amend. VI, *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 551, 553 (1976) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)).

The Local Rules of this District aid in a court's fulfillment of its affirmative duty to safeguard defendants' rights. As relevant here, Southern District of Florida Local Rule 77.2 governs the release of information in criminal and civil proceedings. S.D. Fla. L.R. 77.2. It provides, in part, that lawyers involved in any criminal matter shall not:

> release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer or the firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

*Id.*  This principle is also embodied in the Department's Confidentiality and Media Contacts Policy as written in the Justice Manual, which among other things, directs Department personnel to "refrain from disclosing" substantive case information, including "[s]tatements concerning anticipated evidence or argument in the case," "except as appropriate in the proceeding or in an announcement after a finding of guilt."  Justice Manual § 1-7.610; *see* Justice Manual § 1-7.600 ("DOJ personnel shall not make any statement or disclose any information that reasonably could have a substantial likelihood of materially prejudicing an adjudicative proceeding.").

Rule 16 of the Federal Rules of Criminal Procedure gives district courts authority, for good cause, to grant appropriate relief concerning discovery materials in a criminal case.  Fed. R. Crim. P. 16(d)(1).  As noted, Volume II contains extensive, non-public discovery materials governed by Rule 16, including large quantities of "[s]tatements concerning anticipated evidence or argument in the case."  Justice Manual § 1-7.610(E).

## DISCUSSION

Never before has the Department of Justice, prior to the conclusion of criminal proceedings against a defendant—and absent a litigation-specific reason as appropriate in the case itself—sought to disclose outside the Department a report prepared by a Special Counsel containing substantive and voluminous case information.  Until now.  According to the Department, this *in camera* disclosure to four members of Congress is necessary right now—before the conclusion of criminal proceedings—because Attorney General Garland has "limited time" left in his tenure as the head of the Department and wishes "to comply with the historical practice of all Special Counsel," and also because there is "legislative interest in information about Special Counsel investigations, in order to consider possible legislative reforms regarding the use of special counsels"

9

[ECF No. 703 p. 3 n.2].[11]  These statements do not reflect well on the Department.  There is no "historical practice" of providing Special Counsel reports to Congress, even on a limited basis, pending conclusion of criminal proceedings.  In fact, there is not one instance of this happening until now [*see* Tr. 21, 26].  During argument before this Court, counsel misleadingly referenced Congressional testimony by Special Counsel Weiss in 2023 as a purported example of such "historical practice" [Tr. 26].  But Special Counsel Weiss—after opposition by the Department—ultimately agreed to testify on limited matters, repeatedly refusing to answer questions regarding ongoing litigation in order to prevent prejudice to "the rights of defendants or other individuals involved in these matters."[12] [13] [Tr. 40–41].  Here, there has been no subpoena from Congress to the Department for Volume II.  There is no indication of pending legislative activity that could be aided by the proposed disclosure of Volume II to the specified members of Congress.  There is no memorialization of any conditions of confidentiality as referenced by the Department.  Indeed, there has been no record provided of an official request by members of Congress for review of

---

[11] [Tr. 28 ("I think simply because it is the desire of this Attorney General to comply with the historical practice that there has always been, and his time is limited. And he appointed these Special Counsels, and he would like to see that the -- the historical practice of all Special Counsel, and his commitment to what he said that he would share with Congress is satisfied during his tenure."); Tr. 28 ("[I]t's just the Department's determination that it would like to see this through to conclusion and comply with historical practice.")].

[12] *See* Interview of: David Weiss, Committee on the Judiciary, U.S. House of Representatives, 118th Cong. p. 9 (2023), available at https://judiciary.house.gov/media/press-releases/judiciary-committee-releases-david-weiss-and-other-transcripts-relating-dojs.

[13] In connection with Special Counsel Weiss's testimony, the Department itself explained that "the most appropriate time for providing information about any individual ongoing criminal investigation is after the matter is closed, especially where the matter is pending before a court and subject to judicial supervision, and legal and ethical bars limit what the Department can say."  Letter from Carlos Felipe Uriarte, Assistant Att'y Gen., U.S. Dep't of Just., to Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary (Sept. 22, 2023).

Volume II in the manner proposed by the Department.[14]  To the contrary, some of the same members to whom the Department wishes to present Volume II have urged Attorney General Garland to release Volume II *to the public* immediately, even if doing so requires dismissal of the charges as to Defendants Nauta and De Oliveira.  *Supra* n.10.  In short, the Department offers no valid justification for the purportedly urgent desire to release to members of Congress case information in an ongoing criminal proceeding.

Meanwhile, on the other side of the balance, there are two individuals in this action, each with constitutional rights to a fair trial, who remain subject to a live criminal appeal of this Court's Order Dismissing the Superseding Indictment.  11th Cir. Appeal No. 24-1231.  The Department has not sought leave to dismiss that appeal, initiated by the Special Counsel, and there has been no indication by any government official in this case that the Department will not proceed on the Superseding Indictment should it prevail in the Eleventh Circuit or in subsequent proceedings.[15]  These Defendants thus retain—as all parties agree—due process rights to a fair trial that would be imperiled by public dissemination of Volume II.  Yet the Department nevertheless insists upon disclosure of Volume II to members of Congress now, promising that conditions of confidentiality, "contingent on their good faith commitment," will protect against the potential for prejudice [ECF No. 703 p.5].  And if Volume II gets released in whole or in part to the public in contravention of those promises, the Department assures, then Defendants need not worry because this Court

---

[14] Special Counsel Smith left no indication in his report or in his transmittal letter to Attorney General Garland that he favored congressional release or review of his report prior to conclusion of criminal proceedings [ECF No. 693-1 p. 5].

[15] The only motion for leave the Special Counsel did file, as to President-Elect Trump, referenced "leav[ing] in place the district court's order dismissing the indictment without prejudice as to him." Counsel during the hearing was unable to answer whether the Department has foreclosed reinitiating criminal charges against President-Elect Trump after he leaves office.

can "cure" any damage caused by crafting jury instructions in the future and/or dismissing the charges [ECF No. 703 pp. 5–6].  These assertions flounder on multiple levels and do nothing to detract from the obvious.  Given the very strong public interest in this criminal proceeding and the absence of any enforceable limits on the proposed disclosure, there is certainly a reasonable likelihood that review by members of Congress as proposed will result in public dissemination of all or part of Volume II.  *See* S.D. Fla. L.R. 77.2(a).  That reasonable likelihood risks substantial prejudice to the due process rights of Defendants, who remain subject to the protective order in this case [ECF No. 27].  This Court lacks any means to enforce any proffered conditions of confidentiality, to the extent they even exist in memorialized form.  And most fundamentally, the Department has offered no valid reason to engage in this gamble with the Defendants' rights.  The bare wishes of one Attorney General with "limited time" in office to comply with a non-existent "historical practice" of releasing Special Counsel reports in the pendency of criminal proceedings is not a valid reason.  And surely it does not override the obvious constitutional interests of Defendants in this action and this Court's duty to protect the integrity of this proceeding.  Even less clear is why the Department would defend this position notwithstanding its own Justice Manual, which expressly directs against disclosing substantive case information in a criminal case "except as appropriate in the proceeding or in an announcement after a finding of guilt."  Justice Manual § 1-7.610; *see also* Model Rules of Pro. Conduct, r. 3.8 (Am. Bar Ass'n 2024) ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate . . . .").

Accordingly, under any balancing of relative harms and interests, Defendants' Emergency Request to Preclude Dissemination of Volume II must be granted.   Whether measured against the traditional factors pertinent to a civil injunction as framed incorrectly by the Department or treated properly as an exercise of supervisory control over the flow of substantive, nonpublic information

CASE NO. 23-80101-CR-CANNON

to protect Defendants' rights in a criminal case, the balancing of harms and interests yields a clear and decisive answer in the present posture. Release of Volume II to Congress under the proposed conditions—without any enforcement mechanism to prevent public dissemination, and without any valid countervailing reason justifying a break from traditional norms—presents a substantial and unacceptable risk of prejudice to Defendants.

***

Prosecutors play a special role in our criminal justice system and are entrusted and expected to do justice. *Berger v. United States*, 295 U.S. 78, 88 (1935); *Banks v. Dretke*, 540 U.S. 668, 696 (2004); Robert H. Jackson, Attorney General of the United States, Speech to the U.S. Department of Justice, The Federal Prosecutor (Apr. 1, 1940), available at https://www.justice.gov/ag/speeches-attorney-general-robert-houghwout-jackson. The Department of Justice's position on Defendants' Emergency Motion as to Volume II has not been faithful to that obligation.

**CONCLUSION**

1. Defendants' Emergency Motion [ECF No. 679] is **GRANTED** as to Volume II, consistent with this Order.

2. Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals, are enjoined from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof.

3. This Order remains in effect pending further Court order, limited as follows. No later than **thirty days** after full conclusion of all appellate proceedings in this action and/or any continued

13

CASE NO. 23-80101-CR-CANNON

proceedings in this Court, whichever comes later, the parties shall submit a joint status report advising of their position on this Order, consistent with any remaining Rule 6(e) challenges or other claims or rights concerning Volume II, as permitted by law. Any disagreements between the parties can be denoted separately.

4. President-Elect Trump's Motion to Intervene as to Volume II [ECF No. 681] is **DENIED WITHOUT PREJUDICE**, to be reasserted if warranted as permitted by law. The Court **GRANTS** President-Elect Trump's alternative unopposed request for amicus participation on the Motion as to Volume II.

**ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of January 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

## CASE NO.: 23-CR-80101-AMC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP, WALTINE NAUTA,
and CARLOS DE OLIVEIRA,

    Defendants.



FILED BY _____ D.C.

FEB 24 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION OF THE KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY TO INTERVENE TO SEEK RESCISSION OF THE COURT'S JANUARY 21, 2025 ORDER AND PUBLIC RELEASE OF VOLUME II OF THE SPECIAL COUNSEL'S REPORT

The Knight First Amendment Institute at Columbia University ("Knight Institute" or "Institute") is a non-partisan, not-for-profit organization that works to defend the freedoms of speech and the press in the digital age through strategic litigation, research, policy analysis, and public education. Pursuant to Local Rules 7.1 and 88.9, the Institute respectfully moves to intervene in this case to seek (1) rescission of the Court's January 21, 2025 Order enjoining release of Volume II of the Special Counsel's Report ("January 21 Order"); and (2) public release of the redacted version of Volume II that DOJ submitted to the Court in advance of a hearing held on January 17, 2025.[1]

The Knight Institute has standing to intervene to seek rescission of the January 21 Order because the Court's injunction barring the release of Volume II directly implicates the Institute's

---

[1] The Institute does not oppose the Court making additional redactions if the redactions satisfy the requirements of the First Amendment, as described below.

federal rights under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. Specifically, the Institute submitted a FOIA request to the Department of Justice ("DOJ") seeking the release of Volume II, and DOJ has cited this Court's January 21 Order, and the injunction it imposes on the public release of Volume II, as grounds for denying the Institute's request. The Institute asks that the Court rescind its January 21 Order because it prevents the Institute from pursuing its rights under FOIA, and because there is no longer any legitimate reason to enjoin the report's release. The Court will recall that it enjoined release of the report to protect Defendants' due process and fair trial rights. Since the Court issued its injunction, however, the charges against Defendants have been dismissed with prejudice. Accordingly, there is no longer any justification for the injunction, and it no longer reflects a necessary or appropriate exercise of the Court's supervisory authority. The Court should lift the injunction immediately.

The Knight Institute also has standing to intervene to assert common law and First Amendment rights of access to the redacted version of Volume II submitted to the Court by DOJ in advance of the January 17, 2025 hearing. Volume II is a "judicial record" subject to a common law right of access because it was submitted in connection with a motion that invoked the Court's powers and was reviewed and considered by the Court in ruling on the motion. The common law right that attaches to this judicial record is not overcome by good cause. Indeed, all of the factors that courts in this Circuit consider in assessing whether good cause exists in this context weigh in favor of upholding the access right.

Volume II is also subject to a qualified right of access under the First Amendment, because it is a judicial document inextricably intertwined with a proceeding that is itself subject to the constitutional access right, and because it is the type of document whose disclosure promotes the proper functioning of that proceeding and allows the public to know that justice is being done. The

qualified constitutional access right can be limited only to the extent essential to protect a compelling government interest, and even then, any limitation must be narrowly tailored to that interest. Volume II must be released because its suppression is no longer needed to protect any governmental interest and is not narrowly tailored. Moreover, release of the document would serve an important societal interest by informing the public about the character and actions of the nation's highest official, about one of the most significant criminal investigations in American history, and about DOJ's understanding of the Espionage Act, a statute with broad implications for free speech. For all of these reasons, and the further reasons discussed below, the Knight Institute respectfully requests that the Court rescind its January 21 Order and direct the clerk to file on the public docket the redacted version of Volume II that DOJ submitted to the Court.[2]

## MEMORANDUM OF LAW

### I.     Background

####    A.     The Special Counsel's Investigation, Charges, and Report

The FBI opened a criminal investigation on March 30, 2022 into then-former President Donald J. Trump's retention of classified documents at the Mar-a-Lago Club, and a federal grand jury was convened shortly thereafter. On November 18, 2022, Attorney General Merrick B. Garland appointed Jack Smith as Special Counsel to oversee the ongoing DOJ investigations into President Trump's role in the January 6, 2021 attack on the United States Capitol as well as his alleged unlawful retention of classified government records.

---

[2] Some (but not all) of the relief sought by the Knight Institute here was also sought by American Oversight in a motion filed on February 14, 2025. ECF No. 717. The Court issued an order on February 18, 2025 denying American Oversight's request for emergency relief but stating that it would "await briefing . . . in the normal course, according to the standard deadlines set forth in Local Rules 88.9 and 7.1." ECF No. 718.

On June 8, 2023, the Special Counsel filed an indictment charging President Trump with thirty-seven felony charges, including thirty-one violations of the Espionage Act. ECF No. 3. The indictment alleged that, upon leaving the White House on January 20, 2021, President Trump instructed aides to transport boxes containing classified documents—including highly sensitive military and intelligence secrets—to Mar-a-Lago; that Trump stored these boxes in various locations at the Club that were potentially accessible to thousands of members and guests; that he showed classified documents to non-security-cleared members of his Club staff and others; that he failed to return classified documents to the government after having been served with a subpoena requiring their immediate return; and that he made false statements and conspired with others to "obstruct the FBI and grand jury investigations and conceal his continued retention of classified documents." *Id.* at 2–3. The June 2023 indictment also charged one of Trump's associates, Walt Nauta, as a co-conspirator, alleging that he had conspired with Trump to conceal the presence of documents at the Club. *Id.* at 3. On July 27, 2023, a superseding indictment added a second Trump associate, Carlos De Oliveira, as a co-conspirator. The superseding indictment also added additional charges against Trump and Nauta. ECF No. 85.

On July 15, 2024, this Court entered an Order dismissing the superseding indictment on the grounds that Smith's appointment as Special Counsel was unconstitutional. ECF No. 672. Smith filed a Notice of Appeal two days later. ECF No. 673. Following President Trump's victory in the 2024 presidential election, however, Smith moved to dismiss the appeal as to Trump in light of longstanding DOJ policy that "the United States Constitution forbids the federal indictment and subsequent criminal prosecution of a sitting President." *See* Mot. to Dismiss the Appeal as to Donald J. Trump, *United States v. Trump*, No. 24-12311-J (11th Cir. Nov. 25, 2024), ECF No. 79 (incorporating the reasoning given in Gov't's Mot. to Dismiss, *United States v. Trump*, No. 1:23-

cr-00257-TSC (D.D.C. Nov. 25, 2024), ECF No. 281). The Eleventh Circuit granted the motion on November 26, 2024. ECF No. 677.

On January 7, 2025, Smith submitted a final report relating to both of his investigations to Attorney General Garland.[3] The report comprised two volumes, with Volume I addressing the January 6 investigation and Volume II addressing the investigation relating to classified records.[4] In a cover letter accompanying the report, Smith expressed his understanding that the Attorney General was considering releasing the report to the public "consistent with applicable legal restrictions."[5] He assured the Attorney General that in each of the report's two volumes, he had "minimize[d] the identification of witnesses and co-conspirators, consistent with accepted Department practice," and he noted that he was providing a redacted version of Volume II "that identifies certain information that remains under seal or is restricted from public disclosure by Federal Rule of Criminal Procedure 6(e)."[6] He also wrote: "Because Volume II discusses the conduct of Mr. Trump's alleged co-conspirators in the Classified Documents Case, Waltine Nauta and Carlos De Oliveira, consistent with Department policy, Volume II should not be publicly released while their case remains pending."[7]

## B.    The Injunction

On January 6, 2025, the day before Smith transmitted his report to Attorney General Garland, Nauta and De Oliveira filed an "Emergency Motion" requesting that the Court enjoin the

---

[3] Letter from Special Couns. Jack Smith, to Att'y Gen. Merrick Garland, Re: Final Report of the Special Counsel Under 28 C.F.R. § 600.8 (Jan. 7, 2025), available at https://perma.cc/8SWU-PKL7.

[4] *Id.* at 4.

[5] *Id.*

[6] *Id.*

[7] *Id.*

government from sharing or releasing the report. ECF No. 679.[8] The Court granted a temporary injunction on January 7, 2025, prohibiting DOJ, Attorney General Garland, Special Counsel Smith, and all of their officers, agents, and employees from releasing, sharing, or transmitting the report outside of the DOJ. ECF No. 682. In a letter to the Chairmen of the House and Senate Judiciary Committees on January 8, 2025, Attorney General Garland noted that the Court had temporarily enjoined the government from releasing the report, including to congressional leaders, but that Garland himself felt committed to making as much of the report public as possible.[9] He also stated, however, that he agreed with the Special Counsel's recommendation against making Volume II public so long as Nauta and De Oliveira's criminal proceedings were ongoing.[10]

This Court denied the Emergency Motion with respect to Volume I of the report on January 13, 2025. ECF No. 697. On January 15, 2025, this Court ordered DOJ to "hand deliver a copy of Volume II to the Court to be reviewed in camera." ECF No. 705. On January 21, 2025, after reviewing Volume II and hearing argument, the Court granted the injunction with respect to Volume II, prohibiting the government from sharing or disclosing it out of concern for the fair trial and due process rights of Nauta and De Oliveira. The Order emphasized that Volume II contained voluminous and detailed information "protected by the Rule 16(d)(1) Protective Order entered in this case . . . [m]uch of [which] has not been made public in Court filings." ECF No. 714.

---

[8] On January 7, 2025, President Trump submitted a "Motion for Leave to Intervene or, in the Alternative, Participate as Amicus Curiae." ECF No. 681. The Court denied Trump's request to be allowed to intervene but granted his alternative request to participate as amicus curiae. ECF No. 714.

[9] Letter from Attorney General Merrick Garland to Senate Judiciary Committee Chairman Charles Grassley, House Judiciary Committee Chairman Jim Jordan, Ranking Member Dick Durbin, and Ranking Member Jamie Raskin (Jan. 8, 2025), available at https://perma.cc/XQS8-SCTY.

[10] *Id.*

### C.     Subsequent Developments

After President Trump was sworn in as the forty-seventh President of the United States, DOJ moved in the Eleventh Circuit to voluntarily dismiss the appeal as to Nauta and De Oliveira. The Eleventh Circuit granted the motion on February 11, 2025. ECF No. 716.

### D.     The FOIA Request

On January 26, 2025, the Knight Institute submitted a Freedom of Information Act request ("the Request") seeking "a copy of Volume II of the Final Report on the Special Counsel's Investigations and Prosecutions, referenced in Special Counsel Jack Smith's January 7, 2025 letter to Attorney General Merrick B. Garland." Declaration of Anna Diakun ("Diakun Decl.") ¶ 3 (filed herewith). A copy of the Request is attached as Exhibit 1 to the Diakun Declaration. The Knight Institute requested expedited processing of the Request on the grounds that it is an organization "primarily engaged in disseminating information" and that there is a "compelling need" for the records sought because they contain information "urgent[ly]" needed to "inform the public concerning actual or alleged Federal Government Activity," citing 5 U.S.C. § 552(a)(6)(E)(v)(II). Diakun Decl. ¶ 3.

DOJ denied the Knight Institute's request for expedited processing by letter dated January 28, 2025, explaining that "[t]his Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally." Diakun Decl. ¶ 4. A copy of the denial is attached as Exhibit 2 to the Diakun Declaration.

On February 6, 2025, however, DOJ informed the Knight Institute that:

Volume II of the Report should be withheld in full because it is protected from disclosure by a court injunction issued by the United States District Court for the Southern District of Florida, West Palm Beach Division. In this instance, the Office of Information Policy (OIP) lacks authority to consider the releasability of this

information under the FOIA. *See GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 384–86 (1980) (finding "no discretion for the agency to exercise" where records are subject to injunction issued by federal district court).

Furthermore, please be advised that the records you have requested, in particular, Volume II of the Report, relate to the proceedings in *USA v. Waltine Nauta & Carlos De Oliveira*, No. 23-cr-80101 (S.D.F.L. filed June 8, 2023) and *USA v. Trump, et al.*, No. 24-12311 (11th Cir. docketed July 18, 2024), both of which are still pending before those respective courts at this time. As such, Volume II of the Report is currently also being withheld in full pursuant to Exemption 7(A) of the FOIA, 5 U.S.C. §552(b)(7)(A). Exemption 7(A) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.

Diakun Decl. ¶ 5. A copy of the letter is attached as Exhibit 3 to the Diakun Declaration.[11]

## II.     The Knight Institute Has Standing to Intervene.

The Knight Institute has standing to intervene in this case because this Court's injunction

barring the release of Volume II directly implicates the Institute's federal rights under FOIA. *See,*

*e.g.*, *United States v. Atesiano*, Case No. 18-20479-CR-Moore/Simonton, 2018 WL 5831092, at

*2–4 (S.D. Fla. Nov. 7, 2018) (intervention in a criminal case is proper when "a third party's

constitutional or other federal rights are implicated by the resolution of a particular motion,

request, or other issue during the course of a criminal case" (cleaned up)); *United States v. Cox*,

Case No. 8:14-cr-0140-T-23MAP, 2015 WL 13741738, at *3 (M.D. Fla. Oct. 7, 2015) ("When

intervention is allowed in a criminal action, it is limited to instances where the third party's

constitutional rights or other federal rights are implicated during the course of the prosecution.").

Because DOJ denied the Knight Institute's FOIA request on the basis that this Court's injunction

---

[11] Others have filed FOIA requests for Volume II as well. *See, e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 1:25-cv-00562 (S.D.N.Y. Jan. 21, 2025); American Oversight's Expedited Mot. to Intervene and for Clarification or, Alternatively, Dissolution of January 21, 2025 Order [] Preclud[ing] Release of Volume II of Special Counsel's Report (ECF No. 717); Letter from Chun Hin Jeffrey Tsoi, Senior Legal Fellow & Alex Goldstein, Assoc. Couns., Citizens for Responsibility & Ethics in Washington, to FOIA Officers, Dep't of Just., Re: Expedited Freedom of Information Act Request (Jan. 10, 2025), https://perma.cc/2JPL-ALKY.

deprives the agency of "authority to consider the releasability of this information," the injunction has the effect of blocking the Knight Institute from vindicating its rights under FOIA. This in turn compromises the Institute's ability to fulfill a core part of its mission: to ensure that the public has access to important information about government. Diakun Decl. ¶ 2. The Institute accordingly has standing to intervene in this case for the purpose of seeking rescission of the January 21 Order. *Id.*

The Knight Institute also has standing to intervene to assert the public's First Amendment and common law rights of access to criminal proceedings and related documents. *See In re Petition of the Trib. Co.*, 784 F.2d 1518, 1521 (11th Cir. 1986) (permitting a newspaper publisher to intervene post-trial in criminal proceeding in order to obtain transcripts of bench conferences); *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (holding that "a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper").

## III.    This Court Should Lift the Injunction.

This Court should lift the injunction barring the public release of Volume II because there is no longer any justification for it, and accordingly it no longer reflects a necessary or appropriate exercise of the Court's supervisory authority.

On January 6, 2025, when Defendants Nauta and De Oliveira filed their Emergency Motion to preclude release of the Special Counsel's report, the DOJ was appealing the dismissal of the cases against them. In their motion, they argued that their criminal "proceedings [would] be irreversibly and irredeemably prejudiced by dissemination of the Final Report," ECF No. 679 at 2, and it was on this basis that the Court ruled in their favor. In its ruling, the Court emphasized its "affirmative duty" under the Fifth Amendment "to safeguard the due process rights of the accused," including "taking protective measures to ensure a fair trial and to minimize the effects

of prejudicial pretrial publicity." ECF No. 714 at 8. It also cited Defendants' Sixth Amendment "right to a fair trial by a panel of impartial, indifferent jurors." *Id.* Finally, the Court pointed to Southern District of Florida Local Rule 77.2, which states that lawyers in a criminal case shall not release information "if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." *Id.* (quoting S.D. Fla. L.R. 77.2). Ultimately, the Court concluded that because "[t]he Department has not sought leave to dismiss the appeal . . . and there has been no indication by any government official in this case that the Department will not proceed on the Superseding Indictment should it prevail in the Eleventh Circuit or in subsequent proceedings," public dissemination of Volume II would "imperil[]" Defendants' right to a fair trial. *Id.* at 11.

Circumstances have now changed. As noted above, the Eleventh Circuit dismissed the appeal with prejudice on February 11, 2025. ECF No. 716. Defendants Nauta and De Oliveira no longer face criminal charges. Accordingly, the injunction barring release of the report is no longer a necessary or appropriate exercise of this Court's supervisory authority. *See United States v. Moss*, No. 10-60264-CR-COHN, 2011 WL 2669159, at *9 (S.D. Fl. Mar. 21, 2011) (explaining that a defendant must "show that he has been prejudiced by the conduct of which he complains before he would be entitled to relief" through the Court's exercise of its supervisory powers) (citing *United States v. O'Keefe*, 825 F.2d 314, 318 (11th Cir. 1987)).[12]

---

[12] To be clear, lifting the injunction would not necessarily result in the release of the entirety of Volume II through FOIA. If DOJ believes that some of the report should be withheld on the grounds that it is Rule 6(e) material, it will presumably seek to withhold that information from disclosure through FOIA's Exemption 3. *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1113 (D.C. Cir. 2007) ("Federal Rule of Criminal Procedure 6(e) . . . prohibits certain persons from 'disclos[ing] a matter occurring before [a] grand jury,' . . . and that rule counts as a statute for purposes of Exemption 3, as it has been positively enacted by Congress." (citations omitted)).

There is no longer any basis for the injunction imposed by the January 21 Order, and the injunction prevents the Knight Institute from pursuing its rights under FOIA. The Court should rescind the Order and thereby lift the injunction.

## IV. The Public Has a Right of Access to Volume II Under the Common Law.

Volume II is subject to a presumptive right of access under the common law. The common law guarantees the public's right of access to judicial proceedings, which includes the right to "inspect and copy . . . judicial records," *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), because such access is "crucial to our tradition and history, as well as to continued public confidence in our system of justice," *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358–59 (11th Cir. 2021). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (cleaned up).

A document is a "judicial record" subject to the common law right of access if it is submitted to the court in connection with a motion that "invoke[s] [the court's] powers or affect[s] its decisions, whether or not [the motion is] characterized as dispositive." *Id.* at 1246. A document need not be filed on the court's docket to become a judicial record. "[A] document may still be construed as a judicial record, absent filing, if a court interprets or enforces the terms of that document, or requires that it be submitted to the court under seal." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *see also Comm'r, Ala. Dep't of Corr. v. Advance Local Media LLC*, 918 F.3d 1161, 1167–68 (11th Cir. 2019) (holding that a document submitted to the court for *in camera* review but not filed with the court was a judicial record).

Volume II is a judicial record subject to the common law right of access. As explained above, the Court directed the government to deliver a copy of Volume II to the Court for *in camera* review in order to "facilitate" its consideration of the Emergency Motion. ECF No. 705. The Court and designated counsel for the parties discussed "specified contents of Volume II" during a closed portion of the hearing, ECF No. 714 at 4 n.6.[13] And in issuing the January 21 Order, the Court made clear that its *in camera* review of Volume II was integral to deciding the motion. ECF No. 714 at 2, 5 n.8 (dismissing as "startling" the argument that the Court's review of Volume II was unnecessary). Volume II is a judicial document for purposes of the common law right of access because it was submitted to the Court in connection with a motion that invoked the Court's powers. The fact that the Court's adjudication of the motion was based on its review of the document, and on its exchange with the parties about the document, only underscores that the document is a judicial record.

That Volume II includes some Rule 16 discovery material is not determinative of whether a right of access attaches. First, the report was submitted to the Court "in connection with [a] pretrial motion that required judicial resolution on the merits." *Callahan*, 17 F.4th at 1361–62; *id.* at 1362 (explaining that "though discovery materials do not automatically qualify as judicial records subject to the common-law right of access, they take on that status once they are filed in connection with a substantive motion"). Second, discovery material provided by the government to a defendant in a criminal case is subject to a right of access in the circumstances presented here. *See United States v. Wecht*, 484 F.3d 194, 210 (3d Cir. 2007) ("The process by which the

---

[13] That part of the hearing was properly closed to the public in order to "preserve Defendants' fair trial rights and to fully respect protective orders previously entered in this case." ECF No. 705. But, as explained above, the reasons cited for the closure of the hearing and the injunction against disclosure of the report do not justify suppression of Volume II today.

government investigates and prosecutes its citizens is an important matter of public concern," which distinguishes discovery in criminal cases from "traditional civil discovery between private parties."); *Comm'r, Ala. Dep't of Corr.*, 918 F.3d at 1167 (explaining that material submitted with civil discovery motions is excluded from the common law right of access, because civil discovery is "essentially a private process meant to assist trial preparation" (cleaned up)).

Where the presumptive right of access attaches, it can be overcome only by "a showing of good cause, which requires balancing . . . the public interest in accessing court documents against a party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246. The showing required is substantial, because the Eleventh Circuit is "resolute in [its] enforcement of the presumption." *Callahan*, 17 F.4th at 1359. In other words, the "balance of competing interests" must take into account the "historic presumption of access to judicial records." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). To assess whether good cause exists, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246. Courts also consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *Newman*, 696 F.2d at 803.

The public's right of access to Volume II is not overcome by good cause. Indeed, now that the charges against Defendants have been dismissed with prejudice, all of the factors weigh in

favor of release. First, Volume II concerns a public official of the highest rank—the current and former president. Second, Volume II addresses a matter of public concern—the investigation and prosecution of a former president for the alleged willful retention of military secrets in violation of the Espionage Act. Third, public access to Volume II would "promote public understanding of historically significant events," because it contains a wealth of information about the investigation and prosecution of President Trump that has not been made public. *Newman*, 696 F.2d at 803. Fourth, the Knight Institute is not seeking public access to Volume II for "illegitimate purposes," such as "promot[ing] public scandal"; it seeks the report to further its own organizational mission and to inform the public about matters that are of manifest public importance and historical significance. *Newman*, 696 F.2d at 803; Diakun Decl. ¶ 2.[14] Finally, it is unlikely that the release of Volume II will cause significant injury to Defendants' reputation or public standing beyond the injury that has already resulted from the publicly filed indictment, which accused Defendants of a profound betrayal of public trust and included copious information to justify the accusation. If Defendants wish to respond to the report when it is released, President Trump possesses a singularly powerful platform from which to do so on his own behalf and that of his former-and-still-current employees. In these circumstances, any concerns about private injury are vastly outweighed by the public interest in Volume II's disclosure.

## V.      The Public Also Has a First Amendment Right of Access to Volume II.

The Supreme Court has repeatedly recognized a qualified First Amendment right of access to criminal trials and pretrial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555

---

[14] It bears emphasis that the Institute is seeking a version of Volume II redacted to remove any grand jury material protected by Fed. R. Crim. P. 6(e). The Special Counsel created a redacted version of Volume II to remove Rule 6(e) material, and the Institute does not oppose the Court making additional redactions to the report if those redactions are necessary to protect a compelling governmental interest and otherwise consistent with the requirements of the First Amendment.

(1980); *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596 (1982) (criminal trials); *Press-Enterprise Co. v. Superior Ct. of Cal.* (*Press-Enterprise I*), 464 U.S. 501 (1984) (jury *voir dire* hearings); *Press-Enterprise Co. v. Superior Ct. of Cal.* (*Press-Enterprise II*), 478 U.S. 1 (1986) (preliminary hearings). Underlying this right of access, the Court has explained, is "the common understanding that a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs," so that "the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604.

Applying these decisions and the Supreme Court's "experience and logic" test, lower federal courts have recognized a qualified First Amendment right of access to pretrial criminal proceedings, and to court documents submitted in connection with those proceedings. *See David S. Ardia, Court Transparency and the First Amendment*, 38 Cardozo L. Rev. 835, 909 (2017) ("lower courts have held that a First Amendment right of access applies to almost all pretrial, mid-trial, and post-trial criminal proceedings" (collecting cases)); *see also In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 176 (5th Cir. 2011) ("The courts of appeals have . . . recognized a First Amendment right of access to various proceedings within a criminal prosecution," including bail, suppression, due process, entrapment, plea, and sentencing hearings. (collecting cases)); *United States v. Slough*, 677 F. Supp. 2d 296, 298 (D.D.C. 2010) (holding that the First Amendment right of access attaches "to many pretrial hearings in criminal matters . . . [and] extends to documents and other materials submitted in connection with such hearings"); *Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *3 (S.D. Fla. July 23, 2013) ("Most courts, including the

Eleventh Circuit, have found a qualified First Amendment right of access to court documents" (citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1015–16 (11th Cir. 1992))).[15]

The qualified First Amendment right of access serves essentially the same interests that the common law right of access serves. First, as noted above, it facilitates an informed discussion of governmental affairs by providing the public with a more complete understanding of the judicial system. *Globe Newspaper*, 457 U.S. at 604–05. Second, it acts as "an effective restraint on possible abuse of judicial power" by subjecting the proceedings "to contemporaneous review in the forum of public opinion." *Richmond Newspapers*, 448 U.S. at 596 (Brennan, J., concurring in the judgment). Third, it "fosters an appearance of fairness, thereby heightening public respect for the judicial process," *Globe Newspaper*, 457 U.S. at 606, because "people not actually attending [the hearings] can have confidence that standards of fairness are being observed; the sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known." *Press-Enterprise I*, 464 U.S. at 508 (emphasis in original).

Once the qualified access right attaches, a proceeding may be closed or a document sealed only when "the party requesting closure . . . demonstrate[s] that such action is 'necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest.'" ECF No. 283 at 4 (quoting *Globe Newspaper*, 457 U.S. at 607). Thus, "a party seeking to seal or redact court filings . . . carries a heavy burden." *Id.* at 3. "Further, in ordering that documents be sealed from public view, a district court must set forth the specific legal and factual basis for such an order." *Id.* at 5; *see also Press-Enterprise II*, 478 U.S. at 13 (requiring a court to make "specific, on-the-

---

[15] Grand jury proceedings are the exception, *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records*, 864 F.2d 1559, 1561–63 (11th Cir. 1989), but that exception is not relevant here because the Knight Institute is not seeking release of information properly protected by Rule 6(e).

record findings" justifying closure). The court must consider whether reasonable alternatives to closure would adequately protect the compelling interest at issue. *Press-Enterprise II*, 478 U.S. at 14. When court documents are at issue, one such alternative courts must consider is redaction. *See, e.g.*, *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Or.*, Nos. 91-70622 & CV-86-961-MA,1991 WL 321057, at *1 (9th Cir. Dec. 5, 1991).

There is no compelling interest in keeping the redacted version of Volume II from the public, for reasons already explained. While the Supreme Court has recognized that the Sixth Amendment right to a fair trial is a compelling interest that can justify closure in some circumstances, *Press–Enterprise I*, 464 U.S. at 510–11, Defendants no longer have any such interest given that all criminal charges against them have been dismissed with prejudice. Further, release of Volume II would inform the public about the character and actions of the nation's highest official, about one of the most significant criminal investigations in American history, and about DOJ's understanding of the Espionage Act, a statute with broad implications for free speech. In other words, public access would facilitate the "free discussion of governmental affairs" and enhance the public's ability to "participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604.

## CONCLUSION

For the foregoing reasons, the Court should grant the Knight Institute's Motion to Intervene, rescind the January 21 Order, and direct the clerk to file on the public docket the redacted version of Volume II that DOJ submitted to the Court in advance of the January 17, 2025 hearing on Defendants' Emergency Motion.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the movant has sought conferral with all parties or nonparties who may be affected by the relief sought in this motion—including counsel for the United States, the three former Defendants, and prospective intervenor American Oversight—in a good faith effort to resolve the issues but has been unable to resolve them.

On February 20, 2025, at 6:18 p.m., counsel for movant emailed counsel for the United States, counsel for the three former Defendants, and counsel for American Oversight, advising them of the nature of Prospective Intervenor's motion and the relief sought. Counsel for movant requested responses by the end of the day on Friday, February 21, with any position their clients took on the motion or if there was any possibility that the issue could "be resolved expeditiously without requiring the Knight Institute's intervention in the proceedings."

On February 21, at 7:24 a.m., counsel for Mr. Nauta informed counsel for movant that the email addressee list did not include present counsel for the United States. On February 21, at 10:22 a.m., counsel for movant added to the email chain present counsel for the United States Hayden O'Byrne, the United States Attorney for the Southern District of Florida, informing him of the motion to intervene. At 11:11 a.m. that same day, counsel for movant also added Peter Forand, the Chief of the Criminal Division in the U.S. Attorney's Office in the Southern District of Florida, to the email chain.

On February 21, at 10:32 a.m., Counsel for Mr. Nauta responded: "On behalf of Waltine Nauta, we oppose your application to intervene in this case and to seek other relief. We will respond in full and reserve all rights. We do not agree with your characterization of the Court's Order of January 21, 2025 and we refer you to the Court's Order of February 18, 2025, addressing

the application by American Oversight. Counsel for Carlos De Oliveira have authorized me to state that they join in this conferral statement concerning your motion."

Counsel for movant have received no response from counsel for the United States or counsel for former Defendant President Donald Trump.

Dated: February 24, 2025

Respectfully submitted,

David M. Buckner Esq.
Florida Bar No.: 60550
Buckner + Miles
2020 Salzedo Street
Suite 302
Coral Gables FL 33134
Phone: (305) 964-8003
david@bucknermiles.com

Scott Wilkens (*pro hac vice* pending)
Anna Diakun (*pro hac vice* pending)
Jameel Jaffer (*pro hac vice* pending)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, N.Y. 10115
Phone: (646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Prospective Intervenor Knight
First Amendment Institute at Columbia
University*

## CERTIFICATE OF SERVICE

I, David Buckner, do hereby certify that I have filed the foregoing Motion of the Knight First Amendment Institute at Columbia University to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report by hand with the Clerk of the Court for the United States District Court for the Southern District of Florida on February 24, 2025.

Dated: February 24, 2025

Respectfully submitted,

David M. Buckner, Esq.
Florida Bar No. 60550
Buckner + Miles
2020 Salzedo Street
Suite 302
Coral Gables FL 33134
(305) 964-8003

*Counsel for Prospective Intervenor*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 23-CR-80101-AMC

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONALD J. TRUMP, WALTINE NAUTA,
and CARLOS DE OLIVEIRA,

Defendants.

**DECLARATION OF ANNA DIAKUN**
**IN SUPPORT OF MOTION BY PROSPECTIVE INTERVENOR THE KNIGHT FIRST**
**AMENDMENT INSTITUTE AT COLUMBIA UNIVERISTY**

I, Anna Diakun, a member of the Bar of the State of New York, declare under penalty of perjury as follows.

1.       I am an attorney with the Knight First Amendment Institute at Columbia University ("Knight Institute" or "Institute"). I submit this declaration in support of the Knight Institute's Motion to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report. I make this declaration based on my personal knowledge.

2.       The Knight Institute is a non-partisan, not-for-profit organization that works to defend the freedoms of speech and the press in the digital age through strategic litigation, research, policy analysis, and public education. One of the Knight Institute's core priorities is ensuring access to information necessary for self-government, allowing the public to hold the powerful to account.

1

3.      On January 26, 2025, the Knight Institute submitted a Freedom of Information Act Request to the Department of Justice ("DOJ") seeking "a copy of Volume Two of the Final Report on the Special Counsel's Investigations and Prosecutions, referenced in Special Counsel Jack Smith's January 7, 2025 letter to Attorney General Merrick B. Garland." The Knight Institute requested expedited processing on the grounds that it is an organization "primarily engaged in disseminating information" and there is a "compelling need" for Volume II because it contains information "urgent[ly]" needed to "inform the public concerning actual or alleged Federal Government activity," citing 5 U.S.C. § 552(a)(6)(E)(v)(II). A true and correct copy is attached as Exhibit 1.

4.      By letter dated January 28, 2025, DOJ acknowledged receipt of the request and assigned it tracking number FOIA-2025-02206. DOJ denied the Knight Institute's request for expedited processing, explaining that "[t]his Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally." A true and correct copy of DOJ's letter denying expedited processing is attached as Exhibit 2.

5.      On February 6, 2025, DOJ responded to the Knight Institute's request. In relevant part, DOJ stated that:

> Volume II of the Report should be withheld in full because it is protected from disclosure by a court injunction issued by the United States District Court for the Southern District of Florida, West Palm Beach Division. In this instance, the Office of Information Policy (OIP) lacks authority to consider the releasability of this information under the FOIA. *See GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 384-86 (1980) (finding "no discretion for the agency to exercise" where records are subject to injunction issued by federal district court).
>
> Furthermore, please be advised that the records you have requested, in particular, Volume II of the Report, relate to the proceedings in *USA v. Waltine Nauta & Carlos De Oliveira*, No. 23-cr-80101 (S.D.F.L. filed June 8, 2023) and

2

A233

*USA v. Trump, et al.*, No. 24-12311 (11th Cir. docketed July 18, 2024), both of which are still pending before those respective courts at this time. As such, Volume II of the Report is currently also being withheld in full pursuant to Exemption 7(A) of the FOIA, 5 U.S.C. §552(b)(7)(A). Exemption 7(A) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.

A true and correct copy of DOJ's response denying the Knight Institute's FOIA request is

attached as Exhibit 3.

6.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on February 22, 2025.

Respectfully submitted,

/s/ Anna Diakun

Anna Diakun (*pro hac vice* pending)
Knight First Amendment Institute at
  Columbia University
475 Riverside Drive, Suite 302
New York, N.Y. 10115
(646) 745-8500
anna.diakun@knightcolumbia.org

*Counsel for Prospective Intervenor Knight
First Amendment Institute at Columbia
University*

3

A234

# Exhibit 1



**KNIGHT
FIRST AMENDMENT
INSTITUTE at
COLUMBIA UNIVERSITY**

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500
info@knightcolumbia.org

January 26, 2025

FOIA/PA Mail Referral Unit
Justice Management Division
Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001
MRUFOIA.Requests@usdoj.gov

Office of the Attorney General
c/o Douglas Hibbard
Chief, Initial Request Staff
Office of Information Policy
Department of Justice
6th Floor
441 G St NW
Washington, DC 20530

Re:   **Freedom of Information Act Request
Expedited Processing Requested**

To whom it may concern,

The Knight First Amendment Institute at Columbia University
("Knight Institute" or "Institute")[1] submits this request under the
Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for a copy of
Volume Two of the January 7, 2025 Final Report on the Special
Counsel's Investigations and Prosecutions, which concerns the
classified documents case brought against President Trump and two of
his associates, Walt Nauta and Carlos De Oliveira.

---

[1] The Knight First Amendment Institute is a New York not-for-profit
corporation based at Columbia University that works to preserve and expand
the freedoms of speech and the press through strategic litigation, research, and
public education.

## I. Background

On June 8, 2023, President Trump was indicted on thirty-seven felony charges, including thirty-one alleged violations of the Espionage Act, 18 U.S.C. § 793(e).[2] The charges stemmed from Trump's alleged willful retention of classified documents at Mar-a-Lago long after he left office on January 20, 2021, despite repeated requests by the National Archives and Records Administration for their return.[3] Prosecutors also charged one of Trump's associates, Walt Nauta, as a co-conspirator.[4] They later added a second Trump associate, Carlos De Oliveira, along with additional charges, in a superseding indictment.[5]

This unprecedented case was brought by Department of Justice ("DOJ") Special Counsel Jack Smith. Though the FBI first opened its investigation on March 30, 2022,[6] Attorney General Merrick B. Garland appointed Smith to lead the investigation—along with another investigation related to election interference—on November 18, 2022, soon after Trump announced that he would be running for reelection.[7] According to the Attorney General, Smith's appointment "underscore[d] the Department's commitment to both independence and accountability in particularly sensitive matters" and would "allow[] prosecutors and agents . . . to make decisions indisputably guided only by the facts and the law."[8]

DOJ regulations require those appointed as Special Counsel, once their work is complete, to provide a report to the Attorney General explaining the ultimate decision to prosecute or not to prosecute. 28 C.F.R. § 600.8(c). Smith submitted his final report relating to both of

---

[2] Michael R. Sisak, Jill Colvin & Lindsay Whitehurst, *A Timeline of Events Leading to Donald Trump's Indictment in the Classified Documents Case*, Associated Press, https://apnews.com/article/trump-documents-investigation-timeline-087f0c9a8368bb983a16b67dd31dcd4c (June 10, 2023); Indictment at 28–41, *U.S. v. Trump*, 736 F. Supp. 3d 1206 (S.D. Fl. 2024) (No. 23-80101-AMC), ECF No. 3.

[3] *Id.*

[4] Alan Feuer, Maggie Haberman & Glenn Thrush, *Trump Faces Major New Charges in Documents Case*, N.Y. Times (July 27, 2023), https://www.nytimes.com/2023/07/27/us/politics/trump-documents-carlos-de-oliveira-charged.html.

[5] Superseding Indictment, *U.S. v. Trump*, 736 F. Supp. 3d 1206 (S.D. Fl. 2024) (No. 23-80101-AMC), ECF No. 85.

[6] Sisak et al., *A Timeline of Events Leading to Donald Trump's Indictment in the Classified Documents Case*, *supra* n.2.

[7] Press Release, Off. of Pub. Affs., U.S. Dep't of Just., Appointment of a Special Counsel (Nov. 18, 2022), https://www.justice.gov/opa/pr/appointment-special-counsel-0.

[8] *Id.*

his investigations to the Attorney General on January 7, 2025.[9] Though DOJ has publicly released Volume One of the report, about the election interference case against Trump, it has not released Volume Two, about the classified documents case. In a January 8 letter to the House and Senate Judiciary Committees, Attorney General Garland explained that he had determined that Volume Two should not be made public while the criminal cases against Nauta and Oliveira were pending, but that it would "be in the public interest" to publish that volume once the criminal proceedings concluded.[10]

The information contained within Volume Two is of profound importance to the public. The public has a compelling interest in knowing the full results of the Special Counsel's investigation, including the factual findings and legal and policy considerations that led the Special Counsel to charge President Trump, who has recently reassumed office. The report may also shed light on DOJ's interpretation of the Espionage Act, a statute that has shaped public discourse about national security for more than a century.[11] The Knight Institute seeks Volume Two of the report to inform the public about these critical issues.

## II. Record requested

The Knight Institute requests a copy of Volume Two of the Final Report on the Special Counsel's Investigations and Prosecutions, referenced in Special Counsel Jack Smith's January 7, 2025 letter to Attorney General Merrick B. Garland.[12]

We ask that you disclose all segregable portions of the record sought. *See* 5 U.S.C. § 552(b). We also ask that you provide the record in its native file format. *See* 5 U.S.C. § 552(a)(3)(B). Alternatively, please provide the record electronically in a text-searchable, static-image format (e.g., PDF), in the best image quality in the agency's possession.

---

[9] Letter from Jack Smith, Special Counsel, U.S. Dep't of Just., to Merrick B. Garland, Attorney General, U.S. Dep't of Justice (Jan. 7, 2025), https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf.

[10] Letter from Merrick B. Garland, Attorney General, U.S. Dep't of Just., to Sen. Charles Grassley, Chairman, Committee on the Judiciary, et al. (Jan. 8, 2025), https://www.justice.gov/sco-smith/media/1383641/dl.

[11] *See, e.g.*, Jameel Jaffer, *The Espionage Act Has Been Abused—But Not in Trump's Case*, Politico (Aug. 17, 2022), https://www.politico.com/news/magazine/2022/08/17/the-espionage-act-has-a-dark-history-prosecuting-trump-would-be-legit-00052376.

[12] Letter from Jack Smith to Merrick B. Garland, *supra* n.8.

### III. Application for expedited processing

The Knight Institute requests expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E). There is a "compelling need" for the document sought because the information it contains is "urgent[ly]" needed by an organization primarily engaged in disseminating information "to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

#### A. *The Knight Institute is primarily engaged in disseminating information in order to inform the public about actual or alleged government activity.*

The Knight Institute is "primarily engaged in disseminating information" within the meaning of FOIA. 5 U.S.C. § 552(a)(6)(E)(v)(II).

The Knight First Amendment Institute was established at Columbia University to defend and strengthen the freedoms of speech and the press in the digital age. Research and public education are essential to the Institute's mission.[13] Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Institute performs. *See ACLU v. DOJ*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information" (citation omitted)).

#### B. *The record sought is urgently needed to inform the public about actual or alleged government activity.*

The document sought is urgently needed to inform the public about actual or alleged government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II). Specifically, the requested record provides a detailed explanation of the Special Counsel's investigation of Trump's alleged unlawful retention of classified documents. It also discusses DOJ's interpretation of relevant law, including the Espionage Act, and the legal and policy considerations that led the Special Prosecutor to bring these charges.[14]

---

[13] Mike McPhate, *Columbia University to Open a First Amendment Institute*, N.Y. Times (May 17, 2016), https://perma.cc/YC9M-LUAD; James Rosen, *New Institute Aspires to Protect First Amendment in Digital Era*, McClatchy DC (May 20, 2016), https://perma.cc/ZS2K-FPED.

[14] *See generally* Special Counsel Jack Smith, Volume One: The Election Case, Final Report on the Special Counsel's Investigations and Prosecutions (Jan. 7, 2025), https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf (supplying analogous information about Special Counsel's investigation into election interference).

Disclosure of Volume Two of the report is urgently needed to help the public more fully understand the Special Counsel's decision to charge Trump with violations of the Espionage Act.[15] Volume Two will also illuminate DOJ's understanding of the scope and application of the Espionage Act, which has been used in recent years to prosecute government employees who disclose national security information to members of the press. Understanding DOJ's interpretation of this law is especially urgent now, given widespread fear that the Trump administration will use the Espionage Act with even greater frequency against government leakers, and perhaps even against journalists themselves.[16]

The public interest would be served by the disclosure of Volume Two of the report, as Attorney General Garland observed in his January 8 letter to the House and Senate Judiciary Committees.

For these reasons, the Knight Institute is entitled to expedited processing.

## IV. Application for waiver or limitation of fees

The Knight Institute requests a waiver of document search, review, and duplication fees on the grounds that disclosure of the requested record "is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

For the reasons explained above, disclosure of the record would be in the public interest. Moreover, disclosure would not further the Knight Institute's commercial interest. The Institute will make any information disclosed available to the public at no cost. Thus, a fee waiver would further Congress's legislative intent in amending FOIA to ensure "that it [is] liberally construed in favor of waivers for noncommercial requesters." *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003).

The Knight Institute also requests a waiver of search and review fees on the grounds that it qualifies as an "educational . . . institution" whose purposes include "scholarly . . . research" and the record is not

---

[15] Julian E. Barnes, *What Is the Espionage Act and How Has It Been Used?*, N.Y. Times (Aug. 15, 2022), https://www.nytimes.com/2022/08/15/us/politics/espionage-act-explainer-trump.html.

[16] *See, e.g.*, Gabe Rottman, *How Press Freedoms Could Fare Under the Second Trump Administration*, L.A. Times (Dec. 26, 2024), https://www.latimes.com/opinion/story/2024-12-26/journalist-leak-investigations-donald-trump.

5

sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Institute has a substantial educational mission. Situated within a prominent academic research university, the Institute performs scholarly research on the application of the First Amendment in the digital era. The Institute's research program brings together academics and practitioners of different disciplines to study contemporary First Amendment issues and offer informed, non-partisan commentary and solutions. It publishes that commentary in many forms, including in scholarly publications and in short-form essays.

Finally, the Knight Institute also requests a waiver of search and review fees on the grounds that it is a "representative[] of the news media" within the meaning of FOIA and the record is not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(II).

The Institute meets the statutory definition of "a representative of the news media" because it is an "entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii); *see also Nat'l Sec. Archive v. DOD*, 880 F.2d 1381, 1387 (D.C. Cir. 1989) (finding that an organization that gathers information, exercises editorial discretion in selecting and organizing documents, "devises indices and finding aids," and "distributes the resulting work to the public" is a "representative of the news media" for purposes of the FOIA). Courts have found other non-profit organizations, whose mission of research and public education is similar to that of the Knight Institute, to be "representatives of the news media." *See, e.g., Serv. Women's Action Network v. DOD*, 888 F. Supp. 2d 282, 287–88 (D. Conn. 2012) ("[O]rganizations like the ACLU are regularly granted news representative status."); *Judicial Watch, Inc. v. DOJ*, 133 F. Supp. 2d 52, 53–54 (D.D.C. 2000) (finding Judicial Watch, self-described as a "public interest law firm," a news media requester).

For these reasons, the Knight Institute is entitled to a fee waiver.

*       *       *

Thank you for your attention to this request. I would be happy to discuss its terms with you over the phone or via email to clarify any aspect of it.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Anna Diakun
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115

6

(646) 745-8500
anna.diakun@knightcolumbia.org

7

A242

# Exhibit 2



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

January 28, 2025

Anna Diakun
Knight First Amendment Institute at Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115                    Re:    FOIA-2025-02206
anna.diakun@knightcolumbia.org                DRH:ERH:GMG

Dear Anna Diakun:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request
dated January 26, 2025, and received in this Office on January 27, 2025, in which you
requested a copy of Volume II of the Report of Special Counsel Jack Smith.

You have requested expedited processing of your request pursuant to the Department's
standard permitting expedition for requests involving "[a]n urgency to inform the public about
an actual or alleged federal government activity, if made by a person primarily engaged in
disseminating information." See 28 C.F.R. § 16.5(e)(1)(ii) (2018). Based on the information
you have provided, I have determined that your request for expedited processing under this
standard should be denied. This Office cannot identify a particular urgency to inform the
public about an actual or alleged federal government activity beyond the public's right to know
about government activities generally. Please be advised that, although your request for
expedited processing has been denied, it has been assigned to an analyst in this Office and our
processing of it has been initiated.

To the extent that your request requires a search in another Office, consultations with
other Department components or another agency, and/or involves a voluminous amount of
material, your request falls within "unusual circumstances." See 5 U.S.C. § 552 (a)(6)(B)(i)-
(iii) (2018). Accordingly, we will need to extend the time limit to respond to your request
beyond the ten additional days provided by the statute. For your information, we use multiple
tracks to process requests, but within those tracks we work in an agile manner, and the time
needed to complete our work on your request will necessarily depend on a variety of factors,
including the complexity of our records search, the volume and complexity of any material
located, and the order of receipt of your request. At this time we have assigned your request to
the complex track. In an effort to speed up our process, you may wish to narrow the scope of
your request to limit the number of potentially responsive records so that it can be placed in a
different processing track. You can also agree to an alternative time frame for processing,
should records be located, or you may wish to await the completion of our records search to

-2-

discuss either of these options.  Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request.

If you have any questions, wish to discuss reformulation or an alternative time frame for the processing of your request, or if you require further assistance regarding any aspect of your request, you may contact our FOIA Public Liaison, Valeree Villanueva, at: Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with this Office's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff

# Exhibit 3



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

February 6, 2025

Anna Diakun
Knight First Amendment Institute at Columbia University
Suite 302
475 Riverside Drive
New Yor, NY  10115                                  Re:  FOIA-2025-02206
anna.diakun@knightcolumbia.org                           DRH

Dear Anna Diakun:

        This responds to your Freedom of Information Act (FOIA) request dated January 26,
2025, and received in this Office on January 27, 2025, seeking a copy of Volume II of the
Report of Special Counsel Jack Smith (the Report).

        At this time, I have determined that Volume II of the Report should be withheld in full
because it is protected from disclosure by a court injunction issued by the United States
District Court for the Southern District of Florida, West Palm Beach Division.  In this instance,
the Office of Information Policy (OIP) lacks authority to consider the releasability of this
information under the FOIA.  See GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 384-
86 (1980) (finding "no discretion for the agency to exercise" where records are subject to
injunction issued by federal district court).

        Furthermore, please be advised that the records you have requested, in particular,
Volume II of the Report, relate to the proceedings in USA v. Waltine Nauta & Carlos De
Oliveira, No. 23-cr-80101 (S.D.F.L. filed June 8, 2023) and USA v. Trump, et al., No. 24-
12311 (11th Cir. docketed July 18, 2024), both of which are still pending before these
respective courts at this time.  As such, Volume II of the Report is currently also being
withheld in full pursuant to Exemption 7(A) of the FOIA, 5 U.S.C. §552(b)(7)(A).  Exemption
7(A) pertains to records or information compiled for law enforcement purposes, the release of
which could reasonably be expected to interfere with enforcement proceedings.

        In making the above determinations, we have considered the foreseeable harm
standard.

        For your information, Congress excluded three discrete categories of law enforcement
and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c)
(2018).  This response is limited to those records that are subject to the requirements of the
FOIA.  This is a standard notification that is given to all our requesters and should not be taken
as an indication that excluded records do, or do not, exist.

-2-

You may contact our FOIA Public Liaison, Valeree Villanueva, for any further assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

If you are not satisfied with this Office's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

Douglas Hibbard
Chief, Initial Request Staff

A248

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON(s)**

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONALD J. TRUMP, WALTINE NAUTA,
and CARLOS DE OLIVEIRA,

Defendants.

---

**[PROPOSED] ORDER**

Upon consideration of prospective intervenor Knight First Amendment Institute at Columbia University's Motion to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report, it is this ___ day of _____, 2025, hereby:

**ORDERED** that the Motion to Intervene is **GRANTED**, and it is further

**ORDERED** that this Court's January 21, 2025 Order is rescinded, and

The Clerk is directed to file on the public docket the redacted version of Volume II that Plaintiff submitted to the Court in advance of the Court's January 17, 2025 hearing.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this ____ day of _____, 2025.

_____
The Honorable Aileen M. Cannon
United States District Court Judge

A249

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   9:23-CR-80101-CANNON

UNITED STATES OF AMERICA,

v.

WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

Defendants.

_____/

**JOINT STATUS REPORT**

The remaining parties to this litigation, the United States, Waltine Nauta, and Carlos De Oliveira, hereby file this Joint Status Report with the Court.

*Agreed Upon Positions of the Parties Regarding the Release of Volume II*

The United States does not object to the Court keeping its order enjoining the Attorney General of the United States and the Department of Justice from releasing Volume II outside the Department of Justice, or sharing any information contained in Volume II with anyone outside the Department of Justice, in place. The United States understands and appreciates the arguments made by Waltine Nauta and Carlos De Oliveira regarding the prejudice they would suffer if Volume II were to be released.

The United States, Waltine Nauta, and Carlos De Oliveira also agree that under no circumstances should the Court *order* the release of Volume II of Jack Smith's confidential Final Report.[1]

---

[1] The United States, Waltine Nauta, and Carlos De Oliveira also agree that the pending motions to intervene filed by American Oversight and Knight Institute should be denied. The United States, Waltine Nauta, and Carlos De Oliveira will address the arguments presented by American Oversight and Knight Institute in their respective responses to the pending motions to intervene.

1

A250

The United States, Waltine Nauta, and Carlos De Oliveira further agree that *if* the Court lifts its Injunction Order, the Court should require the Department of Justice to provide written notice to counsel for Waltine Nauta and counsel for Carlos De Oliveira sixty days prior to releasing a redacted version of Volume II outside the Department of Justice.   This would allow the defendants to seek appropriate relief from this Court, if the Attorney General ever expresses an intention to release Volume II outside the Department of Justice.

### *United States' Positions Regarding the Release of Volume II*

In the event the Court is inclined to lift the Injunction Order, the United States submits the decision to release Volume II to outside the Department of Justice should rest with the sound discretion of the Attorney General of the United States.   *See* 28 C.F.R. §§ 600.8(c), 600.9(c). The United States recognizes that when the Court entered its Injunction Order, Waltine Nauta and Carlos De Oliveira still faced the prospect of criminal trials on the charges contained in the Superseding Indictment.   The Court's Injunction Order was necessary and appropriate.   At this juncture, the United States Attorney's Office for the Southern District of Florida does not intend to revive the charges brought by Special Counsel Smith, and the Attorney General of the United States has not expressed an intent to release Volume II outside the Department of Justice.   If the Court is inclined to lift the Injunction Order, it is the Attorney General's prerogative to determine whether the release of Volume II "would be in the public interest[.]"   28 C.F.R. § 600.9(c).

The Court should also decline any invitation to conduct an *in camera* review of the grand jury materials related to this prosecution.   The Attorney General has not ordered the release of Volume II, nor has any court of competent jurisdiction ordered the Department of Justice to release Volume II.   Unless and until either of those contingencies comes to fruition, it would be premature for the Court to engage in a Rule 6(e) analysis.   Moreover, this Court has held that Jack Smith's

2

A251

appointment violated the Appointments Clause of the United States Constitution, and therefore his investigation was invalid.  Finaly, the Department of Justice, not the Court, is responsible for redacting any grand jury material in Volume II.

### *Positions of Waltine Nauta and Carlos De Oliveira Regarding the Release of Volume II*

Mr. Nauta and Mr. De Oliveira agree that a desirable resolution is one that would avoid the arduous task of dissecting Volume II of the unconstitutional Special Counsel's report to identify and seek protection for additional 6(e) and other confidential information.   They also agree that the Court should not order the Attorney General to release the Report.   They agree that if the Court decides to dissolve its Order enjoining the release of the Report, it would be appropriate to require the Justice Department to first provide them with sixty days' notice in the event of any form of release of the Report, so that they could seek appropriate relief from this Court.   They appreciate and do not dispute that the Attorney General has given no indication that she intends to release the Report, and that the United States Attorney's Office for the Southern District of Florida does not intend to revive the charges brought by former alleged Special Counsel Jack Smith.

However, the statute of limitations has not yet expired in this matter, and Mr. Nauta and Mr. De Oliveira respectfully request that the Court maintain its supervision over this exceptionally complex case and continue to enjoin the release of the Report, and that doing so would not be a usurpation of the Attorney General's authority to release or withhold the Report under DOJ's Special Counsel regulations.   To start, permitting the release of the one-sided Report would also amount to an unjust use of court-controlled grand jury processes to effect further disparagement of Mr. Nauta and Mr. De Oliveira, who remain bound by the Court's Rule 16 Protective Order (ECF No. 27) precluding them from effectively defending themselves against the recently-evaporated Special Counsel's allegations and who now lack the protections afforded by trial rights

including compulsory process.[2]   They endured approximately a year-and-a-half of rampant pretrial publicity and vilification after their indictments were sought by an unconstitutionally appointed prosecutor with unconstitutionally limitless funding, who then went on to use the materials he collected in his unlawful investigation (at continued unconstitutional expense) to craft the Report intended to justify his actions.   Allowing the Government to release a one-sided defense of such an impermissible prosecution while effectively tying the hands of the defense at this stage of the matter would violate Mr. Nauta's and Mr. De Oliveira's due process rights and Local Rule 77.2's prohibition against releasing information or opinion where there is "a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice."   S.D. Fla L.R. 77.2. (emphasis added), *see also* ECF No. 714 at 9.   The Report should be relegated to the dustbin of history, where it belongs, in order to prevent further unjust prejudice to Mr. Nauta and Mr. De Oliveira. Should the Court decide otherwise, it should absolve the defense counsel of all of their obligations under its Rule 16 Protective Order, although even that would leave the interests of other innocent third parties unprotected.

Mr. Nauta and Mr. De Oliveira remain concerned that the Freedom of Information Act (FOIA), 5 U.S.C. § 522, presents opportunities for mischief that might one day force the Attorney General's hand, despite her good faith intention to maintain the Report's confidential status.   As the Court has seen in recent weeks, the Justice Department's decision on the Report's release is not simply contingent on the Government's position.   Several parties have sought public release of the Report through the FOIA, and thus far, two of those parties have sought to intervene in this

---

[2] Importantly, defendants were litigating additional constitutional violations at the time of the dismissal of the indictment, including motions for suppression as to unlawful seizures.   Release of the Report, including to the extent premised on illegally seized material, would compound the asserted constitutional violations.

4

case asking the Court to rescind its January 21, 2025, Order.   *See* American Oversight's Expedited Motion to Intervene and for Clarification or, Alternatively, Dissolution of January 21, 2025 Order Granting Defendants' Emergency Motion to Preclude Release of Volume II of the Special Counsel's Report (ECF No. 717); Motion of the Knight First Amendment Institute at Columbia University to Intervene and Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report (ECF No. 721) (noting at least two additional FOIA requests at n. 11).

The Court should also retain jurisdiction and continue to enjoin the Report's release because it is not at all clear that its dismissal of the Superseding Indictment, or the Eleventh Circuit's dismissal of the appeal, extinguishes jeopardy for any of the three former co-defendants. The Government's Motion to Dismiss the Appeal as to Donald J. Trump (11th Cir. ECF No. 79) states that, "[d]ismissing the appeal as to defendant Trump will leave in place the district court's order dismissing the indictment without prejudice to him."   *Id.*   This Court noted in its January 21, 2025, Order that "Counsel [for the Government] during the hearing was unable to answer whether the Department has foreclosed reinitiating criminal charges against President-Elect Trump after he leaves office" (ECF No. 714 at n.15).   With respect to Mr. Nauta and Mr. De Oliveira, the Eleventh Circuit's dismissal of the appeal "with prejudice" simply precludes the Government from initiating a new appeal of this Court's July 15, 2024, Order dismissing the Superseding Indictment and directing the Clerk to close the case.   The Order did not state that the dismissal was with prejudice, and it did not preclude the Government from re-indicting the case through a constitutionally valid officer, notwithstanding the fact that the current occupants of those positions do not intend to proceed.   It is also clear that the offenses charged here, which are alleged to have occurred in 2022, are not time-barred by the relevant statutes of limitations (ten-years for violations

of 18 U.S.C. § 793(e) (64 Stat. 1005), five-years for 18 U.S.C. §§ 1512, 1519, 1001 (18 U.S.C. § 3282)).   Because jeopardy arguably remains for all three former co-defendants, their due process rights remain a serious concern that strongly outweighs any interest that the Government or the public might have in the release of the Special Counsel's Report.

This Court's concerns about protecting confidential information in the Report are also left unaddressed by the dismissal of the appeal, and newly involved (and now gone) Government counsel were unprepared to address that issue at the January 17, 2025, hearing (*see* ECF No. 714 at 6). Mr. Nauta and Mr. De Oliveira maintain that the Government's proposed redactions of transcribed statements before the grand jury too narrowly apply the prohibitions of Rule 6(e) and fail to protect information presented to the grand jury from disclosure, including information over which President Trump asserted Attorney-Client Privilege that this Court did not have an opportunity to consider.   Grand jury secrecy not only "encourages full and frank testimony on the part of witnesses, and prevents interference with the grand jury's deliberations," it also "helps to protect the innocent accused from facing unfounded charges …."   *Pitch v. United States*, 953 F.3d 1226, 1229 (11th Cir. 2020) (en banc) (citing *Douglas Oil Co. v. Petrol Stops Nw*, 441 U.S. 211, 219 (1979)).   The Report also contains argument and information that would have been the subject of motions in limine and pursuant to Fed. R. Crim. P. 404(b), that are inappropriate for disclosure.

Because jeopardy arguably remains for the defendants in this highly publicized and political case, the Report itself contains Rule 6(e) and other confidential information, and the Report's release would unfairly prejudice Mr. Nauta and Mr. De Oliveira, who are prohibited from defending themselves, Mr. Nauta and Mr. De Oliveira respectfully request that this Court maintain its January 21, 2025 Order prohibiting the release of Volume II of the Special Counsel's Final Report.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   **/s/Michael D. Porter**
      Michael D. Porter
      Assistant United States Attorney
      Florida Bar# 0031149
      101 South U.S. Highway 1
      Suite 3100
      Fort Pierce, Florida 34950
      Telephone: (772) 293-0950
      Email: michael.porter2@usdoj.gov


By:   **s/Richard Carroll Klugh, Jr.**
      Richard Carroll Klugh, Jr.
      25 SE 2nd Avenue Suite 1100
      Miami, Florida 33131
      Tel:  305-536-1191
      Email: rickklu@aol.com
      Counsel for Waltine Nauta

By:   **/s Larry Donald Murrell, Jr.**
      LARRY DONALD MURRELL, JR.
      FLORIDA BAR NO: 326641
      400 Executive Center Drive
      Suite 201—Executive Center Plaza
      West Palm Beach, FL 33401
      Telephone: 561.686.2700
      Facsimile: 561.686.4567
      Email: ldmpa@bellsouth.net

By:   **s/John S. Irving**
      John S. Irving
      E & W Law
      1455 Pennsylvania Ave., NW, Suite 400
      Washington, D.C. 20004
      Tel:  301-807-5670
      John.Irving@earthandwatergroup.com
      Counsel for Carlos De Oliveira

7

A256

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 14, 2025, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.   All other parties will be served by either regular U.S.

mail or inter-office delivery.

<u>**/s/Michael D. Porter**</u>
Michael D. Porter
Assistant United States Attorney

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 23-CR-80101-AMC**

UNITED STATES OF AMERICA,

               Plaintiff,

v.

DONALD J. TRUMP, WALTINE NAUTA,
and CARLOS DE OLIVEIRA,

               Defendants.

**NOTIFICATION OF NINETY DAYS EXPIRING REGARDING
KNIGHT INSTITUTE'S MOTION TO INTERVENE**

Prospective intervenor Knight First Amendment Institute at Columbia University ("Intervenor"), through its undersigned counsel and pursuant to S.D. Fla. L.R. 7.1(b)(4)(B), submits this Notification of Ninety Days Expiring Regarding its Motion to Intervene, and states as follows:

1. On February 24, 2025, Intervenor filed its Motion to Intervene to Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report [DE 721].

2. On March 14, 2025, Defendants Waltine Nauta and Carlos De Oliveira filed their response to the Motion to Intervene [DE 739].

3. On March 24, 2025, the United States filed its response to the Motion to Intervene [DE 740].

4. On March 31, 2025, Intervenor filed its Reply with regard to the Motion to Intervene [DE 745].

5.     To date, there has not been a ruling on Intervenor's Motion to Intervene, and 90 days have elapsed since the Intervenor filed its Reply.

WHEREFORE, Intervenor respectfully notifies the Court that its Motion to Intervene is ripe for adjudication.

Dated: July 7, 2025

Respectfully submitted,

/s/ David Buckner
David Buckner
Florida Bar No.:  60550
Buckner + Miles
2020 Salzedo Street
Suite 302
Coral Gables FL 33134
Phone: (305) 964-8003
david@bucknermiles.com

Scott Wilkens (*pro hac vice*)
Anna Diakun (*pro hac vice*)
Jameel Jaffer (*pro hac vice*)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, N.Y. 10115
Phone: (646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Prospective Intervenor Knight First Amendment Institute at Columbia University*

**CERTIFICATE OF SERVICE**

I, David Buckner, do hereby certify that I have filed the foregoing Notice electronically

with the Clerk of the Court using CM/ECF for the United States District Court for the Southern

District of Florida  on July 7, 2025.

  _/s/ David Buckner_____
David M. Buckner, Esq.

*Counsel for Prospective Intervenor*

**General Docket**
**United States Court of Appeals for the Eleventh Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 24-12311 | **Docketed:** 07/18/2024 |
| USA v. Donald Trump, et al | **Termed:** 11/26/2024 |
| **Appeal From:** Southern District of Florida | |
| **Fee Status:** Fee Not Required | |

**Case Type Information:**
   **1)** Criminal
   **2)** Other
   **3)** -

**Originating Court Information:**
   **District:** 113C-9 : 9:23-cr-80101-AMC
   **Court Reporter:** Stephen Franklin
   **Court Reporter:** Quanincia Hill
   **Court Reporter:** Stephanie McCarn
   **Court Reporter:** Laura Melton
   **Court Reporter:** Diane M. Miller
   **Court Reporter:** Pauline Stipes
   **Sentencing Judge:** Aileen Cannon, U.S. District Judge
   **Secondary Judge:** Bruce E. Reinhart, U.S. Magistrate Judge
   **Date Filed:** 06/08/2023
   **Date NOA Filed:**
   07/17/2024

**Prior Cases:**
   None

**Current Cases:**
   None

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | Michael Scott Davis, Assistant U.S. Attorney |
| | Plaintiff - | Direct: 305- 961-9027 |
| Appellant | | [COR LD NTC US Attorney] |
| | | U.S. Attorney Service - SFL |
| | | 99 NE 4TH ST FL 5 |
| | | MIAMI, FL 33132-2111 |
| | | |
| | | Markenzy Lapointe |
| | | [COR LD NTC US Attorney] |
| | | DOJ-USAO |
| | | Southern District of Florida |
| | | Firm: 305-961-9003 |
| | | 99 NE 4TH ST |
| | | MIAMI, FL 33132 |
| | | |
| | | Hayden Patrick O'Byrne |
| | | Direct: 305-961-9447 |
| | | [COR LD NTC US Attorney] |
| | | DOJ-USAO |
| | | Southern District of Florida |
| | | Firm: 305-961-9003 |
| | | 99 NE 4TH ST |
| | | MIAMI, FL 33132 |
| | | |
| | | Mark R. Freeman |
| | | Direct: 202-514-5714 |
| | | [COR NTC U.S. Government] |
| | | U.S. Attorney General's Office |
| | | RM 7228 |
| | | 950 PENNSYLVANIA AVE NW |
| | | WASHINGTON, DC 20530-0001 |
| | | |
| | | U.S. Attorney Service - Southern District of Florida |

A261

|  | | [COR NTC US Attorney]<br>U.S. Attorney Service - SFL<br>99 NE 4TH ST FL 5<br>MIAMI, FL 33132-2111 |

versus

DONALD J. TRUMP
**Terminated:** 11/26/2024
                                  Defendant -
 Appellee

CARLOS DE OLIVEIRA                                John S. Irving, IV
                                  Defendant -     [COR NTC Retained]
 Appellee                                         Earth & Water Law, LLC
                                                  Firm: 301-807-5670
                                                  1455 PENNSYLVANIA AVE NW STE 400
                                                  WASHINGTON, DC 20004

                                                  Larry Donald Murrell, Jr.
                                                  Direct: 561-686-2700
                                                  [COR NTC Retained]
                                                  Law Office of L.D. Murrell, PA
                                                  Firm: 561-686-2700
                                                  400 EXECUTIVE CENTER DR STE 201
                                                  WEST PALM BCH, FL 33401

WALTINE NAUTA                                     Sasha Dadan
                                  Defendant -     Direct: 772-579-0347
 Appellee                                         [NTC Retained]
                                                  Dadan Law Firm PLLC
                                                  Firm: 772-579-0347
                                                  201 S 2ND ST STE 202
                                                  FORT PIERCE, FL 34950

                                                  Richard Carroll Klugh, Jr.
                                                  Direct: 305-903-6900
                                                  [COR NTC Retained]
                                                  Law Office of Richard C. Klugh
                                                  Firm: 305-536-1191
                                                  40 NW 3RD ST PH1
                                                  MIAMI, FL 33128

                                                  Jenny Wilson
                                                  Direct: 305-432-6443
                                                  [COR NTC Retained]
                                                  Law Office of Richard C. Klugh
                                                  Firm: 305-536-1191
                                                  40 NW 3RD ST PH1
                                                  MIAMI, FL 33128

                                                  Stanley E. Woodward, Jr.
                                                  Direct: 202-996-7447
                                                  [COR NTC Retained]
                                                  Brand Woodward Law, LP
                                                  400 5TH ST NW STE 350
                                                  WASHINGTON, DC 20001

-----------------------------

CITIZENS FOR RESPONSIBILITY AND ETHICS IN         Steven A. Hirsch
WASHINGTON                                        [COR LD NTC Retained]
                                  Amicus Curiae    Keker, Van Nest & Peters, LLP
                                                  Firm: 415-391-5400
                                                  633 BATTERY ST
                                                  SAN FRANCISCO, CA 94111-1704

A262

| | | |
|---|---|---|
| CLARK B. JEFFREY | | Harry Woodward MacDougald<br>Direct: 404-843-1956<br>[COR LD NTC Retained]<br>Caldwell Carlson Elliott & DeLoach, LLP<br>Firm: 404-843-1956<br>6 CONCOURSE PKWY STE 2400<br>ATLANTA, GA 30328 |
| NANCY GERTNER | Amicus Curiae | Steven A. Hirsch<br>[COR LD NTC Retained]<br>(see above) |
| STEPHEN GILLERS | Amicus Curiae | Steven A. Hirsch<br>[COR LD NTC Retained]<br>(see above) |
| JAMES J. SAMPLE | Amicus Curiae | Steven A. Hirsch<br>[COR LD NTC Retained]<br>(see above) |
| DONALD AYER | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>Stris & Maher, LLP<br>777 S. FIGUEROA ST STE 3850<br>LOS ANGELES, CA 90017 |
| LOUIS CALDERA | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| TOM COLEMAN | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| GEORGE T. CONWAY, III | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| STUART M. GERSON | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| PHILIP ALLEN LACOVARA | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| JOHN MCKAY | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| TREVOR POTTER | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| ALAN CHARLES RAUL | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |

A263

| | | |
|---|---|---|
| ABBE SMITH | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| FERN SMITH | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| STATE DEMOCRACY DEFENDERS ACTION | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| LARRY THOMPSON | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| LAURENCE H. TRIBE | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| OLIVIA TROYE | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| STANLEY TWARDY, JR. | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| WILLIAM WELD | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| CHRISTINE TODD WHITMAN | Amicus Curiae | Matthew Adam Seligman<br>Direct: (213) 995-6873<br>[COR LD NTC Retained]<br>(see above) |
| LANDMARK LEGAL FOUNDATION | Amicus Curiae | Michael Adam Sasso<br>Direct: 407-644-7161<br>[COR LD NTC Retained]<br>Sasso & Sasso, PA<br>Firm: 407-644-7161<br>630 S MAITLAND AVE<br>MAITLAND, FL 32751<br><br>Joshua Blackman<br>Direct: 202-294-9003<br>[NTC Retained]<br>Josh Blackman LLC<br>1303 SAN JACINTO ST<br>HOUSTON, TX 77002<br><br>XiXi Li<br>Direct: 407-644-7161<br>[COR NTC Retained]<br>Sasso & Sasso, PA<br>Firm: 407-644-7161<br>630 S MAITLAND AVE<br>MAITLAND, FL 32751 |

A264

| | | |
|---|---|---|
| ROBERT W. RAY | Amicus Curiae | Michael Adam Sasso<br>Direct: 407-644-7161<br>[COR LD NTC Retained]<br>(see above)<br><br>Joshua Blackman<br>Direct: 202-294-9003<br>[NTC Retained]<br>(see above)<br><br>XiXi Li<br>Direct: 407-644-7161<br>[COR NTC Retained]<br>(see above) |
| AMERICAN CENTER FOR LAW AND JUSTICE | Amicus Curiae | Benjamin Paul Sisney<br>[COR NTC Retained]<br>American Center for Law & Justice<br>Firm: (202) 546-8890<br>201 MARYLAND AVE NE<br>WASHINGTON, DC 20002-5703 |
| SETH BARRETT TILLMAN | Amicus Curiae | Michael Adam Sasso<br>Direct: 407-644-7161<br>[COR LD NTC Retained]<br>(see above)<br><br>Joshua Blackman<br>Direct: 202-294-9003<br>[NTC Retained]<br>(see above)<br><br>XiXi Li<br>Direct: 407-644-7161<br>[COR NTC Retained]<br>(see above) |
| STATE OF FLORIDA | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>Office of the Attorney General<br>Firm: 850-414-3300<br>PL-01 THE CAPITOL<br>107 W GAINES ST<br>TALLAHASSEE, FL 32399-1050 |
| STATE OF IOWA | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |
| STATE OF ALABAMA | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |
| STATE OF ALASKA | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |
| STATE OF ARKANSAS | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |
| STATE OF IDAHO | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

A265

| STATE OF INDIANA | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF KANSAS | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF LOUISIANA | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF MISSISSIPPI | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF MISSOURI | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF MONTANA | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF NEBRASKA | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF OKLAHOMA | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF SOUTH CAROLINA | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF SOUTH DAKOTA | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF TENNESSEE | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF UTAH | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF WEST VIRGINIA | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| STATE OF KENTUCKY | | |
|---|---|---|
| | Amicus Curiae | Nathan Andrew Forrester<br>[COR LD NTC Government]<br>(see above) |

| AMERICA'S FUTURE | | |
|---|---|---|
| | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>Patrick M. McSweeney, Attorney at Law<br>3358 JOHN TREE HILL RD<br>POWHATAN, VA 23139 |

A266

| AMERICA FIRST POLICY INSTITUTE | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>(see above) |
| GUN OWNERS OF AMERICA | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>(see above) |
| GUN OWNERS FOUNDATION | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>(see above) |
| GUN OWNERS OF CALIFORNIA | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>(see above) |
| U.S. CONSTITUTIONAL RIGHTS LEGAL DEFENSE FUND | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>(see above) |
| PUBLIC ADVOCATE OF THE UNITED STATES | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>(see above) |
| ONE NATION UNDER GOD FOUNDATION | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>(see above) |
| CONSERVATIVE LEGAL DEFENSE AND EDUCATION FUND | Amicus Curiae | Patrick M. McSweeney<br>Direct: 804-937-0895<br>[COR LD NTC Retained]<br>(see above) |
| STATE OF TEXAS | Amicus Curiae | Aaron L. Nielson<br>[COR LD NTC Retained]<br>Office of the Texas Attorney General<br>Solicitor General Division<br>PO BOX 12548 (MC-059)<br>AUSTIN, TX 78711-2548 |
| STEVEN CALABRESI | Amicus Curiae | Gene C. Schaerr<br>[COR LD NTC Retained]<br>Schaerr Jaffe, LLP<br>1717 K ST NW STE 900<br>WASHINGTON, DC 20006<br><br>Kenneth Alan Klukowski<br>Direct: 623-261-9249<br>[COR NTC Retained]<br>Schaerr Jaffe, LLP<br>1717 K ST NW STE 900<br>WASHINGTON, DC 20006<br><br>Justin Miller<br>Direct: 202-787-1060<br>[COR NTC Retained]<br>Schaerr Jaffe, LLP<br>1717 K ST NW STE 900<br>WASHINGTON, DC 20006 |

A267

| | | |
|---|---|---|
| CITIZENS UNITED | Amicus Curiae | Gene C. Schaerr<br>[COR LD NTC Retained]<br>(see above)<br><br>Kenneth Alan Klukowski<br>Direct: 623-261-9249<br>[COR NTC Retained]<br>(see above)<br><br>Justin Miller<br>Direct: 202-787-1060<br>[COR NTC Retained]<br>(see above) |
| CITIZENS UNITED FOUNDATION | Amicus Curiae | Gene C. Schaerr<br>[COR LD NTC Retained]<br>(see above)<br><br>Kenneth Alan Klukowski<br>Direct: 623-261-9249<br>[COR NTC Retained]<br>(see above)<br><br>Justin Miller<br>Direct: 202-787-1060<br>[COR NTC Retained]<br>(see above) |
| ALEX KOZINSKI | Amicus Curiae | Eric William Heigis<br>Direct: 512-472-2700<br>[COR LD NTC Retained]<br>Texas Public Policy Foundation<br>Firm: 512-472-2700<br>901 CONGRESS AVE<br>AUSTIN, TX 78701<br><br>Robert Henneke<br>Direct: 512-472-2700<br>[COR NTC Retained]<br>Texas Public Policy Foundation<br>Firm: 512-472-2700<br>901 CONGRESS AVE<br>AUSTIN, TX 78701<br><br>Matthew Miller<br>Direct: 512-472-2700<br>[COR NTC Retained]<br>Texas Public Policy Foundation<br>Firm: 512-472-2700<br>901 CONGRESS AVE<br>AUSTIN, TX 78701<br><br>Chance Weldon<br>Direct: 512-472-2700<br>[COR NTC Retained]<br>Texas Public Policy Foundation<br>Firm: 512-472-2700<br>901 CONGRESS AVE<br>AUSTIN, TX 78701 |
| GARY LAWSON | Amicus Curiae | Gene C. Schaerr<br>[COR LD NTC Retained]<br>(see above)<br><br>Kenneth Alan Klukowski<br>Direct: 623-261-9249<br>[COR NTC Retained] |

A268

|  |  | (see above) |
|--|--|--|
|  |  | Justin Miller<br>Direct: 202-787-1060<br>[COR NTC Retained]<br>(see above) |
| DONALD J. TRUMP | Amicus Curiae | Kendra Wharton<br>[COR NTC Retained]<br>Wharton Law PLLC<br>500 S AUSTRALIAN AVE STE 600<br>PMB 1139<br>WEST PALM BEACH, FL 33401 |
| EDWIN MEESE, III | Amicus Curiae | Gene C. Schaerr<br>[COR LD NTC Retained]<br>(see above) |
|  |  | Kenneth Alan Klukowski<br>Direct: 623-261-9249<br>[COR NTC Retained]<br>(see above) |
|  |  | Justin Miller<br>Direct: 202-787-1060<br>[COR NTC Retained]<br>(see above) |
| MICHAEL B. MUKASEY | Amicus Curiae | Gene C. Schaerr<br>[COR LD NTC Retained]<br>(see above) |
|  |  | Kenneth Alan Klukowski<br>Direct: 623-261-9249<br>[COR NTC Retained]<br>(see above) |
|  |  | Justin Miller<br>Direct: 202-787-1060<br>[COR NTC Retained]<br>(see above) |

A269

UNITED STATES OF AMERICA,

                    Plaintiff - Appellant,

versus

DONALD J. TRUMP,

                    Defendant,

WALTINE NAUTA,
CARLOS DE OLIVEIRA,

                    Defendants - Appellees.

A270

| 07/18/2024 | ☐ 1 <br> 98 pg, 1.04 MB | CRIMINAL APPEAL DOCKETED. Notice of appeal filed by Appellant USA on 07/17/2024. Fee Status: Fee Not Required. [Entered: 07/18/2024 12:27 PM] |
|---|---|---|
| 07/18/2024 | ☐ 2 <br> 1 pg, 153.3 KB | APPEARANCE of Counsel filed by Kendra Wharton for Donald J. Trump. Related cases? No. [24-12311] (ECF: Kendra Wharton) [Entered: 07/18/2024 04:19 PM] |
| 07/18/2024 | ☐ 3 <br> 1 pg, 131.76 KB | APPEARANCE of Counsel Form filed by Emil Bove for Donald J. Trump. Related cases? No. [24-12311] (ECF: Kendra Wharton) [Entered: 07/18/2024 04:29 PM] |
| 07/18/2024 | ☐ 4 | Notice of deficient Appearance of Counsel filed by Emil Bove for Donald J. Trump. An attorney may not electronically file through another person's ECF account. See 11th Cir. R. 25-3(e). [Entered: 07/18/2024 04:54 PM] |
| 07/18/2024 | ☐ 5 <br> 1 pg, 131.76 KB | APPEARANCE of Counsel Form filed by Emil Bove for Donald J. Trump. Related cases? No. [24-12311] (ECF: Emil Bove) [Entered: 07/18/2024 07:44 PM] |
| 07/19/2024 | ☐ 6 <br> 1 pg, 126.86 KB | APPEARANCE of Counsel Form filed by James I. Pearce for the United States of America Related cases? No. [24-12311] (ECF: James Pearce) [Entered: 07/19/2024 01:51 PM] |
| 07/19/2024 | ☐ 7 <br> 1 pg, 128.58 KB | APPEARANCE of Counsel Form filed by John M. Pellettieri for United States of America Related cases? No. [24-12311] (ECF: John Pellettieri) [Entered: 07/19/2024 03:04 PM] |
| 07/19/2024 | ☐ 8 <br> 1 pg, 136.91 KB | APPEARANCE of Counsel Form filed by Jay Bratt for USA. Related cases? No. [24-12311] (ECF: Jay Bratt) [Entered: 07/19/2024 03:19 PM] |
| 07/24/2024 | ☐ 9 <br> 2 pg, 271.26 KB | TRANSCRIPT INFORMATION FORM SUBMITTED by Attorney Mr. James I. Pearce for Appellant USA. All necessary transcript(s) are on file. [24-12311] (ECF: James Pearce) [Entered: 07/24/2024 11:50 AM] |
| 07/24/2024 | ☐ 10 <br> 8 pg, 152.46 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Mr. James I. Pearce for Appellant USA. On the same day the CIP is served, any filer represented by counsel must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-1(b). [24-12311] (ECF: James Pearce) [Entered: 07/24/2024 11:51 AM] |
| 07/24/2024 | ☐ 11 <br> 1 pg, 136.68 KB | APPEARANCE of Counsel Form filed by Larry Donald Murrell, Jr. for Carlos De Oliveira. Related cases? No. [24-12311] (ECF: Larry Murrell) [Entered: 07/24/2024 01:35 PM] |
| 07/25/2024 | ☐ 12 <br> 2 pg, 92.05 KB | Briefing Notice issued to Appellant USA. The appellant's brief is due on or before 08/27/2024. The appendix is due no later than 7 days from the filing of the appellant's brief. [Entered: 07/25/2024 10:36 AM] |
| 07/29/2024 | ☐ 13 <br> 1 pg, 134.32 KB | APPEARANCE of Counsel Form filed by Todd Blanche for Donald J. Trump. Related cases? No. [24-12311] (ECF: Todd Blanche) [Entered: 07/29/2024 11:59 AM] |
| 08/14/2024 | ☐ 14 <br> 1 pg, 87.66 KB | APPEARANCE of Counsel Form filed by Christopher M. Kise for Donald J. Trump. Related cases? No. [24-12311] (ECF: Christopher Kise) [Entered: 08/14/2024 09:34 AM] |
| 08/14/2024 | ☐ 15 <br> 5 pg, 115.59 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Kendra Wharton for Appellee Donald J. Trump. On the same day the CIP is served, any filer represented by counsel must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-1(b). [24-12311] (ECF: Kendra Wharton) [Entered: 08/14/2024 08:05 PM] |
| 08/15/2024 | ☐ 16 <br> 1 pg, 136.95 KB | APPEARANCE of Counsel Form filed by Cecil W. VanDevender for USA Related cases? No. [24-12311] (ECF: Cecil VanDevender) [Entered: 08/15/2024 05:38 PM] |
| 08/26/2024 | ☐ 17 <br> 1 pg, 150.91 KB | APPEARANCE of Counsel Form filed by John S. Irving, IV for Carlos De Oliveira. Related cases? No. [24-12311] (ECF: John Irving) [Entered: 08/26/2024 02:18 PM] |
| 08/26/2024 | ☐ 18 <br> 81 pg, 489.29 KB | Appellant's brief filed by USA. [24-12311] (ECF: James Pearce) [Entered: 08/26/2024 03:21 PM] |
| 08/26/2024 | ☐ 19 <br> 1 pg, 127.75 KB | APPEARANCE of Counsel Form filed by David V. Harbach, II for USA Related cases? No. [24-12311] (ECF: David Harbach) [Entered: 08/26/2024 03:28 PM] |
| 08/26/2024 | ☐ 20 <br> 264 pg, 32.32 MB | Appendix filed [2 VOLUMES] by Appellant USA. [24-12311] (ECF: James Pearce) [Entered: 08/26/2024 03:32 PM] |
| 08/27/2024 | ☐ 21 | Received 4 paper copies of EBrief, filed by Appellant USA. [Entered: 08/28/2024 02:51 PM] |
| 08/27/2024 | ☐ 22 | Received paper copies of EAppendix filed by Appellant USA. 2 VOLUMES - 3 COPIES [Entered: 08/28/2024 02:55 PM] |

A271

| 09/03/2024 | ☐ 23<br>1 pg, 119.99 KB | APPEARANCE of Counsel Form filed by Steven A. Hirsch for Citizens for Responsibility and Ethics in Washington, Nancy Gertner, Stephen Gillers, and James J. Sample Related cases? No. [24-12311] (ECF: Steven Hirsch) [Entered: 09/03/2024 05:23 PM] |
|---|---|---|
| 09/03/2024 | ☐ 24<br>14 pg, 128.55 KB | *MOTION to file amicus brief pursuant to FRAP 29(a) filed by Steven A. Hirsch for Citizens for Responsibility and Ethics in Washington, Nancy Gertner, Stephen Gillers, and James J. Sample. [24]* [24-12311] (ECF: Steven Hirsch) [Entered: 09/03/2024 05:30 PM] |
| 09/03/2024 | ☐ 25<br>67 pg, 477.84 KB | *MOTION to file amicus brief pursuant to FRAP 29(a) filed by Steven A. Hirsch for Citizens for Responsibility and Ethics in Washington, Nancy Gertner, Stephen Gillers, and James J. Sample. [25]* [24-12311] (ECF: Steven Hirsch) [Entered: 09/03/2024 05:39 PM] |
| 09/03/2024 | ☐ 26<br>2 pg, 160.75 KB | APPEARANCE of Counsel Form filed by Matthew A. Seligman for for Amici Curiae Related cases? No. [24-12311] (ECF: Matthew Seligman) [Entered: 09/03/2024 11:42 PM] |
| 09/03/2024 | ☐ 27<br>73 pg, 565.63 KB | *MOTION to file amicus brief pursuant to FRAP 29(a) filed by Matthew A. Seligman for Amici Curiae. [27]* [24-12311] (ECF: Matthew Seligman) [Entered: 09/03/2024 11:51 PM] |
| 09/04/2024 | ☐ 28<br>1 pg, 279.72 KB | APPEARANCE of Counsel Form filed by Stanley E. Woodward, Jr. for Waltine Nauta. Related cases? No. [24-12311] (ECF: Stanley Woodward) [Entered: 09/04/2024 10:34 PM] |
| 09/10/2024 | ☐ 29<br>1 pg, 261.27 KB | APPEARANCE of Counsel Form filed by Richard C. Klugh for Waltine Nauta Related cases? No. [24-12311] (ECF: Richard Klugh) [Entered: 09/10/2024 03:31 PM] |
| 09/17/2024 | ☐ 30<br>14 pg, 238.66 KB | *MOTION for extension of time to file appellant's brief to 10/25/2024 filed by Donald J. Trump. Motion is Unopposed. [30]* [24-12311] (ECF: Kendra Wharton) [Entered: 09/17/2024 02:39 PM] |
| 09/18/2024 | ☐ 31<br>2 pg, 90.05 KB | ORDER: Motion for extension to file appellees brief filed by Appellee Donald J. Trump, et al. is GRANTED. [30] Appellees' brief due on 10/25/2024. ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 09/18/2024 10:17 AM] |
| 09/18/2024 | ☐ 32<br>2 pg, 23.46 KB | ORDER: Motion for leave to file amicus brief is GRANTED. [27], Motion for leave to file amicus brief is GRANTED. [25] ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 09/18/2024 01:26 PM] |
| 09/18/2024 | ☐ 33<br>53 pg, 349.29 KB | Amicus Brief filed by Amici Curiae Citizens for Responsibility and Ethics in Washington, Nancy Gertner, Stephen Gillers and James J. Sample. Service date: 09/03/2024 email - Attorney for Amicus Curiae: Hirsch; Attorney for Appellants: Bratt, Harbach, Pearce, Pellettieri, U.S. Attorney Service - Southern District of Florida, VanDevender; Attorney for Appellees: Blanche, Bove, Dadan, Fields, Irving, Kise, Klugh, Murrell, Wharton, Woodward; Attorney for Not Party: Seligman; US mail - Attorney for Appellee: Weiss. [Entered: 09/18/2024 01:35 PM] |
| 09/18/2024 | ☐ 34<br>54 pg, 348.91 KB | Amicus Brief filed by Amici Curiae Donald Ayer, Louis Caldera, Tom Coleman, George T. Conway, III, Stuart M. Gerson, Philip Allen Lacovara, John McKay, Trevor Potter, Alan Charles Raul, Abbe Smith, Fern Smith, State Democracy Defenders Action, Larry Thompson, Laurence H. Tribe, Olivia Troye, Stanley Twardy, Jr., William Weld and Christine Todd Whitman. Service date: 09/03/2024 email - Attorney for Amici Curiae: Hirsch, Seligman; Attorney for Appellants: Bratt, Harbach, Pearce, Pellettieri, U.S. Attorney Service - Southern District of Florida, VanDevender; Attorney for Appellees: Blanche, Bove, Dadan, Fields, Irving, Kise, Klugh, Murrell, Wharton, Woodward; US mail - Attorney for Appellee: Weiss. [Entered: 09/18/2024 01:41 PM] |
| 09/23/2024 | ☐ 35 | Received 4 paper copies of EBrief, filed by Amicus Curiae Constitutional Lawyers, Former Government Officials and State Democracy Defenders Action. [Entered: 09/26/2024 12:04 PM] |
| 09/23/2024 | ☐ 49 | Received 4 paper copies of EBrief, filed by Amicus Curiae Donald Ayer. [Entered: 10/29/2024 11:20 AM] |
| 10/01/2024 | ☐ 36<br>2 pg, 275.19 KB | APPEARANCE of Counsel Form filed by Josh Blackman and Michael Adam Sasso for Robert W. Ray, Professor Seth Barrett Tillman, and Landmark Legal Foundation Related cases? No. [24-12311] (ECF: Michael Sasso) [Entered: 10/01/2024 04:10 PM] |
| 10/01/2024 | ☐ 37<br>65 pg, 3.01 MB | *MOTION to file amicus brief pursuant to FRAP 29(a) filed by Josh Blackman and Michael Adam Sasso for Robert W. Ray, Professor Seth Barrett Tillman, and Landmark Legal Foundation. [37]* [24-12311] (ECF: Michael Sasso) [Entered: 10/01/2024 04:18 PM] |
| 10/01/2024 | ☐ 38<br>1 pg, 120.49 KB | APPEARANCE of Counsel Form filed by XiXi Li for Robert W. Ray, Professor Seth Barrett Tillman, and Landmark Legal Founda Related cases? No. [24-12311] (ECF: XiXi Li) [Entered: 10/01/2024 04:50 PM] |
| 10/02/2024 | ☐ 39 | Notice of deficient Appearance of Counsel filed by Joshua Blackman for Landmark Legal Foundation, Robert W. Ray and Seth Barrett Tillman. An attorney may not electronically file through another person's ECF account. See 11th Cir. R. 25-3(e). Counsel must file a corrected Appearance of Counsel form. [Entered: 10/02/2024 09:31 AM] |

A272

| | | |
|---|---|---|
| 10/02/2024 | ☐ **40**<br>1 pg, 137.61 KB | APPEARANCE of Counsel Form filed by Michael Adam Sasso for Robert W. Ray, Professor Seth Barrett Tillman, and Landmark Legal Foundation Michael Adam Sasso for Landmark Legal Foundation, Robert W. Ray and Seth Barrett Tillman. Related cases? No. [24-12311] (ECF: Michael Sasso) [Entered: 10/02/2024 10:37 AM] |
| 10/24/2024 | ☐ **41**<br>10 pg, 365.98 KB | *MOTION for extension of time to file appellee's brief to 10/28/2024 filed by Waltine Nauta. Motion is Unopposed. [41] [24-12311] (ECF: Richard Klugh) [Entered: 10/24/2024 10:15 PM]* |
| 10/25/2024 | ☐ **42**<br>85 pg, 1.32 MB | Appellee's Brief filed by Appellee Donald J. Trump. [24-12311] (ECF: Emil Bove) [Entered: 10/25/2024 10:51 PM] |
| 10/25/2024 | ☐ **43**<br>249 pg, 3.78 MB | Supplemental Appendix [1 VOLUMES] filed by Appellee Donald J. Trump. [24-12311] (ECF: Emil Bove) [Entered: 10/25/2024 10:52 PM] |
| 10/28/2024 | ☐ **44**<br>2 pg, 94.66 KB | ORDER: Motion for extension to file appellee brief filed by Appellee Waltine Nauta is GRANTED. [41] Appellees brief due on 10/28/2024. ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 10/28/2024 02:03 PM] |
| 10/28/2024 | ☐ **45**<br>2 pg, 89.58 KB | ORDER: Motion for leave to file amicus brief is GRANTED. [37] ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 10/28/2024 04:13 PM] |
| 10/28/2024 | ☐ **46**<br>48 pg, 1.9 MB | Amicus Brief filed by Amici Curiae Landmark Legal Foundation, Robert W. Ray and Seth Barrett Tillman. Service date: 10/01/2024 email - Attorney for Amici Curiae: Blackman, Hirsch, Li, Sasso, Seligman; Attorney for Appellants: Bratt, Harbach, Pearce, Pellettieri, U.S. Attorney Service - Southern District of Florida, VanDevender; Attorney for Appellees: Blanche, Bove, Dadan, Fields, Irving, Kise, Klugh, Murrell, Wharton, Woodward; US mail - Attorney for Appellee: Weiss. [Entered: 10/28/2024 04:18 PM] |
| 10/29/2024 | ☐ 47 | Received 4 paper copies of EBrief, filed by Appellee Donald J. Trump. [Entered: 10/29/2024 11:14 AM] |
| 10/29/2024 | ☐ 48 | Received paper copies of EAppendix filed by Appellee Donald J. Trump. 1 VOLUMES - 2 COPIES [Entered: 10/29/2024 11:17 AM] |
| 11/01/2024 | ☐ **50**<br>39 pg, 353.42 KB | Amicus Brief as of right or by consent of the parties filed by Benjamin P. Sisney for the American Center for Law and Justice. [24-12311] (ECF: Benjamin Sisney) [Entered: 11/01/2024 10:54 AM] |
| 11/01/2024 | ☐ **51**<br>1 pg, 293.66 KB | APPEARANCE of Counsel Form filed by Henry Whitaker for the States of Florida, Iowa, Alabama, Alaska, Arkansas, Idaho, Indiana, Kansas, Louisiana, Mississippi, Missouri, Montana, Nebraska, Oklahoma, South Carolina, South Dakota, Tennessee, Utah, West Virginia and Commonwealth of Kentucky Related cases? No. [24-12311] (ECF: Henry Whitaker) [Entered: 11/01/2024 03:03 PM] |
| 11/01/2024 | ☐ **52**<br>33 pg, 260.59 KB | Amicus Brief as of right or by consent of the parties filed by Henry Whitaker for states of Florida, Iowa, Alabama, Alaska, Arkansas, Idaho, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, Oklahoma, South Carolina, South Dakota, Tennessee, Utah, and West Virginia. [24-12311] (ECF: Henry Whitaker) [Entered: 11/01/2024 03:18 PM] |
| 11/01/2024 | ☐ **53**<br>1 pg, 130.46 KB | APPEARANCE of Counsel Form filed by Patrick M. McSweeney for America's Future, America First Policy Institute, Gun Owners of America, Gun Owners Foundation, Gun Owners of Cal, US Constitutional Rights Legal Defense Fund, Public Advocate of the US, One Nation Under Fndn, and CLDEF Related cases? No. [24-12311] (ECF: Patrick McSweeney) [Entered: 11/01/2024 03:48 PM] |
| 11/01/2024 | ☐ **54**<br>35 pg, 655.2 KB | Amicus Brief as of right or by consent of the parties filed by Patrick M. McSweeney for America's Future, America First Policy Institute, Gun Owners of America, Gun Owners Foundation, Gun Owners of Cal, US Constitutional Rights Legal Defense Fund, Public Advocate of the US, One Nation Under God Fndn, and CLDEF. [24-12311] (ECF: Patrick McSweeney) [Entered: 11/01/2024 03:51 PM] |
| 11/01/2024 | ☐ **55**<br>1 pg, 127.32 KB | APPEARANCE of Counsel Form filed by Aaron L. Nielson for Amicus Curiae State of Texas Related cases? No. [24-12311] (ECF: Aaron Nielson) [Entered: 11/01/2024 04:50 PM] |
| 11/01/2024 | ☐ **56**<br>32 pg, 312.16 KB | Amicus Brief as of right or by consent of the parties filed by Aaron L. Nielson for Amicus Curiae State of Texas. [24-12311] (ECF: Aaron Nielson) [Entered: 11/01/2024 04:53 PM] |
| 11/01/2024 | ☐ **57**<br>1 pg, 125.62 KB | APPEARANCE of Counsel Form filed by Gene C. Schaerr for Amici Curiae: Former Attorneys General Edwin Meese III and Michael B. Mukasey, Professors Steven Calabresi and Gary Lawson, Citizens United, and Citizens United Foundation Related cases? No. [24-12311] (ECF: Gene Schaerr) [Entered: 11/01/2024 08:57 PM] |
| 11/01/2024 | ☐ **58**<br>63 pg, 520.59 KB | *MOTION to file amicus brief pursuant to FRAP 29(a) filed by Gene C. Schaerr for Amici Curiae: Former Attorneys General Edwin Meese III and Michael B. Mukasey, Professors Steven Calabresi and Gary Lawson, Citizens United, and Citizens United Foundation. [58] [24-12311] (ECF: Gene Schaerr) [Entered: 11/01/2024 09:01 PM]* |

A273

| 11/01/2024 | **59**<br>1 pg, 125.63 KB | APPEARANCE of Counsel Form filed by Kenneth A. Klukowski for Amici Curiae: Former Attorneys General Edwin Meese III and Michael B. Mukasey, Professors Steven Calabresi and Gary Lawson, Citizens United, and Citizens United Foundation Related cases? No. [24-12311] (ECF: Kenneth Klukowski) [Entered: 11/01/2024 09:23 PM] |
| 11/01/2024 | **60**<br>1 pg, 125.59 KB | APPEARANCE of Counsel Form filed by Justin A. Miller for Amici Curiae: Former Attorneys General Edwin Meese III and Michael B. Mukasey, Professors Steven Calabresi and Gary Lawson, Citizens United, and Citizens United Foundation Related cases? No. [24-12311] (ECF: Justin Miller) [Entered: 11/01/2024 09:40 PM] |
| 11/01/2024 | **61**<br>1 pg, 126.41 KB | APPEARANCE of Counsel Form filed by Eric Heigis for Amicus Curiae Alex Kozinski Related cases? No. [24-12311] (ECF: Eric Heigis) [Entered: 11/01/2024 09:46 PM] |
| 11/01/2024 | **62**<br>1 pg, 126.46 KB | APPEARANCE of Counsel Form filed by Robert Henneke for Amicus Curiae Alex Kozinski Related cases? No. [24-12311] (ECF: Robert Henneke) [Entered: 11/01/2024 09:48 PM] |
| 11/01/2024 | **63**<br>1 pg, 127.7 KB | APPEARANCE of Counsel Form filed by Chance Weldon for Amicus Curiae Alex Kozinski Related cases? No. [24-12311] (ECF: Chance Weldon) [Entered: 11/01/2024 09:50 PM] |
| 11/01/2024 | **64**<br>1 pg, 127.2 KB | APPEARANCE of Counsel Form filed by Matthew Miller for Amicus Curiae Alex Kozinski Related cases? No. [24-12311] (ECF: Matthew Miller) [Entered: 11/01/2024 09:52 PM] |
| 11/01/2024 | **65**<br>51 pg, 1.01 MB | *MOTION to file amicus brief pursuant to FRAP 29(a) filed by Eric Heigis for Amicus Curiae Alex Kozinski. [65] [24-12311] (ECF: Eric Heigis) [Entered: 11/01/2024 09:57 PM]* |
| 11/04/2024 | **66**<br>1 pg, 99.59 KB | APPEARANCE of Counsel Form filed by Benjamin P. Sisney for Amicus Curiae the American Center for Law and Justice Benjamin Paul Sisney for American Center for Law and Justice. Related cases? No. [24-12311] (ECF: Benjamin Sisney) [Entered: 11/04/2024 10:01 AM] |
| 11/04/2024 | **67**<br>1 pg, 85.6 KB | Appearance of counsel form has not been processed. According to our records, Kenneth Alan Klukowski for Michael B. Mukasey, Edwin Meese, III, Steven Calabresi, Gary Lawson, Citizens United and Citizens United Foundation is a member of the Eleventh Circuit bar in inactive status. Your appearance form will not be processed until your bar membership has been renewed. [Entered: 11/04/2024 11:42 AM] |
| 11/04/2024 | 72 | Received 4 paper copies of EBrief, filed by Amici Curiae Citizens for Responsibility and Ethics in Washington, Nancy Gertner, Stephen Gillers and James J. Sample. [Entered: 11/07/2024 02:08 PM] |
| 11/04/2024 | 75 | Received 4 paper copies of EBrief, filed by Amicus Curiae American Center for Law and Justice. [Entered: 11/07/2024 02:15 PM] |
| 11/05/2024 | 71 | Received 4 paper copies of EBrief, filed by Amici Curiae Steven Calabresi, Citizens United, Citizens United Foundation, Gary Lawson, Edwin Meese, III and Michael B. Mukasey. [Entered: 11/07/2024 02:06 PM] |
| 11/05/2024 | 73 | Received 4 paper copies of EBrief, filed by Amicus Curiae State of Texas. [Entered: 11/07/2024 02:10 PM] |
| 11/05/2024 | 74 | Received 5 paper copies of EBrief, filed by Amici Curiae State of Alabama, State of Alaska, State of Arkansas, State of Florida, State of Idaho, State of Indiana, State of Iowa, State of Kansas, State of Kentucky, State of Louisiana, State of Mississippi, State of Missouri, State of Montana, State of Nebraska, State of Oklahoma, State of South Carolina, State of South Dakota, State of Tennessee, State of Utah and State of West Virginia. [Entered: 11/07/2024 02:13 PM] |
| 11/05/2024 | 76 | Received 4 paper copies of EBrief, filed by Amici Curiae America First Policy Institute, America's Future, Conservative Legal Defense and Education Fund, Gun Owners Foundation, Gun Owners of America, Gun Owners of California, One Nation Under God Foundation and Public Advocate of the United States. [Entered: 11/07/2024 02:22 PM] |
| 11/07/2024 | **68**<br>2 pg, 27.67 KB | ORDER: Motion for leave to file amicus brief is GRANTED. [58], Motion for leave to file amicus brief is GRANTED. [65] ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 11/07/2024 01:13 PM] |
| 11/07/2024 | **69**<br>43 pg, 339.89 KB | Amicus Brief filed by Amici Curiae Steven Calabresi, Citizens United, Citizens United Foundation, Gary Lawson, Edwin Meese, III and Michael B. Mukasey. Service date: 11/01/2024 email - Attorney for Amici Curiae: Blackman, Heigis, Henneke, Hirsch, Klukowski, Li, McSweeney, Miller, Miller, Nielson, Sasso, Schaerr, Seligman, Sisney, Weldon, Whitaker; Attorney for Appellants: Bratt, Harbach, Pearce, Pellettieri, U.S. Attorney Service - Southern District of Florida, VanDevender; Attorney for Appellees: Blanche, Bove, Dadan, Fields, Irving, Kise, Klugh, Murrell, Wharton, Woodward; US mail - Attorney for Appellee: Weiss. [Entered: 11/07/2024 02:01 PM] |
| 11/07/2024 | **70**<br>43 pg, 923.25 KB | Amicus Brief filed by Amicus Curiae Alex Kozinski. Service date: 11/01/2024 email - Attorney for Amici Curiae: Blackman, Heigis, Henneke, Hirsch, Klukowski, Li, McSweeney, Miller, Miller, Nielson, Sasso, Schaerr, Seligman, Sisney, Weldon, Whitaker; Attorney for Appellants: Bratt, Harbach, Pearce, Pellettieri, U.S. Attorney Service - Southern District of Florida, VanDevender; Attorney for Appellees: Blanche, Bove, Dadan, Fields, Irving, Kise, Klugh, Murrell, Wharton, Woodward; US mail - Attorney for Appellee: Weiss. |

| | | |
|---|---|---|
| | | [Entered: 11/07/2024 02:02 PM] |
| 11/13/2024 | 77<br>15 pg, 141.27 KB | *MOTION to hold appeal in abeyance filed by USA. Motion is Unopposed. [77]* [24-12311] (ECF: James Pearce) [Entered: 11/13/2024 05:31 PM] |
| 11/14/2024 | 78<br>2 pg, 26.56 KB | ORDER: Motion to hold in abeyance filed by Appellant USA is GRANTED. [77] ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 11/14/2024 04:30 PM] |
| 11/25/2024 | 79<br>15 pg, 140.94 KB | *MOTION to voluntarily dismiss appeal filed by USA. Motion is Unopposed. [79]* [24-12311] (ECF: James Pearce) [Entered: 11/25/2024 01:39 PM] |
| 11/26/2024 | 80<br>50 pg, 336.96 KB | Reply Brief filed by Appellant USA. [24-12311] (ECF: James Pearce) [Entered: 11/26/2024 01:33 PM] |
| 11/26/2024 | 81<br>3 pg, 118.15 KB | ORDER: Motion to voluntarily dismiss appeal as to Donald J. Trump only filed by Appellant USA is GRANTED. [79] ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 11/26/2024 03:38 PM] |
| 11/27/2024 | 82 | Received 4 paper copies of EBrief, filed by Appellant USA. [Entered: 12/03/2024 02:28 PM] |
| 12/30/2024 | 83<br>1 pg, 126.34 KB | APPEARANCE of Counsel Form filed by Markenzy Lapointe for USA Related cases? No. [24-12311] (ECF: Markenzy Lapointe) [Entered: 12/30/2024 03:40 PM] |
| 12/30/2024 | 84<br>15 pg, 138.69 KB | *MOTION to withdraw as counsel filed by Attorney Mr. James I. Pearce for Appellant USA. Opposition to Motion is Unknown [84]* [24-12311] (ECF: James Pearce) [Entered: 12/30/2024 03:50 PM] |
| 01/07/2025 | 85<br>47 pg, 1.82 MB | *MOTION Motion to bar release of grand jury-based material by plaintiff-appellant where the disqualified Special Counsel lacks statutory authority and were overwhelming prejudice to appellees would result filed by Waltine Nauta. Opposition to Motion is Unknown. [85]* [24-12311] (ECF: Richard Klugh) [Entered: 01/07/2025 09:02 AM] |
| 01/07/2025 | 86 | NOTICE TO PARTIES: Appellant's response to Emergency Motion for Injunction, filed by Appellees, is due by Wednesday, January 8, 2025 at 10:00 a.m.. [Entered: 01/07/2025 01:13 PM] |
| 01/07/2025 | 87<br>3 pg, 179.76 KB | USDC order: Pending resolution of the Emergency Motion filed in the Eleventh Circuit and/or any further direction from the Eleventh Circuit, Attorney General Garland, the Department of Justice, Special Counsel Smith, all of their officers, agents, and employees... was filed on 01/07/2025. (See Order for complete text) Docket Entry 682. [Entered: 01/07/2025 01:23 PM] |
| 01/07/2025 | 88<br>1 pg, 127.27 KB | APPEARANCE of Counsel Form filed by Mark R. Freeman for the United States of America Related cases? No. [24-12311] (ECF: Mark Freeman) [Entered: 01/07/2025 01:28 PM] |
| 01/07/2025 | 89<br>27 pg, 1.61 MB | *Supplemental [85] filed by Appellee Waltine Nauta.* [24-12311] (ECF: Richard Klugh) [Entered: 01/07/2025 03:18 PM] |
| 01/08/2025 | 90<br>31 pg, 187.11 KB | RESPONSE to filed by Appellee Waltine Nauta [85], filed by Appellee Waltine Nauta [89] filed by Attorney Mark R. Freeman for Appellant USA. [24-12311] (ECF: Mark Freeman) [Entered: 01/08/2025 09:49 AM] |
| 01/08/2025 | 91<br>9 pg, 536.51 KB | Notice of intention to reply, not later than January 9, 2025, at 10:00 a.m., to the appellant's response to appellees' emergency motion to restrict the issuance of a Special Counsel Report filed by Attorney Richard Carroll Klugh, Jr. for Appellee Waltine Nauta. [24-12311] (ECF: Richard Klugh) [Entered: 01/08/2025 11:28 AM] |
| 01/08/2025 | 92 | NOTICE: Appellees' reply to response to Emergency Motion for Injunction is due by Wednesday, January 8, 2025 at 5:00 p.m. (Eastern Time). [Entered: 01/08/2025 12:22 PM] |
| 01/08/2025 | 93<br>19 pg, 713.11 KB | REPLY to RESPONSE to [85] filed by Appellee Waltine Nauta [Entered: 01/08/2025 05:06 PM] |
| 01/08/2025 | 94<br>33 pg, 379.22 KB | *MOTION to file amicus brief pursuant to FRAP 29(a) filed by Kendra L. Wharton for President Donald J. Trump. [94]* [24-12311] (ECF: Kendra Wharton) [Entered: 01/08/2025 10:52 PM] |
| 01/09/2025 | 95<br>3 pg, 107.92 KB | ORDER: "Motion for Leave to File Brief of President Donald J. Trump as Amicus Curiae" is GRANTED. [94] ENTERED FOR THE COURT – BY DIRECTION (See attached order for complete text) [Entered: 01/09/2025 12:23 PM] |
| 01/09/2025 | 96<br>16 pg, 211.53 KB | Amicus Brief filed by Amicus Curiae Donald J. Trump. Service date: 01/09/2025 email - Attorney for Amici Curiae: Blackman, Heigis, Henneke, Hirsch, Klukowski, Li, McSweeney, Miller, Miller, Nielson, Sasso, Schaerr, Seligman, Sisney, Weldon, Wharton, Whitaker; Attorney for Appellants: Bratt, Freeman, Harbach, Lapointe, Pearce, Pellettieri, U.S. Attorney Service - Southern District of Florida, VanDevender; Attorney for Appellees: Dadan, Irving, Klugh, Murrell, Woodward. [Entered: 01/09/2025 12:53 PM] |
| 01/09/2025 | 97<br>1 pg, 128.25 KB | APPEARANCE of Counsel Form filed by Harry W. MadcDougald, for Jeffrey B. Clark as amicus curiae Related cases? No. [24-12311] (ECF: Harry MacDougald) [Entered: 01/09/2025 06:21 PM] |

A275

https://ecf.ca11.uscourts.gov/n/beam/servlet/TransportRoom

| 01/09/2025 | ☐ **98**<br>65 pg, 620.51 KB | *MOTION to file amicus brief pursuant to FRAP 29(a) filed by Harry W. MacDougald for Jeffrey B. Clark as amicus curiae. [98] [24-12311] (ECF: Harry MacDougald) [Entered: 01/09/2025 06:26 PM]* |
| 01/09/2025 | ☐ **100**<br>3 pg, 108.8 KB | ORDER: Appellees' "Emergency Motion for Injunction with Relief Requested by January 10, 2025" is DENIED. To the extent that Appellant seeks relief from the district court's January 7, 2025, order temporarily enjoining Appellant, Appellant may file a notice of appeal from that order. [89] [85] ENTERED FOR THE COURT – BY DIRECTION (See attached order for complete text) [Entered: 01/09/2025 07:39 PM] |
| 01/10/2025 | ☐ **101**<br>14 pg, 125.29 KB | Appellant's notice to the Court of the filing of a notice of appeal from the district court's January 7 temporary injunction filed by Attorney Mark R. Freeman for Appellant USA. (24-12311) (ECF: Mark Freeman) [Entered: 01/10/2025 12:02 AM] |
| 01/10/2025 | ☐ **102**<br>13 pg, 640.19 KB | *MOTION to strike Appellant's Notice to the Court (Jan. 10, 2025) filed by Waltine Nauta. Motion is Opposed. [102] [24-12311] (ECF: Richard Klugh) [Entered: 01/10/2025 06:42 PM]* |
| 01/11/2025 | ☐ **103**<br>71 pg, 2.43 MB | *EMERGENCY MOTION to consolidate appeals 24-12311 and 25-10076, for summary reversal filed by USA. Motion is Opposed. [103] [24-12311] (ECF: Mark Freeman) [Entered: 01/11/2025 12:36 AM]* |
| 01/14/2025 | ☐ **104**<br>2 pg, 31.54 KB | ORDER: Motion to consolidate appeals filed by Appellant USA is DENIED AS MOOT. [103]; Motion for summary reversal filed by Appellant USA is DENIED AS MOOT. [103]; Motion to strike filed by Appellee Waltine Nauta is DENIED AS MOOT. [102]; Motion for leave to file amicus brief is DENIED AS MOOT. [98]; Motion to withdraw as counsel filed by Mr. James I. Pearce is GRANTED. [84] ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 01/14/2025 04:27 PM] |
| 01/17/2025 | ☐ **105**<br>1 pg, 87.43 KB | APPEARANCE of Counsel Form filed by Nathan Forrester for States of Florida, Iowa, Alabama, Alaska, Arkansas, Idaho, Indiana, Kansas, Louisiana, Mississippi, Missouri, Montana, Nebraska, Oklahoma, South Carolina, South Dakota, Tennessee, Utah, West Virginia, and Commonwealth of Kentucky Related cases? No. [24-12311] (ECF: Nathan Forrester) [Entered: 01/17/2025 02:22 PM] |
| 01/17/2025 | ☐ **106**<br>4 pg, 113.91 KB | *MOTION to withdraw as counsel filed by Attorney Henry Charles Whitaker for Amici Curiae State of Alabama, State of Alaska, State of Arkansas, State of Florida, State of Idaho, State of Indiana, State of Iowa, State of Kansas, State of Kentucky, State of Louisiana, State of Mississippi, State of Missouri, State of Montana, State of Nebraska, State of Oklahoma, State of South Carolina, State of South Dakota, State of Tennessee, State of Utah and State of West Virginia. Opposition to Motion is Unknown [106] [24-12311] (ECF: Henry Whitaker) [Entered: 01/17/2025 03:43 PM]* |
| 01/19/2025 | ☐ **107**<br>1 pg, 139.16 KB | APPEARANCE of Counsel Form filed by Jenny Wilson for Waltine Nauta Related cases? No. [24-12311] (ECF: Jenny Wilson) [Entered: 01/19/2025 02:28 PM] |
| 01/22/2025 | ☐ **108**<br>1 pg, 125.36 KB | APPEARANCE of Counsel Form filed by Michael Scott Davis for USA Related cases? No. [24-12311] (ECF: Michael Davis) [Entered: 01/22/2025 12:02 PM] |
| 01/23/2025 | ☐ **109**<br>2 pg, 26.59 KB | ORDER: Motion to withdraw as counsel filed by Henry Charles Whitaker is GRANTED. [106] ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 01/23/2025 08:22 AM] |
| 01/28/2025 | ☐ **110**<br>1 pg, 126.18 KB | APPEARANCE of Counsel Form filed by Hayden O'Byrne for USA Related cases? No. [24-12311] (ECF: Hayden O'Byrne) [Entered: 01/28/2025 04:43 PM] |
| 01/29/2025 | ☐ **111**<br>9 pg, 131.44 KB | *MOTION to voluntarily dismiss appeal filed by USA. Motion is Unopposed. [111] [24-12311] (ECF: Hayden O'Byrne) [Entered: 01/29/2025 10:56 AM]* |
| 01/29/2025 | ☐ **112**<br>10 pg, 133.66 KB | AMENDED Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Hayden Patrick O'Byrne for Appellant USA. On the same day the CIP is served, any filer represented by counsel must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-1(b). [24-12311] (ECF: Hayden O'Byrne) [Entered: 01/29/2025 11:02 AM] |
| 02/11/2025 | ☐ **113**<br>3 pg, 167.41 KB | ORDER: Motion to voluntarily dismiss appeal filed by Appellant USA is GRANTED. [111] ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 02/11/2025 09:08 AM] |

A276

Select All   Clear All

🔘 **Documents and Docket Summary**
⚪ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0    **Selected Size:** 0 KB

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/26/2025 12:53:39 | | | |
| **PACER Login:** | helenzhong | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 24-12311 |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

A277

In the
# United States Court of Appeals
For the Eleventh Circuit

UNITED STATES OF AMERICA,
Appellant,

v.

DONALD J. TRUMP, WALTINE NAUTA,
and CARLOS DE OLIVEIRA
Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
District Court No. 9:23-CR-80101-AMC-1 (Cannon, J.)

**MOTION TO DISMISS THE APPEAL AS TO DONALD J. TRUMP**

*United States v. Donald J. Trump, Waltine Nauta, and Carlos De Oliveira*
*No. 24-12311-J*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1 and 26.1-2, the

undersigned hereby certifies that the following is a list of persons and entities

who have an interest in the outcome of this case:

1.    Advance Publications, Inc.

2.    Alonso, Cristina

3.    America First Legal Foundation

4.    America First Policy Institute

5.    America's Future

6.    American Broadcasting Companies, Inc., d/b/a ABC News

7.    American Center for Law and Justice

8.    Ayer, Donald

9.    Bell, Daniel W.

10.   Berry, Michael

11.   Bird, Brenna

12.   Blackman, Joshua

13.   Blanche, Todd

14.   Bloomberg, L.P.

15.   Bondi, Pamela J.

16.  Boos, Michael

17.  Bove, Emil

18.  Bowman, Chad

19.  Bratt, Jay

20.  Cable News Network, Inc.

21.  Calabresi, Steven

22.  Caldera, Louis

23.  Cannon, Hon. Aileen

24.  Cate, Matthew

25.  CBS Broadcasting, Inc. o/b/o CBS News

26.  Citizens for Responsibility and Ethics in Washington

27.  Citizens United

28.  Citizens United Foundation

29.  CMG Media Corporation

30.  Coleman, Russell

31.  Coleman, Tom

32.  Commonwealth of Kentucky

33.  Conway, George

34.  Conservative Legal Defense and Education Fund

35.  Cooney, J.P.

36. Cox Enterprises, Inc. (COX) d/b/a The Atlanta Journal-Constitution

37. Cynkar, Robert J.

38. Dadan, Sasha

39. De Oliveira, Carlos

40. Dow Jones & Company, Inc., publisher of The Wall Street Journal

41. Dreeben, Michael

42. Drummond, Gentner

43. Edelstein, Julie

44. Ekonomou, Andrew J.

45. Fields, Lazaro

46. Fitzgerald, Patrick

47. Forrester, Nathan A.

48. Fort Myers Broadcasting Company

49. Gerson, Stuart

50. Gertner, Nancy

51. Gillers, Stephen

52. Goodman, Hon. Jonathan

53. Gray Media Group, Inc. (GTN)

54. Griffin, Tim

55. Guardian News & Media Limited

56.  Gun Owners Foundation

57.  Gun Owners of America

58.  Gun Owners of California

59.  Harbach, David

60.  Heigis, Eric

61.  Henneke, Robert

62.  Hilgers, Michael T.

63.  Hirsch, Steven A.

64.  Hulser, Raymond

65.  Insider, Inc.

66.  Irving, John

67.  Jackley, Marty J.

68.  Jorjani, Daniel H.

69.  Kise, Christopher

70.  Klukowski, Kenneth A.

71.  Knudsen, Austin

72.  Kobach, Kris

73.  Kozinski, Alex

74.  Labrador, Raúl R.

75.  Lacovara, Philip Allen

76. Landmark Legal Foundation

77. Lawson, Gary

78. Los Angeles Times Communications LLC, publisher of The Los Angeles Times

79. Marshall, Steve

80. Maynard, Hon. Shaniek Mills

81. McKay, John

82. McNamara, Anne

83. McSweeney, Patrick M.

84. Meese, Edwin

85. Miller, Justin A.

86. Miller, Matthew

87. Mishkin, Maxwell

88. Moelker, Nathan J.

89. Moody, Ashley

90. Monson, Darrick W.

91. Morgan, Jeremiah L.

92. Morrisey, Patrick

93. Mukasey, Hon. Michael B.

94. Murrell, Larry Donald

95. National Cable Satellite Corporation d/b/a C-SPAN

96. National Public Radio, Inc.

97. Nauta, Waltine

98. NBCUniversal Media, LLC d/b/a NBC News, a subsidiary of Comcast Corporation (CMCSA)

99. Nielson, Aaron L.

100. Olson, William J.

101. One Nation Under God Foundation

102. Orlando Sentinel Media Group, publisher of the Orlando Sentinel

103. Paxton, Ken

104. Pearce, James

105. Pellettieri, John

106. Pettit, Lanora C.

107. POLITICO LLC

108. Potter, Trevor

109. Public Advocate of the United States

110. Radio Television Digital News Association

111. Raul, Alan Charles

112. Ray, Robert W.

113. Reinhart, Hon. Bruce E.

114. Reuters News & Media, Inc.

115. Reyes, Sean

116. Rokita, Theodore E.

117. Roth, Stuart J.

118. Russell, Lauren

119. Salario, Samuel

120. Sample, James J.

121. Sasso, Michael

122. Schaerr, Gene

123. Sekulow, Jay Alan

124. Sekulow, Jordan

125. Seligman, Matthew

126. Sisney, Benjamin P.

127. Skrmetti, Jonathan

128. Smith, Abbe

129. Smith, Fern

130. Smith, Jack

131. State Democracy Defenders Action

132. State of Alabama

133. State of Alaska

134. State of Arkansas

135. State of Florida

136.  State of Idaho

137.  State of Indiana

138.  State of Iowa

139.  State of Kansas

140.  State of Louisiana

141.  State of Mississippi

142.  State of Missouri

143.  State of Montana

144.  State of Nebraska

145.  State of Oklahoma

146.  State of South Carolina

147.  State of South Dakota

148.  State of Tennessee

149.  State of Texas

150.  State of Utah

151.  State of West Virginia

152.  Steinman, Jessica Hart

153.  Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel

154.  TEGNA, Inc. (TGNA)

155.  Telemundo Network Group, LLC d/b/a Noticias Telemundo

156. Texas Public Policy Foundation

157. Thakur, Michael

158. The Associated Press

159. The E.W. Scripps Company (SSP)

160. The McClatchy Company, LLC (MNI) d/b/a the Miami Herald

161. The New York Times Company (NYT)

162. The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc. (GCI)

163. Thompson, Larry

164. Tillman, Seth Barrett

165. Tobin, Charles

166. Torres, Hon. Edwin

167. Treg, Taylor

168. Trent, Edward H.

169. Tribe, Laurence

170. Troye, Olivia

171. Trump, Donald J.

172. Trusty, James

173. Twardy, Stanley

174. United States of America

175. Univision Networks & Studios, Inc.

176. U.S. Constitutional Rights Legal Defense Fund

177. VanDevender, Cecil

178. Webster, Brent

179. Weiss, Stephen

180. Weld, William

181. Weldon, Chance

182. Wessan, Eric H.

183. Wharton, Kendra

184. Whitaker, Henry C.

185. Whitaker, Matthew

186. Whitman, Christine Todd

187. Wilson, Alan

188. Woodward, Stanley

189. WP Company LLC d/b/a The Washington Post

190. WPLG, Inc.

Respectfully submitted,

JACK SMITH
Special Counsel

By: /s/ James I. Pearce
JAMES I. PEARCE
Assistant Special Counsel
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

As a result of the election held on November 5, 2024, defendant Donald

J. Trump will be inaugurated as President on January 20, 2025. For the reasons

set forth in *United States v. Trump*, No. 23-cr-57, ECF No. 281 (D.D.C.) (filed

Nov. 25, 2024) (moving to dismiss criminal prosecution as to defendant Trump

in the United States District Court for the District of Columbia), the United

States of America moves, pursuant to Federal Rule of Appellate Procedure 42

and Eleventh Circuit Rule 42-1, to dismiss the appeal in this case as to defendant

Trump. Dismissing the appeal as to defendant Trump will leave in place the

district court's order dismissing the indictment without prejudice as to him. The

appeal concerning the other two defendants will continue because, unlike

defendant Trump, no principle of temporary immunity applies to them.

The Government has consulted with counsel for defendant Trump, who

do not object to this motion.

Respectfully submitted,

JACK SMITH
Special Counsel

/S/ JAMES I. PEARCE
Assistant Special Counsel
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. B-206
Washington, D.C. 20530

## CERTIFICATE OF COMPLIANCE

This motion contains 154 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

/s/ James I. Pearce
James I. Pearce
Assistant Special Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I further certify that appellees' counsel are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/James I. Pearce
James I. Pearce
Assistant Special Counsel

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12311

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

DONALD J. TRUMP,
WALTINE NAUTA,
CARLOS DE OLIVEIRA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80101-AMC

_____

2                    Order of the Court                    24-12311

ORDER:

    Appellant's motion to dismiss the appeal as to Donald J. Trump only is GRANTED.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION

In the

# United States Court of Appeals
### For the Eleventh Circuit

UNITED STATES OF AMERICA,
Appellant,

v.

WALTINE NAUTA
and CARLOS DE OLIVEIRA
Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
District Court No. 9:23-CR-80101-AMC-1 (Cannon, J.)

## MOTION TO WITHDRAW APPEARANCES

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1 and 26.1-2, the undersigned hereby certifies that the following is a list of persons and entities who have an interest in the outcome of this case:

1. Advance Publications, Inc.

2. Alonso, Cristina

3. America First Legal Foundation

4. America First Policy Institute

5. America's Future

6. American Broadcasting Companies, Inc., d/b/a ABC News

7. American Center for Law and Justice

8. Ayer, Donald

9. Bell, Daniel W.

10. Berry, Michael

11. Bird, Brenna

12. Blackman, Joshua

13. Blanche, Todd

14. Bloomberg, L.P.

15. Bondi, Pamela J.

16. Boos, Michael

17. Bove, Emil

18. Bowman, Chad

19. Bratt, Jay

20. Cable News Network, Inc.

21. Calabresi, Steven

22. Caldera, Louis

23. Cannon, Hon. Aileen

24. Cate, Matthew

25. CBS Broadcasting, Inc. o/b/o CBS News

26. Citizens for Responsibility and Ethics in Washington

27. Citizens United

28. Citizens United Foundation

29. CMG Media Corporation

30. Coleman, Russell

31. Coleman, Tom

32. Commonwealth of Kentucky

33. Conway, George

34. Conservative Legal Defense and Education Fund

35. Cooney, J.P.

36. Cox Enterprises, Inc. (COX) d/b/a The Atlanta Journal-Constitution

37. Cynkar, Robert J.

38. Dadan, Sasha

39. De Oliveira, Carlos

40. Dow Jones & Company, Inc., publisher of The Wall Street Journal

41. Dreeben, Michael

42. Drummond, Gentner

43. Edelstein, Julie

44. Ekonomou, Andrew J.

45. Fields, Lazaro

46. Fitzgerald, Patrick

47. Forrester, Nathan A.

48. Fort Myers Broadcasting Company

49. Gerson, Stuart

50. Gertner, Nancy

51. Gillers, Stephen

52. Goodman, Hon. Jonathan

53. Gray Media Group, Inc. (GTN)

54. Griffin, Tim

55. Guardian News & Media Limited

56. Gun Owners Foundation

57. Gun Owners of America

58. Gun Owners of California

59. Harbach, David

60. Heigis, Eric

61. Henneke, Robert

62. Hilgers, Michael T.

63. Hirsch, Steven A.

64. Hulser, Raymond

65. Insider, Inc.

66. Irving, John

67. Jackley, Marty J.

68. Jorjani, Daniel H.

69. Kise, Christopher

70. Klukowski, Kenneth A.

71. Knudsen, Austin

72. Kobach, Kris

73. Kozinski, Alex

74. Labrador, Raúl R.

75. Lacovara, Philip Allen

76. Landmark Legal Foundation

77. Lawson, Gary

78. Los Angeles Times Communications LLC, publisher of The Los Angeles Times

79. Marshall, Steve

80. Maynard, Hon. Shaniek Mills

81. McKay, John

82. McNamara, Anne

83. McSweeney, Patrick M.

84. Meese, Edwin

85. Miller, Justin A.

86. Miller, Matthew

87. Mishkin, Maxwell

88. Moelker, Nathan J.

89. Moody, Ashley

90. Monson, Darrick W.

91. Morgan, Jeremiah L.

92. Morrisey, Patrick

93. Mukasey, Hon. Michael B.

94. Murrell, Larry Donald

95. National Cable Satellite Corporation d/b/a C-SPAN

96. National Public Radio, Inc.

97. Nauta, Waltine

98. NBCUniversal Media, LLC d/b/a NBC News, a subsidiary of Comcast Corporation (CMCSA)

99. Nielson, Aaron L.

100. Olson, William J.

101. One Nation Under God Foundation

102. Orlando Sentinel Media Group, publisher of the Orlando Sentinel

103. Paxton, Ken

104. Pearce, James

105. Pellettieri, John

106. Pettit, Lanora C.

107. POLITICO LLC

108. Potter, Trevor

109. Public Advocate of the United States

110. Radio Television Digital News Association

111. Raul, Alan Charles

112. Ray, Robert W.

113. Reinhart, Hon. Bruce E.

114. Reuters News & Media, Inc.

115. Reyes, Sean

116. Rokita, Theodore E.

117. Roth, Stuart J.

118. Russell, Lauren

119. Salario, Samuel

120. Sample, James J.

121. Sasso, Michael

122. Schaerr, Gene

123. Sekulow, Jay Alan

124. Sekulow, Jordan

125. Seligman, Matthew

126. Sisney, Benjamin P.

127. Skrmetti, Jonathan

128. Smith, Abbe

129. Smith, Fern

130. Smith, Jack

131. State Democracy Defenders Action

132. State of Alabama

133. State of Alaska

134. State of Arkansas

135. State of Florida

136. State of Idaho

137. State of Indiana

138. State of Iowa

139. State of Kansas

140. State of Louisiana

141. State of Mississippi

142. State of Missouri

143. State of Montana

144. State of Nebraska

145. State of Oklahoma

146. State of South Carolina

147. State of South Dakota

148. State of Tennessee

149. State of Texas

150. State of Utah

151. State of West Virginia

152. Steinman, Jessica Hart

153. Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel

154. TEGNA, Inc. (TGNA)

155. Telemundo Network Group, LLC d/b/a Noticias Telemundo

156. Texas Public Policy Foundation

157. Thakur, Michael

158. The Associated Press

159. The E.W. Scripps Company (SSP)

160. The McClatchy Company, LLC (MNI) d/b/a the Miami Herald

161. The New York Times Company (NYT)

162. The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc. (GCI)

163. Thompson, Larry

164. Tillman, Seth Barrett

165. Tobin, Charles

166. Torres, Hon. Edwin

167. Treg, Taylor

168. Trent, Edward H.

169. Tribe, Laurence

170. Troye, Olivia

171. Trump, Donald J.

172. Trusty, James

173. Twardy, Stanley

174. United States of America

175. Univision Networks & Studios, Inc.

176. U.S. Constitutional Rights Legal Defense Fund

177. VanDevender, Cecil

178. Webster, Brent

179. Weiss, Stephen

180. Weld, William

181. Weldon, Chance

182. Wessan, Eric H.

183. Wharton, Kendra

184. Whitaker, Henry C.

185. Whitaker, Matthew

186. Whitman, Christine Todd

187. Wilson, Alan

188. Woodward, Stanley

189. WP Company LLC d/b/a The Washington Post

190. WPLG, Inc.

Respectfully submitted,

JACK SMITH
Special Counsel

By:  /s/ James I. Pearce
JAMES I. PEARCE
Assistant Special Counsel
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1, the United States of America moves to withdraw from this case the following attorneys: Jay I. Bratt, David V. Harbach, II, James I. Pearce, John M. Pellettieri, and Cecil W. VanDevender. Those attorneys are associated with the Special Counsel's Office, which initiated the criminal prosecution from which this appeal arose. The Special Counsel has now referred this case to the United States Attorney's Office for the Southern District of Florida, which has separately entered an appearance.

Respectfully submitted,

JACK SMITH
Special Counsel

/S/ JAMES I. PEARCE
Assistant Special Counsel
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. B-206
Washington, D.C. 20530

# CERTIFICATE OF COMPLIANCE

This motion contains 89 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

/s/ James I. Pearce
James I. Pearce
Assistant Special Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I further certify that appellees' counsel are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/James I. Pearce
James I. Pearce
Assistant Special Counsel

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 24-12311

UNITED STATES OF AMERICA,

      Appellant,

- versus -

# DONALD TRUMP, ET AL,

      Appellees.

_____/

## CERTIFICATE OF INTERESTED PARTIES FOR GOVERNMENT'S UNOPPOSED MOTION TO DISMISS ITS APPEAL

In compliance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1(a)(3) and 26.1-3, the undersigned certifies that the list set forth below is a complete list of the persons and entities who have an interest in the outcome of this case.

Advance Publications, Inc.

Alonso, Cristina

America First Legal Foundation

American Broadcasting Companies, Inc., d/b/a ABC News

Ayer, Donald

Blackman, Joshua

Blanche, Todd

Bloomberg, L.P.

Bove, Emil

Bowman, Chad

Bratt, Jay

Cable News Network, Inc.

Calabresi, Steven

Caldera, Louis

Cannon, Hon. Aileen

Cate, Matthew

Citizens United

Citizens United Foundation

CMG Media Corporation

Coleman, Tom

Conway, George

Cooney, J.P.

Cox Enterprises, Inc. (COX) d/b/a The Atlanta JournalConstitution

**Certificate of Interested Persons (Cont'd)**

Dadan, Sasha

De Oliveira, Carlos

Dow Jones & Company, Inc., publisher of The Wall Street Journal

Dreeben, Michael

Edelstein, Julie

Fields, Lazaro

Fitzgerald, Patrick

Fort Myers Broadcasting Company

Gerson, Stuart

Goodman, Hon. Jonathan

Gray Media Group, Inc. (GTN)

Guardian News & Media Limited

Harbach, David

Hulser, Raymond

Insider, Inc.

Irving, John

Kise, Christopher

Lacovara, Philip Allen

Landmark Legal Foundation

Lawson, Gary

Los Angeles Times Communications LLC, publisher of The Los
Angeles Times

Maynard, Hon. Shaniek Mills

McKay, John

McNamara, Anne

Meese, Edwin

Mishkin, Maxwell

Mukasey, Hon. Michael B.

Murrell, Larry Donald

National Cable Satellite Corporation d/b/a C-SPAN

National Public Radio, Inc.

Nauta, Waltine

NBCUniversal Media, LLC d/b/a NBC News, a subsidiary of
Comcast Corporation (CMCSA)

O'Byrne, Hayden P.

**Certificate of Interested Persons (Cont'd)**

Orlando Sentinel Media Group, publisher of the Orlando Sentinel

Pearce, James

Pellettieri, John

POLITICO LLC

Potter, Trevor

Radio Television Digital News Association

Raul, Alan Charles

Reinhart, Hon. Bruce E.

Reuters News & Media, Inc.

Russell, Lauren

Salario, Samuel

Sasso, Michael

Schaerr, Gene

Seligman, Matthew

Smith, Abbe

Smith, Fern

Smith, Jack

**Certificate of Interested Persons (Cont'd)**

State Democracy Defenders Action

Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel

TEGNA, Inc. (TGNA)

Telemundo Network Group, LLC d/b/a Noticias Telemundo

Thakur, Michael

The Associated Press

The E.W. Scripps Company (SSP)

The McClatchy Company, LLC (MNI) d/b/a the Miami Herald

The New York Times Company (NYT)

The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc. (GCI)

Thompson, Larry

Tillman, Seth Barrett

Tobin, Charles

Torres, Hon. Edwin

Trent, Edward H

Tribe, Laurence

Troye, Olivia

Trump, Donald J.

Trusty, James

Twardy, Stanley

United States of America

Univision Networks & Studios, Inc.

VanDevender, Cecil

Weiss, Stephen

Weld, William

Wharton, Kendra

Whitman, Christine Todd

Woodward, Stanley

WP Company LLC d/b/a The Washington Post

WPLG, Inc

/s/ *Hayden P. O'Byrne*
Hayden P. O'Byrne
United States Attorney

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 24-12311

UNITED STATES OF AMERICA,

      Appellant,

- versus -

DONALD TRUMP, ET AL,

      Appellees.

_____/

## **UNOPPOSED MOTION TO DISMISS APPEAL**

The United States of America moves to voluntarily dismiss its appeal with prejudice. The government has conferred with counsel for Appellees Waltine Nauta and Carlos De Oliveira, who do not object to the voluntary dismissal.

WHEREFORE, Appellant respectfully requests that this Court dismiss its appeal with prejudice.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   */s/ Hayden P. O'Byrne*
      Hayden P. O'Byrne
      United States Attorney
      99 N. E. 4th Street
      Miami, Florida 33132-2111
      Tel. (305) 961-9100
      hayden.obyrne@usdoj.gov

**Certificate of Compliance**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 52 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(a)(2)(B).

**Certificate of Service**

I HEREBY CERTIFY that on January 29, 2025, a true copy of the foregoing was filed electronically with the Eleventh Circuit Court of Appeals' Internet web at www.ca11.uscourts.gov using CM/ECF, and electronically served on all counsel of record.

/s/ *Hayden P. O'Byrne*
Hayden P. O'Byrne
United States Attorney

# In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 24-12311

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

WALTINE NAUTA,
CARLOS DE OLIVEIRA,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80101-AMC

---

ORDER:

Appellant's "Unopposed Motion to Dismiss Appeal" is GRANTED. This appeal is DISMISSED.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION